# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC.,
CUSTOMER DATA SECURITY BREACH LITIGATION**                     MDL No. 2904

## TRANSFER ORDER

      **Before the Panel**:[*]   This litigation arises out of a data security breach on the systems of American Medical Collection Agency (AMCA),[1] a breach that reportedly compromised patient data that various medical diagnostic testing companies had provided to AMCA for billing and collection purposes, including Quest Diagnostics, Inc. (Quest), Laboratory Corporation of America Holdings (LabCorp), Bio-Reference Laboratories, Inc. (Bio-Reference), and others.  Quest, LabCorp, and Bio-Reference publicly announced the breach in early June 2019, and the putative class actions now before the Panel soon followed.

      The Panel is presented with two motions for centralization under 28 U.S.C. § 1407.  In one motion, plaintiffs in a District of New Jersey action (*Fernandez*) move to centralize ten actions, as listed on Schedule A, in the District of New Jersey.  They ask that the scope of the proposed MDL be limited to Quest actions like those on Schedule A – that is, actions arising from the AMCA data breach brought on behalf of Quest patients against Quest, Optum360 (a Quest contractor),[2] and AMCA.  In their reply brief, they additionally propose a separate MDL in the Southern District of New York for potential tag-along actions involving LabCorp patients. In the other motion, plaintiff in a Southern District of New York action (*Worthey*) moves to centralize the ten actions listed on Schedule A, together with all related actions arising out of the AMCA data breach (including actions against LabCorp, Bio-Reference, and other laboratories) in a single multi-defendant MDL in the Southern District of New York.  Since the filing of the two motions, the Panel has been notified of 32 potential tag-along actions,[3] which involve putative class claims against LabCorp,

---

[*] Judge Nathaniel M. Gorton did not participate in the decision of this matter.

[1] AMCA is the trade name for Retrieval-Masters Creditors Bureau, Inc.

[2] Optum360 refers to Optum 360, LLC, and Optum360 Services, Inc., together, which are both defendants in this litigation.

[3] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

-2-

Quest, Optum360, Bio-Reference, and AMCA, singly or in combination.[4]

All responding parties support centralization but disagree on the structure of the proposed MDL proceedings (two or more laboratory-specific MDLs or a single omnibus MDL) and the proposed transferee districts. Defendants Quest, Optum360, LabCorp, and Bio-Reference unanimously support centralization of all actions in a single multi-defendant MDL in the District of New Jersey or, alternatively, the Southern District of New York.[5] Plaintiffs in nine actions also support a single multi-defendant MDL, and variously propose the Southern District of New York, the Central District of California, and the District of Minnesota as their first or second choice for transferee district. Plaintiffs in fourteen actions support creation of one or more laboratory-specific MDLs – a Quest MDL in the District of New Jersey; a LabCorp MDL in the Middle District of North Carolina or the Southern District of New York; and, should the need arise, additional MDLs for other laboratories impacted by the AMCA data breach.

We find that common factual questions in all actions unquestionably arise from the same recently-disclosed breach of AMCA's systems from August 2018 through March 2019, through which an unauthorized user allegedly gained access to patients' personal and financial information, including social security numbers and credit card and bank account information, and patients' medical information. Thus, discovery and motions concerning AMCA's data security practices, how the unauthorized access occurred, and the investigation into the breach will be substantially the same in all actions.

The only issue is whether creation of a single multi-defendant MDL or laboratory-specific MDLs will achieve greater efficiencies. The plaintiffs supporting creation of laboratory-specific MDLs argue that separate MDLs are warranted principally because (1) each laboratory's practices and procedures for the storage and sharing of patient data will raise unique factual issues; (2) each laboratory had a distinct contractual relationship with AMCA; (3) the laboratory defendants are direct competitors and, thus, will need to protect against the disclosure of confidential information; and (4) the common factual issues surrounding AMCA's conduct will be minor because AMCA is in bankruptcy and likely will not participate in the litigation.

In response, the parties supporting a single multi-defendant MDL argue that (1) the central factual issues in all actions, regardless of the named defendants, concern the same data breach on AMCA's systems and, in particular, AMCA's data security practices and the cause of the breach; (2) the actions propose overlapping nationwide and statewide classes, and several actions propose a class of all patients affected by the AMCA data breach without limitation as to the laboratory used; (3) as a result, centralization is necessary to avoid duplicative discovery and class certification

---

[4]  Of these, nine are actions against LabCorp; fourteen are actions against Quest and Optum360; and nine involve two or more laboratory defendants (LabCorp, Quest, and/or Bio-Reference).

[5]  AMCA did not file a response to the motions for centralization.

-3-

proceedings, as well as inconsistent pretrial rulings; and (4) concerns about protection of confidential proprietary information in a multi-defendant MDL likely are overstated, given that all defendants support a single MDL, and in any event, appropriate protective orders can address such concerns. They also note that a number of complaints are not amenable to separation into laboratory-specific MDLs, as they plead claims against multiple laboratory defendants.

In our judgment, a single MDL encompassing Quest, LabCorp, Bio-Reference, and potentially other laboratories is necessary to ensure the just and efficient conduct of this litigation. In many situations, we are hesitant to bring together actions involving competing defendants, but when, as here, the actions stem from the same data breach, and there is significant overlap in the central factual issues, parties, proposed classes, and claims, we find that creation of a single MDL is warranted. A single, multi-defendant MDL also will facilitate more efficient coordination with the AMCA bankruptcy proceeding, in which the parties' anticipated discovery of AMCA likely would take place.[6] Although the advocates of separate MDLs have identified certain laboratory-specific issues, Section 1407 does not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of additional facts is not significant where the actions arise from a common factual core.[7] We are confident that the transferee judge can accommodate any issues involving the different laboratories in a manner that ensures the just and efficient resolution of all cases.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All of the actions present common factual questions concerning an alleged data breach of AMCA's systems from about August 2018 through March 2019, that allegedly compromised patient data provided to AMCA by Quest, LabCorp, Bio-Reference, and other medical testing laboratories. The common factual questions include: (1) AMCA's data security practices and whether they met industry standards; (2) how the unauthorized access occurred; (3) when defendants knew or should have known of the breach; (4) the investigation into the breach; and (5) the alleged delay in disclosure of the breach by all defendants. Thus, although the actions on Schedule A are on behalf of Quest patients, we have determined that the centralized proceedings should include the potential tag-along actions against LabCorp and Bio-Reference, and potentially actions against other laboratories

---

[6] The contention that issues pertaining to AMCA will be insignificant is not supported by the record, which indicates that, at a minimum, an undetermined number of AMCA depositions and information about its computers will be sought. Indeed, the record reflects that defendants and state attorneys general conducting investigations into the AMCA data breach already have sought production of information from AMCA in the bankruptcy case.

[7] *See In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014).

-4-

impacted by the AMCA data breach.[8] Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

     We conclude that the District of New Jersey is an appropriate transferee district. All defendants and plaintiffs in over a dozen actions support this district, where four actions on the motion and seven potential tag-along actions are pending. Defendants Quest and Bio-Reference have their headquarters there, and AMCA is located nearby in Elmsford, New York.[9] Thus, common documents and witnesses likely will be located in or near this district. Judge Madeline Cox Arleo, who presides over six of the pending actions, is an experienced transferee judge with the ability and willingness to manage this litigation efficiently. We are confident she will steer this matter on a prudent course.

     IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Madeline Cox Arleo for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

`

Sarah S. Vance
Chair

Lewis A. Kaplan           Ellen Segal Huvelle
R. David Proctor          Catherine D. Perry
Karen K. Caldwell

---

   [8] We intend to transfer these actions through the conditional transfer order process. *See* Panel Rule 7.1(b).

   [9] Several plaintiffs requested the Southern District of New York as transferee district to ensure coordination with the AMCA bankruptcy case in that district. But "the transferee judge and the bankruptcy judge need not sit in the same district to be able to coordinate informally" on matters arising in the MDL that implicate the bankruptcy proceeding. *See In re Takata Airbag Prods. Liab. Litig.*, 84 F. Supp. 3d 1371, 1373 n.4 (J.P.M.L. 2015)

**IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC.,**
**CUSTOMER DATA SECURITY BREACH LITIGATION**        MDL No. 2904

## SCHEDULE A

Central District of California

MAYER v. QUEST DIAGNOSTICS, INC., ET AL., C.A. No. 5:19–01029
MARLER v. QUEST DIAGNOSTICS, INC., ET AL., C.A. No. 8:19–01091

Northern District of California

GRAUBERGER v. QUEST DIAGNOSTICS INCORPORATED, ET AL.,
        C.A. No. 3:19–03102

District of New Jersey

VIEYRA v. QUEST DIAGNOSTICS, INC., ET AL., C.A. No. 2:19–13396
FERNANDEZ v. AMERICAN MEDICAL COLLECTION AGENCY, INC., ET AL.,
        C.A. No. 2:19–13398
JULIN v. QUEST DIAGNOSTICS INCORPORATED, ET AL., C.A. No. 2:19–13446
CARBONNEAU v. QUEST DIAGNOSTICS INCORPORATED, ET AL.,
        C.A. No. 2:19–13472

Southern District of New York

WORTHEY v. AMERICAN MEDICAL COLLECTION AGENCY, INC., ET AL.,
        C.A. No. 7:19–05210
GUTIERREZ v. AMERICAN MEDICAL COLLECTION AGENCY, INC., ET AL.,
        C.A. No. 7:19–05212
LANOUETTE, ET AL. v. RETRIEVAL– MASTERS CREDITORS BUREAU, INC.,
        ET AL., C.A. No. 7:19– 05216