**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | Civil Action No. 2:19-md-02904-MCA-MAH (MDL 2904) |

**LEVIN SEDRAN & BERMAN'S AND CHARLES E. SCHAFFER'S**
**APPLICATION AND NOMINATION FOR APPOINTMENT**
**TO PLAINTIFFS' STEERING COMMITTEE**

## I.      INTRODUCTION

Pursuant to Fed. R. Civ. P. 23(g), Levin Sedran & Berman ("Levin Sedran") and its lead attorney Charles E. Schaffer respectfully submit this application to be appointed as a member of the Plaintiffs' Steering Committee ("PSC") for the proposed classes of plaintiffs in this litigation.

This present litigation concerns the massive data breach announced on or around June 3, 2019 whereby the American Medical Collection Agency ("AMCA"), Quest Diagnostics Incorporated ("Quest Diagnostics"), Optum 360 Services, Inc. ("Optum360"), Laboratory Corporation of American Holdings ("LabCorp"), OPKO Health Inc. ("OPKO") and other entities failed to protect the personally identifiable information ("PII") and protected health information ("PHI") of millions of patients who entrusted this information to these entities. The PII and PHI accessed, included, but is not limited to, confidential and personal information (e.g. Social Security Numbers), financial information (e.g. credit card numbers and bank account information), and medical information that is protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPPA").

On June 3, 2019, Quest Diagnostics publicly acknowledged in a filing with the Securities and Exchange Commission ("SEC") that: "[o]n May 14, 2019, American Medical Collection

Agency[], a billing collections vendor, notified Quest …and Optum 360 LLC, [Quest's] revenue cycle management provider," of a massive Data Breach compromising the Sensitive Information of at least 11.9 million Quest Patients (the "Data Breach"). *See* Quest Diagnostics Form 8-K, June 3, 2019. Quest Diagnostics' SEC filing further disclosed that, "between August 1, 2018 and March 30, 2019 an unauthorized user had access to AMCA's system that obtained information that AMCA had received from various entities, including Quest Diagnostics, and information that AMCA collected itself[,]…include[ing] financial information (e.g. credit card numbers and bank account information), [sensitive] medical information[,]and other personal information (e.g. Social Security Numbers)."   Likewise, LabCorp and OPKO announced in their respective SEC filings that their patients were also affected by the Data Breach, increasing the total number of affected victims to likely over 20 million. Although Quest Diagnostics knew of the Data Breach as early as May 14, 2019, and AMCA knew of the Data Breach prior to that, neither took steps to notify their patients regarding their compromised information until June 3, 2019, when Quest Diagnostics provided notice through an SEC filing. Similarly, LabCorp and OPKO did not take any steps to timely notify their patients and did so similarly through their SEC filings.

Accordingly, on behalf of those patients affected, Levin Sedran filed two actions, which are both putative class actions filed on behalf of nationwide classes as well as state subclasses. Levin Sedran's first action is a multi-state class action complaint filed in this District against Quest Diagnostics, AMCA, and Optum 360 on behalf of victims of the Data Breach from Michigan and Washington. *See Bowers et. al. v.  Quest Diagnostics Clinical Laboratories, Inc. et. al.;* Civil Action No. 2:19-cv-16523 (D.N.J.). Levin Sedran's second action is a multistate class action complaint filed in Middle District of North Carolina against LabCorp and AMCA on behalf of

victims from Alabama, Florida, Georgia, Kentucky. Louisiana, North Carolina, and South Carolina. *See Aponte et.al. v. Laboratory Corporation of America Holdings d/b/a LABCORP et. al.,* Case No.1:19-cv-824 (M.D.N.C). As a result of the previously described data breach, each action alleges a common failure to protect the Plaintiffs' and putative classes' PII and PHI.

As of this date, Levin Sedran has invested a significant amount of time and resources on behalf of the class(es) and is steadfast in its commitment to continue to do so throughout the course of this litigation. As a firm, Levin Sedran has extensive experience in prosecuting consumer class actions, and specifically those that involve data breaches and/or invasions of privacy. In this case, Levin Sedran has a strong working relationship with several of the other firms applying for leadership positions and the firm prides itself on bringing both a cooperative spirit and fresh perspective to this multi-district litigation. For example, as a member of the Executive Committee in *In re: Azek Decking Sales Practice Litigation*, Civil Action No.: 12-6627 (D. N.J.), Mr. Schaffer worked closely with James Checchi of Carella Byrne Cecchi Olstein Brody & Agnello and Christopher Seeger of Seeger Weiss, LLP in prosecuting a consumer class action which culminated in a national settlement that this Court approved in 2018.[1]

If this Court selects Levin Sedran to serve on the PSC, attorney Charles E. Schaffer would lead the firm's efforts and devote whatever resources are necessary to effectively represent the

---

[1] In addition to working with Messrs, Checchi and Seeger, Levin Sedran has worked cooperatively with other firms in prosecuting class actions and other complex litigations such as Robbins Geller Rudman & Dowd, LLP, Kaplan Fox, DiCello Levitt & Casey, P.C., Lieff Cabraser Heimann & Bernstein, LLP, Robinson Calcagnie, Inc., Finkelstein Blankinship Frei-Pearson & Garber, LLP, Reinhardt Wendorf & Blanchfield, Chestnut Cambronne, PA, Franklin D. Azar & Associates, PC, Blood Hurst & O'Reardon, LLP, Scott & Scott, LLP, Levi & Korsinsky, LLP, Lite DePalma Greenburg, LLC, Ahdoot & Wolfson, P.C., Gibbs Law Group, LLP, Nussbaum Law Group, P.C. and Zimmerman Reed, LLP.

individuals harmed by Defendants' conduct. Levin Sedran's own qualifications to represent the class(es) are addressed in more detail below using the criteria set forth by the Rule 23(g) of the Federal Rules of Civil Procedure. A copy of the Levin Sedran's resume is attached hereto as Exhibit "A". Accordingly, Levin Sedran, led by Charles E. Schaffer, respectfully requests that the Court grant their application to serve as a member of the PSC.

## II.   **RELEVANT STANDARD**

Federal Rule of Civil Procedure 23(g)(1) sets forth four main criteria for appointment of Lead Counsel or members to the PSC: (1) willingness and ability to commit to a time-consuming process; (2) ability to work professionally, civilly, and cooperatively with others; (3) professional experience in complex litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. Fed. R. Civ. P 23(g)(1)(A). Rule 23(g)(1) directs courts to consider one additional factor not subsumed by the above criteria: (5) the work counsel has done in identifying or investigating potential claims in the action.

## III.   **LEVIN SEDRAN AND CHARLES E. SCHAFFER MEET OR EXCEED EACH OF THE FOUR CRITERIA SPECIFIED IN THE COURT'S ORDER AND THE REQUIREMENTS OF RULE 23(g)(1)(A)**

### A. Levin Sedran and Charles E. Schaffer Have Extensive Experience in This Type of Litigation and Meet or Exceed the Requirements of Rule 23(g)(1)(A)(ii) and (iii).

#### 1. Levin Sedran

The firm's and Charles E. Schaffer's experience in handling class actions and other complex litigation meets that of any leadership contestant. Levin Sedran is one of the nation's preeminent and most experienced plaintiffs' class-action firms with extensive experience and expertise in consumer protection, products liability, data breach, privacy, antitrust, securities and

other complex class-action litigation. Through 35 years of serving its clients, the firm's attorneys have gained national recognition for their experience and skill and are frequently called upon to lead some of the largest class actions and mass torts in the country. In fact, Levin Sedran's stock and trade is the litigation of technically complex cases and MDLs. For example, Courts have appointed the firm lead counsel or to other leadership positions in hundreds of other cases, which includes more than forty MDLs. Levin Sedran is presently serving or has served in such positions in several of the nation's largest and most technically complex class actions. *See e.g.*, *In re Chinese-Manufactured Drywall Product Liab. Litig.,* MDL No. 2047 (E.D. La.) (Lead Counsel); *In re Nat'l Football League Players' Concussion Injury Litig.*, MDL No. 2323 (E.D. Pa.) (Plaintiffs Steering Committee and Subclass Counsel for Settlement); *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL 2179 (E.D. La.) (Special Counsel to the Plaintiffs' Fee and Cost Committee); *In re Air Cargo Shipping Servs. Antitrust Litig.*, MDL No. 1775 (E.D. N.Y.) (Co-Lead Counsel); *In re Wells Fargo Insurance Marketing Sales Practices Litigation,* MDL No. 2797 (C.D. Ca.) (Plaintiffs' Executive Committee); *In re Apple Inc. Device Performance Litigation,* MDL 2827 (N.D. Ca.) (Plaintiffs' Executive Committee); and *In re: Intel Corp. CPU Marketing Sales Practices and Products Liability* Litigation, MDL 2828 (C.D. Or.) (Plaintiffs' Executive Committee to represent the interests of governmental entities). From leading and prosecuting complex class actions for over three decades, the firm's philosophy has always been and remains to efficiently, vigorously and zealously prosecute the action on behalf of their clients and the class. Levin Sedran has become an expert in the facts of the case, the pertinent law, as well as the science and is committed to assembling a team that will do the same.

As a result of the firm's success in representing clients and putative class members in complex litigation throughout the country, Levin Sedran has been distinguished as a Tier I class-action firm in the "Best Law Firms" rankings published in the U.S. News and World Report Best Law Firms. The same rankings also distinguished Levin Sedran by ranking the firm as a Tier I firm for personal injury and mass torts. In addition, Levin Sedran was also named to THE NATIONAL LAW JOURNAL's insurance list of *America's Elite Trial Lawyers* in 2014 and attorneys at the firm are listed in the LEGAL 500, LAW DRAGON 500, Martindale Hubbell's *Directory of Preeminent Attorneys*, and "Best Lawyers In America."

Levin Sedran has pioneered the use of class actions and mass actions in the United States and its work has resulted in numerous record-breaking recoveries over the past four decades:

- *In re: Asbestos School Litigation*, No. 83-0263 (E.D. Pa.) (Levin Sedran Berman as member of Executive Committee and Lead Trial Counsel obtained a certification of a nationwide class and settlement on behalf of school districts);

- *In re Three Mile Island Litigation,* Civil Action No. 79-0432( M.D. Pa.) (Levin Sedran Berman as a member of Executive Committee obtained a settlement including the establishment of a medical monitoring fund);

- *In re: Diet Drug Product Liability Litigation*, MDL No.: 1203 (E.D. Pa.) (Levin Sedran Berman as Co-Lead Counsel obtained a $6.75 billion-dollar settlement on behalf of consumers who ingested Fen Phen);[2]

- *In re: The Exxon Valdez,* No. 89-00095 (D. Alaska) (Levin Sedran Berman as a member of the Trial and Discovery Committee represented fishermen, native corporations, native villages, native claims and business claims in this mass tort.  After a jury trial, Plaintiffs obtained a judgment of $5 billion in punitive damages - at

---

[2] That prolix settlement has received favorable comments by academia. *See* Nagareda, R., "Autonomy, Peace, and 'Put" Options in the Mass Tort Class Action, "115 Harv.L.Rev. 747, 756 (2002).

the time the largest punitive damage verdict in U.S. history. The U.S. Supreme Court later reduced the award to $507.5 million);

- *In re: Chinese-Manufactured Drywall Product Liability Litigation*, MDL No.: 2047 (E.D. La.) (Levin Sedran Berman as Lead Counsel obtained inter-related settlements involving various suppliers, builders, installers, insurers and manufacturers of Chinese drywall valued in excess of $1 billion dollars);

- *In re: The Vioxx Product Liability Litigation*, MDL No.: 1657 (E.D. La.) (As a member of the PSC and Plaintiffs' Negotiating Committee, Levin Sedran was instrumental in achieving a $4.85 billion-dollar settlement on behalf of consumers who ingested Vioxx);

- *In re Air Cargo Shipping Servs. Antitrust Litig.*, MDL No. 1775 (E.D. N.Y.) (As Co-Lead Counsel in the decade long air cargo antitrust litigation Levin Sedran obtained 28 inter-related settlements against air cargo service providers totaling $1.2 billion dollars);

- *Galanti, et al. v. The Goodyear Tire and Rubber Co. ("Entran II")*, Civil Action No.: 03-209 (D.N.J.) (As a member of the Executive Committee Levin Sedran was instrumental in negotiating and achieving the creation of a common fund in the amount of $344,000,000); and

- *In re: National Football League Players' Concussion Injury Litigation*, MDL No.: 2323 (E.D. Pa.) (Levin Sedran as Subclass Counsel working along with Lead Counsel obtained an uncapped settlement valued in excess of $1 billion dollars on behalf of NFL football players).

The previously mentioned cases are a just a few examples of Levin Sedran having instrumental roles in the underlying litigations, negotiations, and structure and administration of MDL class and global settlements. As demonstrated by the cases summarized above, Levin Sedran is repeatedly recognized by courts across the country for its work product and success in handling technically complex class-action cases. Courts have consistently commented on the high-quality nature of the firm's work:

- In *In re Three Mile Island Litigation,* Civil Action No. 79-0432 (M.D. Pa.), Judge Rambo favorably acknowledged the quality of the work of Levin Sedran in her opinion. See *In re Three Mile Island Litigation,* 557 F. Supp. 96 (M.D. Pa. 1982).

- In the *Lazy Oil Co. v. Witco Corp., et al.*, C.A. No. 94-110E (W.D. Pa.) (Plaintiffs' Co-Lead Counsel) the district court made the following comments concerning the work of Levin Sedran: "[t]he Court notes that the class was represented by very competent attorneys of national repute as specialists in the area of complex litigation. As such, Class Counsel brought considerable resources to the Plaintiffs' cause. The Court has had the opportunity to observe Class Counsel first-hand during the course of this litigation and finds that these attorneys provided excellent representation to the Class. The Court specifically notes that, at every phase of the litigation, Class Counsel demonstrated professionalism, preparedness and diligence in pursuing their cause."

- In *In re: Orthopedic Bone Screw Products Liability Litigation*, MDL No. (1014) (E.D. Pa.) (Plaintiffs' Lead Counsel), the Court stated: "the Court also finds that the standing and expertise of counsel for [plaintiffs] is noteworthy. First class counsel is of high caliber and most PLC members have extensive national experience and similar class-action litigation."

- In *In re: Consumer Bags Antitrust Litigation*, Civil Action No. 77-1516 (E.D. Pa.) (Plaintiffs' Lead Counsel), Judge Louis Bechtel stated that "Each of the firms and the individual lawyers in this case have extensive experience in large, complex antitrust and securities litigation." Furthermore, the Court noted that the quality of the legal services rendered was of the highest caliber.

8

- In *In re: Diet Drugs Product Liability Litigation*, MDL No. 1203 (E.D. Pa.) (Plaintiffs' Co-Lead Counsel), the court stated: "The Court recognized the 'remarkable contribution' from Levin Sedran in the creation of the largest nationwide personal injury settlement to date."

- In *In re: Summers v. Abraham Lincoln Savings and Loan Association*, 66 F.R.D. 581, 589 (E.D. Pa.) the court stated: "There is no question that Plaintiff's counsel is experienced in the conduct of the class action . . .".

The firm willingly takes cases through years of discovery and motion practice and settles only if the case is positioned for consumers to obtain real and meaningful benefits and relief. And, unlike many class action firms, Levin Sedran also takes cases to trial. In lead roles and as members of litigation teams, Levin Sedran did so in *In re: Asbestos School Litigation, In re: Chinese-Manufactured Drywall Product Liability Litigation, In re: The Exxon Valdez* and *Entran III*. If appointed here, Levin Sedran and Charles Schaffer will devote themselves to achieving the same sort of results for the classes that the foregoing examples illustrate.

### 2.  Charles E. Schaffer

Leading the Levin Sedran team is firm partner, Charles E. Schaffer, who has achieved an AV peer-review rating from Martindale Hubbell. With over 23 years of experience, Mr. Schaffer is a nationally-recognized leader in complex litigation, having been appointed as Lead or Co-Lead counsel or as a PSC member on a regular basis by federal courts across the country.[3] Currently,

---

[3] Mr. Schaffer's appointments in MDL litigation include *inter alia*: *In re: Intel Corp. CPU Marketing Sales Practices and Products Liability* Litigation, MDL 2828 (C.D. Or.) (Appointed to Plaintiffs' Executive Committee to represent the interests of governmental entities); *In re Apple Inc. Device Performance Litigation,* MDL 2827 (N.D.Ca.) (Plaintiffs' Executive Committee)*; In re Wells Fargo Insurance Marketing Sales Practices Litigation,* MDL No. 2797 (C.D.Ca.) (Plaintiffs' Executive Committee); *In re: JP Morgan Modification Litigation* MDL No.: 2290 (D. Mass.) (Plaintiffs' Co-lead Counsel); *In re: IKO Roofing Products Liability Litigation*, MDL No.:

Mr. Schaffer is serving in leadership positions in only a handful of MDLs which allows him and his firm to make the commitment to this MDL and serve as a member of the PSC. The MDLs are as follows: *In re IKO Roofing Products Liability Litigation*, MDL 2104 (C.D. Ill.) (Co Lead Counsel);[4] *In re Wells Fargo Insurance Marketing Sales Practice Litigation,* MDL. No. 2797 (C.D. Cal.) (Plaintiffs' Steering Committee);[5] *In re Dial Complete Marketing and Sales Practices*

---

2104 (C.D. Ill.) (Plaintiffs' Co-lead Counsel); *In re: HardiePlank Fiber Cement Siding Litigation*, MDL No.: 2359 (D.Minn.) (Plaintiffs' Executive Committee); *In re Navistar Diesel Engine Products Liability Litigation*, MDL No. 2223 (N.D. Ill.) (Plaintiffs' Executive Committee); *In re: Azek Decking Sales Practice Litigation*, Civil Action No.: 12-6627 (D. NJ) (Plaintiffs' Executive Committee); *In re: Pella Corporation Architect and Designer Series Windows Marketing Sales Practices and Product Liability Litigation*, MDL No.: 2514 (D.S.C.) (Plaintiffs' Executive Committee); *In re: Navistar Diesel Engine Products Liability Litigation*, MDL No.: 2223 (N.D. Ill.) (Plaintiffs' Steering Committee); *In re: CitiMortgage, Inc. Home Affordable Modification Program ("HAMP"),* MDL No.: 2274 (C.D. Cal.) (Plaintiffs' Executive Committee); *In re: Carrier IQ Consumer Privacy Litigation*, MDL No.: 2330 (N.D. Cal.) (Plaintiffs' Executive Committee); *In re: Dial Complete Marketing and Sales Practices Litigation*, MDL No.: 2263 (D. N.H.) (Plaintiffs' Executive Committee); *In re: Emerson Electric Co. Wet/Dry Vac Marketing and Sales Litigation*, MDL NO. 2382 (E.D. Miss.) (Plaintiffs' Executive Committee); *In re: Colgate-Palmolive Soft Soap Antibacterial Hand Soap Marketing and Sales Practice Litigation*, (D. N.H.) (Plaintiffs' Executive Committee) and *Gold v. Lumber Liquidators, Inc.,* No.3:14-cv-05373-TEH (N.D.Cal.) (Plaintiffs' Executive Committee). Mr. Schaffer has also served in leadership positions in class actions which were not consolidated in an MDL. *See* Exhibit A. In addition, he has served as member of litigation teams where Levin Sedran was appointed to leadership positions in, *inter alia*. *In re Chinese-Manufactured Drywall Product Liability Litigation*, MDL No. 2047 (E.D.La.); *In re Vioxx Products Liability Litigation*, MDL No. 1657 (E.D. La.); *In re Orthopedic Bone Screw Products Liability Litigation*, MDL No. 1014 (E.D. Pa.); and *In re Diet Drug Litigation*, MDL No. 1203 (E.D. Pa.).

[4] A nationwide settlement was reached and final approval of the settlement was entered in March 2019. As such, this litigation is over except for Mr. Schaffer and his firm monitoring the claims process.

[5] A nationwide settlement has just been reached *In re Wells Fargo Insurance Marketing Sales Practice Litigation,* MDL. No. 2797 (C.D. Cal.) and as such that case is winding down and will not take up much of Mr. Schaffer's time.

*Litigation,* MDL 2263 (D.N.H.) (Plaintiffs' Executive Committee);[6] *In re Emerson Electric Co. Wet/Dry Vac Marketing and Sales Litigation,* MDL 2382 (E.D. Mo.) (Plaintiffs' Executive Committee)[7]; *In re Intel Corp. CPU Marketing, Sales Practices and Products Liability Litigation, MDL 2838* (D.C. Or.) (Plaintiffs' Executive Committee) ; *In re Apple Inc. Device Performance Litigation,* MDL 2827 (N.D. Cal.) (Plaintiffs' Executive Committee); *In Re Aqueous Film-Foaming Foams(AFFF) Products Liability Litigation* MDL 2873 (D.S.C.) (Plaintiff's Steering Committee) and *In re Hill's Pet Nutrition, Inc. Dog Food Products Liability Litigation*, MDL 2887 (D. Kan.) (Plaintiffs' Executive Committee).

He is widely recognized for his ability to lead very complex litigation, including for his expertise in dealing with discovery, experts, damage models, and national and multi-state classes. Mr. Schaffer and Levin Sedran regularly prosecute consumer class actions and multi-state consumer class actions involving technically complex issues. Mr. Schaffer himself has one of the best track records in the country for developing practical damages methodologies, obtaining prompt relief for consumers victimized by defective products, securing relief for consumers that are victims of data breaches and unfair or deceptive practices, as well as working cooperatively with others. *See e.g., In re: Diet Drug Product Liability Litigation*, MDL No.: 1203 (E.D. Pa.); *In re: Chinese-Manufactured Drywall Product Liability Litigation*, MDL No.: 2047 (E.D. La.); *In re: The Vioxx Product Liability Litigation*, MDL No.: 1657 (E.D. La.); *In Re CertainTeed*

---

[6] A nationwide settlement was reached and final approval of the settlement was entered in May 2019. As such, this litigation is over except for Mr. Schaffer and his firm monitoring the claims process.

[7] A nationwide class was certified and the Defendant filed an appeal challenging the certification. The appeal is pending at the 8th Circuit Court of Appeals, and as such, this MDL is not active.

*Corporation Roofing Shingles Product Liability Litigation*, MDL No.: 1817 (E.D. Pa.), *In re CertainTeed Fiber Cement Siding Litigation,* MDL No: 2270 (E.D. Pa.), *Pollard v. Remington Arms Company,* Case No. 4:13-CV-00086-ODS (W.D. Mo.), *In re Carrier IQ, Inc., Consumer Privacy Litigation, C.A.,* No. 12-md-1330-EMC (N.D. Cal.); *Bryd v. Arron's Inc., C.A. No. 11-101* (W.D. Pa.); *In re Apple Inc. Device Performance Litigation,* MDL 2827 (N.D. Cal.); *In re Intel Corp. CPU Marketing, Sales Practices and Products Liability Litigation,* MDL 2828 ( D. Or.); *In re Wells Fargo Insurance Marketing Sales Practices Litigation*, MDL No. 2797 (C.D. Cal.); *see also* Levin Sedran's firm resume attached as Exhibit "A". Through smart, efficient, strategy and tailored creative problem-solving, Mr. Schaffer and Levin Sedran have recovered billions of dollars for victims of environmental disasters, defective products, data breaches and unfair or deceptive practices. *See* Levin Sedran's Firm Resume.**[8]** Mr. Schaffer and Levin Sedran have zealously prosecuted actions that have led to outstanding global and class settlements while minimizing costs and maximizing value for plaintiffs.

Of particular relevance to this litigation, Mr. Schaffer and Levin Sedran have extensive experience in data breach and privacy cases, including serving as a member of the Executive

---

[8] For example, Mr. Schaffer was instrumental in bringing about settlements in *inter alia*, *In re Wells Fargo Insurance Marketing Sales Practice Litigation,* MDL No. 2797 which is a national settlement in the amount of $423,500,000; *In Re CertainTeed Corporation Roofing Shingles Product Liability Litigation*, MDL No.: 1817 (E.D. Pa.) which was approved by the court in 2010 and valued at $815,000,000, *In re CertainTeed Fiber Cement Siding Litigation,* MDL No: 2270 (E.D. Pa.) which was a common fund settlement of $103.9 million dollars , *Pollard v. Remington Arms Company,* Case No. 4:13-CV-00086-ODS (W.D. Mo.) which was approved by the court in 2016 and valued at $97,000, 000, and as lead counsel in *In re: JP Morgan Modification Litigation*, MDL No. 2290 (D. Mass.) (where defendant failed to offer required mortgage modifications) which was national settlement approved by the court and valued at $506 million.   *See also* Levin Sedran's Firm Resume attached hereto as Exhibit "A".

Committee *in In re Target Corporation Customer Data Security Breach Litigation*, MDL 2522 (D. Minn.) (settlement value $39 million settlement for plaintiff financial institutions). In this case, Mr. Schaffer and Levin Sedran were instrumental in working with experts and in discovery, including establishing the proper standard of care and calculation of damages for all victims (consumer and financial institutions). Mr. Schaffer and members of the firm also have served in leadership positions in other data breach cases including serving as Co- Lead Counsel in *Green v. Accolade, Inc.*, 2:18-cv-00274 (E.D. Pa.) (where an employer data breach resulted in compromised employee PII); *Kuss v. American Home Patient, Inc. et. al.*, 8:18 -cv-0248 (M.D. Fla.) (where laptops were stolen and patient's medical information was compromised); *Abdelmessih v. Five Below, Inc.,* 2:19-cv-01487 (E.D. Pa.) (where retailer compromised customers' PII) and on the Executive Committee in *In re Hudson's Bay Company Data Security Incident Consumer Litigation,* Civil Action No. 18-cv-8472 (S.D.N.Y.) (where retailer compromised customers' electronically-stored PII). In addition, in *In re Marriot International Customer Data Security Breach Litigation,* MDL No. 2879 (D. Mass.). Mr. Schaffer has served as member of plaintiffs' screening or vetting committee and assisted leadership in vetting plaintiffs for inclusion in the consolidated amended complaint.

In addition, Mr. Schaffer and his firm also have experience in privacy cases, including serving as Co-lead counsel in *Bryd v. Aaron's Inc.,* No. 11-101 (W.D. Pa.) and *Peterson v. Aaron's Inc.,* No. 1-14-cv-1919 (N.D. Ga.)(where defendant placed spyware on rental computers) and on the Executive Committee in *In re Carrier IQ, Inc., Consumer Privacy Litigation*, No. 12-md-1330 (N.D. Cal.) (where defendant placed software on mobile devices). The *Carrier IQ* litigation involved Carrier IQ software placed on mobile devices that surreptitiously captured private

information, including URIs, search terms, user names, passwords and geo-locations resulting in an invasion of privacy. During the litigation, Mr. Schaffer worked as part of the discovery and expert committees. After securing through discovery motions practice computerized records referred to by counsel for Google Inc. as "radioactive," Mr. Schaffer was instrumental in demonstrating that the software at issue was intercepting consumers' private SMS text messages. This led to a national class action settlement which provided monetary benefits to the class as well as changes to the way that the software is coded.   The *Aaron's* litigation involves spyware surreptitiously placed on rental computers by the rental company resulting in an invasion of the consumer's privacy.

Mr. Schaffer and Levin Sedran's success in complex litigation also includes certification of national and statewide litigation classes spanning decades. *See e.g.*, *In re: Asbestos School Litigation*, No. 83-0263 (E.D. Pa.) (certification of a nationwide class on behalf of public schools), *Raymond F. Wehner, et al. v. Syntex Corporation and Syntex (U.S.A.) Inc.*, No. C-85-20383(SW) (N.D. Cal.) (first Superfund Class Action ever certified); *Weiss v. York Hospital*, No. 80-0134, Opinion and Order of May 28, 1981 at 4 (M.D. Pa. Mar. 1981) (certification of an antitrust action brought on behalf of Pennsylvanian Osteopathic physicians); and *In re: Diet Drug Product Liability Litigation*, MDL No.: 1203 (E.D. Pa.) (certification of a national medical monitoring class).   More recently Mr. Schaffer and Levin Sedran obtained certification of cases in, *inter alia, Helmer, et al. v. The Goodyear Tire and Rubber Co. ("Entran III")*, Civil Action No.: 12-00685 (D. Colo.) (certification of a liability only class on behalf of purchasers of radiant floor heating and then tried the issue of liability to a jury); *In re: Dial Complete Marketing and Sales Practices Litigation*, MDL No.: 2263 (D.N.H.) (certification of multi state class action on behalf of

purchasers of Dial Complete Anti-Bacterial Soap); *In re: Emerson Electric Co. Wet/Dry Vac Marketing and Sales Litigation*, MDL No.: 2382 (E.D. MS..) (certification of a national class action on behalf of purchasers of wet/dry vacs) and *Gold v. Lumber Liquidators, Inc.,* No.3:14-cv-05373-TEH (N.D. Cal.) (certification of a multi-state class action including California on behalf of purchasers of bamboo flooring).

Along with his class action and mass tort experience, Mr. Schaffer has an LLM in Trial Advocacy and has extensive experience prosecuting complex individual actions on behalf of injured individuals in products liability, medical negligence and drug and medical device actions. He has served as Lead Counsel in these matters and successfully tried cases to jury verdicts. Undoubtedly, Lead Counsel and fellow members of the PSC will benefit from his insight and experience in prosecuting and trying those actions to jury verdicts.

**B. Levin Sedran and Charles E. Schaffer are Willing and Able to Commit to a Time-Consuming Project and Meet or Exceed the Requirements of Rule 23(g)(1)(iv).**

As illustrated by its track record, Levin Sedran has repeatedly demonstrated its ability to commit to prosecuting cases through trial, and even post-trial appeals when necessary.   *See*, e.g., *Exxon Valdez Oil Spill Litig.*, No.: 889 0095 (D. Alaska); *Helman, et al. v. The Goodyear Tire and Rubber Co. ("Entran III")*, No. 12-00685 (D. Colo.), *Chinese-Manufactured Drywall Product Liability Litig.*, MDL No.: 2047 (E.D. La.); *Diet Drug Product Liability Litig.*, MDL No.: 1203 (E.D. Pa.); *Vioxx Product Liability Litig.*, MDL No.: 1657 (E.D. La.); and *Asbestos School Litig.*, No.: 83-0268 (E.D. Pa.)

Levin Sedran has committed a partner, Charles E. Schaffer and other members of the firm plus a dedicated team of associates and staff, to assure that Plaintiffs efficiently prosecute this

litigation to a successful conclusion. If additional resources are necessary, Levin Sedran will supply them.

### C. Levin Sedran and Charles E. Schaffer Work Cooperatively with Others.

Levin Sedran and Charles E. Schaffer have excellent working relationships with the other firms nominated here for Lead Counsel and PSC positions (as well as many of the firms that have submitted applications for leadership). Levin Sedran attorneys pride themselves on forming productive and collegial relationships with their co-counsel and believe that such cooperative working relationships are necessary for effective representation.

### D. Levin Sedran is Willing to Commit to the Necessary Resources to this Matter and Meets or Exceeds the Requirements of Rule 23(g)(1)(iv).

Levin Sedran possesses both the financial and human resources necessary to successfully prosecute large-complex cases to trial.   The firm is comprised of attorneys who are well versed in all stages of litigation against large, heavily funded defense firms. Having practiced exclusively in complex and class-action litigation since its inception over three decades ago, Levin Sedran recognizes the commitment of financial resources this litigation will entail. We do not use third-party financing and routinely advance substantial sums on behalf of our clients in complex cases, recovery of which is contingent upon the successful prosecution of the case and are prepared to do so here. Charles Schaffer who will be leading the Levin Sedran team also recognizes the time commitment necessary from him to serve as a member of the PSC. As stated *supra.* he is serving in leadership positions in only three active MDLs and is prepared to make the necessary commitment of his time and energy to as a PSC member.

**E. Levin Sedran Has Devoted Significant Time and Resources to Identifying, Investigating and Prosecuting the Claims to Date on Behalf of the Classes.**

Levin Sedran diligently investigated the facts and law underlying the claims in this case as it pertains to patients whose PII and PHI was not protected and exposed by the Defendants. Levin Sedran continued to represent the interests of these classes since the filing of the respective complaints. Since the filing of the *Bowers* and *Aponte* complaints against Quest Diagnostics and against LabCorp that seek certification of a nationwide class of affected patients, Levin Sedran has continued to gather facts by way of extensively researching and analyzing the public record, reviewing the law in light of the growing factual record, developing liability and damage theories, and communicating with other plaintiffs' counsel as appropriate. In addition, Levin Sedran has engaged and consulted with well-qualified expert consultants on behalf of the Plaintiffs and the proposed classes they seek to represent. Lastly, since the filing of the complaints, Levin Sedran has been contacted by many other affected patients and has retained such patients as clients to serve as class representatives for the state subclasses.

## IV.   <u>CONCLUSION</u>

Levin Sedran's and Mr. Schaffer's record of successfully prosecuting consumer class actions, coupled with their proven ability to work as part of an MDL leadership team, makes Mr. Schaffer and the firm well suited to serve the Plaintiffs in this litigation as a member of the PSC. Based on the foregoing, Charles E. Schaffer of Levin Sedran respectfully requests appointment to the PSC.

Dated: September 13, 2019
By: /s/Charles E. Schaffer
Charles E. Schaffer - (PA Bar No. 76259)
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street - Suite 500
Philadelphia, PA 19106

Tel: (215) 592-1500
Fax: (215) 592-4663
cschaffer@lfsblaw.com

**Attorney for Plaintiffs,**
**Mary Bowers and Scarlette Jones**
**(NJD Case No. 19-16523) and**

**Joann Aponte, Pamela Driskell, Leo**
**Gallagher-Kowit, Jeffrey Grushka, Kimmie**
**Martin, Kim Parrott, Gary Schwall, Catlin**
**Stanford, Kerry Steed, Todd Stone and**
**Megan Storey**
**(NCMD Case No. 19-00824)**

18