## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:  AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | Civil Action No. 19-md-2904 (MCA)(MAH)<br><br>**JOINT AGENDA and STATUS REPORT** |

The parties submit the following Joint Agenda and Status Report:

**FACT SHEETS**

The parties believe that fact sheets would be inappropriate in this class action Multi-District Litigation.

**ENABLING ORDER**

The parties are open to the Court's thoughts with respect to an Enabling Order.

**PRIVILEGE ISSUES**

Paragraph 5 of Plaintiffs' proposed CMO-2 addressed privilege issues with respect to communications amongst counsel.  Defendants agree with Paragraph 5 of Plaintiffs' proposed CMO-2.

**DOCUMENT PRESERVATION**

The parties have assured each other that they are abiding by their respective obligations for preserving documents.

**ESI ISSUES**

The parties are discussing holding a meeting to discuss ESI issues and other discovery issues.  Plaintiffs believe that an in-person Rule 26(f) and Local Rule 26.1 conference to discuss discovery issues, including ESI, as soon as practicable is necessary and appropriate. *See* Fed.R.Civ.P. 1.  Defendants are willing to meet to discuss the entry of an ESI Protocol and

Confidentiality Order, but believe it is premature to discuss a discovery plan until after consolidated amended complaints are filed and their motion(s) to dismiss are decided.

**DISCOVERY AND RELATED ACTIONS**

The parties agree that the preliminary housekeeping matters relating to discovery, such as a Confidentiality Order, ESI Protocol, and the like should be agreed upon and put in place as soon as practicable.

Plaintiffs believe it would be helpful for the Court to appoint a Defendants' Liaison to be the point person for communications with Defendants as a group. The parties have not yet met and conferred on this issue. Defendants believe that until the Court has ruled on the anticipated motion(s) to dismiss, it is premature to appoint Defense Liaison counsel, especially given the tracking case structure proposed by Plaintiffs. That said, Defendants are happy to meet and confer with Plaintiffs to determine whether there may be efficiencies that can be worked out between the parties.

The parties agree that discovery from American Medical Collection Agency ("AMCA"), the entity at which the data breach at issue in this case occurred, should go forward during the pendency of Defendants' motion(s) to dismiss, to the extent allowed by the bankruptcy court presiding over the AMCA bankruptcy pending in the White Plains office of the Southern District of New York, *In re Retrieval-Masters Creditors Bureau, Inc. a/k/a American Medical Collection Agency,* Case No. 19-23185 (RDD) (the "Bankruptcy Action"). Plaintiffs have served a subpoena on AMCA (the Debtor in the Bankruptcy Action) to obtain documents relevant to the data breach. Since the procedural posture of the AMCA bankruptcy is different than the litigation here, and much of the information relevant to the core issues in this case (including how the breach occurred)

is in the possession of AMCA, the parties agree that it would be useful to jointly pursue discovery from AMCA with respect to the data breach while the motion(s) to dismiss are proceeding.

The parties disagree as to what, if any, party discovery involving Plaintiffs and non-bankrupt Defendants should take place in advance of a decision on Defendants' motion(s) to dismiss. Defendants believe that no such discovery in this action should go forward until after the Court rules on their motions to dismiss. Plaintiffs believe that such discovery should proceed during the pendency of the motions to dismiss. The parties are continuing to discuss this issue.

Annexed hereto as Exhibit A is a list of all related actions known to the parties. No discovery has gone forward in those related actions. In addition to the actions set forth in Exhibit A, there is also the Bankruptcy Action.

**SCHEDULING**

Plaintiffs propose to file their consolidated amended complaint(s) by November 15, 2019. As is more fully explained in their separate written statement, Plaintiffs are determining whether it will be simpler and more efficient to file a single master complaint that would include all Plaintiffs and all Defendants, to file separate complaints for each of their proposed tracks, or some other arrangement. Plaintiffs agree to alert Defendants as to which approach they intend to take by October 15, 2019 so that Defendants can develop an organized procedure for motion(s) to dismiss. Based upon the November 15, 2019 filing date, the parties propose the following schedule with respect to Defendants' motion(s) to dismiss.

| Event | Date |
| --- | --- |
| File motion(s) to dismiss | January 15, 2020 |
| Respond to motion(s) to dismiss | March 2, 2020 |

| | |
|---|---|
| Reply briefs | April 2, 2020 |

### PLAINTIFFS' LEADERSHIP STRUCTURE

On September 16, 2019, Interim Lead Counsel filed a leadership proposal with the Court. ECF No. 42.

### POTENTIAL FOR STATE COURT COORDINATION

At least one MDL defendant has been sued in its home state by a putative class of in-state plaintiffs. *See Jacobson v. Quest Diagnostics Incorporated*, No. CAM-L-002997-19 (N.J. Superior, Law Div.) (Polansky, J.). A non-MDL defendant entity, CBL Path, Inc. has been sued in its home state by a putative class of in-state plaintiffs. *See Smahaj v. Retrieval-Masters Creditors Bureau, Inc., et al.*, No. 62076-2019 (N.Y. Supreme, Cty. Of Westchester). The putative class definitions in those cases overlap with class definitions in one or more actions in this MDL. Accordingly, the MDL Plaintiffs and the named Defendants agree that coordination between those state courts and this Court would be beneficial. *See* D.F. Herr, *Annotated Manual for Complex Litigation* § 20.31 (4th ed.) (discussing benefits of coordinating MDL proceedings with state court actions); *cf.* N.J. Courts, *N.J. Multicounty Litig. Resource Book* 15-16 (4th ed. Nov. 2014) (instructing New Jersey Multicounty Litigation ("MCL") courts that coordination with federal courts is "vital," and noting that "New Jersey MCL judges have found coordination with the designated MDL judge to be an effective means of avoiding duplication of efforts").

In *Jacobson*, Quest has apprised Judge Polansky of the existence of this MDL and the upcoming October 1, 2019 conference. In doing so, Quest successfully requested adjournment of a case management conference from September 23, 2019 until December 2, 2019 at 9 a.m. Presently, however, Quest's responsive pleading is due on November 4, 2019, *i.e.*, more than two

months before a response to nearly identical New Jersey law claims in this Court (assuming this Court adopts the jointly proposed schedule set forth above).

In *Smahaj*, the case has not yet been assigned a judge. However, *CBL Path, Inc.* has secured an extension of time to respond to the complaint and *CBL Path's* responsive pleading is due on October 21, 2019, nearly three months before a response to nearly identical New York law claims in this Court (assuming this Court adopts the jointly proposed schedule set forth above).

| | |
|---|---|
| CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.<br>*Interim Lead Counsel for Plaintiffs* | HOGAN LOVELLS<br>*Attorneys for Laboratory Corporation of America Holdings and Laboratory Corporation of America* |
| By:   James E. Cecchi<br>      JAMES E. CECCHI | By:   /s/ Allison Ryan<br>      ALLISON RYAN |
| | BAKER HOSTETLER<br>*Attorneys for Defendant Bio-Reference Laboratories, Inc.* |
| | By:   /s/ Paul G. Karlsgodt<br>      PAUL G. KARLSGODT |
| | ALSTON & BIRD LLP<br>*Attorneys for Defendants Optum360 Services, Inc., Optum360, LLC, Optum, Inc., and UnitedHealth Group Incorporated* |
| | By:   /s/ Reade W. Seligmann<br>      READE W. SELIGMANN |
| | SIDLEY AUSTIN LLP<br>*Attorneys for Defendant Quest Diagnostics Incorporated* |

By:   /David H. Hoffman
　　　DAVID H. HOFFMAN

NELSON MULLINS RILEY & SCARBOROUGH, LLP
*Attorneys for CareCentrix, Inc.*


By:   /s/ William S. Brown
　　　WILLIAM S. BROWN

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY and POPEO, P.C.
*Attorneys for Defendant Inform Diagnostics, Inc.*


By:   /s/ Kevin M. McGinty
　　　KEVIN M. MCGINTY

LEWIS BRISBOIS BISGAARD & SMITH LLP
*Attorneys for Defendants Sunrise Medical Laboratories, Inc., Clinical Pathology Laboratories, Inc. and non-MDL Defendant CBL Path, Inc.*


By:   /s/ Bradley Bartolomeo
　　　BRADLEY BARTOLOMEO