UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | Civil Action No. 19-md-2904 (MCA)(MAH)<br><br>**CASE MANAGEMENT ORDER NO. 2** |

THIS MATTER having been opened to the Court by counsel for Plaintiffs, and the Court having reviewed Plaintiffs' submission dated September 16, 2019 and any objections thereto, and for good cause appearing,

IT IS THIS 5 day of October, *November* 2019

ORDERED as follows:

1. In order to simplify and streamline these MDL proceedings, there shall be three tracks:

    a. The Quest Track shall encompass claims asserted against Quest Diagnostics Incorporated and related parties and Optum360 Services, Inc. and related parties.

    b. The LabCorp Track shall encompass claims asserted against Laboratory Corporation of America Holdings and related parties

    c. The Other Labs Track shall encompass claims asserted against defendants who do not fall within the Quest Track or the LabCorp Track.

2. The Court makes the following appointments in accordance with Fed.R.Civ.P. 23(g)(3):

    **MDL Lead Counsel**

    James E. Cecchi

    **Quest Track Co-Lead Counsel**

    Christopher A. Seeger, Norman E. Seigel, Jason L. Lichtman

    **Quest Track Steering Committee**

    Michele Drake, Jason Dennett, Timothy G. Blood, Marc Garber

    **LabCorp Track Co-Lead Counsel**

    Linda P. Nussbaum, Stuart Davidson

    **LabCorp Track Steering Committee**

    Tina Wolfson, Jean S. Martin, Marc L. Godino

    **Other Labs Track Co-Lead Counsel**

    Joseph DePalma, Amy E. Keller

**Other Labs Track Steering Committee**

Joseph P. Guglielmo, James Pizzirusso, Laurence D. King, Todd S. Garber

**Bankruptcy Liaison**

Scott Bursor

**Bankruptcy Steering Committee**

Todd C. Werts, J. Gerard Stranch

The foregoing appointments are personal to the individual attorney appointed. Each Co-Lead Counsel shall be a member of their respective Steering Committee. The Court may add or replace members upon request from the Steering Committee, or on its own motion, if and as circumstances warrant.

3.      In his capacity as MDL Lead Counsel, Mr. Cecchi shall, in coordination with, and at his discretion, be responsible for coordinating Plaintiffs' pretrial activities and shall:

a.      Determine (after such consultation with the respective Track Lead Counsel and Steering Committee members as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and Defendants the position of Plaintiffs on all matters arising during pretrial proceedings;

b.      Coordinate the initiation and conduct of discovery on behalf of Plaintiffs consistent with the requirements of Fed.R.Civ.P. 26, including the preparation of master interrogatories and master requests for production of documents and coordinate the examination of witnesses in depositions;

c.      Coordinate discovery efforts with co-counsel to ensure that discovery is conducted in an efficient, orderly, and non-duplicative manner;

d.      Conduct and coordinate settlement negotiations;

e.      Delegate specific tasks to other counsel or committees of counsel, as authorized by the Court, in a manner to ensure that pretrial preparation is conducted efficiently and effectively;

f.      Enter into stipulations with opposing counsel (after such consultation with other members of the appropriate Steering Committee and/or other co-counsel as may be appropriate) as necessary for the conduct of the litigation;

g.      Prepare and distribute periodic status reports to the parties;

h.      Maintain adequate time and disbursement records covering services for all Plaintiff counsel in this MDL;

i.      Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

j.      Perform such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court; and

k.      Appoint additional committees, as necessary, including but not limited to expert, discovery, trial, and settlement committees.

4.    **Initial Scheduling Order Deadlines:**

  a.    Plaintiffs shall file a consolidated amended complaint on or before _____
        _____.

  b.    The parties shall jointly submit a proposed Confidentiality Order in
        accordance with L.Civ.R. 5.3 on or before _____.

5.    **Attorney Client Privilege -** this Court recognizes that cooperation by and among Plaintiffs' counsel and by among Defendants' counsel is essential for the orderly and expeditious conduct of this litigation. The communication of information among and between Plaintiffs' counsel and among and between Defendant's counsel shall not be deemed a waiver of attorney client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall not in any way be used against Plaintiffs by any Defendant or against Defendant by any Plaintiff. Nothing contained in this paragraph shall be construed to limit the rights of any party or counsel to assert the attorney-client or joint defense privilege or the attorney work-product doctrine.

6.    **Compensation -** the Court will make the final determination as to the compensation and reimbursement of Plaintiffs' counsel. Any plaintiff's counsel who may seek an award of fees or expenses by the Court in connection with this MDL shall keep a daily record of his/her time spent and expenses incurred in accordance with the protocol set forth below. Time and expense submissions should be submitted timely to MDL Lead Counsel for compilation. Nothing contained in this Order shall be construed to limit the rights of any party or counsel to oppose the award of attorneys' fees.

A.    **Adoption of Case Management Protocols for Common Benefit Work**

1.    The Court hereby adopts the following guidelines for the management of case-staffing, timekeeping, cost reimbursement, and related common benefit issues. The recovery of common benefit attorneys' fees and cost reimbursements will be limited to "Participating Counsel." "Participating Counsel" shall be defined as MDL Lead Counsel, Track Co-Lead Counsel, members of the respective Steering Committees and Bankruptcy Liaison Counsel to perform work that may be considered for common benefit compensation, and/or counsel who have been specifically approved by this Court as Participating Counsel prior to incurring any such cost or expense.

2.    Eligibility does not pre-determine payment. If and to the extent that this litigation is certified as a class action under Fed. R. Civ. P. 23 for purposes of resolution and/or trial, any

award of fees and costs for common benefit work will be governed by the standards and procedures of Rule 23, including Rule 23(h). In any event, no award or payment of common benefit fees or costs shall be made without this Court's approval.

3.      Participating Counsel shall be eligible to receive common benefit attorneys' fees and reimbursement of costs and expenses only if the time expended, costs incurred, and activity in question were (a) for the common benefit of Plaintiffs; (b) timely submitted; and (c) reasonable.

4.      Participating Counsel, as defined above, shall agree to the terms and conditions herein, including submitting to this Court's jurisdiction and agreeing that this Court has plenary authority regarding the award and allocation of common benefit attorneys' fees and expense reimbursements in this matter.

5.      MDL Lead Counsel will be responsible for collecting monthly common benefit time and expense submissions from Participating Counsel, auditing such submissions for compliance with the directives set forth in this Order, and informing Participating Counsel when their submissions do not comply with the directives set forth in this Order.

6.      Lead Counsel's auditing responsibility notwithstanding, the ultimate determination of what is compensable common benefit work, and the extent or rate at which it is compensable, is within the purview of the Court. In the event that Participating Counsel are unsure if the action they are about to undertake is considered Common Benefit Work, they shall ask Lead Counsel in advance as to whether such time may be compensable.

7.      In the event that Plaintiffs' counsel are awarded fees in this action, MDL Lead Counsel shall be solely responsible for the allocation of such fees subject to the Court's ultimate jurisdiction over such allocation.

B.      **Compensable Common Benefit Work**

1.      "Common Benefit Work" includes all work done and expenses incurred that inure to the common benefit of Plaintiffs in this MDL. Examples of compensable and noncompensable work include, but are not limited to:

a)      **Consolidated Pleadings and Briefs:**

(i)     factual and legal research and preparation of consolidated class action complaints and related briefing;

(ii)    responding to inquiries from class members;

(iii)   communications with clients in response to Lead Counsel's requests regarding proposed class representatives;

4

           (iv)    comments and suggestions regarding the consolidated class action complaints; and

           (v)    class-related issues and briefing related thereto are compensable.

    **b)**    **Depositions:** While it is impracticable to impose inflexible rules to cover every conceivable situation, Lead Counsel shall exercise discretion, judgment, and prudence to designate only that number of attorneys to participate in any given deposition that is commensurate with the nature of that deposition so as to avoid over-staffing. Thus, for example, the deposition of a causation expert proffered by Defendants would typically justify the assignment of more attorneys than would the defense of the deposition of one of Plaintiffs' fact witnesses. Time and expenses for Participating Counsel not designated as one of the authorized questioners or otherwise authorized to attend the deposition by Lead Counsel may not be considered Common Benefit Work but, rather, considered as attending on behalf of such counsel's individual clients. Unnecessary attendance by counsel may not be compensated in any fee application to the Court.

    **c)**    **Periodic MDL Status Conferences:** The Court intends to hold periodic status conferences to ensure that the litigation moves forward efficiently, and that legal issues are resolved with guidance from or formal rulings by the Court. Individual attorneys are free to attend any status conference held in open court to stay up to date on the status of the litigation, but except for the respective Lead Counsel and members of the respective Plaintiffs' Steering Committee or their designees, attending and listening to such conferences is not compensable Common Benefit Work. All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their respective clients. Mere attendance at a status conference will not be considered common benefit time, and expenses incurred in relation thereto will not be considered common benefit expenses. The attorneys designated by MDL Lead Counsel to address issues that will be raised at a given status conference or requested by MDL Lead Counsel to be present at a status conference are working for the common benefit, and their time will be considered for the common benefit. Similarly, any attorney whose attendance at a status conference is specifically requested by the undersigned (or by any other judge presiding over this matter or Court-appointed Special Master) to address a common issue may submit his or her time and expenses for such attendance for evaluation as Common Benefit Work.

**d)      Identification and Work-Up of Experts**:  If a Participating Counsel retains an expert without the knowledge and approval of MDL Lead Counsel, time and expenses attributable to the same may not be approved as Common Benefit Work.  On the other hand, communications with and retention of experts with the knowledge and approval of MDL Lead Counsel will be considered common benefit time.

**e)      Attendance at Seminars**: Except as approved by MDL Lead Counsel, attendance at seminars (*e.g.*, American Association for Justice Section Meetings, Mass Torts Made Perfect, Harris Martin, and similar seminars and Continuing Legal Education programs) shall not qualify as Common Benefit Work, or the expenses pertaining thereto as Common Benefit Expenses.

**f)      Discovery and Document Review**: Only discovery and document review authorized by MDL Lead Counsel and assigned to an attorney or law firm will be considered Common Benefit Work. If a firm/attorney elects to review documents that have not been assigned to them by MDL Lead Counsel, that review may not be considered Common Benefit Work. Descriptions associated with "document review" should contain sufficient detail to allow those reviewing the time entry to generally ascertain what was reviewed. For example, indicating the custodian, search query, or number of document folders reviewed is the kind of description needed.

**g)      Review of Court Filings and Orders**: All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their respective clients, and review of briefs and filings made and Orders entered in this litigation is part of that obligation. Only Court-appointed Counsel and those attorneys working on assignments therefrom that require them to review, analyze, or summarize those filings or Orders in connection with their assignments are doing so for the common benefit. All other counsel are reviewing those filings and Orders for their own benefit and that of their respective clients and such review will not be considered Common Benefit Work.

**h)      Emails and Correspondence**: Except for the Counsel appointed by the Court and their assigned attorneys and staff, time recorded for reviewing emails and other correspondence is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email or other correspondence and that is for the common benefit of Plaintiffs. Thus, for example, review

6

of an email or other correspondence sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable as Common Benefit Work. All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review emails and correspondence to a larger group, when they involve a matter on which the recipient is not directly and immediately working.

## C.   **Common Benefit Timekeeping Protocols**

All time must be accurately and contemporaneously maintained. Participating Counsel shall keep contemporaneous billing records of the time spent in connection with Common Benefit Work on this MDL, indicating with specificity the hours (in tenth-of-an-hour increments) and billing rate, along with a description of the particular activity (such as "conducted deposition of John Doe").

Each time entry must be categorized using one of the categories in Exhibit A. In general, when possible, a more specific category should be used in place of a more general category. Under no circumstances should a submitting firm make up new categories for use in its submission. While the categories are generally self-explanatory, below are some further explanations of some of the categories that may have the potential for the most confusion.

1. **Lead/PSC Duties (category 3)** – This category code should only be used for work done by Court-appointed Lead Counsel, members of the respective Steering Committees and Bankruptcy Liaison Counsel, and their assigned attorneys and staff, in their capacity as Court-appointed Counsel This category should be used primarily for Court-appointed Counsel's more general or administrative responsibilities that do not fit into other, more specific categories. These include, but are not limited to, reviewing, analyzing, and summarizing filings and orders, or coordinating and designating non-Court-appointed attorneys to conduct common-benefit tasks such as document reviews, depositions, or work with experts. This category should not be used by any timekeeper who is not a Court-appointed Counsel or one of their assigned attorneys or staff

2. **Administrative (4)** – This category should be used for internal filing and organizational tasks, such as reviewing and downloading documents from the ECF case docket(s), creating charts, reviewing filings generally, updating calendars, copying and distributing documents, drafting memoranda, etc., whether done by an attorney or staff. Please remember that the review of filings and orders to stay informed about the litigation is every attorney's obligation, and time spent on such tasks is not compensable as Common Benefit Work for most timekeepers. *See supra,* ¶ B(1)(h).

3. **Discovery (8)** – Almost all common benefit discovery-related tasks should be coded with this category. The exceptions are: document review (which should be coded category 9), discovery-related motions or briefs (which should be coded category 12), discovery-related court appearances (which should be category 6), and preparation for and taking/defending depositions (which should be category 11).

7

4.   **Document Review (9)** – For the purposes of this category, the word "document" specifically means documents or other information produced in discovery. In other words, this category is not to be used for every instance of reading a document – it is more specific than that. Only discovery document review specifically authorized by Lead Counsel and assigned to an attorney will be considered Common Benefit Work. See *supra*, II(A)(7). Time entry descriptions for document review tasks should include specific details such as custodians, search query, number of document folders reviewed, or other similar details.

5.   **Pleadings/Briefs/Pre-trial Motions/Legal Memoranda (12)** – All research and drafting time spent for a specific pleading, brief, motion, or similar legal writing should be coded in this category.

6.   **Trial (17)** – This category is reserved solely for tasks performed during a trial.

7.   **Miscellaneous (19)** – This is a general category that should not be used if a more specific category can be used instead. Any activities that are done in connection with or as part of a larger task like a brief, or a court appearance, or a meeting, should be categorized according to that larger task. This category should be used relatively infrequently; however, if it is used, it is critical that the description of the task be sufficiently detailed to make clear how the work was common benefit.

Should you have additional questions about particular timekeeping categories, please direct them to Lead Counsel. Under no circumstances should a submitting firm make up new categories for use in its submission.

D.   **Hourly Rates**

Use your customary billing rates in your monthly time reports. Use of these rates does not guarantee their payment. The Court reserves the discretion to determine appropriate rates as the circumstances may warrant.

E.   **Common Benefit Expenses Protocol**

1.   **Shared Costs**

"Shared Costs" are costs that will be paid out of the Litigation Fund administered by MDL Lead Counsel. Each Participating Counsel member shall contribute to the Fund at times and in amounts sufficient to cover plaintiffs' expenses for the administration of this MDL. The timing and amount of each assessment will be determined by MDL Lead Counsel, in consultation with other Participating Counsel, and each assessment will be paid within 30 days as instructed by MDL Lead Counsel. Failure to pay assessments will be grounds for removal from the appointments made in previous Court Orders or other common benefit assignments.

Shared Costs are costs incurred for the common benefit of Plaintiffs in this MDL as a whole. No client-related costs, save certain costs relating to future cases selected as bellwether cases that will be for the common benefit (*e.g.*, related to liability and causation), shall be

considered Shared Costs. unless exceptional circumstances exist and are approved by later order

of this Court. All Shared Costs must be approved by Lead Counsel prior to payment.

All costs that meet these requirements and fall under the following categories shall be

considered Shared Costs and qualify for submission and payment directly from the Fund:

    a.    Court, filing, and service costs related to common issues:

    b.    Court reporter and interpreter costs for depositions;

    c.    Document (both electronic and hard copy) depository creation, operation, staffing, equipment, and administration;

    d.    Participating Counsel out-of-house or extraordinary administration matters (e.g., expenses for equipment, technology, courier services, long distance, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, meetings and conference calls, etc.);

    e.    Legal, tax, and accountant fees relating to the Fund;

    f    Expert witness and consultant fees and expenses for experts whose opinions and testimony would be generic and for the common benefit of a substantial number of cases. There shall be no reimbursement for case-specific experts, except for liability and causation experts in bellwether cases, with the approval of MDL Lead Counsel;

    g.    Printing, copying, coding, and scanning related to the above (only out-of-house or extraordinary firm costs);

    h.    Research by outside third-party vendors/consultants/attorneys, approved by Lead Counsel;

    i.    Translation costs related to the above, approved by MDL Lead Counsel;

    j    Bank or financial institution charges relating to the Fund;

    k.    Investigative services, approved by MDL Lead Counsel; and

    l.    Any assessment paid by Participating Counsel or by a non-Participating Counsel firm from whom as assessment was requested by MDL Lead Counsel.

MDL Lead Counsel shall prepare and be responsible for distributing reimbursement

procedures and the forms associated therewith. Requests for payments from the Fund for Common

Benefit expenses shall include sufficient information to permit Lead Counsel and a Certified Public

Accountant ("CPA") to account properly for costs and to provide adequate detail to the Court if

necessary.

    2.    **Held Costs**

"Held Costs" are those that will be carried by each attorney in this MDL and reimbursed

as and when MDL Lead Counsel determines to do so. Held Costs are those that do not fall into the

above Shared Costs categories but are incurred for the common benefit of all plaintiffs in this

MDL. No client-specific costs can be considered Held Costs, other than certain Common Benefit

costs relating to class representatives and future bellwether cases at the discretion of MDL Lead Counsel. Held Costs shall be recorded in accordance with the guidelines set forth herein and on the form provided by MDL Lead Counsel.

Held Costs shall be subject to the following limitations:

**a.   Travel Limitations**

Only reasonable expenses will be reimbursed. Except in unusual circumstances approved by Lead Counsel, all travel reimbursements are subject to the following limitations:

i.   **Airfare:** For routine domestic flights, ordinarily only the price of a refundable, changeable and convenient coach fare seat or its equivalent will be reimbursed.  For international travel or transcontinental flights with a total duration exceeding four hours, business class, or if business class is not available, first class, may be reimbursed at MDL Lead Counsel's discretion. Private or charter travel will not be reimbursed except in unusual circumstances, as approved by Lead Counsel.

ii.   **Hotel:** Hotel room charges for the average available room rate of a reasonable business hotel will be reimbursed.

iii.   **Meals:** Meal expenses must be reasonable.  Unusually large meal expenses may be reviewed by Lead Counsel and disallowed.

iv.   **Cash Expenses:** Miscellaneous cash expenses for which receipts generally are not available (*e.g.*, tips, luggage handling) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

v.   **Automobile Rental:** Automobile rentals must be reasonable for the date and location of the rental.

vi.   **Mileage:** Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip. The rate will be the maximum rate allowed by the Internal Revenue Service.

**b.   Non-Travel Limitations:**

i.   **Shipping, Overnight, Courier, and Delivery Charges:** All claimed Common Benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

ii.   **Postage Charges:** Common Benefit postage charges are to be reported at actual cost.

iii.   **In-House Photocopy:** The maximum charge for Common Benefit in-house copies is $0.15 per page.

iv.   **Computerized Research- Lexis, Westlaw, or Bloomberg:** Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services.

No entry should contain more than one category of expense when practical, and no entry should have more than one expense category code assigned to it. If, on the same day, one person incurs two expenses that fall into two different categories, then there should be two separate entries

10

for that person for that date, each with the appropriate expense description and category code. Similarly, when practical no listed expense entry should include expenses incurred by more than one person. If multiple people incur the same expense for the same category, then generally there should be a separate entry for each person, unless a single person paid the expense for multiple people.

Every expense entry should be as detailed and specific as reasonably practical. Descriptions such as "Filing and Service Fees," "Service of Process," "Plane Ticket," "Investigation Fees," "Hearing Transcript," and "Deposition Services" are not sufficient. Every entry must describe the task for which the expense was incurred in enough detail to reasonably identify what the expense was, who incurred it, why it was incurred, and how it related to Common Benefit Work. For example: What was filed and on behalf of whom? Who was served with what document and on behalf of whom? What hearing transcript was requested and for what purpose? For whom was the plane ticket purchased, for air travel from where to where, on what dates of travel? (The same goes for hotels, taxis, car services, tips, meals, and any other travel- related expenses.) Expense entries without sufficient detail may be rejected at Lead Counsel's discretion.

Attorneys shall provide receipts for all expenses. This does not mean that receipts are to be provided "upon request" – it means each firm must provide receipts monthly along with their expense submissions, in PDF form, not hard copy. Credit card receipts (not the monthly statements) are an appropriate form of verification. Hotel costs must be proven with the full hotel invoice. The description of unclaimed expenses on the invoice may be redacted.

**F.      Protocols for Submission of Time and Expenses**

        **1.      Format**

For MDL Lead Counsel to maintain all time submissions in a fully sortable and searchable format, all of the time and expense submissions must be provided by submitting counsel in the following format:

        a.      Counsel must use the Excel forms to be obtained from MDL Lead Counsel. This means that each monthly submission will consist of one Excel file, within which there will be four "sheets" (marked by tabs at the bottom): "Expense Report," "Supplemental Expense Report," "Monthly Time Report," and "Monthly Time Report Totals."

        b.      In the "Monthly Time Report," the person who performed each task should be identified in the column called "Last Name, First Name" by their complete last name, a comma, and their complete first name (e.g. Smith, John). Please do not use abbreviations or initials in this column.

11

c.   In all reports, the date must be provided in month/day/year format (e.g., 10/23/14).

**2.   Deadlines**

Time submissions shall be made to Lead Counsel on a monthly basis, by deadlines and in accordance with the guidelines set forth herein. The first submission is due on ___Dec 15 2019___ and should include all time and expense from inception of work on American Medical Collection Agency, Inc. Customer Data Security Breach litigation through ___Dec 31 2019___ After this first submission, each monthly submission should include all common benefit time and expenses incurred from the first to the last day of the preceding month (e.g. the submission due December 15, 2019, should contain all common benefit time and expenses incurred from November 1, 2019 through November 30, 2019.

Although counsel should endeavor to submit all common benefit expenses incurred in a certain month in the submission made on the 15th of the next month, the realities of third-party billing and credit card statement schedules may make such quick expense submission difficult in some circumstances. Thus submissions of "supplemental" common benefit expense reports will be permitted for those expenses incurred during the previous six months that, because of circumstances outside the submitting counsel's control, could not have been submitted by the deadline. Any common benefit expenses submitted more than six months in arrears may not be considered or included in any compilation of common benefit expense calculation and may be disallowed, except for good cause shown and with approval of Lead Counsel. Supplemental submissions of common benefit time will be permitted only for good cause shown and with the approval of Lead Counsel.

MADELINE COX ARLEO, U.S.D.

12