January 8, 2020

**VIA ECF ONLY**

The Honorable Madeline Cox Arleo, U.S.D.J.
The Honorable Michael A. Hammer, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

    Re:   *In re American Medical Collection Agency, Inc., Customer Data Security Breach Litigation*, **Docket No. 2:19-md-02904(MCA)(MAH)**

Dear Judge Arleo and Judge Hammer:

The undersigned counsel represent defendants Quest Diagnostics Incorporated ("Quest"), Optum360, LLC ("Optum360"), Laboratory Corporation of America ("LabCorp"), and Sonic Healthcare USA and its subsidiaries (collectively, "Sonic," and collectively with Quest, Optum360, and LabCorp, "Defendants") in the above-referenced matter.

Defendants respectfully request that the Court grant leave for Defendants to file briefs in excess of 40 pages in support of their forthcoming motions to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), which are due on January 15, 2020. Defendants have conferred with Plaintiffs' counsel but have been unable to reach an agreement. In light of the upcoming deadlines for such motions, Defendants further respectfully request a teleconference with the Court to resolve this matter at the Court's earliest convenience.

Local Civil Rule 7.2 provides that, in all cases, each defendant's motion to dismiss brief may be 40 pages in 14-point font (or 30 pages in 12-point font). However, the complaints here are exponentially larger and more complicated than a run-of-the mill one-plaintiff, one-governing-body-of-law complaint for which a defendant may have 40 pages to brief its motion to dismiss.

First, these are master complaints that consolidate dozens of prior complaints by numerous plaintiffs brought in multiple jurisdictions. The master complaint against Quest and Optum360 has 28 plaintiffs and the master complaint against LabCorp has 32 plaintiffs. Second, the consolidated complaints are very large. For example, the complaint against Quest and Optum360 is over 151 pages with 749 paragraphs of allegations, and the complaint against LabCorp is over 130 pages with 461 paragraphs. Third, the consolidated complaints bring many varying causes of action based on the different laws of many states. For instance, Quest and Optum360 must address *99* different state-law claims under the laws of 18 states—four state common-law claims each brought under the laws of 18 different states (72 causes of action to address), plus 27 state statutory claims. The complaint against LabCorp is similarly complicated, including 29 counts brought under the laws of at least 14 states. Indeed, Judge Hammer recognized the unusually large scope and complexity of these complaints at a recent hearing, observing that Defendants would have to address roughly "30 distinct causes of action spanning

18 different states" in their forthcoming motions to dismiss.  Transcript of December 13, 2019 Hearing at 24:1–3.

In addition, as has been discussed at multiple hearings with the Court, Defendants will be moving to dismiss under Rule 12(b)(1), showing, as is often the situation in data breach cases, that the Court has no jurisdiction under Article III due to Plaintiffs' lack of standing.  Making this standing argument requires Defendants to assess and address the individual Plaintiffs' injury allegations.  Thus, in addition to the space needed to adequately address Rule 12(b)(6) dismissal, these important Article III jurisdictional arguments require a substantial number of pages as well.[1]

Since November 15, 2019, when Plaintiffs filed their consolidated complaints and Defendants learned of the specific Plaintiffs, allegations, causes of action, and state laws at issue, Defendants have been working diligently to research and draft their motions to dismiss, including over the holiday period.  It has become clear that the number of pages that will be required to adequately brief Defendants' arguments far exceeds the 40 pages that the rules provide each defendant for a run-of-the-mill motion to dismiss brief.

On Friday, January 3, 2020, nearly two weeks before Defendants' motions to dismiss were due, Defendants' work had progressed to a point where they were able to determine how many pages each believed would be necessary to adequately brief their arguments.  On that date, Defendants asked Plaintiffs' counsel for their agreement to a page-limit extension that would apply equally to both Defendants' motion to dismiss briefs and Plaintiffs' opposition briefs.  For example, Quest and Optum360 proposed that, rather than file two separate briefs for which the normal page limit was 80 pages collectively, they would file a joint brief with a 50-page total extension (or 25-page per-defendant extension) for a total of 130 pages for each side's brief.  Plaintiffs told Defendants that they would respond the following Monday, January 6.

On January 6, Plaintiffs proposed a call for the following day.  Noting that time was short, Defendants asked that the call be held during the afternoon of January 6 instead, and Plaintiffs agreed.  During the call, Plaintiffs refused Defendants' request for additional pages; instead, they proposed a vague, entirely new, staging-type of proposal for Defendants' motions to dismiss—that those motions be limited to questions of Article III standing and certain undefined "bellwether" claims.  Plaintiffs offered no proposal for how such bellwether claims would be chosen, no rationale for how this procedure would simplify matters for the parties or the Court, and no explanation for why Plaintiffs failed to make such a proposal during the parties' discussions prior to the initial scheduling conference, during the scheduling conference itself, or at any time since.

Defendants rejected Plaintiffs' belated "bellwether" proposal—raised for the first time 9 days before the response deadline—because it would extend the time for briefing Defendants' motions to dismiss for months and likely years and would be prejudicial to Defendants who are ready to have their arguments under Rule 12 heard by the Court.  Specifically, briefing numerous rounds of bellwether claims would waste the Court's resources and cause significant prejudice to

---

[1]   At least one Defendant may raise personal jurisdictional challenges as well.

2

Defendants by requiring them to go through multiple rounds of briefing without any possibility of obtaining dismissal of all claims.

During the January 6 call, Defendants once again asked for Plaintiffs' position on how many additional pages Plaintiffs would agree that Defendants could have. Following the call, Plaintiffs indicated that they would only agree to ten to fifteen additional pages per motion, far fewer than the number that Defendants need to address the large number of allegations, claims, and Plaintiffs that were included in the consolidated complaints.

Therefore, the parties have reached an impasse, and Defendants respectfully request that the Court grant them leave to file additional pages in support of their motions to dismiss, as set forth below.

**Quest and Optum360.** To avoid repetition and duplication of effort by the Court and the parties alike, Quest and Optum360 intend to file a joint motion to dismiss instead of filing individual motions, assuming that leave is granted to file a brief with sufficient pages to address the scope of the consolidated complaint. While most of the arguments that Quest and Optum360 will make apply to both with equal force, each anticipates making certain particularized arguments based on the complaint's different allegations as to each. In light of the need to address the individual Plaintiffs' injury allegations in moving to dismiss under Rule 12(b)(1), and in light of the need to address each of Plaintiffs' 99 state-law causes of action and to make Defendant-specific arguments in moving to dismiss under Rule 12(b)(6), Quest and Optum360 respectfully request that the number of pages they would be collectively entitled to under Local Civil Rule 7.2 (80 pages) be enlarged by 50 pages to a total of 130 pages for a joint brief.

**LabCorp.** LabCorp requests an enlargement in order to appropriately respond to the 29 claims asserted in the consolidated amended complaint on behalf of 32 Named Plaintiffs (including the claims of 28 newly added Named Plaintiffs) across more than 14 states' laws and to assert at least two threshold jurisdictional defenses. Specifically, LabCorp respectfully requests 95 pages for its memorandum in support of its motion to dismiss.

**Sonic.** The complaint against Sonic Healthcare USA and its related subsidiaries and laboratories is a 72-page, 253-paragraph pleading against 14 separate legal entities. As opposed to filing individual motions, all 14 Sonic defendants will be filing a joint motion to dismiss. The Sonic defendants respectfully request that the page limit of their motion to dismiss be enlarged to 65 pages. Given the complexity of the legal issues and facts and the number of Sonic defendants, this request is justified and reasonable.

\*     \*     \*

For the foregoing reasons, Defendants respectfully request that the Court grant their requests for additional pages, and further respectfully request that the Court schedule a teleconference to resolve Defendants' requests at the Court's earliest convenience.

We thank the Court for its courtesies.

Very Truly Yours,

/s/ David H. Hoffman
David H. Hoffman
SIDLEY AUSTIN LLP
1 South Dearborn
Chicago, IL 60603
Telephone: (312) 853-2174
Facsimile: (312) 853-7036
david.hoffman@sidley.com
*Counsel to Quest Diagnostics Incorporated*

/s/ Donald M. Houser
Donald M. Houser
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
donald.houser@alston.com
*Counsel to Optum360, LLC*

/s/ Allison Holt Ryan
Allison Holt Ryan
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
allison.holt-ryan@hoganlovells.com
*Counsel to Laboratory Corporation of America*

/s/ Jeffrey Y. Spiegel
Jeffrey Y. Spiegel
LEWIS BRISBOIS BISGAARD & SMITH LLP
77 Water Street, Suite 2100
New York, NY 10005
Telephone: (212) 232-1300
Facsimile: (212) 232-1399
jeffrey.spiegel@lewisbrisbois.com
*Counsel to Sonic Healthcare USA and its Subsidiaries*

/s/ Michael T. Hensley
Michael T. Hensley, Esq.
BRESSLER, AMERY & ROSS, P.C.
325 Columbia Turnpike
Florham Park, New Jersey 07932
Telephone: (973) 514-1200
Facsimile: (973) 514-1660
mhensley@bressler.com
*Counsel to Quest Diagnostics Incorporated*