# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

CHARLES C. CARELLA
BRENDAN T. BYRNE
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

JAMES D. CECCHI (1933-1995)
JOHN G. GILFILLAN III (1936-2008)
ELLIOT M. OLSTEIN (1939-2014)

JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
CARL R. WOODWARD, III
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
LINDSEY H. TAYLOR
CAROLINE F. BARTLETT

**5 BECKER FARM ROAD**
**ROSELAND, N.J. 07068-1739**
**PHONE (973) 994-1700**
**FAX (973) 994-1744**
**www.carellabyrne.com**

PETER G. STEWART
FRANCIS C. HAND
AVRAM S. EULE
CHRISTOPHER H. WESTRICK*
JAMES A. O'BRIEN III**

OF COUNSEL

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
**MEMBER NY AND MA BARS ONLY

RAYMOND J. LILLIE
WILLIAM SQUIRE
STEPHEN R. DANEK
DONALD A. ECKLUND
MEGAN A. NATALE
ZACHARY S. BOWER+
MICHAEL CROSS
CHRISTOPHER J. BUGGY
JOHN V. KELLY III
MICHAEL A. INNES

+MEMBER FL BAR ONLY

January 8, 2020

VIA ECF

Hon. Madeline Cox Arleo  
U.S. District Judge  
Martin Luther King Federal Building  
50 Walnut Street  
Newark, NJ 07102

Hon. Michael A. Hammer  
U.S. Magistrate Judge  
Martin Luther King Federal Building  
50 Walnut Street  
Newark, NJ 07102

    Re:    *In re: American Medical Collection Agency, Inc.*
*Customer Data Security Breach Litigation*
Civil Action No. 19-md-2904 (MCA)(MAH)

Dear Judges Arleo and Hammer:

    This firm is Lead Counsel in MDL-2904. This letter is in response to Defendants' January 8 letter, ECF No. 135, ("Defendants' Letter") in which Defendants request a collective total of 290 pages of moving briefs for their upcoming motions to dismiss. Assuming that they would allow Plaintiffs a like number of pages for responsive briefs and reply briefs half the length of their moving briefs, that would add up to over 700 pages of briefing for the Court to plow through to resolve Defendants' motions to dismiss. That is far in excess of what is necessary to properly address the issues raised in Plaintiffs' consolidated complaints, which is why Plaintiffs would not consent to the lengthy briefing that Defendants have proposed.

    Plaintiffs do not believe it is necessary to address Defendants' overly dramatic presentation of the timeline preceding Defendants' Letter. As part of the meet-and-confer process, Plaintiffs proposed two alternative proposals with respect to Defendants' motion to dismiss briefing, both of which Defendants rejected. The first proposal was to limit briefing to standing, which Defendants have repeatedly claimed is a threshold issue for all Plaintiffs, and briefing the legal sufficiency of Plaintiffs' substantive claims only under New Jersey and the law of selected other "bellwether" states. This is hardly an "entirely new" proposal. It is the same approach that was used in other data breach cases. *See, e.g.*, Case Management Order No. 3 at 1, *In re Marriott Int'l Customer Data Sec. Breach Litig.*, No. 8:19-md-02879-PWG (D. Md. June 10, 2019), ECF No. 279 ("The motion to dismiss filed in the Consumer Track shall be limited to a total of 10 claims, with 5 claims selected by Plaintiffs and 5 claims selected by Defendants."); Case Management Order at 1, *In re Anthem, Inc. Data Sec. Breach Litig.*, No. 5:15-md-02617-LHK (N.D. Cal. Sept. 11, 2015), ECF No. 285 (to conserve judicial resource, the Court required the parties to "propose the causes of action from the Consolidated Amended Complaint that will be the subject of the

Hon. Madeline Cox Arleo
Hon. Michael A. Hammer
January 8, 2020
Page 2

motion to dismiss. The Court is currently contemplating no more than a total of six causes of action in the motion to dismiss.").[1]

If the Court does not wish to proceed with the Plaintiffs' proposal to limit briefing to standing and "bellwether" state briefing, Plaintiffs have consented (and continue to consent), subject to Court approval, to the following pages of briefing for defendants' Rule 12 motions:

| Defendant(s) | Motion | Opposition | Reply |
|---|---|---|---|
| Quest/Optum | 55 | 50 | 20 |
| LabCorp | 55 | 50 | 20 |
| Sonic Healthcare | 55 | 50 | 20 |

We believe that the foregoing are appropriate lengths to adequately cover the legal issues raised by Plaintiffs' consolidated complaints without overburdening the Court. While Defendants complain about length of Plaintiffs' consolidated complaints as a justification for the length of their moving briefs, their Rule 12 briefs are not answers. Defendants do not need to address the validity of every paragraph in every complaint one-by-one in a Rule 12 motion. The facts support Plaintiffs claims or not and their substantive claims have a basis in law or not. In addition, there is a substantial overlap as to the claims asserted against the various Defendants. A modicum of coordination among the Defendants would save a substantial number of brief pages. Plaintiffs do not see why the Court would require three briefs addressing, for example, whether Plaintiffs have alleged negligence, breach of contract, or California statutory consumer protection claims.

As far as Defendants' contention that all or certain Plaintiffs lack standing, Plaintiffs see no need to venture into the weeds with respect to the alleged harm to each individual Plaintiff and whether he or she has suffered harm sufficient to confer standing, as Defendants claim. (Defendants' Letter at 2) In the past, Defendants have made broad-brush claims that all or most Plaintiffs lack standing. *E.g.*, "None of the Plaintiffs has alleged an injury sufficient to confer Article III standing." Joint Discovery Plan at 7, ECF No. 94; Defendants' motion to stay at 8 ("many Plaintiffs lack standing because their allegations of speculative future harm fail to meet the "imminent injury-in-fact" requirement of Article III standing."). Plaintiffs do not understand why Defendants would not be able to group together the Plaintiffs that they do not believe to have suffered sufficient injury to create standing and discuss them all together, or why Defendants could not coordinate their standing arguments. Standing is standing. If a plaintiff suffered thus-and-such a harm, they would have standing or not, regardless of which Defendant they were asserting

---

[1] Defendants have cited decisions from "other data breach courts" and Judge Koh's specific handling of the *Anthem* case when it suits them. *See* Defendants' motion to stay, at 1, 3-4 ECF No. 114-1 ("Indeed, this approach is consistent with those in *Reilly* and *Horizon* within this Circuit, the path taken by the parties in the *Anthem* health care-related data breach, and those of other data breach courts.").

Hon. Madeline Cox Arleo
Hon. Michael A. Hammer
January 8, 2020
Page 3

claims against. Plaintiffs again fail to see how it would assist the Court for Defendants to submit three separate briefs on the same standing issues.

    Thank you for your continued attention to this matter. If the Court has any questions, we are available at your convenience.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.

/s/ James E. Cecchi

JAMES E. CECCHI

cc: All Counsel (via ECF)