UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | : : : Civ. No. 19-md-2904 (MCA) (MAH) : : ORDER : : |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure held on the record on **May 16, 2022**; and for good cause shown:

**IT IS on this 26th day of May 2022,**

**ORDERED THAT:**

### I.  DISCLOSURES

1. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **[completed]**.

### II.  DISCOVERY

2. Fact discovery is to remain open through **January 16, 2023.** No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3. The parties may serve interrogatories limited to **twenty-five (25)** single questions and requests for production of documents and requests to admit.

   a. The parties shall serve the next round of written discovery by **May 27, 2022**.

   b. The parties shall begin production of ESI documents responsive to First Sets of Requests for Production no later than **May 28, 2022**.

   c. The parties shall substantially complete document production in response to written discovery served by **May 27, 2022** by **October 10, 2022**.

   d. The parties shall serve all written discovery no later than **November 1, 2022**.

4. Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed by **January 16, 2023.** No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated. There shall be a maximum of **thirty (30)** factual depositions to be taken by each side without prejudice to the parties' rights to renew their requests for additional depositions.

5. Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes **before** seeking the Court's intervention.  See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1).  Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention via a joint letter that sets forth: (a) the specific discovery requested; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient, including citations to appropriate caselaw; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

<u>Failure by any party to meet and confer in good faith, or to participate in the joint-letter protocol described above, absent good cause, will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.</u>

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Discovery disputes (other than those arising during depositions) shall be brought to the Court's attention no later than **November 14, 2022**.  **The Court will not consider any discovery dispute (other than those arising during depositions) brought to its attention after this date**.  If an unresolved dispute arises at a deposition, then the parties **must** contact the Chambers of the Undersigned for assistance during the deposition.

### III.    FUTURE CONFERENCES

6. There shall be a telephone status conference before the Undersigned on **August 30, 2022 at 3:00 p.m.** Counsel shall **dial 1-888-684-8852 and enter access code 1456817# to join the call.**

7. The Court may from time-to-time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

8. Counsel should be prepared to discuss settlement at every conference with the Court.  The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone.  In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

9. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

10. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

### IV.    MOTIONS

11. Any motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than **November 4, 2022**.

12. <u>No motions are to be filed without prior written permission from this Court.</u> All dispositive motions must first be subject to a dispositive motion pre-hearing. Discovery must be completed prior to the filing of a dispositive motion. These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b) and 56.1.

13. Plaintiffs' motion for class certification shall be governed by Appendix N as follows:

    a. Plaintiffs serve their motion for class certification and serve any expert reports in support of class certification in accordance with the requirements of Rule 26 containing a complete statement of all opinions the expert may offer with respect to class certification (as well as all other information required to be included in the written report pursuant to Rule 26(a)(2)) by **February 15, 2023**. Plaintiffs shall make any expert(s) available for deposition no later than 30 days after service of the motion for class certification, unless Defendants agree to a later date.

    b. Defendants serve their brief(s) in opposition to Plaintiffs' motion for class certification, serve its motion(s) challenging Plaintiffs' class certification experts, and serve any expert reports in opposition to class certification in accordance with the requirements of Rule 26 containing a complete statement of all opinions the expert may offer with respect to class certification (as well as all other information required to be included in the written report pursuant to Rule 26(a)(2)) by **May 16, 2023**. Defendants shall make any expert(s) available for deposition no later than 30 days after service of their Opposition to Plaintiffs' motion for class certification, unless Plaintiffs agree to a later date.

    c. Plaintiffs serve reply briefs in support of their motion for class certification, serve their motion(s) challenging Defendants' class certification experts, and serve any rebuttal expert reports in support of class certification by **June 30, 2023**.

    d. The Parties shall file with the Court all papers in support of and in response to the Plaintiffs' motion for class certification, including any Reply by **July 7, 2023**. To prevent unnecessary burden with respect to the logistics of filing all papers and in the correct sequence, the Parties shall work cooperatively to ensure that all papers are electronically filed no later than 5:00 pm ET, unless otherwise agreed to by the Parties.

14. Dispositive motions, if any, are to be filed by leave of Court only, by **[TO BE DETERMINED]**.

## V. EXPERTS

15. All affirmative expert reports shall be delivered by **[TO BE DETERMED]**. Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a) (2) (B).

16. All responding expert reports shall be delivered by **[TO BE DETERMINED]**. Any such report shall be in the form and content as described above.

17. Expert discovery, including the depositions of any expert witnesses, shall be completed on or before **[TO BE DETERMINED]**.

18. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## VI.     FINAL PRETRIAL CONFERENCE

19. A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) on **[To Be Determined]**.

20. All counsel are directed to assemble at the office of plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the Final Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

21. The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Order.

22. **FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

s/ Michael A. Hammer
Honorable Michael A. Hammer, U.S.M.J.