UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To: *Other Labs Track* | Civil Action No. 19-md-2904(MCA)(MAH)<br><br>**FINAL APPROVAL ORDER** |

THIS MATTER having been presented to the Court by Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., Lite DePalma Greenberg & Afanador, LLC, and DiCello Levitt LLP (together "Class Counsel"), as counsel for Plaintiffs Brian Graifman, L.D., and Andrea Hall ("Class Representatives"), along with Maynard Nexsen PC, as counsel for CareCentrix, Inc. by way of a Motion for Final Approval of the proposed Settlement Agreement (the "Settlement Agreement" or "Agreement") of the above captioned lawsuit against Defendant CareCentrix, Inc. (the "Action"). All of the parties identified above are collectively referred to as the "Parties."

WHEREAS, the Court finds that it has jurisdiction over this action, Class Members, and the Parties under 28 U.S.C. § 1332 and that venue is proper in this district; and

WHEREAS, the Parties have submitted the Settlement Agreement, together with numerous exhibits and proposed orders, to the Court;

WHEREAS, the Court finds that the Settlement Agreement was entered into at arms' length by experienced counsel and after multiple mediation sessions and extensive negotiations and the Settlement Agreement is not the result of collusion; and

WHEREAS, the Court granted Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement June 20, 2023, and conditionally certified the Class solely for purposes of settlement; and

WHEREAS, pursuant to the Settlement Agreement and the Court's Preliminary Approval Order, a class list was compiled from Defendant's records. A total of 453,021 potential Class Members were identified. Such potential Class Members were thereafter provided with notice and an opportunity to object to the Settlement Agreement or opt-out of the Class; and

WHEREAS, the Court conducted a Final Approval Hearing on October 31, 2023, to determine whether the proposed Settlement Agreement is fair, reasonable, and adequate, and whether the Settlement Agreement should be approved in final by this Court; and

WHEREAS, [NO] objections were filed with respect to the proposed Settlement Agreement and/or Motion for Fees and Costs; and at the Final Approval Hearing, Class Counsel appeared for the Class, Maynard Nexsen PC appeared for Defendant; and [NO] Class Members appeared at the Final Approval Hearing to contest the Settlement Agreement; and

WHEREAS, the Court has fully considered the record of these proceedings, the representations, argument, and recommendation of counsel, and the requirements of law; and good cause appearing, s/MA

IT IS THIS ___ day of Oct., 2023, ORDERED, DECREED, and ADJUDGED as follows:

1. **Definitions.** Unless otherwise provided herein, the Court adopts and incorporates the definitions of all capitalized terms in the Settlement Agreement and those defined terms shall have the same meaning in this Order.

2. **Approval of the Class.** This Court finally certifies the following Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> All individuals for whom CareCentrix coordinated healthcare benefits in the United States whose Personally Identifiable Information ("PII") was alleged as potentially exfiltrated between August 1, 2018 through March 30, 2019 in the AMCA Security Incident.

Excluded from the Class are CareCentrix, any entity in which CareCentrix holds a controlling interest, any parent or subsidiary of CareCentrix, and CareCentrix's officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns. Also excluded are the judges and court personnel involved in this case and members of their immediate family.

The Court finds that the Class meets all the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, affirms certification of the Class, and approves the Settlement Agreement as being fair, just, reasonable, and adequate. Specifically, the Court finds and concludes: (a) Pursuant to Fed. R. Civ. P. 23(a)(l), that Class Members are so numerous as to make joinder of all members impracticable; (b) Pursuant to Fed. R. Civ. P. 23(a)(2) there are questions of law or fact common to members of the proposed Class; (c) Pursuant to Fed. R. Civ. P. 23(a)(3) the claims of Plaintiffs are typical of the claims of the Class Members he seeks to represent; (d) Pursuant to Fed. R. Civ. P. 23(a)(4), Plaintiffs and Class Counsel will fairly and adequately protect the interests of all members of the Class they seek to represent and the interests of Plaintiffs are not antagonistic to those of the Class; (e) Pursuant to Fed. R. Civ. P. 23(b)(3) questions of law or fact common to the proposed settlement Class Members predominate over any questions affecting only individual members; and (f) Pursuant to Fed. R. Civ. P. 23(b)(3), a class action is superior to

other available methods for the fair and efficient adjudication of the Action.

3. **Approval of Class Representatives.** Based upon the Court's familiarity with the claims and parties, the Court finds that Plaintiffs adequately have represented and represents the interests of the Class, and the Court hereby confirms their appointment as Class Representatives.

4. **Approval of Class Counsel.** The Court finds that Class Counsel have fairly and adequately represented and represent the interests of Plaintiffs and the Class and hereby confirms them as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

5. **Approval of Settlement Agreement.** The Court finds, upon review of the Settlement Agreement and consideration of the factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), *In re Baby Products Antitrust Litigation*, 708 F.3d 163 (3d Cir. 2013), and *In re Prudential Insurance Co. of America Sales Practices Litigation*, 148 F.3d 283 (3d Cir. 1998), that the Settlement Agreement and the proposed benefits to the Class are fair, reasonable and adequate. Accordingly, the terms of the Settlement Agreement, including all exhibits thereto, are approved in their entirety by the Court and incorporated into this Order as if expressly set forth and shall have the same force and effect of an Order of the Court. The Parties and their counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions. The releases set forth in the Settlement Agreement are incorporated by reference.

6. **Approval of Class Benefits.** The direct benefits available to Class Members, as described in the Settlement Agreement, are approved as fair, reasonable, and adequate to the Class, and the Settlement Administrator is directed to continue to administer the Settlement Agreement according to the terms of the Settlement Agreement.

7. **Adequacy of Notices.** The Court finds that due and adequate notice was provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Class, notifying

4

the Class of, *inter alia,* the pendency of this action and the proposed Settlement Agreement. The notice program set forth in the Settlement Agreement and provided to the Class was the best notice practicable under the circumstances. The notice program as carried out pursuant to the terms of the Settlement Agreement fully complied in all respects with the requirements of Rule 23 and Constitutional requirements of due process.

8. **CAFA Public Official Notification.** Defendant has provided notification to all appropriate federal and state officials regarding the Settlement Agreement as required by the Class Action Fairness Act, 28 U.S.C. §1715.

9. **Opt-Out Settlement Class Members.** Attached hereto and incorporated herein as Exhibit __1__ is a schedule of all Class Members who have timely and validly requested to be excluded from the Class and accordingly are not included in or bound by this Final Approval Order and Judgment. The Class Members who have filed a Request for Exclusion are not entitled to receive any direct benefits, as described in the Settlement Agreement.

10. **Objections.** The Court finds that the response of Class Members supports final approval of the Settlement Agreement ~~and that the contentions of the [5] objectors are without merit and are overruled.~~ *no objectors*

11. **Binding.** The terms of this Final Approval Order and Judgment and the Settlement Agreement are binding on Plaintiffs and all members of the Class who have not timely and validly opted-out and shall have *res judicata,* collateral estoppel, and all other preclusive effect on any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damage, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on or in any way related to any and all claims for relief, causes of actions, suits, petitions, demands in law or equity, or any allegations of

5

liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which were or could have been asserted in the Action or any other claims under state or federal law, which arise from, are based on, or in any way are related to the subject of this Action.

12. **Dismissal With Prejudice.** The Action, including any and all claims against Defendant CareCentrix, Inc., are dismissed on the merits and with prejudice.

13. **Release of Dismissed Claims.** The Release set forth in the Settlement Agreement is incorporated by reference and provides, *inter alia*, that for and in consideration of the benefits and mutual promises contained in the Settlement Agreement, the Class-Related Releasing Parties release the Class-Related Released Parties of all Class Released Claims which means all claims (including without limitation, claims for attorneys' fees and costs), causes of action, actions, or suits, by or on behalf of any Class Member, whether arising by statute, law or in equity, under the law of any jurisdiction, which were or could have been asserted in the Action, whether liquidated or unliquidated, known or unknown, in law, equity, arbitration, or otherwise, whether or not concealed or hidden, that in any way relate to, in whole or in part, or arise out of, any of the allegations, defenses, claims, motions and/or theories raised in or that could have been raised in the Action related to the subject of this Action.

14. **Bar Order.** Upon the Effective Date, Plaintiffs, Class Members and all other Class-Related Releasing Parties, except for those who have timely excluded themselves from the Class (as identified on Exhibit 1 hereto), are forever barred and enjoined from commencing, instituting or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not) asserting any of the Class Released Claims (including unknown claims) against any of the

Class-Related Released Parties.

15. **Class Counsel's Award.** Upon review of the Settlement Agreement and Class Counsel's request for an award of Fees and Costs, the Court finds that the fee requested is reasonable and the award of attorneys' fees in this class action settlement is appropriate and Class Counsel's motion will be granted. Class Counsel is hereby awarded reasonable fees in the amount of $2,099,790.00 and costs in the amount of $212,504.92. These amounts shall be paid and distributed in accordance with the Settlement Agreement.

16. **Class Representatives' Service Award.** The Class Representatives are each hereby awarded a service award in the amount of $5,000.00. This service awards shall be paid and distributed in accordance with the Settlement Agreement.

17. **Ongoing Jurisdiction.** Without affecting the finality of this Final Approval Order and Judgment, the Court shall retain continuing exclusive jurisdiction over this Action, the Parties and the Class, and the administration and enforcement of the Settlement Agreement, the Fee and Cost Award and the Service Awards. Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement Agreement shall be presented by motion to this Court.

18. In the event the Settlement Agreement does not become effective according to the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be rendered void as provided by the Settlement Agreement, shall be vacated and all orders entered and claims released in connection herewith shall be void to the extent provided by and in accordance with the Settlement Agreement.

19. **No Admission.** Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or

thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of, or an admission or concession by Defendant CareCentrix, Inc. as to, the validity of any claim that has been or could have been asserted against it or as to any liability of it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the Settlement Agreement.

20. **There being no just reason for delay, the Clerk of Court is ordered to immediately enter this Final Approval Order and Judgment forthwith.**

Dated: 04/31/2023

_____
Hon. Madeline Cox Arleo, U.S.D.J.

*IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION*
EXCLUSION LIST

|   | FIRST NAME | LAST NAME |
|---|---|---|
| 1 | JACOB CHARLES | COHN |
| 2 | PATRICK | MALPHURS |