# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>*This Document Relates To: All Actions Against Quest Diagnostics, Inc. and Optum360, LLC.* | Civil Action No. 2:19-md-02904 (MCA-MAH)<br><br>**ORDER**<br>**GRANTING MOTION TO SEAL**<br>**CONFIDENTIAL MATERIALS** |

**THIS MATTER** having come before the Court by application of Defendant Optum360, LLC ("Optum360") in connection with its Motion to Seal, pursuant to Local Civil Rule 5.3(c), the following documents or portions thereof, as indicated in the "material" column in the Index (hereinafter, the "Confidential Materials"):

- Transcript of January 31, 2024 Special Master Hearing (Dkt. No. 661);
- Optum360's Objections to the Special Master Discovery Order and Exhibit 1 attached thereto (Dkt. Nos. 667, 667-1);
- Plaintiffs' Response to Optum360's Objections to the Special Master Discovery Order and Exhibits 1 and 2 attached thereto (Dkt. Nos. 670, 670-1, 670-2); and
- Exhibit 2 to Plaintiffs' Response to Defendants' Objections to the Special Master Discovery Order (Dkt. No. 671-2).

1

and the Court having considered Optum360's Proposed Order, which incorporates Optum360's Findings of Fact and Conclusions of Law, and all exhibits attached thereto (including the Index);

and the Court having considered and adopted Optum360's Proposed Order incorporating Findings of Fact and Conclusions of Law;

and the Court having further found that the requirements of Local Civil Rule 5.3(c) have been met and support the sealing of the Confidential Materials;

and for other and good cause having been shown, the Court hereby finds:

## FINDINGS OF FACT

1.      Due to the proprietary and confidential nature of the information subject to discovery in this matter, the parties requested the entry of a Confidentiality Order. The Court found that good cause existed for the entry of a Confidentiality Order and entered it on November 6, 2019 (Dkt. No. 98). The Confidentiality Order describes the types of information that qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and permits parties to designate such information to enable such information to be shielded from disclosure. *Id.*

2.      Under the Confidentiality Order, "Confidential" Information includes: "all non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed (*e.g.*, marketing documents, customer lists, business relationships with other parties and other similar

information), personal financial information, personal identifying information of the type described in Fed. R. Civ. P. 5.2, or other personally or competitively sensitive information, information received in confidence from third parties, and any other material that is Confidential pursuant to applicable law, including trade secrets."

3.     Under the Confidentiality Order, "Highly Confidential – Attorneys' Eyes Only" Information includes: "Confidential Information of a highly sensitive nature (*i.e.*, documents or information regarding, discussing, relating to, or reflecting pricing and business strategy documents, financial statements, sales data, profit margin data, cost and expense data, revenue information relating to specific customers or classes of customers or suppliers, non-public scientific research, contracts, and technical information related to a Party's information security and management, or other categories of information which the parties agree in writing should be designated as 'Highly Confidential – Attorneys' Eyes Only'), the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm."

4.     The Confidential Materials sought to be sealed contain information that has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only by Optum360 and is subject to the Confidentiality Order entered in this case (Dkt. No. 98) or is otherwise confidential.

5.     The Confidential Materials contain Optum360's business information that is highly sensitive, confidential, and proprietary, and that is not presently available to the public.

3

6.     In particular, with respect to Optum360, the Confidential Materials contain sensitive, non-public, and proprietary business information concerning oversight of the debt collections agencies that Optum360 used and continues to use to collect on Quest patient bad debt accounts. This includes sensitive information about the criteria that Optum360 used and continues to use to allocate placements of Quest patient bad debt accounts to debt collections vendors and performance evaluation of debt collections vendors with whom Optum360 continues to work.

7.     Given its reference to, and disclosure of, sensitive, non-public business information that is otherwise unavailable to third parties, the public disclosure of the Confidential Materials identified above poses a substantial risk of harm to Optum360's legitimate proprietary interests and competitive positions. Accordingly, the only way to protect Optum360's confidential interests is to seal the Confidential Exhibits.

8.     The disclosure of the Confidential Materials further poses a risk to the individuals whose personal, sensitive, and personally identifying information is contained in the Confidential Materials. The public disclosure of this information, which is otherwise generally unavailable to third parties, may allow for its improper use and place these individuals at a risk of irreparable harm. Accordingly, the only way to protect these individuals' privacy interests is to seal the Confidential Materials.

9.     Optum360's requests are narrowly tailored to the information which Optum360 and third parties deem confidential and proprietary, and Optum360 has filed (or will file) redacted versions of the sealed documents. There is no less restrictive

4

alternative to the sealing of the Confidential Materials.

## CONCLUSIONS OF LAW

10.     There exists in civil cases a common law public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

11.     This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the protection by courts of materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

12.     Courts have recognized that the public right of access to judicial proceedings and records is not absolute. *Id.* (citations omitted).

13.     As the presumption of public access is not absolute, it may be rebutted. *Id.* (citing *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."

*Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

14.     Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing.  *See id.* (citation omitted); *see also Goldenberg v. Indel, Inc.*, No. 09-5202 (JBS/AMD), 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) ("Courts have recognized that the confidentiality of business agreements, trade secrets or commercial information are a legitimate private interest and the disclosure of this information can be used for the improper purpose of causing harm to the litigant's competitive standing in the marketplace.").

15.     Courts in this District have held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted).  "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id.* (citations omitted).

16.     Courts in this Circuit have recognized that a party should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [the party]." *Royal Mile Co. v. UPMC*, No. 10-1609, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014).  Courts in

this Circuit have therefore sealed information in documents related to "business strategies that were employed during an earlier time" where the moving party offers "credible and convincing evidence that certain similar or identical strategies are still in use today"—even when such documents predate litigation by more than a decade. *Id.*; *see also In re Am. Bus. Fin. Servs., Inc.*, No. 05-10203 (MFW), 2008 WL 3906894, at *4 (Bankr. D. Del. Aug. 20, 2008) ("[T]he fact that the information is several years old is not relevant as the documents deal with general business practices of [defendant] that its competitors could still find useful."); *Bradburn Parent/Teacher Store, Inc. v. 3M*, No. Civ. A. 02-7676, 2004 WL 1146665, at *2 (E.D. Pa. May 19, 2004) (sealing over ten-year-old documents and information that "could in turn be used to anticipate [the party's] responses to competition in today's marketplace" and give "competitors an understanding of [the party's] view of the marketplace"); *Zenith Radio*, 529 F. Supp. at 881 n.22, 891–92 (sealing data where corporate representatives stated that its disclosure would cause harm and "could be used to gain competitive advantage" even if that information was "ten or twelve years old"); *accord Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

17. Moreover, the potential existence of general public knowledge about certain topics does not negate the harm that would result from the disclosure of specific confidential and competitively sensitive information. Courts in this Circuit routinely

seal specific, detailed, and competitively sensitive information, even when general information on the same or similar topics may have been publicly disclosed. *Overton v. Sanofi-Aventis U.S., LLC*, No. Civ. A. 13-05535 DEA, 2014 WL 1554718, at *3 (D.N.J. Apr. 9, 2014) (rejecting argument against sealing defendant's allegedly "generic and outdated information" that was "discussed in Plaintiffs' Complaint" because "Defendant—rather than Plaintiffs—is in the best position to judge the sensitivity and importance of the at-issue documents"); *Bradburn Parent/Teacher*, 2004 WL 1146665, at *3 (sealing documents and related testimony even though a Third Circuit opinion cited and referred to the documents, because the documents and testimony discussed internal strategic thinking more extensively than the opinion).

18.     Courts in this District have further held that individuals have a legitimate privacy interest in keeping personal information, including home addresses, confidential and have permitted the sealing of such information. *See Platt v. Freedom Mortg. Corp.*, No. 10-968 (RBK/KMW), 2013 WL 6499252, at *10 (D.N.J. Dec. 10, 2013) (holding that individuals' personal information, including home addresses, were confidential and that "irreparable harm" would result if such information were "freely accessible the public"); *see also* L. Civ. R. 5.2(17).

19.     The district court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994). Protection of a party's interest in confidential commercial information, such as trade secrets or profit margin, is a sufficient threat of irreparable harm, and is clearly

defined as a serious injury. *See Publicker*, 733 F.2d at 1071.

20.     The sealing of confidential documents and information is an accepted practice in this District. *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d at 653.

IT IS on this 23rd day of April        2024, **ORDERED** as follows:

1. The Confidential Materials identified in the "material" column in the Index submitted concurrently herewith contain non-public, proprietary information that was designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to the Confidentiality Order entered in this case (Dkt. No. 98);

2. The Court further finds that Optum360 would suffer a clearly defined, substantial, and specific harm, including, but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information contained in the Confidential Materials be publicly disclosed in contravention of the terms of the Confidentiality Order; that Optum360's privacy interests in ensuring the confidentiality of their proprietary, commercially, and competitively sensitive information and personally identifying information outweigh any public interest in access to the information; and that no less restrictive alternative exists because redacted versions have been, or will be, publicly filed;

3. Therefore, Optum360's Motion to Seal the Confidential Materials is hereby **GRANTED**; and it is

**FURTHER ORDERED** that Optum360 shall file redacted versions of the documents identified in the Rule 5.3 Index consistent with this Motion to Seal the Confidential Materials; and

**FURTHER ORDERED** that the Clerk of the Court shall permit the Confidential Materials to be permanently sealed and the Clerk shall take such other steps as may be reasonably necessary to maintain the confidentiality of the Confidential Materials.

SO ORDERED

*s/Michael A. Hammer*

~~Michael A. Hammer, U.S.M.J.~~
MICHAEL A. HAMMER, U.S.M.J.

**Date:** 4/23/24