UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC., CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To: **All Actions** | Civil Action No. 19-md-2904<br><br>ORDER |

      **THIS MATTER** comes before the Court on Intervenor American Medical Collection Agency's ("AMCA") appeal, ECF No. 604, of Magistrate Judge Hammer's October 16, 2023, Order (the "October Order") requiring AMCA to produce certain materials in discovery, ECF No. 586;[1]

      and it appearing that this multi-defendant, multidistrict action arises from an alleged data breach of AMCA, a collections agency used by Defendants, Oct. Op. at 2;

      and it appearing that upon learning of the data breach, AMCA's outside counsel hired Charles River Associates ("Charles River") to investigate and prepare a forensic report concerning the data breach (the "CRA Report"), id. at 3;

      and it appearing that during discovery in this action, Plaintiffs and Defendants learned of the existence of the CRA Report and requested production of it and "all underlying factual materials Charles River relied on in creating the [CRA] Report," id. at 5 (citing Joint Lrt., ECF No. 497 at 8, 12);

---

[1] Magistrate Judge Hammer's reasoning is set forth in the comprehensive October 16, 2023, Opinion (the "October Opinion). ECF No. 585.

and it appearing that Magistrate Judge Hammer, after reviewing the CRA Report in camera and carefully considering the Parties' arguments, found that the CRA Report was not protected by attorney-client privilege nor the work product doctrine, see generally id.;[2]

and it appearing that AMCA now appeals Magistrate Judge Hammer's decision, ECF No. 604, which both Plaintiffs and Defendants oppose, ECF Nos. 616, 617;

and it appearing that the Court shall reverse a Magistrate Judge's non-dispositive order, such as an order to compel discovery, if the decision is "clearly erroneous or contrary to law," Fed. R. Civ. P. 72(a);

and it appearing that AMCA "bears the burden of demonstrating that [Magistrate Judge Hammer's] decision[] [was] clearly erroneous, an abuse of discretion, or contrary to law," and that otherwise the Court will defer to Magistrate Judge Hammer's decision even if this Court "could have decided the matter differently," Allen v. Banner Life Ins. Co., 340 F.R.D. 232, 237 (D.N.J. 2022);

and it appearing that Magistrate Judge Hammer "has managed this case from the outset and developed a thorough knowledge of the proceedings," Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205, 214 (D.N.J. 1997), and considered the CRA Report in camera, as well as all other available information made available during discovery;

and it appearing that a defunct corporation cannot assert the protections of either the attorney-client privilege nor the work product doctrine, see S.E.C. v. Carrillo Huettel LLP, No. 13-1735, 2015 WL 1610282, at *2 (S.D.N.Y. Apr. 8, 2015) (attorney-client); EFG BNK AG v. Lincoln Nat'l Life Ins. Co., 593 F. Supp. 3d 225, 232 (E.D. Pa. 2022) (work product);

---

[2] Although Magistrate Judge Hammer found that the CRA Report was not protected because AMCA is a defunct corporation, Magistrate Judge Hammer also addressed AMCA's substantive privilege and work product arguments and alternatively found the CRA Report to not qualify for such protection regardless of AMCA's defunct status. Oct. Op. at 15–32.

and it appearing that "[d]ecisions about the attorney-client privilege should be based primarily on the practical realities of the business rather than technical legal status," Gilliland v. Geramita, No. 05-1059, 2006 WL 2642525, at *2 (W.D. Pa. Sept. 14, 2006);

and it appearing that Judge Hammer correctly found that although AMCA is listed as an active entity on the New York Department of State Divisions of Corporations website, Oct. Op. at 11, and its former CEO is still overseeing certain activities such as AMCA's retention of certain information related to the data breach and AMCA's involvement in this litigation,[3] AMCA Br. at 13–14, AMCA has no assets or goodwill to protect, does not conduct any ongoing business or commercial activities, and is without active employees or management, and therefore cannot assert the attorney-client privilege or work product doctrine, Oct. Op. at 11–12;

and it appearing that the "sine qua non of any claim of privilege is that the information sought to be shielded is legal advice," United States v. Rockwell Int'l, 897 F.2d 1255, 1264 (3d Cir. 1990); see also United States v. Ackert, 169 F.3d 136, 139 (2d Cir. 1999) ("[A] communication between an attorney and a third party does not become shielded by the attorney-client privilege solely because the communication proves important to the attorney's ability to represent the client.");

and it appearing that Magistrate Judge Hammer, with the benefit of having developed a thorough knowledge of this proceeding and its discovery process, properly determined that Charles River's role was investigatory and that the goals of the CRA Report were to "analyze whether a data leak occurred, determine if credit cards could be processed safely and securely, and identify any measures to harden the current technology stack," Oct. Op. at 18–19 (quoting Joint Ltr., Pls.' Ex. A, Forensic Analysis, ECF No. 497.1 at 2;

---

[3] AMCA was also participating as a defendant in two appeals in the Seventh Circuit, the underlying cases for which have since been resolved. See AMCA Br., ECF No. 604.1 at 14.

and it appearing that Magistrate Judge Hammer reviewed the CRA Report in camera, <u>id.</u> at 19 n.12, and correctly concluded that "the CRA Report contains nothing suggestive of the mental impressions, thoughts, or opinion of AMCA counsel that would qualify for work product protection," <u>id.</u> at 32;

and it appearing that this Court finds that Magistrate Judge Hammer's opinion was not clearly erroneous, an abuse of discretion, or contrary to law, and fully adopts Magistrate Judge Hammer's comprehensive and thorough reasoning set forth in the October Opinion;

**IT IS** on this 17th day of July, 2024

**ORDERED** that Magistrate Judge Hammer's October Order (ECF No. 586) is **AFFIRMED**.

<i>s/ Madeline Cox Arleo</i><br>
<b>HON. MADELINE COX ARLEO</b><br>
<span style="font-variant: small-caps;">United States District Judge</span>