## SO-ORDERED SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement") is made and entered into this 12 day of August, 2024, by and between End Point Corporation ("**End Point**"), and all those plaintiffs ("**Plaintiffs**") in the Multi-District Litigation known as *In re: American Medical Collection Agency, Inc., Customer Data Security Breach Litigation* under Case No. 2:19-md-02904 (the "**Action**"). End Point and Plaintiffs may be collectively referred to herein as the "**Parties**," and each, individually, as a "**Party**".

## RECITALS

WHEREAS, Plaintiffs served non-party End Point with a Subpoena Duces Tecum dated June 26, 2020, a Subpoena Ad Testificandum dated August 24, 2022, a Subpoena Duces Tecum dated October 20, 2022, and an Amended Subpoena Duces Tecum and Ad Testificandum dated November 1, 2022, all in connection with the Action (collectively, the "**Subpoenas**");

WHEREAS, End Point's counsel, among other things, engaged in substantial discussions and correspondence with Plaintiffs' counsel regarding the Subpoenas, prepared responses and objections to the Subpoenas, and gathered and served documents responsive to the Subpoenas subject to agreed-upon search terms and objections (the "**Work**");

WHEREAS, End Point incurred substantial attorneys' fees and costs in connection with the Work;

WHEREAS, End Point filed a Motion in the Action pursuant to Rule 45 of the Federal Rules of Civil Procedure and Local Civil Rule 54 seeking to recover $42,760.50 in previously incurred attorneys' fees, $10,670.67 in previously incurred costs, and $143.31 for each month following March 2024 (the monthly fee imposed by End Point's electronic discovery vendor) until Plaintiffs, and all defendants in the Action, confirm: (i) they will not be seeking additional electronic discovery from End Point, and (ii) End Point can delete the file currently maintained by its electronic discovery vendor (the "**Fee Motion**," *see* Action, Docket No. 676);

WHEREAS, the Parties disagree as to whether End Point is entitled to recover the fees and costs incurred in connection with the Work;

WHEREAS, the Court terminated the Fee Motion and directed the Parties to engage in meaningful settlement discussions in an attempt to resolve the Fee Motion, and directed End Point to seek leave to re-file the Fee Motion in the event that the Parties were unable to reach a settlement;

WHEREAS, in order to avoid the costs and uncertainties of litigation, without any admission of liability, the Parties have decided to resolve the Fee Motion, in an amicable manner without resort to further litigation; and

NOW, THEREFORE, in consideration of the foregoing and the mutual promises of the Parties herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

3634389v1

1. **Recitals.** The above recitals are incorporated into and made a substantive part of this Settlement Agreement.

2. **Effective Date.** This Settlement Agreement shall become effective upon the full execution and delivery by the Parties (the "**Effective Date**").

3. **Payment and Additional Consideration.**

   A. As a material inducement for End Point to not re-file the Fee Motion and forgo the relief sought therein, within ten (10) days of the Effective Date, Plaintiffs shall pay End Point Thirty-Five Thousand Dollars ($35,000.00, the "**Settlement Amount**"). The Settlement Amount shall be paid by Plaintiffs by wire transfer to the following bank and account: JPMorgan Chase Bank, N.A., Account Name: End Point Corporation, Account No. 970316485, Routing No. 021000021.

   B. As a material inducement for End Point to forgo adjudication of the Fee Motion and the relief sought therein, Plaintiffs further represent and warrant that:

      i. Plaintiffs have all those documents previously produced by End Point in response to the Subpoenas;

      ii. Plaintiffs neither request nor require End Point to maintain the electronic database maintained by its electronic discovery vendor, vDiscovery, which includes all those documents End Point gathered, reviewed, and/or produced in connection with the Subpoenas;

      iii. to the extent Plaintiffs or defendants in the Action request or demand that End Point identify, gather, or produce any documents subsequent to the Effective Date, pursuant to the Subpoenas, any other subpoenas or demands, or otherwise in connection with the Action, Plaintiffs shall reimburse End Point for all vendor costs (including, without limitation, electronic discovery vendor costs), all attorneys' fees and expenses, all usual and customary rates for End Point personnel/employees to identify, gather, and produce any additional documents; and all lost profits suffered by End Point from having to divert its time from ordinary business tasks to such document identification, collection, and production efforts; and

      iv. to the extent that Plaintiffs or defendants in the Action seek to depose End Point in connection with the Action, Plaintiffs shall reimburse End Point for all reasonable attorneys' fees and costs incurred. Provided that any such deposition is limited to seven (7) hours, including travel (to the extent necessary), End Point's reimbursable attorneys' fees will be no greater than Three Thousand Six Hundred Dollars ($3,600).

3634389v1

4. **Negotiated Settlement Agreement and Construction.** This Settlement Agreement is the product of negotiations among the Parties and therefore, the terms and conditions of this Settlement Agreement are not intended to be, and shall not be, construed against any Party as draftsman.

5. **Authority to Enter the Settlement Agreement.** The Parties respectively hereby warrant and represent that the persons signing this Settlement Agreement on their behalf have full power and/or legal authority to sign for and bind the entities recited herein and to make the agreements set forth herein. The Parties respectively warrant and represent they have taken all necessary corporate or limited liability company action, as the case may be, to approve the making and performance of this Settlement Agreement and no further approval is necessary.

6. **Waiver.** No waiver of any of the provisions of this Settlement Agreement shall be binding unless it is in writing and signed by authorized representatives of all Parties. The waiver by any Party hereto of a breach or default under any of the provisions of this Settlement Agreement, or the failure of either Party on one or more occasions to insist on the strict enforcement of any provision of this Settlement Agreement, or the failure of either Party to exercise any right or privilege hereunder, shall not constitute or be construed as a waiver of any subsequent breach or default of a similar nature, or of any other provision, right, or privilege of this Settlement Agreement, and all such terms shall remain in full force and effect.

7. **Assistance of Counsel.** The Parties acknowledge that they have been represented by counsel of their choosing in connection with the negotiation of this Settlement Agreement, have had ample opportunity to confer with said counsel prior to the execution hereof, and have had sufficient time to review this Settlement Agreement. The Parties acknowledge that they have read and understand all of the terms and conditions contained herein, and that they enter into this Settlement Agreement with knowledge of its contents, of their own free will, voluntarily, and without duress. No promises except as expressly set forth herein have been made to induce any person or entity to sign this Settlement Agreement.

8. **Entire Agreement.** This Settlement Agreement together with the Recitals contain the entire agreement and complete settlement among the Parties and supersedes, extinguishes, and replaces any and all prior or contemporaneous statements, promises, or agreements of any kind whatsoever between them, whether written or oral. Any and all prior or contemporaneous discussions and negotiations between the Parties have been and are merged and integrated into, and are superseded by, this Settlement Agreement. No Party hereto has relied on any statement or representation not expressly set forth herein.

9. **Illegality or Unenforceability of Provisions.** In the event any one or more of the provisions contained in this Settlement Agreement or the releases shall for any reason be held by a court of competent jurisdiction in whole or in part to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of this Settlement Agreement or the Parties' mutual releases. A reviewing court also shall have the authority to amend or "blue pencil" this Settlement Agreement so as to make it fully valid and enforceable.

10. **Governing Law, Jurisdiction, and Venue.** This Settlement Agreement shall be interpreted, enforced, and governed by and under the laws of the State of Jersey, without regard to

3

choice of law principles. The Parties specifically and irrevocably consent to the jurisdiction and venue of the United States District Court, District of New Jersey, solely with respect to all matters concerning this Settlement Agreement and its enforcement.

11. **Modifications Must Be In Writing.** This Settlement Agreement shall not be changed, modified, or terminated except by a writing signed by all of the Parties hereto.

12. **Notices.** Any notices that the Parties may wish to serve upon each other pursuant to this Settlement Agreement shall be served by overnight mail with a courtesy copy sent by email to the following addresses (or subsequently updated addresses relayed to the Parties by Notice in conformity with this Paragraph 12):

| | |
|---|---|
| If to End Point: | 215 Park Avenue South<br>Suite 2014<br>New York, New York 10003<br>Attention: Rick Peltzman<br>rick@endpointdev.com |
| With a copy to: | Moritt Hock & Hamroff LLP<br>1407 Broadway<br>New York, New York 10018<br>(212) 239-2000<br>Attention: Joel Morgenthau, Esq. and Kelly D. Schneid, Esq.<br>jmorgenthau@moritthock.com<br>kschneid@moritthock.com |
| If to Plaintiffs: | Carella Byrne Cecchi Brody Agnello, P.C.<br>5 Becker Farm Road<br>Roseland, New Jersey 07068<br>(973) 994-1700<br>Attention: James E. Cecchi, Esq.<br>jcecchi@carellabyrne.com |

13. **Severability.** In the event that any covenant, condition, or provision in this Settlement Agreement is held to be invalid, void, or illegal by any court of competent jurisdiction and authority, the same shall be deemed severable from the remainder of this Settlement Agreement, and shall in no way affect, impair, or invalidate any other covenant, condition, or other provision herein. If such covenant, condition, or other provision shall be deemed invalid due to its scope or breadth, such covenant, condition, or other provision shall be deemed valid to the extent the scope or breadth is permitted by law.

14. **Successors and Assigns.** This Settlement Agreement shall be binding on, and inure to the benefit of, each of the Parties and each of their respective successors, assigns, and representatives.

15. **Paragraph Headings.** The headings of this Settlement Agreement are inserted for convenience only and shall not in any way affect the meaning or construction of any provision of this Settlement Agreement.

3634389v1

16. **No Trial by Jury.** END POINT AND PLAINTIFFS EACH KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVE ANY RIGHT THEY MAY HAVE OR HEREAFTER HAVE TO A TRIAL BY JURY IN RESPECT OF ANY SUIT, ACTION, OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT. EACH CERTIFY TO THE OTHER THAT NEITHER END POINT NOR PLAINTIFFS, NOR ANY OF THEIR REPRESENTATIVES, AGENTS, OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT EACH WOULD NOT IN THE EVENT OF ANY SUCH SUIT, SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.

17. **Counterparts.** This Settlement Agreement may be executed in counterparts, all of which taken together shall constitute one and the same agreement, and signatures made and transmitted by facsimile, email or other electronic means shall be deemed to have the same force and effect as originals.

**IN WITNESS WHEREOF**, the Parties hereto have knowingly and voluntarily executed this Settlement Agreement as of the date set forth above.

Dated: August 7, 2024

**END POINT CORPORATION**

By: _____
Name: Rick Peltzman
Title: Owner

**PLAINTIFFS**

By: _____
Name: James E. Cecchi, Esq.
Title: Member of Plaintiffs' Counsel, Carella Byrne Cecchi Brody Agnello, P.C.

SO ORDERED:

SO ORDERED
s/Michael A. Hammer
Michael A. Hammer, U.S.M.J.
Date: 8/20/2024

5

3634389v1