# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
### (Newark Vicinage)

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | Civil No. 2:19-md-02904-MCA-MAH  Judge Madeline Cox Arleo |
| This Document Relates To: Case No. 2:24-cv-00569-MCA-MAH, *Bratten v. Quest Diagnostics et al.,* Quest/Optum Track | |

## DECLARATION OF CHRISTINE D. NIMON
## IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

I, Christine D. Nimon, declare and state under penalty of perjury as follows:

1. I am a Lead Technical Specialist at Quest Diagnostics Incorporated ("Quest"). I am fully familiar with the facts and circumstances set forth in this Declaration, based upon my personal knowledge and review of records maintained by Quest. If called as a witness regarding the facts set forth in this Declaration, I could and would competently testify thereto.

2. I submit this Declaration in support of Defendants Quest Diagnostics and Optum360's ("Optum360") Motion to Dismiss or, in the alternative, Motion for Summary Judgment.

3. Quest maintained billing records in the ordinary course of business,

including from 2011 through 2019, that showed, among other things, which Quest patients' accounts were referred for debt collection, which debt collection vendors those accounts were referred to, and which personal or health-related information was contained in each patient's "account placement file" that was transmitted to debt collection vendors. Quest continued to maintain such billing records after it and Optum360 entered into a contract in 2016 to have Optum360 perform all of Quest's revenue cycle management functions, including debt collection services for accounts of Quest patients that were overdue and unpaid.

4. These billing records confirm that there is no record of Plaintiff Gregory Bratten's ("Bratten") information being sent to any debt collection vendor other than AMCA.

5. On January 31, 2023, Quest produced three voluminous spreadsheets in the AMCA MDL containing information that was extracted from these billing records. The three spreadsheets, which are Bates-labeled Quest_MDL_0024317, Quest_MDL_0024318, and Quest_MDL_0024319, together contain the personal or health-related information of Quest patients that was sent to AMCA between 2011 and 2019. Attached hereto as Exhibit 1 is an excerpt from these documents containing all information associated with Bratten that was transmitted to AMCA.

6. As shown in these documents, the only information relating to Bratten that was transmitted to AMCA is the following:

- Date account placed with AMCA for collection (July 16, 2018), Ex. 1, col. F;

2

- Name, *id.* cols. H–J;

- Address, *id.* cols. K–O;

- Phone number, *id.* col. P;

- Date of birth, *id.* col. Q;

- Gender, *id.* col. R;

- Responsible party information, *id.* cols. S–W;

- Referring physician, *id.* col. AE;

- Balance owed, *id.* col. AG

- Date of service ████████████ *id.* col. AH;

- Procedure codes ████████████████ with descriptions of those codes as ████████████ *id.* cols. AK–AL; and

- Diagnosis codes ████████████ *id.* col. AN.

7. The account placement files for Bratten that were transmitted to AMCA did not contain information about Bratten in the fields for social security number or insurance information. Ex. 1, cols. W, X–AD.

8. Pursuant to 28 U.S.C. § 1756, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 31, 2024

_____
Christine D. Nimon

4