# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC., CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>*This Document Relates to:*<br>*All Actions Against Laboratory Corporation of America Holdings, Quest Diagnostics, Inc., and Optum360 LLC, and Sonic Healthcare USA and Related Subsidiaries and Laboratories* | Case No. 2:19-MD-02904-MCA-MAH<br><br>MDL 2904<br><br>**JOINT STIPULATION AND ▮▮▮▮▮▮▮ ORDER REGARDING WITHDRAWAL OF PLAINTIFFS' EXPERT DESIGNATION OF GARY D. OLSEN** |

WHEREAS on November 1, 2024 Plaintiffs served three Motions for Class Certification, one on the Quest/Optum track (the "Quest/Optum Motion"), one on the Labcorp track (the "Labcorp Motion"), and one on the Sonic track (the "Sonic Motion") (together the "Motions");

WHEREAS each of the Motions sought certification of one or more classes based on a "market value" or "access value" damages theory[1] in reliance on an expert report offering opinions from Gary D. Olsen, as modified by the December 31, 2024 Errata of Gary D. Olsen (the "Olsen Report"), among other damages theories;

WHEREAS the Olsen Report purported to use a "market valuation theory" to calculate damages based on the "market value" or "access value" of putative class members' PII or PHI (the "Market Valuation Damages Theory"), by purporting to analyze information unrelated to

---

[1] Quest/Optum Motion at 27-28; Labcorp Motion at 32-33; Sonic Motion at 29-30.

1

such putative class members allegedly observed on the dark web ("Olsen's Market Valuation Damages");

WHEREAS the Olsen Report also purported to describe the work that Mr. Olsen and his employer, B. Riley Advisory Services ("B. Riley"), had done to process, sort, query, and filter the AMCA CHAMP database containing information related to putative class members (the "CHAMP Database Work");

WHEREAS Mr. Olsen and B. Riley created work product based upon their CHAMP Database Work, which Mr. Olsen summarized and set forth in the Olsen Report (the "Summary CHAMP Work Product");

WHEREAS the opinions expressed by Scott J. Witt in his report served November 1, 2024, as modified by the January 6 and 27, 2025 Errata of Scott J. Witt (the "Witt Report"), and the opinions expressed by Amy R. Worley in her report served November 1, 2024, as modified by the December 31, 2024 Errata of Amy R. Worley (the "Worley Report") rely in part on the Summary CHAMP Work Product;

WHEREAS on January 23, 2025, during the deposition of Mr. Olsen, certain matters came to light making it inappropriate for Plaintiffs to continue to rely upon Mr. Olsen, B. Riley, the Market Valuation Damages Theory, or Olsen's Market Valuation Damages;

WHEREAS Plaintiffs therefore desire to withdraw Mr. Olsen as an expert and to abandon any reliance in this action on the Market Valuation Damages Theory or Olsen's Market Valuation Damages;

WHEREAS Plaintiffs still desire to use an analysis of the CHAMP database for the purpose of providing CHAMP database data that will be used and relied on in the Witt and Worley Reports;

WHEREAS Defendants are willing to allow Plaintiffs and their experts to continue to use and/or rely on such an analysis of the CHAMP database subject to existing legal limitations and the limitations in this Stipulation, even if Mr. Olsen is withdrawn as an expert, as long as Defendants retain the full and complete opportunity to challenge any analysis of the CHAMP database by the New Expert (defined herein), as they did in challenging the analysis of the CHAMP database by Mr. Olsen;

WHEREAS even though Mr. Olsen is being withdrawn as an expert, Defendants are willing to allow Plaintiffs to use a new expert ("New Expert") for the sole purpose of analyzing the CHAMP database to produce the "Updated Summary CHAMP Work Product" in the "New Expert Report," provided that the New Expert and the New Expert Report are subject to all applicable rules and requirements relating to experts, including without limitation Fed. R. Civ. P. 26, Fed. R. Evid. 702, and applicable authorities interpreting these and similar requirements such as *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993), and provided that the New Expert is subject to deposition by Defendants;

WHEREAS this Stipulation will allow the Parties to avoid unnecessary motion practice concerning the admissibility of Mr. Olsen and his opinions; and

WHEREAS the Parties submit that there is good cause, pursuant to Fed. R. Civ. P. 16(b), to address the foregoing circumstances and adjust the Case Schedule, as set forth below.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows:

1. Plaintiffs withdraw Gary Olsen as an expert witness in this litigation and agree to withdraw all references to the Olsen Report, Olsen's analysis of the CHAMP database, the Market Valuation Damages Theory, and Olsen's Market Valuation Damages from the Motions. Plaintiffs further agree that, except for the scenario described in the proviso below in this

sentence, they on behalf of any putative class will not pursue any damages based on the Market Valuation Damages Theory or any similar such theory in this litigation and will only pursue the damages theories that remain in the respective Motion for Class Certification pertaining to that Defendant served (but not filed) on November 1, 2024; provided that if an appeal is pursued and permitted by the U.S. Court of Appeals under Fed. R. Civ. P. 23(f) following a ruling by the District Court as to class certification, and if the Court of Appeals holds that Plaintiffs have not met their burden of establishing that class certification is proper under Rule 23 but may be able to meet such burden if Plaintiffs presented additional damages arguments, then Plaintiffs will retain the right to pursue such additional damages arguments as to class certification on remand if additional class certification proceedings are allowed by the District Court. Nothing in this paragraph limits or restricts Defendants' right to oppose any post-appeal efforts by Plaintiffs to file a renewed class certification motion or to pursue any additional damages arguments as to class certification or otherwise.

2. As of the date of the Court's "so ordering" of this stipulation, the following are deemed served:

    a. Amended Motions for Class Certification that remove all references to (a) Gary Olsen, the Olsen Report, and Olsen's analysis of the CHAMP database, and (b) the Market Valuation Damages Theory and Olsen's Market Valuation Damages. *See* Ex. A-C.

    b. An expert report from Dr. Jonathan Lee, Ph.D that discusses the CHAMP database (the "New Expert Report"). *See* Ex. D.

  c. New expert reports from Ms. Worley and Mr. Witt that substitute Dr. Lee's work for Mr. Olsen's. *See* Ex. E & F.[2]

3. Within 24 hours of the execution of this stipulation by all parties, Plaintiffs will serve any and all data or files used to generate the Updated Summary CHAMP Work Product, including all code and intermediate tables necessary to generate the Updated Summary CHAMP Work Product. Additionally, Plaintiffs designate attorney Jason Lichtman to work cooperatively with Defendants if they require material beyond that initially produced by Plaintiffs.

4. Defendants agree not to object to any use of the new expert reports by Mr. Witt or Ms. Worley as untimely. Defendants otherwise reserve all rights, defenses, and potential challenges with respect to the new expert reports by Mr. Witt and Ms. Worley. If requested by Defendants, Plaintiffs agree to make Mr. Witt and Ms. Worley available for deposition within 30 days of the Court's "so ordering" of this stipulation, or on a subsequent date agreed to by the Parties.

5. Defendants agree not to object to the New Expert Report as untimely. Defendants otherwise reserve all rights, defenses, and potential challenges with respect to the Updated CHAMP Summary Work Product and the New Expert Report, including but not limited to the right to (1) depose the New Expert within 30 days of the Court's "so ordering" of this stipulation and (2) to challenge the Updated CHAMP Summary Work Product and/or the New Expert Report on any grounds other than untimely disclosure. If requested by Defendants, Plaintiffs agree to make the New Expert available for deposition within 30 days of the Court's "so ordering" of this stipulation or on a subsequent date agreed to by the Parties.

6. The Case Schedule is hereby revised as follows:

---

[2] The Amended Scheduling Order establishing service and filing deadlines pertaining to class certification (ECF 746) provides that motions for class certification and expert reports are to be served, but not filed, until a later date. Accordingly, the version of this Stipulation filed with the Court seeking "so ordering" will not include Exs. A-F as filed attachments.

(a) The Defendants' class certification response briefs and related expert reports will be due 30 days after the latest of the dates of the New Expert's deposition, the deposition of Ms. Worley, and the deposition of Mr. Witt, or on a subsequent date agreed to by the Parties (the "Deadline").

(b) For all remaining events and deadlines set forth in Docket Entry No. 746, the Parties shall submit an updated schedule consistent with the interval sequencing set forth in that Docket Entry promptly after the Deadline is determined by the parties.

Respectfully submitted this 25 day of June, 2025,

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & ANGNELLO, P.C.**
*Interim Lead Counsel for Plaintiffs*

By: /s/ James E. Cecchi
James E. Cecchi

**SIDLEY AUSTIN LLP**
*Counsel for Defendant Quest Diagnostics, Inc.*

By:_____

**ALSTON & BIRD LLP**
*Counsel for Defendant Optum360, LLC*

By:_____

**HOGAN LOVELLS US LLP**
*Counsel for Defendant Laboratory Corporation of America Holdings*

By:_____

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Counsel for Defendants Sonic Healthcare USA et al.*

By:_____

SO ORDERED this ___ day of _____, 2025.

_____
MICHAEL A. HAMMER, U.S.M.J.

6

(a) The Defendants' class certification response briefs and related expert reports will be due 30 days after the latest of the dates of the New Expert's deposition, the deposition of Ms. Worley, and the deposition of Mr. Witt, or on a subsequent date agreed to by the Parties (the "Deadline").

(b) For all remaining events and deadlines set forth in Docket Entry No. 746, the Parties shall submit an updated schedule consistent with the interval sequencing set forth in that Docket Entry promptly after the Deadline is determined by the parties.

Respectfully submitted this ___ day of _____, 2025,

**CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & ANGNELLO, P.C.**
*Interim Lead Counsel for Plaintiffs*

By:_____
James E. Cecchi

**SIDLEY AUSTIN LLP**
*Counsel for Defendant Quest Diagnostics, Inc.*

By: /s/ Dan Craig
Dan Craig

**ALSTON & BIRD LLP**
*Counsel for Defendant Optum360, LLC*

By: /s/ Donald Houser
Donald Houser

**HOGAN LOVELLS US LLP**
*Counsel for Defendant Laboratory Corporation of America Holdings*

By: /s/ Adam Cooke
Adam Cooke

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Counsel for Defendants Sonic Healthcare USA et al.*

By: /s/ Bradley J. Bartolomeo
Bradley J. Bartolomeo

SO ORDERED this 2nd day of July, 2025.

/s/Michael A. Hammer
_____
MICHAEL A. HAMMER, U.S.M.J.