

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, ILLINOIS  60603
+1 312 853-7000
+1 312 853 7036 FAX

+1 312 853 2174
DAVID.HOFFMAN@SIDLEY.COM

July 18, 2025

**VIA ECF**

The Honorable Jamel K. Semper
U.S. District Court for the District of New Jersey
Martin Luther King Building &
U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ  07101

> Re: *In re American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*, Case No. 19-md-02904(JKS)(MAH); *Bratten v. Quest Diagnostics, Inc.*, No. 24-cv-00569(JKS) (MAH)

Dear Judge Semper:

    Defendants write in response to Plaintiffs' letter of July 8, 2025 purporting to provide a "summary of the status" of the MDL and a related case recently reassigned to Your Honor (ECF Doc. 773).  Defendants were surprised and disappointed that Plaintiffs submitted their unsolicited letter to the Court without notifying or conferring with Defendants first.  The regular practice of the parties in this MDL, at the Court's request, has been to submit *joint* status reports and letters.  Plaintiffs' letter, including its "Relevant Facts" section (actually a piece of advocacy without citations) is one-sided and misleading.

    Defendants understand the demands of the District of New Jersey's dockets and appreciate the burdens created when a judge inherits an MDL that has been underway for nearly six years.  Accordingly, Defendants are not inclined to respond point by point to Plaintiffs' inaccurate letter, but would be happy to submit such a response if the Court believes it would be productive.

    There are, however, certain basic facts on which all parties agree:  This MDL involves a criminal cyberattack suffered by a third-party debt-collection company, American Medical Collection Agency (AMCA).  At the time of the cyberattack, some of the Defendants had contracted with AMCA to provide them with debt-collection services.  Plaintiffs allege that Defendants, even though their computer systems were never affected, are liable for alleged "harms" supposedly resulting from the AMCA cyberattack.  Defendants believe there are many fundamental flaws with Plaintiffs' claims and that the evidence developed in the extensive, now-completed fact discovery process does not support those claims.

# SIDLEY

July 18, 2025
Page 2

      The parties' next opportunity to discuss the applicable facts and legal analysis will be in their briefs relating to Plaintiffs' motions for class certification.  Defendants' opposition briefs will explain both how the allegations on which Plaintiffs' claims survived motions to dismiss have not been borne out by the evidence in discovery, and how that evidence otherwise defeats class certification in multiple ways.  The parties' Stipulation, so-ordered by Magistrate Judge Hammer on July 2, 2025, explains the recent history of the ongoing class-certification proceedings, and the resulting change to the expert and briefing schedule.  ECF Doc. 769.  Based on that Stipulation, which amends the previously-entered Scheduling Orders (ECF Docs. 731 and 735), all briefs relating to the class certification motions, including motions to exclude experts offered in support of or opposition to class certification, will be filed with the Court between December 18 and December 30, 2025, consistent with the Proposed Amended Scheduling Order filed earlier today (ECF Doc. 774-1).

      Finally, Plaintiffs' counsel's letter discusses the separate *Bratten* case that they filed against Defendants Quest and Optum360 in California state court.  Quest and Optum360 removed the case to federal court, and the JPML transferred it to this Court to be part of the MDL.  No. 2:24-cv-00569, ECF Doc. 1, 27.  Bratten's pending motion to remand the case to California state court should be denied for the reasons stated in Quest and Optum360's brief in opposition, which explains the unusual circumstances of Plaintiffs' counsel's attempt to avoid litigating this claim in this Court, even though they previously sought to include the exact claim in their amended complaint.  ECF Doc. 38.

      Quest and Optum360 also filed a motion to dismiss the *Bratten* complaint, or, in the alternative, for summary judgment, explaining that the pleading flaws were dealt with in Judge Arleo's prior motion to dismiss decisions, and in any event, MDL discovery definitively shows that Bratten's claim cannot succeed.  ECF Doc. 41.  Magistrate Judge Hammer issued a minute order terminating Quest and Optum360's motion without prejudice to their refiling it following the Court's decision on the remand motion.  ECF Doc. 49.  Quest and Optum360 stand ready to re-file the motion promptly following that decision.

      Sincerely,

*/s/ David H. Hoffman*
David H. Hoffman
**SIDLEY AUSTIN LLP**
*Counsel for Defendant Quest Diagnostics Incorporated*

**SIDLEY**

July 18, 2025
Page 3

                                              */s/ Donald Houser*
                                              Donald Houser
                                              **ALSTON & BIRD LLP**
                                              *Counsel for Defendant Optum360, LLC*


                                              */s/ Allison Holt Ryan*
                                              Allison Holt Ryan
                                              **HOGAN LOVELLS US LLP**
                                              *Counsel for Defendant Laboratory Corporation of America Holdings*


                                              */s/ Bradley J. Bartolomeo*
                                              Bradley J. Bartolomeo
                                              **LEWIS BRISBOIS BISGAARD & SMITH LLP**
                                              *Counsel for Defendants Sonic Healthcare USA, Clinical Pathology Laboratories, Inc., Aurora Diagnostics LLC, and Austin Pathology Associates*