

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, ILLINOIS  60603
+1 312 853-7000
+1 312 853 7036 FAX

+1 312 853 2174
DAVID.HOFFMAN@SIDLEY.COM

September 30, 2025

**VIA ECF**

The Honorable Jamel K. Semper
The Honorable Michael A. Hammer
U.S. District Court for the District of New Jersey
Martin Luther King Building &
U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ  07101

   Re: *In re American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*, Case No. 19-md-02904(JKS)(MAH)

Dear Judge Semper and Judge Hammer:

  Defendants write in response to Plaintiffs' letter of September 29, 2025 requesting leave to file an omnibus reply brief of upwards of ***60 pages*** in support of their three separate motions for class certification. ECF Doc. 787. Defendants oppose Plaintiffs' request as inconsistent with the track-based case management structure the Court ordered (and which the parties have proceeded on for years) – including the three separate motions Plaintiffs filed, which make different arguments and seek to certify different classes by track – and therefore likely to introduce significant confusion in these proceedings.[1]

  Over the past six years of litigation, the parties in this MDL have adhered to the track-based organizational structure that the Court put in place – at *Plaintiffs' request*, *see* ECF Doc. 44 – to ensure the case remains manageable. On each of the distinct tracks, a different set of named Plaintiffs asserts varying claims against each specific Defendant – with no overlap among the parties. While discovery was coordinated across the tracks to reduce duplicative document productions and depositions from witnesses and third parties relevant to the claims against all Defendants, *all* briefing has proceeded on a track-by-track basis. In particular, the parties briefed two rounds of motions to dismiss – including opening, opposition, and reply briefs – separately across the three tracks, and also raised discovery disputes through track-specific joint letters. *See,*

---

[1] Defendants specifically requested that Plaintiffs notify them in advance before seeking leave to file an omnibus reply brief, which would have provided an opportunity for the parties to meet and confer in an effort to reach a resolution. Plaintiffs did not respond. Instead, they once again unilaterally submitted their letter to the Court, contrary to the standing practice in this MDL to submit *joint* status reports and letters. *See* ECF Doc. 775.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

The Honorable Jamel K. Semper
The Honorable Michael A. Hammer
September 30, 2025
Page 2

*e.g.*, ECF Docs. 362, 363, 365 (Plaintiffs' separate oppositions to track-specific motions to dismiss); ECF Doc. 474 (Quest/Optum track discovery dispute).

Consistent with this track-based structure, Plaintiffs served a separate motion for class certification on each track (*i.e.*, three separate motions against each of Labcorp, Quest/Optum360, and Sonic), and negotiated separately with each track's Defendants regarding extensions to page limits for the briefs to be served on each track. The Court so-entered the parties' joint letters – again, filed separately on each track – requesting leave to file briefs meeting those agreed page-limit extensions, which explicitly set page limits for separate *reply briefs* on two of the tracks. *See* ECF Doc. 741 (Labcorp track, ordering a reply brief of 20 pages); ECF Doc. 755 (Quest/Optum360 track, ordering reply briefs of 20 pages each against Quest and Optum360, respectively); ECF Docs. 740 & 786 (Sonic track). Plaintiffs' eleventh-hour proposal to file a single combined brief backtracks on the parties' agreement.

There is good reason to adhere to the track-based briefing structure for Plaintiffs' reply briefs. As noted, Plaintiffs filed separate motions for class certification on each track, each of which sought to certify different classes and sub-classes on behalf of different Plaintiffs based on different claims against different Defendants. For example, on the Quest/Optum360 track, the 19 remaining named Plaintiffs sought to certify a nationwide negligence class and, for one of those named Plaintiffs, a California class premised on a purported violation of California's Confidentiality of Medical Information Act – but not any classes or sub-classes to pursue any other claims, including the handful of consumer protection claims that survived dismissal. For the Labcorp track, on the other hand, a different set of 24 named Plaintiffs sought certification of two multi-state negligence classes under different state laws and five state sub-classes for statutory consumer protection claims, which also would apply different state laws. And, on the Sonic track, two additional named Plaintiffs sought to certify a nationwide negligence class or, in the alternative, a multi-state negligence class encompassing residents of only six states. In addition to the variances in proposed classes, the separate motions for class certification utilize different choice-of-law approaches (based on the Defendants' differing circumstances) and rely on distinct Defendant-specific facts, including, among other things, the types of data sent to AMCA by each Defendant and the ways that each Defendant managed AMCA as a vendor. Plaintiffs' request to file an omnibus reply brief – far from "streamlin[ing]" the proceedings "for the Court's convenience," ECF Doc. 787 – would needlessly confuse these distinct factual and legal issues, and increase the burden on the Court to untangle which arguments apply to which Defendants.

Accordingly, Defendants respectfully request that the Court maintain the briefing structure already agreed by the parties, which will leave in place the orders requiring Plaintiffs to

# SIDLEY

The Honorable Jamel K. Semper
The Honorable Michael A. Hammer
September 30, 2025
Page 3

serve reply briefs of no more than 20 pages in response to each Defendant's opposition brief. Plaintiffs' request to upset the track-based nature of this MDL at this late stage should be denied.

                                        Sincerely,

                                        */s/ David H. Hoffman*
                                        David H. Hoffman
                                        **SIDLEY AUSTIN LLP**
                                        *Counsel for Defendant Quest Diagnostics Incorporated*

                                        */s/ Donald Houser*
                                        Donald Houser
                                        **ALSTON & BIRD LLP**
                                        *Counsel for Defendant Optum360, LLC*

                                        */s/ Allison Holt Ryan*
                                        Allison Holt Ryan
                                        **HOGAN LOVELLS US LLP**
                                        *Counsel for Defendant Laboratory Corporation of America Holdings*

                                        */s/ Bradley J. Bartolomeo*
                                        Bradley J. Bartolomeo
                                        **LEWIS BRISBOIS BISGAARD & SMITH LLP**
                                        *Counsel for Defendants Sonic Healthcare USA, Clinical Pathology Laboratories, Inc., Aurora Diagnostics LLC, and Austin Pathology Associates*