

Ricardo Solano Jr.
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102
Direct: 973-596-4471 Fax: 973-639-6223
rsolano@gibbonslaw.com

November 5, 2025

**VIA ECF**

The Honorable Jamel K. Semper, U.S.D.J.
The Honorable Michael A. Hammer, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

RE: *In re American Medical Collection Agency, Inc., Customer Data Security Breach Litigation*, No. 19-md-2904(JKS)(MAH) — All Tracks
Defendants' Motion Regarding Plaintiffs' Newly Disclosed Expert Matthew Strebe

Dear Judge Semper and Judge Hammer:

Defendants write in brief reply to Plaintiffs' November 4, 2025 letter (the "November 4 Letter," ECF 802), which opposes Defendants' modest request for (i) a stay of the deadline to serve Plaintiffs with a motion to exclude only one of their purported experts (Matthew Strebe) and (ii) an expedited briefing schedule on a motion to strike that same expert. *See* ECF 800. Plaintiffs' eight-page letter incorrectly attempts to transform Defendants' simple scheduling request on (in Plaintiffs' words) a "garden-variety" expert issue into a cataclysmic event that upends the foundation of this case. Setting aside Plaintiffs' hyperbole, a few issues raised in the November 4 Letter merit a response.

First, Plaintiffs exaggerate the impact Defendants' request would have on the current schedule, complaining that it would be a "radical" departure requiring a "multi-month process" that might delay an as-yet-unscheduled trial or undermine "meaningful settlement discussions." *See* November 4 Letter at 1, 3. To the contrary, Defendants merely request a short briefing schedule for their motion to strike Strebe's improper "rebuttal" report—which, in reality, is an attempted do-over of the unsupported opinion offered by Mary Frantz, one of Plaintiffs' original experts. Plaintiffs mischaracterize the opinions offered by Defendants' expert, Matteo Tomasini, in an effort to re-cast Strebe's do-over as proper rebuttal. *See id.* at 2, 4-6. This ploy illustrates *why* briefing on the motion to strike is required: the Court can evaluate whether the Strebe Report was proper rebuttal (and it was not) only with the benefit of fulsome legal and factual argument and a direct review of the expert reports in question. Indeed, the fact that Plaintiffs spent eight pages addressing Defendants' request underscores why briefing is needed. And far from causing delay, Defendants propose that briefing on the motion to strike be completed by December 5, more than three weeks *before* the current deadline to file motions to exclude the remaining experts with the

GIBBONS P.C.

The Honorable Jamel K. Semper, U.S.D.J.
The Honorable Michael A. Hammer, U.S.M.J.
November 5, 2025
Page 2

Court.[1] Keeping separate briefing as to (i) a motion to strike the Strebe Report as *procedurally improper* and (ii) motions to exclude the remaining experts as *substantively improper* under Rule 702 recognizes that the two sets of motions will address clearly distinct situations and issues and will not cause significant delay. Nor have Plaintiffs offered any explanation as to why this scheduling modification should meaningfully affect upcoming settlement discussions; in Defendants' view, it does not.

To the extent that there will be some short delay in the case schedule, that is the result of Plaintiffs' own tactical decision to wait for nearly a *year* after the deadline to disclose expert witnesses—and only 19 days before the *Daubert* deadline—before serving the Strebe Report. Plaintiffs attempt to place the burden on Defendants to justify a modification to the scheduling order with a showing of "good cause," but the cases Plaintiffs cite apply that standard only *after a deadline has passed*. *See, e.g.*, *Premier Cop Sols., LLC v. UPMC*, 870 F.3d 316, 318 (3d Cir. 2020); *Yerkes v. Weiss*, 2019 WL 1205629, at *3 (D.N.J. Oct. 7, 2019). Defendants appropriately sought an adjustment to the case schedule less than two weeks after being served with the Strebe Report and, critically, *before* missing any deadlines—unlike Plaintiffs, who blew well past the expert disclosure deadline before serving the Strebe Report. In any event, Defendants *have* shown good cause for the modification they seek: Plaintiffs' ambush tactics left Defendants with little time to evaluate a report from a new expert presenting a new methodology and develop a strategy for an appropriate response. Plaintiffs' assertion that Defendants somehow "sat on their rights," November 4 Letter at 4, by not having (i) absorbed the new 78-page Strebe Report, (ii) prepared for and taken a deposition, (iii) prepared their own sur-rebuttal report to respond to the new, non-rebuttal opinions, and (iv) drafted a motion that seeks to *both* strike that report as procedurally improper and exclude Strebe's opinions as substantively improper, all in *less than three weeks*, is absurd.

Finally, Plaintiffs' proposed "alternative" that provides *only* a deposition of Strebe is insufficient and does not cure the prejudice to Defendants. Defendants should not be forced to bear the "additional costs" of preparing for and taking Strebe's deposition when the appropriate solution is to strike his report outright as an improper effort to "bolster" Frantz. *See O'Connor v. Ford Motor Co.*, 2025 WL 790240, at *16 (N.D. Ill. 2025); *see also In re Sandridge Energy Inc. Sec. Litig.*, 2019 WL 2476742, at *3 (W.D. Ok. June 13, 2019). Nor does Plaintiffs' proposal provide Defendants the opportunity to respond to Strebe's improperly disclosed opinions with a rebuttal report of their own. Plaintiffs' "alternative" also seeks to extend the schedule as to all remaining

---

[1] As noted in Defendants' November 3 letter, Defendants intend to seek leave to file a sur-reply brief to oppose Plaintiffs' Motions for Class Certification *whether or not* the Court strikes the Strebe Report because there are many new issues improperly raised for the first time in Plaintiffs' reply brief. ECF 800 at 2. As just one example, Plaintiffs included brand new proposed class definitions as to all four Defendants, a critical issue which Defendants have not had any opportunity to address. Therefore, some delay to the current schedule is inevitable regardless of the Court's decision on this discovery dispute—again, due to Plaintiffs' tactical decision to reinvent their theory of the case on reply. Defendants believe it will be most efficient to file a sur-reply after resolution of the present dispute as to the Strebe Report, which would have a significant impact on Plaintiffs' reply brief.

GIBBONS P.C.

The Honorable Jamel K. Semper, U.S.D.J.
The Honorable Michael A. Hammer, U.S.M.J.
November 5, 2025
Page 3

experts (which is ironic, given their heated complaints about any delay), but fails to offer any reason why the current deadlines should be adjusted for any of the other seven experts.

    In short, Defendants seek a limited modification to the case schedule to provide a fair opportunity to address Plaintiffs' eleventh-hour ambush in the form of a new 78-page report from an undisclosed expert. The modest relief Defendants request will keep this case moving forward expeditiously without unnecessary delay, by ensuring briefing on the motion to strike Strebe is completed within the same timeframe as the current schedule for substantive motions to exclude other experts. Defendants therefore respectfully request that the Court (i) stay the deadline to serve a motion to exclude Strebe under Rule 702 and (ii) enter the briefing schedule on Defendants' forthcoming letter motion to strike, as set forth in Defendants' November 3 letter.

    Sincerely,

*/s/ Ricardo Solano, Jr.*
Ricardo Solano, Jr.
**GIBBONS P.C.**

David H. Hoffman
Daniel C. Craig
Heather Benzmiller Sultanian
**SIDLEY AUSTIN LLP**

*Counsel for Defendant Quest Diagnostics Incorporated*

*/s/ Kristine M. Brown*
Kristine M. Brown
Donald M. Houser
**ALSTON & BIRD LLP**

Thomas P. Scrivo
Young Yu
**O'TOOLE SCRIVO, LLC**

*Counsel for Defendant Optum360, LLC*

GIBBONS P.C.

The Honorable Jamel K. Semper, U.S.D.J.
The Honorable Michael A. Hammer, U.S.M.J.
November 5, 2025
Page 4

/s/ Edward J. Fanning, Jr.
Edward J. Fanning, Jr.
**McCARTER & ENGLISH, LP**

Allison Holt Ryan
Adam A. Cooke
Alicia J. Paller
**HOGAN LOVELLS US LLP**
*Counsel for Defendant Laboratory Corporation of America Holdings*

/s/ Bradley J. Bartolomeo
Bradley J. Bartolomeo
Jeffrey Y. Spiegel
Ariadne Panagopoulou
**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*Counsel for Defendants Sonic Healthcare USA, Clinical Pathology Laboratories, Inc., Aurora Diagnostics LLC, and Austin Pathology Associates*

RS