**CARELLA BYRNE CECCHI BRODY AGNELLO, P.C.**

| | | | |
|---|---|---|---|
| JAN ALAN BRODY | DONALD F. MICELI | OF COUNSEL | RAYMOND J. LILLIE |
| JOHN M. AGNELLO | MELISSA E. FLAX | PETER G. STEWART | GREGORY G. MAROTTA |
| CHARLES M. CARELLA | DAVID G. GILFILLAN | CARL R. WOODWARD, III | MARYSSA P. GEIST |
| JAMES E. CECCHI | G. GLENNON TROUBLEFIELD | FRANCIS C. HAND | JORDAN M. STEELE |
| | BRIAN H. FENLON | JAMES A. O'BRIEN, III | BRITTNEY M. MASTRANGELO |
| | CAROLINE F. BARTLETT | JOHN G. ESMERADO | GRANT Y. LEE*** |
| CHARLES C. CARELLA | ZACHARY S. BOWER+ | STEVEN G. TYSON | MAYBOL HALL |
| 11/21/33 – 11/4/23 | DONALD A. ECKLUND | MATTHEW J. CERES | WILLIAM J. MANORY |
| | CHRISTOPHER H. WESTRICK* | ZACHARY A. JACOBS*** | NESLIHAN Z. TALU |
| | STEPHEN R. DANEK | JASON H. ALPERSTEIN | |
| | MICHAEL A. INNES | | *CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY |
| | MEGAN A. NATALE | | ***MEMBER IL BAR ONLY |
| | KEVIN G. COOPER | | +MEMBER FL BAR ONLY |

January 13, 2026

**VIA ECF**

Honorable Michael A. Hammer
United States Magistrate Judge
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re:   *In re American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*, No. 19-md-2904(JKS)(MAH)

Dear Judge Hammer:

I am interim Lead Counsel for Plaintiffs in the above-referenced matter. I write to request a conference with the Court to discuss an important discovery issue that recently arose relating to Defendants Quest Diagnostics Incorporated ("Quest") and Optum360, LLC ("Optum") (collectively, "Defendants").

As Your Honor may recall, Plaintiff Gregory Bratten sued Defendants in California State Court on October 5, 2023, bringing one claim for violation of California's Confidentiality of Medical Information Act ("CMIA"), Cal. Civ. Code §56.10, *et seq. See* Class Action Complaint, *Bratten v. Quest Diagnostics Inc.*, No. 23CV009589 (Cal. Super. Ct., Sacramento Cnty. Oct. 5, 2023).

Defendants removed *Bratten* to federal court on November 3, 2023, despite explicitly stating in their Notice of Removal that the plaintiff lacks Article III standing to actually proceed in federal court. *See* Notice of Removal at 5, *Bratten v. Quest Diagnostics Inc.*, No. 24-cv-569(JKS)(MAH) (D.N.J. Nov. 3, 2023), ECF 1.[1] Defendants also tagged *Bratten* as related to this

---

[1]   Defendants earlier opposed amendment of the MDL Plaintiffs' complaint against them to assert this stand-alone intentional CMIA violation claim on the exact same ground—that, under *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), "transmission of personal information to a vendor does not create standing" under Article III. *See* ECF 553 at 20.

January 13, 2026
Page 2

MDL, even though *Bratten* is admittedly not related to the data breach at AMCA that undergirds the MDL and instead alleges that Defendants intentionally disclosed patients' protected medical information to myriad third-party debt collectors—not just AMCA—without patient authorization.

In light of Defendants' judicial admissions that *Bratten* cannot proceed in federal court,[2] Plaintiff Bratten moved to remand his case back to the California Superior Court, where Article III standing is not required. *See* Motion to Remand, *Bratten v. Quest Diagnostics Inc.*, No. 2:24-cv-00569 (JKS)(MAH) (D.N.J. Nov. 14, 2023), ECF 17. Defendants opposed. *Id.*, ECF 21. The remand motion has been fully briefed since March 25, 2024.

On December 9, 2025, in an effort to advance the *Bratten* case while the remand motion was pending, Plaintiffs in the MDL served Defendants with six targeted document requests under Rule 34 of the Federal Rules of Civil Procedure, a copy of which is attached hereto as **Exhibit A**. Both Defendants objected to searching for or producing any documents responsive to these requests, contending that discovery is closed in the MDL. *See* **Exhibits B & C**, hereto. It is undisputed that no discovery of any kind has occurred in *Bratten*.

Defendants' position is that Plaintiff Bratten's opportunity to conduct discovery is foreclosed by the MDL's scheduling order, despite Defendants' own insistence that *Bratten* is "something else entirely" than this data breach litigation and raises "non-data breach claims." *See* ECF 553 at 8-9. And Defendants can invoke the MDL's scheduling order only because they removed *Bratten* from state court, despite arguing Plaintiff Bratten lacks Article III standing to proceed in federal court, and despite having previously opposed amendment to the MDL complaint to add this very CMIA claim on the same ground. In other words, Defendants contend that Plaintiff Bratten is trapped in a forum Defendants say lacks jurisdiction, tethered to claims Defendants say are dissimilar, and barred from conducting any discovery whatsoever.

Respectfully, Defendants cannot have it both ways. Either *Bratten* must be remanded for lack of Article III standing (as Defendants contend), or discovery should proceed in this Court on Plaintiff Bratten's unrelated CMIA claim.

Over two years have elapsed since Plaintiff Bratten filed his case, and the "delay [in] the final resolution of this case . . . prejudice[s] all parties and the administration of justice." *Ajax Enters. v. Fay*, 2007 WL 9783238, at *2 (D.N.J. June 20, 2007); *accord* Fed. R. Civ. P. 1 (Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Accordingly, Plaintiffs respectfully request a conference with Your Honor to discuss the most efficient manner for *Bratten* to proceed, whether in this Court or otherwise.

---

[2] After all, Article III's standing "doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), as revised (May 24, 2016).

January 13, 2026
Page 3

Thank you for Your Honor's attention to this matter.

                Respectfully submitted,

                CARELLA, BYRNE, CECCHI,
                BRODY & AGNELLO, P.C.

                /s/ James E. Cecchi
                JAMES E. CECCHI

JEC:sd
cc: All Counsel of Record