UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>*This Document Relates To:* ALL ACTIONS | Civil Action No.2:19-MD-02904 (JKS-MAH)<br><br>(MDL 2904)<br><br>**DECLARATION OF CAROLINE F. BARTLETT IN SUPPORT OF MOTION TO SEAL**<br><br>*Filed Electronically* |

Caroline F. Bartlett, of full age, declares as follows:

1. I am an attorney-at-law and partner of the law firm Carella Byrne Cecchi Brody & Agnello, P.C., and counsel for Plaintiffs in above-captioned action. I am a member in good standing of the bars of New Jersey, New York and the District of Columbia and admitted to practice in the District of New Jersey. I am fully familiar with the facts herein as well as the categories and types of information that Plaintiffs seek to keep confidential. I am also familiar with the harm that Plaintiffs would sustain if their confidential information were to become public.

2. I make this Declaration in support of the Motion to Seal portions of the briefing and associated exhibits for Plaintiffs' motions for class certification in the Quest/Optum Track and the Other Labs Track (ECF 823-828, 830, 832); the Parties' motions to exclude certain class certification experts (ECF 833-844); and

1

Defendants' letter motion to strike Plaintiffs' expert Matthew Strebe (ECF 806, 809, 812).

3. In support of this Motion to Seal, and in accordance with L. Civ. R. 5.3(c)(3), Indexes are attached to the Declaration of Donald Houser, setting forth, among other things the bases for sealing the Confidential Materials and that the Parties seek to maintain under seal. The Indexes explain and describe with particularity: (a) the nature of the materials or proceeding at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.

4. The Parties' Confidentiality Order defines "Confidential" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed (*e.g.*, marketing documents, customer lists, business relationships with other parties and similar information), personal financial information, personal identifying information of the type described in Fed. R. Civ. P. 5.2, or other personally or competitively sensitive information, information received in confidence from third parties, and any other

material that is Confidential pursuant to applicable law, including trade secrets." (ECF No. 98 ¶ 7).

5. The Confidential Material listed in the Indexes to the Houser Declaration reflect Plaintiffs' personal identifying information, personal financial information, personal health or medical information, or other personally sensitive information that is not available to the public and that could cause embarrassment, annoyance, or stigmatization if publicly disclosed. Public disclosure of the Confidential Material in the Indexes to the Houser Declaration could impact Plaintiffs' relationships at home and at work and give rise to public ridicule. Moreover, if bad actors were following the litigation, disclosure of Plaintiffs' Confidential Information could result in potential illicit misuse of Plaintiffs' Confidential Information and lead to exploitation of Plaintiffs. Plaintiffs would suffer a clearly defined, substantial, and specific harm, including, but not limited to, damage to personal and professional relationships, loss of privacy interest, and disclosure could precipitate particularized scams or fraud by bad actors, and/or other irreparable harm should any of Plaintiffs' Confidential Material be publicly disclosed. There is little, if any, public interest in disclosing this information.

6. This request is the least restrictive alternative because the Indexes to the Houser Declaration describing Plaintiffs' Confidential Materials contain

confidential personally sensitive information the disclosure of which would cause embarrassment, annoyance or stigmatization as protected by Fed. R. Civ. P. 26(c).

7. There are no parties known to be objecting to the Parties' sealing request.

8. Public, redacted versions of the Confidential Material will be filed, as required by L. Civ. R. 5.3(c)(4).

9. Accordingly, Plaintiffs respectfully request that the Court grant the Motion to Seal Confidential Material.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 20, 2026

*/s/ Caroline F. Bartlett*
Caroline F. Bartlett