Reade W. Seligmann
ALSTON & BIRD LLP
90 Park Avenue, 12th Floor
New York, NY 10016-1387
Telephone: (212) 210-9453
reade.seligmann@alston.com

Kristine M. Brown (admitted *Pro Hac Vice*)
Donald M. Houser (admitted *Pro Hac Vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
kristy.brown@alston.com
donald.houser@alston.com

*Attorneys for Defendant Optum360, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>*This Document Relates To: All Actions Against Quest Diagnostics, Inc. and Optum360, LLC.* | Civil Action No. 2:19-md-02904 (JKS-MAH) |

**<u>DECLARATION OF DONALD HOUSER IN SUPPORT OF
MOTION TO SEAL CONFIDENTIAL MATERIALS</u>**

I, Donald M. Houser, declare and state as follows:

1. I am an attorney admitted to practice in Georgia. I am a partner at Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, GA 30309. Alston & Bird LLP represents Defendant Optum360, LLC ("Optum360") in this action.

2. I am submitting this Declaration based upon my personal knowledge, information, and belief.

3. I submit this declaration in support of the Motion to seal portions of the briefing and associated exhibits for Plaintiffs' motions for class certification in the Quest/Optum Track and the Other Labs Track (ECF 823–828, 830, 832); the Parties' motions to exclude certain class certification experts (ECF 833–844) ; and Defendants' letter motion to strike Plaintiffs' expert Matthew Strebe (ECF 806, 809, 812).

4. The Confidential Materials contain information that has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only by the Parties and non-parties and is subject to the Confidentiality Order entered in this case or is otherwise confidential.

5. In support of this Joint Motion to Seal, attached to this Declaration are the following Indexes required by Local Civil Rule 5.3(c)(3) setting forth, among other things, the basis for sealing the Confidential Materials:

- **Index A** – Motion for Class Certification Quest/Optum Track (ECF 824, 827, 828);
- **Index B** – Motion for Class Certification Other Labs Track (ECF 826, 830);

2

- **Index C** – Plaintiffs' Omnibus Reply in Support of Class Certification (ECF 832);
- **Index D** – Motion to Exclude Miller (ECF 834, 840, 843);
- **Index E** – Motion to Exclude Tomasini (ECF 836, 839, 844);
- **Index F** – Motion to Exclude Plaintiffs' Experts (ECF 838, 841, 842); and
- **Index G** – Letter Motion to Strike Strebe (ECF 806, 809, 812).

6. As set forth in the Indexes to this Declaration, Optum360 asserts, and upon information and belief it is my understanding, that certain of the Confidential Materials contain Optum360's confidential and proprietary business information.

7. As set forth in the Indexes to this Declaration, Optum360 asserts, and upon information and belief it is my understanding, that if the Confidential Materials become available to the public, third parties may potentially use such information to Optum360's detriment.

8. As set forth in the Indexes to this Declaration, non-parties Matteo Tomasini, Prescient, and District 4 Labs LLC assert, and upon information and belief it is my understanding, that certain of the Confidential Materials contain Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary business information.

9. As set forth in the Indexes to this Declaration, non-parties Matteo Tomasini, Prescient, and District 4 Labs LLC assert, and upon information and belief it is my understanding, that if the Confidential Materials become available to the public, third parties may potentially use such information to Tomasini's, Prescient's, and District 4 Labs' detriment.

10. As set forth in the Indexes to this Declaration, Defendants assert, and upon information and belief it is my understanding, that the materials produced by non-party Retrieval Masters Creditors Bureau, Inc. d/b/a American Medical Collection Agency ("AMCA") and any depositions of former AMCA employees have been designated Confidential subject to the Confidentiality Order entered in this case or is otherwise confidential.

11. Accordingly, it is respectfully requested that the Court grant the Parties' Joint Motion to Seal the Confidential Materials.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 20, 2026                            /s/ *Donald M. Houser*
                                                  Donald M. Houser, Esq.