**Index Pursuant to L. Civ. R. 5.3(c)(3)**
**Index A – Motion for Class Certification Quest/Optum Track (ECF 824, 827, 828)**

| Designating Party | Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | | ECF 824 – Memorandum in Support of Motion for Class Certification | | |
| Defendants | **ECF 824 – Memorandum in Support of Motion for Class Certification**<br><br>Specified Redactions to Pages i, 1–2, 4–14, 20, 22, 24–26, 28, and 31 and to Footnotes 1–3, 5–7, and 14.<br><br>The specific proposed redactions to this document are reflected in the highlighted copy of the sealed document submitted to the Court concurrently with this filing. | Certain portions of this brief should be sealed consistent with the reasons supporting the sealing of the underlying materials articulated in this index. | Defendants maintain that they would suffer irreparable harm if the information discussed below was disclosed.<br><br>Additionally, the brief discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further | Defendants maintain that no less restrictive alternative to the relief sought is available.<br><br>Additionally, the brief discusses information designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

|  |  |  | defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." |  |  |
|---|---|---|---|---|---|
| Defendants | **ECF 824-2 – Exhibit 1 – Frantz Declaration** | Throughout the declaration, Frantz discusses Defendants' sensitive, proprietary, and confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the declaration discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessment or vendor oversight, as well as the | Defendants maintain that publicly disclosing the nature and contents of their commercial dealings with third-party vendors poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage | Defendants maintain that no less restrictive alternative to the relief sought is available because Frantz's declaration discusses Defendants' highly sensitive, proprietary, and confidential information throughout.

Additionally, Frantz discusses information designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | content of collection files sent to third-party vendors, and reflects decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.<br><br>Additionally, Frantz's declaration relies upon, quotes, and describes at | in the market and secure confidential information including patient data.<br><br>Frantz discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | length materials that have been produced by third parties, that have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.  In addition, Frantz's declaration likewise relies upon, quotes, and describes materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by the Parties. | that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 824-3 – Exhibit 2 – Anolik Declaration** | Anolik's Declaration relies upon, quotes, and/or discusses at length materials that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order in this case. *See* ECF 98.

Additionally, Anolik's Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public | Anolik's Declaration discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated | The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.

Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal | risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed."<br><br>Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk | and confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 824-4 – Exhibit 3 – Worley Declaration** | Worley's Declaration relies upon, quotes, and or discusses at length numerous documents that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>The Worley Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in | The document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which | The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive | could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed."<br><br>Defendants maintain that publicly disclosing the nature and contents of the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. | sensitive, proprietary, and confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 824-5 – Exhibit 5 – Witt Declaration**<br><br>Page 4<br>• From after "Tranche 1 includes" through "finances"<br>• From after "Tranche 2 includes" through "routing)."| Portions of Witt's Declaration rely upon, quote, and or describe the underlying substance of Worley's Declaration, Worley's Supplemental Report, and Lee's Report, which Defendants are moving to seal in full. Therefore, certain portions of Witt's Declaration should be sealed consistent with the reasons supporting the sealing of the Worley Declaration, Worley Supplemental Report, and Lee Report articulated in this index. | Defendants maintain that publicly disclosing the nature and contents of Worley's Declaration, Worley's Supplemental Report, and Lee's Report poses a substantial risk of irreparable harm to the Defendants for the reasons articulated in this index. | Defendants maintain that no less restrictive alternative to the relief sought is available. | None |
| Defendants | **ECF 824-6 – Exhibit 6 – Z. Raxter Dep. Tr. Excerpts** | The document discusses Defendants' sensitive, proprietary, and/or | Defendants maintain that publicly disclosing the nature and contents | Defendants maintain that no less restrictive alternative to the relief | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal* | of risks assessments or vendor oversight poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data.<br><br>The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. See ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include | sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout.<br><br>The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. See ECF 98. | |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | *Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.<br><br>Additionally, the document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 824-7 – Exhibit 7 – Russell Fuchs Dep. Tr. Excerpts** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | | "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 824-8 – Exhibit 8 – Jeff Wollman Dep. Tr. Excerpts** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | | "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 824-9 – Exhibit 9 – 30(b)(6) Del Howard Dep Tr. Excerpts** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; policies, practices, and procedures relating to data security; the content of collection collect files sent to third-parties; and the decision making as to what data was potentially necessary to | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors; and the decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. | effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 824-10 – Exhibit 10 – M. Harkins Dep. Tr. Excerpts** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade | Defendants maintain that publicly disclosing the nature and contents of the content of collection collect files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

14

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | confidential information including patient data. | | |
| Defendants | **ECF 824-11 – Exhibit 11 – P. Lake Dep. Tr. Excerpts** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; and the content of collection collect files sent to third-parties and/or reflecting the decision | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal* | making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
|---|---|---|---|---|---|

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | *Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 824-12 – Exhibit 12 – AMCAPROD00142515** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

17

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | | information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 824-13 – Exhibit 13 – Quest-Optum and AMCA BAAs** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; and the content of collection files sent to third-party vendors and/or | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; and the content of collection collect files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 824-14 – Exhibit 14 – Hynes Tr. Dep. Excerpts** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; | Defendants maintain that no less restrictive alternative to the relief sought is available because the document | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; policies, practices, and procedures relating to data security; and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection]. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). | policies, practices, and procedures relating to data security; and the content of collection collect files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection] poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | discusses Defendants' sensitive, proprietary, and confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 824-15 – Exhibit 15 – Quest_MDL_0012696** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | risk assessments or vendor oversight. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 824-16 – Exhibit 16 – R. Breindel Dep. Tr. Excerpts** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight and the content of collection collect files sent to third-parties and/or reflecting the decision | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | |
|---|---|---|---|
| | material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might | making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 824-17 – Exhibit 17 – Quest_MDL_0000653** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | confidential information including patient data. | | |
| Defendants | **ECF 824-18 – Exhibit 18 – Hynes Dep. Ex. 3 (QuestMDL0000662)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices | competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | and confidential business relationships. | | | |
| Defendants | **ECF 824-19 – Exhibit 19 – Cetera Dep. Tr. Excerpts** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 824-20 – Exhibit 20 – Brian Troen (Optum) Dep. Tr. Excerpts** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; policies, practices, and procedures relating to data security; and the content of collection collect files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | business decisions regarding risk assessments or vendor oversight; policies, practices, and procedures relating to data security; and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business | proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | practices and confidential business relationships. | | | |
|---|---|---|---|---|---|
| Defendants | **ECF 824-21 – Exhibit 21 – Troen Dep. Ex. 8 OPTUM360_AMCA_0006971** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; policies, practices, and procedures relating to data security; and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; policies, practices, and procedures relating to data security; and the content of collection collect files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | confidential information including patient data. | | |
| Defendants | **ECF 824-22 – Exhibit 22 – Troen Dep. Ex. 9 OPTUM360_AMCA_0026911** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices | competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | and confidential business relationships. | | | |
| Defendants | **ECF 824-23 – Exhibit 23 – James Redman Dep. Tr. Excerpts** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 824-24 – Exhibit 24 – Troen Dep. Ex. 13 (Optum360_AMCA_0026911)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | risk assessments or vendor oversight and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 824-25 – Exhibit 25 – Optum360_MDL_0049901** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; policies, practices, and | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; policies, practices, and procedures relating to data security; and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be | procedures relating to data security; and the content of collection collect files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | sensitive, proprietary, and confidential information throughout. | |
|---|---|---|---|---|

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| --- | --- | --- | --- | --- | --- |
| Defendants | **ECF 824-26 – Exhibit 26 – Optum360_MDL_0027670** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Case 2:19-md-02904-JKS-MAH    Document 847-6    Filed 01/20/26    Page 38 of 139
PageID: 39753
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | oversight and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| --- | --- | --- | --- | --- | --- |
| Defendants | **ECF 824-27 – Exhibit 27 – Optum360_MDL_0028158** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight and policies, practices, and procedures relating to | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. | data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | and confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
|---|---|---|---|---|---|
| Defendants | **ECF 824-28 – Exhibit 28 – Optum360_MDL_0028197** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 824-29 – Exhibit 29 – Raxter Def's Exhibit 3** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Case 2:19-md-02904-JKS-MAH    Document 847-6    Filed 01/20/26    Page 42 of 139
PageID: 39757
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 824-30 – Exhibit 30 – RMCB-AG-00000025** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Case 2:19-md-02904-JKS-MAH    Document 847-6    Filed 01/20/26    Page 43 of 139
PageID: 39758
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 824-31 – Exhibit 31 – RMCB-AG-00000087** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Case 2:19-md-02904-JKS-MAH    Document 847-6    Filed 01/20/26    Page 44 of 139
PageID: 39759
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| --- | --- | --- | --- | --- | --- |
| Defendants | **ECF 824-32 – Exhibit 32 – Gemini Ex. 5** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 824-33 – Exhibit 33 – Quest_MDL_0000324** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| Defendants | ECF 824-34 – Exhibit 34 – CRA Forensic Report RMCB-AG-00000195 | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| Defendants | ECF 824-35 – Exhibit 35 – MAG-RM00034974 | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| Defendants | **ECF 824-36 – Exhibit 36 – AMCAPROD00282701** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| Plaintiffs | **ECF 824-37 – Exhibit 37 – Benedom Decl.** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Benedom's declaration discusses highly sensitive, personal, and confidential information throughout. | None |
|---|---|---|---|---|---|
| Plaintiffs | **ECF 824-38 – Exhibit 38 – Klein Decl.** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Klein's declaration discusses highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 824-39 – Exhibit 39 – Briley Decl.** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Briley's declaration discusses highly sensitive, personal, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | confidential sensitive personal information be publicly disclosed. | |
|---|---|---|---|---|
| Plaintiffs | **ECF 824-40 – Exhibit 40 – Buck Decl.** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Buck's declaration discusses highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 824-41 – Exhibit 41 – Finch Decl.** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Finch's declaration discusses highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 824-42 – Exhibit 42 – Hollway Decl.** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Holloway's declaration discusses highly sensitive, | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | personal, and confidential information throughout. | |
|---|---|---|---|---|---|
| Plaintiffs | **ECF 824-43 – Exhibit 43 – Infield Decl.** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Infield's declaration discusses highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 824-44 – Exhibit 44 – Jairam Decl.** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Infield's declaration discusses highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 824-45 – Exhibit 45 – Jaworowski Decl.** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific | Plaintiffs maintain that no less restrictive alternative to the relief sought is available | None |

52

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | because Jaworowski's declaration discusses highly sensitive, personal, and confidential information throughout. | |
|---|---|---|---|---|---|
| Plaintiffs | **ECF 824-46 – Exhibit 46 – Parker Decl.** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Jaworowski's declaration discusses highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 824-47 – Exhibit 47 – Perry Decl.** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Perry's declaration discusses highly sensitive, personal, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| Plaintiffs | **ECF 824-48 – Exhibit 48 – Pettita Decl.** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Pettita's declaration discusses highly sensitive, personal, and confidential information throughout. | None |
| --- | --- | --- | --- | --- | --- |
| Plaintiffs | **ECF 824-49 – Exhibit 49 – Rikard Decl.** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Rikard's declaration discusses highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 824-50 – Exhibit 50 – Rosselli Decl.** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Benedom's declaration discusses highly sensitive, personal, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | confidential sensitive personal information be publicly disclosed. | |
|---|---|---|---|---|
| Plaintiffs | **ECF 824-51 – Exhibit 51 – Rutan Decl.** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Benedom's declaration discusses highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 824-52 – Exhibit 52 – Saracina Decl.** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Saracina's declaration discusses highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 824-53 – Exhibit 53 – Walden Decl.** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Saracina's declaration discusses highly sensitive, | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | personal, and confidential information throughout. | |
|---|---|---|---|---|---|
| Plaintiffs | **ECF 824-54 – Exhibit 54 – Smith Decl.** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Smith's declaration discusses highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 824-55 – Exhibit 55 – Taylor Decl.** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Taylor's declaration discusses highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 824-56 – Exhibit 56 – Dep Tr. Excerpts for Finch** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific | Plaintiffs maintain that no less restrictive alternative to the relief sought is available | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | because Taylor's declaration discusses highly sensitive, personal, and confidential information throughout. | |
|---|---|---|---|---|---|
| Plaintiffs | **ECF 824-57 – Exhibit 57 – Dep. Tr. Excerpts for Saracina** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Taylor's declaration discusses highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 824-58 – Exhibit 58 – Dep. Tr. Excerpts for Ashley Klein** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Klein's transcript excerpts discuss highly sensitive, personal, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| Defendants | **ECF 824-59 – Exhibit 59 – Lee Report** | Lee's declaration has been designated as "Confidential" by Plaintiffs and discusses at length numerous documents that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties. *See* ECF No. 98. The Confidentiality Order defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed. | Disclosure of Lee's declaration implicates Plaintiffs' and putative class members' interest in privacy, and there is no public interest in the disclosure of this type of information.<br><br>Lee's declaration has been designated "Confidential" and includes extensive discussions of information designated as "Confidential" pursuant to the Confidentiality Order in this case. *See* ECF 98." | Defendants maintain that no less restrictive alternative to the relief sought is available because implicates Plaintiffs' and putative class members' interest in privacy, and there is no public interest in the disclosure of this type of information. | None |
| --- | --- | --- | --- | --- | --- |
| Defendants | **ECF 824-60 – Exhibit 60 – Worley Supplemental Report** | The Worley Supplemental Report discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to | Defendants maintain that publicly disclosing the nature and contents of the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | |
|---|---|---|---|
| commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at \*2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at \*4 (W.D. Pa. Jan. 6, 2014). This information | to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
|---|---|---|---|---|---|
| Defendants | **ECF 824-61 – Exhibit 61 – Witt Amended Report**<br><br>Page 4<br>• From "Trance 1 includes" through "2025"<br>• From "Trance 2 includes" through "routing)." | Portions of Witt's Amended Report rely upon, quote, and or describe the underlying substance of Worley's Declaration, Worley's Supplemental Report, and Lee's Report, which Defendants are moving to seal in full. Therefore, certain portions of Witt's Amended Report should be sealed consistent with the reasons supporting the sealing of the Worley Declaration, Worley Supplemental Report, and Lee Report articulated in this index. | Defendants maintain that publicly disclosing the nature and contents of Worley's Declaration, Worley's Supplemental Report, and Lee's Report poses a substantial risk of irreparable harm to the Defendants for the reasons articulated in this index. | Defendants maintain that no less restrictive alternative to the relief sought is available. | None |
| **ECF 827 – Optum360's Opposition to Motion for Class Certification** | | | | | |
| Plaintiffs & Defendants | **ECF 827 – Optum360's Opposition to Motion for Class Certification**<br><br>Specified Redactions to Pages i, 1–2, 4–6, 10–17, 19–21, 25, 29–36, 39–40, 42, 44, and 46–49 and to Footnotes 3–5, 8–9, 18, and 33.<br><br>The specific proposed redactions to this document are reflected in the highlighted copy of the sealed | Defendants request that certain portions of their opposition be sealed consistent with the reasons supporting the sealing of the underlying materials articulated below.<br><br>Plaintiffs maintain certain portions disclose confidential and highly sensitive personal | Defendants maintain that they would suffer irreparable harm if the information discussed below was disclosed. Similarly, Defendants maintain that Tomasini, Prescient and District 4 Labs would suffer irreparable harm if the information discussed below was disclosed. | The Parties agree that filing a redacted version of this brief is the least restrictive means available.<br><br>Additionally, the brief discusses information designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" pursuant to the | None |

60

Case 2:19-md-02904-JKS-MAH    Document 847-6    Filed 01/20/26    Page 61 of 139
PageID: 39776
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | document submitted to the Court concurrently with this filing. | information of Plaintiffs that is not available to the public. | Additionally, the brief discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | Confidentiality Order in this case. *See* ECF 98. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | Plaintiffs maintain that if filed on the public docket without the proposed redactions, Plaintiffs would suffer clearly defined, substantial and specific harm, including but not limited to embarrassment, loss of privacy interests, and/or other irreparable harm should any of the confidential sensitive personal information be disclosed publicly. | |
|---|---|---|---|---|
| Defendants | **ECF 827-2 – Exhibit 1 – Hitt Declaration** | The Hitt Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the Hitt Declaration discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' | Defendants maintain that publicly disclosing the nature and contents of the content of collection collect files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would | Defendants maintain that no less restrictive alternative to the relief sought is available because the Hitt Declaration discusses Defendants' sensitive, proprietary, and confidential information throughout.<br><br>Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data.<br><br>Defendants maintain that publicly disclosing the nature and contents of Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' legitimate proprietary interests and competitive positions. Tomasini, Prescient and District 4 Labs would suffer irreparable harm if third parties, including competitors or criminal actors, | 4 Labs' confidential commercial information, along with Plaintiffs' personal identifying information and personal health information. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | The Hitt Declaration discusses sensitive, proprietary, and confidential information related to Matteo Tomasini's prior practice at non-party Prescient and current practice at non-party District 4 Labs LLC. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. Prescient's and District 4 Labs' ability to operate covertly on the dark web and effectively conduct dark web investigations using their proprietary methods is | obtained access to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | highly relevant to their current business practices.<br><br>Additionally, Defendants timely designated Hitt's declaration as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | | | |
|---|---|---|---|---|---|
| Defendants | **ECF 827-3 – Exhibit 2-part 1 – Tomasini Declaration** | Tomasini's Declaration discusses sensitive, proprietary, and confidential information related to Matteo Tomasini's prior practice at non-party Prescient and current practice at non-party District 4 Labs LLC. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is | Defendants maintain that publicly disclosing the nature and contents of Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' legitimate proprietary interests and competitive positions. Tomasini, Prescient and District 4 Labs would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as they | Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District 4 Labs' confidential commercial information, along with Plaintiffs' personal identifying information and personal health information.<br><br>The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. Prescient's and District 4 Labs' ability to operate covertly on the dark web and effectively conduct dark web investigations using their proprietary methods is highly relevant to their current business practices.<br><br>Additionally, Defendants timely designated Tomasini's declaration as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The document also relies upon, quotes, and/or describes materials that have been produced by third parties and have been designated by third parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Further, Tomasini's declaration includes certain discussions of the | rely on this information to gain a competitive advantage in the market.<br><br>The document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially | Confidentiality Order in this case. *See* ECF 98. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | information that Plaintiffs contend is private and sensitive. As this court has explained, the public has "no interest in personally identifying information." *See Bah*, 2021 WL 4272829, at *3. | sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 827-4 – Exhibit 2-part 2 – Tomasini Declaration** | See above. | See above. | See above. | None |
| Defendants | **ECF 827-5 – Exhibit 2-part 3 – Tomasini Declaration** | See above. | See above. | See above. | None |
| Defendants | **ECF 827-6 – Exhibit 2-part 4 – Tomasini Declaration** | See above. | See above. | See above. | None |
| Defendants | **ECF 827-7 – Exhibit 3 – Miller Declaration** | Miller's Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight, data security, and | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.<br><br>Additionally, Defendants timely designated Miller's declaration as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| Defendants | ECF 827-8 – Exhibit 4 – OPTUM360_AMCA_0000111 | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout.

The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.<br><br>The document also relies upon, quotes, and/or describes materials that have been produced by third parties and have been designated by third parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | confidential information including patient data.<br><br>The document also discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information | | |

Case 2:19-md-02904-JKS-MAH    Document 847-6    Filed 01/20/26    Page 71 of 139
PageID: 39786
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 827-9 – Exhibit 5 – OPTUM360_AMCA_0001954** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 827-11 – Exhibit 7 – OPTUM360_AMCA_0006972** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly | poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Case 2:19-md-02904-JKS-MAH     Document 847-6     Filed 01/20/26     Page 74 of 139
PageID: 39789
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 827-12 – Exhibit 8 – OPTUM360_AMCA_0023938** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 827-13 – Exhibit 9 – OPTUM360_AMCA_0006991** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| Defendants | ECF 827-14 – Exhibit 10 – OPTUM360_AMCA0049455 | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |
|---|---|---|---|---|---|

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
|---|---|---|---|---|---|
| Defendants | **ECF 827-15 – Exhibit 11 – Frantz Dep. Tr. Excerpts** | Frantz's deposition transcript has been designated as "Confidential" and discusses at length numerous documents that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public | The excerpts of Frantz's deposition are designated "Confidential" and include extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight and data security poses a substantial risk of harm | The excerpts of Frantz's deposition are designated "Confidential" and include extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight and data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information | to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | and confidential information throughout. | |
|---|---|---|---|---|

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
|---|---|---|---|---|---|
| Defendants | **ECF 827-16 – Exhibit 12 – OPTUM360_AMCA_0000028** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout.<br><br>The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.<br><br>The document also relies upon, quotes, and/or describes materials that have been produced by third parties and have been designated by third parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the | information to gain a competitive advantage in the market and secure confidential information including patient data. The document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | Confidentiality Order in this case. *See* ECF 98. | sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 827-17 – Exhibit 13 – GEMINI004** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 827-18 – Exhibit 14 – RMCB-AG-00000002** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 827-19 – Exhibit 15 – AMCAPROD00141123** | It is our good-faith belief that the document is intended by AMCA, a third party, to be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | It is our good-faith belief that the document is intended by AMCA, a third party, to be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which | It is our good-faith belief that the document is intended by AMCA, a third party, to be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 827-20 – Exhibit 16 – AMCAPROD01117103** | It is our good-faith belief that the document is intended by AMCA, a third party, to be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | It is our good-faith belief that the document is intended by AMCA, a third party, to be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further | It is our good-faith belief that the document is intended by AMCA, a third party, to be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Case 2:19-md-02904-JKS-MAH    Document 847-6    Filed 01/20/26    Page 86 of 139
PageID: 39801
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 827-21 – Exhibit 17 – RMCB-AG-00000085** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Case 2:19-md-02904-JKS-MAH    Document 847-6    Filed 01/20/26    Page 87 of 139
PageID: 39802
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 827-22 – Exhibit 18 – RMCB-AG-00000087** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 827-23 – Exhibit 19 – Gemini Dep. Tr. (Barysevich) Excerpts** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 827-24 – Exhibit 20 – CRA Dep. Tr. (Bill Hardin) Excerpts** | It is our good-faith belief that Mr. Hardin's deposition is intended by AMCA, a third party, to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes' Only" pursuant to the Confidentiality Order in this case because his deposition discussed documents so designated. *See* ECF 98. | It is our good-faith belief that the document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated | It is our good-faith belief that the document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes' Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | Done |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | | risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Plaintiffs | **ECF 827-25 – Exhibit 21 – Gary Olsen Dep. Tr. Excerpts** | Discloses information regarding Mr. Olsen's work in another unrelated matter that Plaintiffs reasonably believe is confidential. | Disclosure on the public docket may result in breach of confidentiality in the other matter. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available. | None |
| Plaintiffs | **ECF 827-26 – Exhibit 22 – Saracina Dep. Tr. Excerpts** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Saracina's transcript excerpts discuss highly sensitive, personal, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| Plaintiffs | **ECF 827-27 – Exhibit 23 – Buck Dep. Tr. Excerpts** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Buck's transcript excerpts discuss highly sensitive, personal, and confidential information throughout. | None |
|---|---|---|---|---|---|
| Plaintiffs | **ECF 827-28 – Exhibit 24 – Roselli Dep. Tr. Excerpts** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Roselli's transcript excerpts discuss highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 827-29 – Exhibit 25 – Parker Dep. Tr. Excerpts** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Parker's transcript excerpts discuss highly sensitive, personal, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

|  |  |  | confidential sensitive personal information be publicly disclosed. |  |  |
|---|---|---|---|---|---|
| Plaintiffs | **ECF 827-30 – Exhibit 26 – A. Finch Dep. Tr. Excerpts** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Finch's transcript excerpts discuss highly sensitive, personal, and confidential information throughout. | None |
| Defendants | **ECF 827-32 – Exhibit 28 – Brian Troen (Optum) Dep. Tr. Excerpts** | The Troen deposition discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | risk assessments or vendor oversight. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | competitive advantage in the market and secure confidential information including patient data. | | |
| --- | --- | --- | --- | --- | --- |
| Defendants | **ECF 827-33 – Exhibit 29 – OPTUM360_MDL_0006990** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight and the policies, practices, and procedures relating to data security poses a | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight and the policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This | substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | and confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Plaintiffs | **ECF 827-34 – Exhibit 30 – Perry Dep. Tr. Excerpts** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Perry's transcript excerpts discuss highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 827-35 – Exhibit 31 – Briley Dep. Tr. Excerpts** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Briley's transcript excerpts discuss highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 827-36 – Exhibit 32 – Infield Dep. Tr. Excerpts** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Infield's | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

|  |  |  | transcript excerpts discuss highly sensitive, personal, and confidential information throughout. |  |
| --- | --- | --- | --- | --- |
| | | limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | transcript excerpts discuss highly sensitive, personal, and confidential information throughout. | |
| Plaintiffs | **ECF 827-37 – Exhibit 33 – Hollway Dep. Tr. Excerpts** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Holloway's transcript excerpts discuss highly sensitive, personal, and confidential information throughout. | None |
| Defendants | **ECF 827-38 – Exhibit 34 – Expert Amy Worley Dep. Tr. Excerpts** | The excerpts of the Worley deposition rely upon, quotes, and/or describes materials that have been produced by third parties and have been designated by third parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | The excerpts of the Worley deposition discuss information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" | The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | | information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Plaintiffs | **ECF 827-39 – Exhibit 35 – Breanna Klein Dep. Tr. Excerpts** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Klein's transcript excerpts discuss highly sensitive, personal, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | personal information be publicly disclosed. | | |
|---|---|---|---|---|---|
| **ECF 828 – Quest Diagnostics Incorporated's Opposition to Plaintiffs' Motion for Class Certification** | | | | | |
| Plaintiffs & Defendants | **ECF 828 – Quest Diagnostics Incorporated's Opposition to Plaintiffs' Motion for Class Certification**<br><br>Specified Redaction to Pages 1, 3-8, 10-11, 13-15, 18-19, 28-31, 34-42, 45-47, 50 and to Footnotes 1-2, 4-7, 13, 16-18, 20.<br><br>The specific proposed redactions to this document are reflected in the highlighted copy of the sealed document submitted to the Court concurrently with this filing. | Certain portions of this brief should be sealed consistent with the reasons supporting the sealing of the underlying materials articulated in this index.<br><br>Plaintiffs maintain certain portions disclose confidential and highly sensitive personal information of Plaintiffs that is not available to the public. | Defendants maintain that they would suffer irreparable harm if the information discussed below was disclosed. Similarly, Defendants maintain that Tomasini, Prescient and District 4 Labs would suffer irreparable harm if the information discussed below was disclosed.<br><br>Additionally, the brief discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing | The Parties agree that filing a redacted version of this brief is the least restrictive means available.<br><br>Additionally, the brief discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 828-3, Ex. 1 (Declaration of Prof. Lorin Hitt)** | The Hitt Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the Hitt Declaration discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding | Defendants maintain that publicly disclosing the nature and contents of the content of collection collect files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, | Defendants maintain that no less restrictive alternative to the relief sought is available because the Hitt Declaration discusses Defendants' sensitive, proprietary, and confidential information throughout.

Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District 4 Labs' confidential commercial | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.

The Hitt Declaration discusses sensitive, proprietary, and confidential | including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data.

Defendants maintain that publicly disclosing the nature and contents of Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' legitimate proprietary interests and competitive positions. Tomasini, Prescient and District 4 Labs would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial | information, along with Plaintiffs' personal identifying information and personal health information. | |

Case 2:19-md-02904-JKS-MAH    Document 847-6    Filed 01/20/26    Page 101 of 139
PageID: 39816
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | information related to Matteo Tomasini's prior practice at non-party Prescient and current practice at non-party District 4 Labs LLC. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. Prescient's and District 4 Labs' ability to operate covertly on the dark web and effectively conduct dark web investigations using their proprietary methods is highly relevant to their current business practices. Additionally, Defendants timely designated Hitt's | information, as they rely on this information to gain a competitive advantage in the market. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

|  |  | declaration as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. |  |  |
|---|---|---|---|---|
| Defendants | **ECF 828-4, Ex. 2, (Declaration of Matteo Tomasini, Part 1 of 4)** | Tomasini's Declaration discusses sensitive, proprietary, and confidential information related to Matteo Tomasini's prior practice at non-party Prescient and current practice at non-party District 4 Labs LLC. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. Prescient's and District 4 Labs' ability to operate | Defendants maintain that publicly disclosing the nature and contents of Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' legitimate proprietary interests and competitive positions. Tomasini, Prescient and District 4 Labs would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market. | Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District 4 Labs' confidential commercial information, along with Plaintiffs' personal identifying information and personal health information.

The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | covertly on the dark web and effectively conduct dark web investigations using their proprietary methods is highly relevant to their current business practices.

Additionally, Defendants timely designated Tomasini's declaration as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The document also relies upon, quotes, and/or describes materials that have been produced by third parties and have been designated by third parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.

Further, Tomasini's declaration includes certain discussions of the information that Plaintiffs contend is private and sensitive. As this court has explained, the public has "no interest in personally identifying information." | The document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |

103

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

|  |  | *See Bah*, 2021 WL 4272829, at *3. |  |  |  |
|---|---|---|---|---|---|
| Defendants | **ECF 828-5, Ex. 2, (Declaration of Matteo Tomasini, Part 2 of 4)** | See above. | See above. | See above. | None |
| Defendants | **ECF 828-6, Ex. 2, (Declaration of Matteo Tomasini, Part 3 of 4)** | See above. | See above. | See above. | None |
| Defendants | **ECF 828-7, Ex. 2, (Declaration of Matteo Tomasini, Part 4 of 4)** | See above. | See above. | See above. | None |
| Defendants | **ECF 828-8. Ex. 3 (Declaration of Jeffrey B. Miller)** | Miller's Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security. "[I]t is well | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.<br><br>Additionally, Defendants timely designated Miller's declaration as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | in the market and secure confidential information including patient data. | | |
|---|---|---|---|---|---|
| Defendants | **ECF 828-9, Ex. 4 (Declaration of Sharon A. Anolik)** | Anolik's Declaration relies upon, quotes, and/or discusses at length materials | Anolik's Declaration discusses information designated as | The document discusses information or documents that have | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order in this case. *See* ECF 98.

Additionally, Anolik's Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third- | "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.

Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| Defendants | ECF 828-10, Ex. 5 (Declaration of Mary T. Frantz) | Throughout the declaration, Frantz discusses Defendants' sensitive, proprietary, and confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the declaration discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessment or vendor oversight, as well as the content of collection files sent to third-party vendors, and reflects decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 | Defendants maintain that publicly disclosing the nature and contents of their commercial dealings with third-party vendors poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data.

Frantz discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. The Confidentiality | Defendants maintain that no less restrictive alternative to the relief sought is available because Frantz's declaration discusses Defendants' highly sensitive, proprietary, and confidential information throughout.

Additionally, Frantz discusses information designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. | None |
|---|---|---|---|---|

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.<br><br>Additionally, Frantz's declaration relies upon, quotes, and describes at length materials that have been produced by third parties, that have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.  In addition, Frantz's declaration likewise relies upon, quotes, and describes materials designated as "Confidential" or "Highly | Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | Confidential – Attorneys' Eyes Only" by the Parties. | | | |
| Defendants | **ECF 828-11, Ex. 6 (Expert Report of Jonathan F. Lee)** | Lee's declaration has been designated as "Confidential" by Plaintiffs and discusses at length numerous documents that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties. *See* ECF No. 98. The Confidentiality Order defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed. | Disclosure of Lee's declaration implicates Plaintiffs' and putative class members' interest in privacy, and there is no public interest in the disclosure of this type of information.<br><br>Lee's declaration has been designated "Confidential" and includes extensive discussions of information designated as "Confidential" pursuant to the Confidentiality Order in this case. *See* ECF 98." | Defendants maintain that no less restrictive alternative to the relief sought is available because implicates Plaintiffs' and putative class members' interest in privacy, and there is no public interest in the disclosure of this type of information. | None |
| Defendants | **ECF 828-12, Ex. 7 (Declaration of Amy R. Worley)** | Worley's declaration relies upon, quotes, and or discusses at length numerous documents that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the | The document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly | The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Case 2:19-md-02904-JKS-MAH    Document 847-6    Filed 01/20/26    Page 111 of 139
PageID: 39826
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | Confidentiality Order in this case. *See* ECF 98.<br><br>The Worley Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v.* | Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed."<br><br>Defendants maintain that publicly disclosing the nature and contents of the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | *Apple Inc*., 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 828-13, Ex. 8 (Supplemental Report of Amy R. Worley)** | The Worley Supplemental Report discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business | Defendants maintain that publicly disclosing the nature and contents of the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business | interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | practices and confidential business relationships. | | | |
|---|---|---|---|---|---|
| Defendants | **ECF 828-14, Ex. 9 (Transcript of Deposition of Sharon Anolik)** | Anolik's Deposition discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | confidential information including patient data. | | |
|---|---|---|---|---|---|
| Defendants | **ECF 828-15, Ex. 10 (Transcript of Deposition of Mary Frantz)** | Frantz's deposition transcript has been designated as "Confidential" and discusses at length numerous documents that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order in this case. *See* ECF 98. | Frantz's deposition is designated "Confidential" and include extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | Frantz's deposition is designated "Confidential" and include extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight and data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight and data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | |
| Defendants | **ECF 828-16, Ex. 11 (Transcript of Deposition of Jonathan Lee)** | The Lee deposition relies upon, quotes, and/or describes materials that have been produced by third parties and have been designated by third parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | The Lee deposition discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further | The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|
| Defendants | **ECF 828-17, Ex. 12 (Transcript of Deposition of Amy Worley)** | The Worley deposition relies upon, quotes, and/or describes materials that have been produced by third parties and have been designated by third parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>The Worley deposition discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses | The Worley deposition discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

118

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. | The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed."<br><br>Defendants maintain that publicly disclosing the nature and contents of the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors | | |

Case 2:19-md-02904-JKS-MAH     Document 847-6     Filed 01/20/26     Page 120 of 139
PageID: 39835
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Plaintiffs | **ECF 828-18, Ex. 13 (Transcript of Deposition of Jo Ann Buck)** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Buck's transcript discusses highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 828-19, Ex. 14 (Transcript of Deposition of John Briley)** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Briley's transcript discusses highly sensitive, personal, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| Defendants | ECF 828-20, Ex. 15 (Transcript of Deposition of Charles River Associates) | It is our good-faith belief that this document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | It is our good-faith belief that this document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's | It is our good-faith belief that this document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | business advantage if publicly disclosed." | |
|---|---|---|---|---|
| Defendants | **ECF 828-21, Ex. 16 (Transcript of Deposition of Russell Fuchs)** | It is our good-faith belief that this document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | It is our good-faith belief that this document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information | It is our good-faith belief that this document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | | that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 828-22, Ex. 17 (Transcript of 30(b)(6) Deposition of Andrei Barysevich for Gemini Advisory)** | The document has been designated as "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a | The document has been timely designated by a third party as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|
| Plaintiffs | **ECF 828-23, Ex. 18 (Transcript of Deposition of Elizabeth Holloway)** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Holloway's transcript discusses highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 828-24, Ex. 19 (Transcript of Deposition of Ria Jairam)** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Jairam's transcript discusses highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 828-25, Ex. 20 (Transcript of Deposition of Naomi Jaworowski)** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Jaworowski's transcript discusses highly sensitive, | None |

124

Case 2:19-md-02904-JKS-MAH    Document 847-6    Filed 01/20/26    Page 125 of 139
PageID: 39840
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | personal, and confidential information throughout. | |
|---|---|---|---|---|---|
| Plaintiffs | **ECF 828-26, Ex. 21 (Transcript of Deposition of Breanna Klein)** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Klein's transcript discusses highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 828-27, Ex. 22 (Transcript of Deposition of Karli Parker)** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Parker's transcript discusses highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 828-28, Ex. 23 (Transcript of Deposition of Rose Marie Perry)** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific | Plaintiffs maintain that no less restrictive alternative to the relief sought is available | None |

Case 2:19-md-02904-JKS-MAH    Document 847-6    Filed 01/20/26    Page 126 of 139
PageID: 39841
Index Pursuant to L. Civ. R. 5.3(c)(3)

|  |  |  | harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | because Perry's transcript discusses highly sensitive, personal, and confidential information throughout. |  |
|---|---|---|---|---|---|
| Defendants | **ECF 828-29, Ex. 24 (Transcript of Deposition of Quest Diagnostics Incorporated (and its representative, Terri Cetera)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; and the content of collection files sent to third-party vendors and/or | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; and the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout.

The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.<br><br>Additionally, Defendants timely designated this document as "Confidential" pursuant to the | obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data.<br><br>Additionally, the document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which | | |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | Confidentiality Order in this case. *See* ECF 98. | contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Plaintiffs | **ECF 828-30, Ex. 25 (Transcript of Deposition of LaTease Rikard)** | Discloses confidential and highly sensitive personal information that is not available to the public | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Rikard's transcript discusses highly sensitive, personal, and confidential information throughout. | None |
| Plaintiffs | **ECF 828-31, Ex. 26 (Transcript of Deposition of Annie Mae Smith)** | Discloses confidential and highly sensitive personal information that is not available to the public | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Smith's transcript discusses highly sensitive, personal, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| Defendants | ECF 828-32, Ex. 27 (Quest_MDL_0000516 – Service Agreement Between Quest and AMCA) | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight; data security; and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data.<br><br>Additionally, the document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout.<br><br>The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |
|---|---|---|---|---|---|

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.<br><br>Additionally, Defendants timely designated this document as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 828-33, Ex. 28 (OPTUM360_AMCA_0001963 – Assignment Letter from Quest to AMCA)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight; data security; and policies, practices, and | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, | None |

Case 2:19-md-02904-JKS-MAH    Document 847-6    Filed 01/20/26    Page 131 of 139
PageID: 39846
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 | procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data.<br><br>Additionally, the document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include | and confidential information throughout.<br><br>The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | |

Case 2:19-md-02904-JKS-MAH    Document 847-6    Filed 01/20/26    Page 132 of 139
PageID: 39847
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.<br><br>Additionally, Defendants timely designated this document as "Confidential" pursuant to the Confidentiality Order in this case. *See* ECF 98. | "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 828-34, Ex. 29 (QUEST_MDL_0018568 – Amendment to Service Agreement)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight; data security; and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout.<br><br>The document has been timely designated by a third party as "Confidential" or | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data.

Additionally, the document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial | "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | |

Case 2:19-md-02904-JKS-MAH    Document 847-6    Filed 01/20/26    Page 134 of 139
PageID: 39849
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | Additionally, Defendants timely designated this document as "Confidential" pursuant to the Confidentiality Order in this case. *See* ECF 98. | or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 828-35, Ex. 30 (GEMINI001 – Flash Alert – Online Medical Payment Breach)** | The document has been designated as "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | The document has been timely designated by a third party as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Case 2:19-md-02904-JKS-MAH    Document 847-6    Filed 01/20/26    Page 135 of 139
PageID: 39850
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | | The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 828-36, Ex. 31 (GEMINI004 – Flash Alert – AMCA Breach)** | The document has been designated as "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further | The document has been timely designated by a third party as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Case 2:19-md-02904-JKS-MAH    Document 847-6    Filed 01/20/26    Page 136 of 139
PageID: 39851
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 828-37, Ex. 32 (RMCB-AG_00000195 – CRA Forensic Analysis Report)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 828-38, Ex. 33 (QUEST_MDL_0025417; QUEST_MDL_0024318; QUEST_MDL_0024319 – Extract of Named Plaintiff Data Provided to AMCA)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting | The document discusses Defendants maintain that publicly disclosing the nature and contents of the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout.<br><br>The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. Additionally, Defendants timely designated this document as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. <br><br> Additionally, the document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, | | |

138

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|