Index Pursuant to L. Civ. R. 5.3(c)(3)

**Index B – Motion for Class Certification Other Labs Track (ECF 826, 830)**

| Designating Party | Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| **ECF 826 – Plaintiffs' Memorandum in Support of Motion to Certify in Other Labs Track** | | | | | |
| Plaintiffs & Defendants | **ECF 826 – Memorandum in Support of Motion Certify in Other Labs Track**<br><br>Specified Redaction to Pages 3-16, 20-22, 28-30, 32 and to Footnotes 51, 68, 69, 77, 82, 91, 104.<br><br>The specific proposed redactions to this document are reflected in the highlighted copy of the sealed document submitted to the Court concurrently with this filing. | Certain portions of this brief should be sealed consistent with the reasons supporting the sealing of the underlying materials articulated in this index.<br><br>Plaintiffs maintain certain portions disclose confidential and highly sensitive personal information of Plaintiffs that is not available to the public. | Defendants maintain that they would suffer irreparable harm if the information discussed below was disclosed.<br><br>Additionally, the brief discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial | The Parties agree that filing a redacted version of this brief is the least restrictive means available.<br><br>Additionally, the motion discusses information designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

|  |  |  | or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." |  |  |
|---|---|---|---|---|---|
| Plaintiff | **ECF 826-2, Ex. 1 (Declaration of Gwendolyn Anderson)** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Anderson's declaration discusses highly sensitive, personal, and confidential information throughout. | None |
| Plaintiff | **ECF 826-3, Ex. 2 (Declaration of Tonda Tate)** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Tate's | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | declaration discusses highly sensitive, personal, and confidential information throughout. | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-5, Ex. 4 (Declaration of Amy R. Worley)** | Worley's declaration relies upon, quotes, and or discusses at length numerous documents that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>The Worley Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business | The document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses | The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Case 2:19-md-02904-JKS-MAH    Document 847-7    Filed 01/20/26    Page 4 of 127
PageID: 39858
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc*., 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' | information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed."<br><br>Defendants maintain that publicly disclosing the nature and contents of the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | current business practices and confidential business relationships. | competitive advantage in the market and secure confidential information including patient data. | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-7, Ex. 6 (Transcript of Deposition of Christopher Reider)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; and the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout.<br><br>The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.<br><br>Additionally, Defendants timely designated this document as "Confidential" pursuant to the Confidentiality Order in this case. *See* ECF 98. *See* ECF 98. | competitive advantage in the market and secure confidential information including patient data.<br><br>Additionally, the document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-8, Ex. 7 (Transcript of Deposition of Tom Howley)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; and the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout.

The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.

Additionally, Defendants timely designated this document as "Confidential" pursuant to the Confidentiality Order in this case. *See* ECF 98. | Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data.

Additionally, the document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-9, Ex. 8 (SONIC PROD.0003152-0003203)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight; data security; and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Case 2:19-md-02904-JKS-MAH    Document 847-7    Filed 01/20/26    Page 10 of 127
PageID: 39864
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 826-10, Ex. 9 (SONIC PROD. 0005775)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to | Defendants maintain that publicly disclosing the nature and contents of data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal* | potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
|---|---|---|---|---|---|

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | *Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 826-11, Ex. 10 (Aurora First Admissions)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 826-12, Ex. 11 (SHUSA First Admissions)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data | Defendants maintain that no less restrictive alternative to the relief sought is available because the document | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) | security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | discusses Defendants' sensitive, proprietary, and confidential information throughout. | |

Case 2:19-md-02904-JKS-MAH    Document 847-7    Filed 01/20/26    Page 15 of 127
PageID: 39869
Index Pursuant to L. Civ. R. 5.3(c)(3)

|  |  | (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. |  |  |  |
| Defendants | **ECF 826-13, Ex. 12 (SONIC PROD. 0006774)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight; data security; and/or policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; and/or policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 826-14, Ex. 13 (SONIC PROD. 002192-2199)** | The document discusses Defendants' sensitive, proprietary, and/or | Defendants maintain that publicly disclosing the nature and contents of | Defendants maintain that no less restrictive alternative to the relief | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, | risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 826-15, Ex. 14 (SONIC PROD.000700-09)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. | poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 826-16, Ex. 15 (SONIC PROD. 000691)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 826-17, Ex. 16 (CPL First Admissions)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should | procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | and confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-18, Ex. 17 (AMCAPROD00663666)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Case 2:19-md-02904-JKS-MAH    Document 847-7    Filed 01/20/26    Page 24 of 127
PageID: 39878
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-19, Ex. 18 (AMCAPROD00664055)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Case 2:19-md-02904-JKS-MAH    Document 847-7    Filed 01/20/26    Page 25 of 127
PageID: 39879
Index Pursuant to L. Civ. R. 5.3(c)(3)

|  |  |  | risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." |  |  |
| Defendants | **ECF 826-20, Ex. 19 (AMCAPROD00664225)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  | could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." |  |  |
| Defendants | **ECF 826-21, Ex. 20 (SONIC PROD. 0010127)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This | of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
|---|---|---|---|---|---|

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-22, Ex. 21 (Transcript of Deposition of Lisa Ford)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; and the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout.

The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.

Additionally, Defendants timely designated this document as "Confidential" pursuant to the Confidentiality Order in this case. *See* ECF 98. | information to gain a competitive advantage in the market and secure confidential information including patient data.

Additionally, the document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-23, Ex. 22 (SONIC PROD. 0005815-16)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | |
| Defendants | **ECF 826-24, Ex. 23 (SONIC PROD. 0012596)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' | None |

31

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 826-24, Ex. 23 (SONIC PROD. 0012596)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' | None |

Case 2:19-md-02904-JKS-MAH    Document 847-7    Filed 01/20/26    Page 32 of 127
PageID: 39886
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation | practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | sensitive, proprietary, and confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-25, Ex. 24 (AMCAPROD00672763)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-26, Ex. 25 (AMCAPROD00672633)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Case 2:19-md-02904-JKS-MAH   Document 847-7   Filed 01/20/26   Page 35 of 127
PageID: 39889
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-27, Ex. 26 (AMCAPROD00672878)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | | disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 826-28, Ex. 27 (SONIC PROD. 0003403-0003404)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. | poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | |
| Defendants | **ECF 826-29, Ex. 28 (Transcript of Deposition of Carolyn Lange)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; and the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout.<br><br>The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Case 2:19-md-02904-JKS-MAH    Document 847-7    Filed 01/20/26    Page 39 of 127
PageID: 39893
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.<br><br>Additionally, Defendants timely designated this document as "Confidential" pursuant to the Confidentiality Order in this case. *See* ECF 98. | Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data.<br><br>Additionally, the document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, | | |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-30, Ex. 29 (Transcript of Deposition of Russell Fuchs)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Case 2:19-md-02904-JKS-MAH    Document 847-7    Filed 01/20/26    Page 41 of 127
PageID: 39895
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-31, Ex. 30 (AMCAPROD00046263-65)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | | contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 826-32, Ex. 31 (Transcript of Deposition of Julie Reynolds)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; and the content of | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; and the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout.

The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.

Additionally, Defendants timely designated this | criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data.

Additionally, the document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential | | |
|---|---|---|---|---|---|

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | document as "Confidential" pursuant to the Confidentiality Order in this case. *See* ECF 98. | Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-33, Ex. 32 (AMCAPROD00693755)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-34, Ex. 33 (AMCAPROD00663442)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | | The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 826-35, Ex. 34 (AMCAPROD00693995)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-36, Ex. 35 (AMCAPROD00694003)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-37, Ex. 36 (AMCAPROD00808620)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-38, Ex. 37 (AMCAPROD00663443)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-39, Ex. 38 (AMCAPROD00693756)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-40, Ex. 39 (AMCAPROD00693996)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | | sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 826-41, Ex. 40 (AMCAPROD00694004)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | | Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 826-42, Ex. 41 (AMCAPROD00808621)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 826-43, Ex. 42 (AMCAPROD00000814)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| --- | --- | --- | --- | --- | --- |
| Defendants | **ECF 826-44, Ex. 43 (AMCAPROD00001934)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-45, Ex. 44 (AMCAPROD00235217-20)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | | Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 826-46, Ex. 45 (AMCAPROD00235201-04)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | in this case. *See* ECF 98. | |
| Defendants | **ECF 826-47, Ex. 46 (Declaration of Mary T. Frantz)** | Throughout the declaration, Frantz discusses Defendants' sensitive, proprietary, and confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public | Defendants maintain that publicly disclosing the nature and contents of their commercial dealings with third-party vendors poses a substantial risk of harm to the Defendants' legitimate proprietary | Defendants maintain that no less restrictive alternative to the relief sought is available because Frantz's declaration discusses Defendants' highly sensitive, proprietary, and confidential | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | material discussed in the declaration discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessment or vendor oversight, as well as the content of collection files sent to third-party vendors, and reflects decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant | interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data.

Frantz discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated | information throughout.

Additionally, Frantz discusses information designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.<br><br>Additionally, Frantz's declaration relies upon, quotes, and describes at length materials that have been produced by third parties, that have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.  In addition, Frantz's declaration likewise relies upon, quotes, and describes materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by the Parties. | risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 826-48, Ex. 47 (Declaration of Sharon A. Anolik)** | Anolik's Declaration relies upon, quotes, and/or discusses at length materials that have been timely designated as "Confidential" | Anolik's Declaration discusses information designated as "Confidential" or "Highly Confidential – | The document discusses information or documents that have timely been designated by third- | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order in this case. *See* ECF 98.

Additionally, Anolik's Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or | Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed."

Defendants maintain that publicly disclosing the | parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.

Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | |

Case 2:19-md-02904-JKS-MAH    Document 847-7    Filed 01/20/26    Page 62 of 127
PageID: 39916
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | nature and contents of risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Case 2:19-md-02904-JKS-MAH    Document 847-7    Filed 01/20/26    Page 63 of 127
PageID: 39917
Index Pursuant to L. Civ. R. 5.3(c)(3)

| Defendants | ECF 826-49, Ex. 48 (SONIC PROD. 0011425-30) | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 826-50, Ex. 49 (SONIC PROD. 0012418-19)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive | Defendants maintain that publicly disclosing the nature and contents of data security communications and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding data security and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| Defendants | ECF 826-51, Ex. 50 (Transcript of Deposition of Barbara Senters) | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; and the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout.

The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |
|---|---|---|---|---|---|

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.

Additionally, Defendants timely designated this document as "Confidential" pursuant to the Confidentiality Order in this case. *See* ECF 98.

Additionally, the document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's

Case 2:19-md-02904-JKS-MAH    Document 847-7    Filed 01/20/26    Page 68 of 127
PageID: 39922
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-52, Ex. 51 (SONIC PROD. 0011301-02)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | confidential information including patient data. | | |
| --- | --- | --- | --- | --- | --- |
| Defendants | **ECF 826-53, Ex. 52 (SONIC PROD. 000407)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Case 2:19-md-02904-JKS-MAH    Document 847-7    Filed 01/20/26    Page 70 of 127
PageID: 39924
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those | reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-54, Ex. 53 (SONIC PROD. 001011-31)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 826-55, Ex. 54 (SONIC PROD. 0011666)** | The document discusses Defendants' sensitive, | Defendants maintain that publicly disclosing the | Defendants maintain that no less restrictive | None |

Case 2:19-md-02904-JKS-MAH    Document 847-7    Filed 01/20/26    Page 73 of 127
PageID: 39927
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private | nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 826-56, Ex. 55 (SONIC PROD. 000700-09)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 | efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 826-57, Ex. 56 (SONIC PROD. 0003409)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 826-58, Ex. 57 (SONIC PROD. 0010073)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might | was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
|---|---|---|---|---|---|

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 826-59, Ex. 58 (SONIC PROD. 000442–000450)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third- | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Case 2:19-md-02904-JKS-MAH    Document 847-7    Filed 01/20/26    Page 80 of 127
PageID: 39934
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 826-60, Ex. 59 (Transcript of Deposition of Jeffrey Wollman)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a | The document has been designated as "Confidential" or "Highly Confidential – | The document has been timely designated by a third party as | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | |
| Defendants | **ECF 826-61, Ex. 60 (Transcript of Deposition of Zachary Raxter)** | The document has been designated as "Confidential" or "Highly Confidential –" | The document has been designated as "Confidential" or | The document has been timely designated by a third | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | |
| Defendants | **ECF 826-62, Ex. 61 (RMCB-PRIV0002220)** | The document has been designated as "Confidential" | The document has been designated as | The document has been timely | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| Defendants | ECF 826-63, Ex. 62 (RMCB-PRIV0001244) | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

|  |  |  | business advantage if publicly disclosed." |  |  |
|---|---|---|---|---|---|
| Defendants | **ECF 826-64, Ex. 63 (AMCAPROD00149458)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-65, Ex. 64 (AMCAPROD00119499)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | | that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 826-66, Ex. 65 (RMCB-AG-00000002)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-67, Ex. 66 (MAG-RM00034893)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-68, Ex. 67 (RMCB-PRIV0000062)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-69, Ex. 68 (SONIC PROD. 0003251)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 826-70, Ex. 69 (SONIC PROD. 0003630)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information | Defendants maintain that publicly disclosing the nature and contents of data security and policies, practices, and procedures relating to | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding data security; and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 | data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | sensitive, proprietary, and confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 826-71, Ex. 70 (SONIC PROD. 0003317-19)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 826-72, Ex. 71 (SONIC PROD. 0000391)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation | practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | sensitive, proprietary, and confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| --- | --- | --- | --- | --- | --- |
| Defendants | **ECF 826-73, Ex. 72 (SONIC PROD. 0000394)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' | proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | current business practices and confidential business relationships. | | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-74, Ex. 73 (SONIC PROD. 0009802)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | confidential information including patient data. | | |
| Defendants | **ECF 826-76, Ex. 75 (SONIC PROD. 0007759)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and | third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
|---|---|---|---|---|---|

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-77, Ex. 76 (SONIC PROD. 0009595)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| Defendants | ECF 826-78, Ex. 77 (Expert Report of Jonathan F. Lee) | Lee's declaration has been designated as "Confidential" by Plaintiffs and discusses at length numerous documents that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties. *See* ECF No. 98. The Confidentiality Order defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed. | Disclosure of Lee's declaration implicates Plaintiffs' and putative class members' interest in privacy, and there is no public interest in the disclosure of this type of information.

Lee's declaration has been designated "Confidential" and includes extensive discussions of information designated as "Confidential" pursuant to the Confidentiality Order in this case. *See* ECF 98." | Defendants maintain that no less restrictive alternative to the relief sought is available because implicates Plaintiffs' and putative class members' interest in privacy, and there is no public interest in the disclosure of this type of information. | None |
| --- | --- | --- | --- | --- | --- |
| Plaintiffs | ECF 826-79, Ex. 78 (SONIC_Anderson_Gwendolyn_00001-04) | This document contains personal information of Plaintiff, including home address, which is sensitive and to which disclosure is unnecessary. | Disclosure of Plaintiff's personal information implicates Plaintiffs' and putative class members' interest in privacy, and there is no public interest in the disclosure of this type of information. | Plaintiffs maintain that redaction of Plaintiff's personal information is the least restrictive alternative. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| Plaintiffs | ECF 826-80, Ex. 79 (SONIC_Tonda_Tate_000 32) | This document contains personal information of Plaintiff, including home address, which is sensitive and to which disclosure is unnecessary. | Disclosure of Plaintiff's personal information implicates Plaintiffs' and putative class members' interest in privacy, and there is no public interest in the disclosure of this type of information. | Plaintiffs maintain that redaction of Plaintiff's personal information is the least restrictive alternative. | None |
|---|---|---|---|---|---|
| Defendants | **ECF 826-81, Ex. 80 (Witt Amended Declaration)**<br><br>Page 4<br>• From after "Tranche 1 includes" through "2025"<br>• From after "Tranche 2 includes" through "routing)." | Portions of Witt's Amended Report rely upon, quote, and or describe the underlying substance of Worley's Declaration, Worley's Supplemental Report, and Lee's Report, which Defendants are moving to seal in full. Therefore, certain portions of Witt's Amended Report should be sealed consistent with the reasons supporting the sealing of the Worley Declaration, Worley Supplemental Report, and Lee Report articulated in this index. | Defendants maintain that publicly disclosing the nature and contents of Worley's Declaration, Worley's Supplemental Report, and Lee's Report poses a substantial risk of irreparable harm to the Defendants for the reasons articulated in this index. | Defendants maintain that no less restrictive alternative to the relief sought is available. | None |
| Defendants | **ECF 826-82, Ex. 81 (SHUSA Third Admissions)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, | None |

Case 2:19-md-02904-JKS-MAH    Document 847-7    Filed 01/20/26    Page 105 of 127
PageID: 39959
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should | procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | and confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | |
| Defendants | **ECF 826-83, Ex. 82 (Aurora Third Admissions)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding | Defendants maintain that publicly disclosing the nature and contents of risks assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | risk assessments or vendor oversight; data security; policies, practices, and procedures relating to data security; the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices | competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Case 2:19-md-02904-JKS-MAH    Document 847-7    Filed 01/20/26    Page 108 of 127
PageID: 39962
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | and confidential business relationships. | | | |
| Defendants | **ECF 826-84, Ex. 83 (RMCB-AG-00001411-1414)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 826-85, Ex. 84 (Supplemental Report of Amy R. Worley)** | The Worley Supplemental Report discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are | **Defendants maintain that publicly disclosing the nature and contents of the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential** | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Case 2:19-md-02904-JKS-MAH    Document 847-7    Filed 01/20/26    Page 110 of 127
PageID: 39964
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | **information including patient data.** | | |
| --- | --- | --- | --- | --- | --- |
| **ECF 830 – Memorandum in Opposition to Motion to Certify in Other Labs Track** | | | | | |
| Plaintiffs & Defendants | **ECF 830 – Memorandum in Opposition to Motion to Certify in Other Labs Track**<br><br>Specified Redaction to Pages 10-16, 20-23, 33-34, 36-38, 42-49 and to Footnotes 5, 7, 9, 11, 14, 22, 24.<br><br>The specific proposed redactions to this document | Certain portions of this brief should be sealed consistent with the reasons supporting the sealing of the underlying materials articulated in this index.<br><br>Plaintiffs maintain certain portions disclose confidential and highly sensitive personal | Defendants maintain that they would suffer irreparable harm if the information discussed below was disclosed. Similarly, Defendants maintain that Tomasini, Prescient and District 4 Labs would suffer irreparable harm if the information discussed below was disclosed. | The Parties agree that filing a redacted version of this brief is the least restrictive means available.<br><br>Additionally, the motion discusses information designated as "Confidential" or | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | are reflected in the highlighted copy of the sealed document submitted to the Court concurrently with this filing. | information of Plaintiffs that is not available to the public. | Additionally, the brief discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's | "Highly Confidential-Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | | business advantage if publicly disclosed."<br><br>Plaintiffs maintain that if filed on the public docket without the proposed redactions, Plaintiffs would suffer clearly defined, substantial and specific harm, including but not limited to embarrassment, loss of privacy interests, and/or other irreparable harm should any of the confidential sensitive personal information be disclosed publicly. | | |
| Defendants | **ECF 830-2, Ex. 1 (Declaration of Lorin Hitt)** | The Hitt Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the Hitt Declaration discloses information pertaining to commercially sensitive information and business strategy that could harm | Defendants maintain that publicly disclosing the nature and contents of the content of collection collect files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive | Defendants maintain that no less restrictive alternative to the relief sought is available because the Hitt Declaration discusses Defendants' sensitive, proprietary, and confidential information throughout.<br><br>Defendants maintain that no less restrictive alternative to the relief | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices | positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data.

Defendants maintain that publicly disclosing the nature and contents of Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' legitimate proprietary interests and competitive positions. Tomasini, Prescient and District 4 Labs would suffer irreparable harm if third parties, including | sought is available because the material consists of Tomasini's, Prescient's, and District 4 Labs' confidential commercial information, along with Plaintiffs' personal identifying information and personal health information. | |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | and confidential business relationships.<br><br>The Hitt Declaration discusses sensitive, proprietary, and confidential information related to Matteo Tomasini's prior practice at non-party Prescient and current practice at non-party District 4 Labs LLC. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. Prescient's and District 4 Labs' ability to operate covertly on the dark web and effectively | competitors or criminal actors, obtained access to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market. | | |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | conduct dark web investigations using their proprietary methods is highly relevant to their current business practices.<br><br>Additionally, Defendants timely designated Hitt's declaration as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | | | |
| Defendants | **ECF 830-3, Ex. 2, (Declaration of Matteo Tomasini, Part 1 of 4)** | Tomasini's Declaration discusses sensitive, proprietary, and confidential information related to Matteo Tomasini's prior practice at non-party Prescient and current practice at non-party District 4 Labs LLC. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary | Defendants maintain that publicly disclosing the nature and contents of Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' legitimate proprietary interests and competitive positions. Tomasini, Prescient and District 4 Labs would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access | Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District 4 Labs' confidential commercial information, along with Plaintiffs' personal identifying information and personal health information.<br><br>The document discusses information or documents that have timely been | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. Prescient's and District 4 Labs' ability to operate covertly on the dark web and effectively conduct dark web investigations using their proprietary methods is highly relevant to their current business practices.

Additionally, Defendants timely designated Tomasini's declaration as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The document also relies upon, quotes, and/or describes materials that have been produced by third parties and have been designated by third parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market.

The document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, | designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | |
|---|---|---|---|---|

116

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | Further, Tomasini's declaration includes certain discussions of the information that Plaintiffs contend is private and sensitive. As this court has explained, the public has "no interest in personally identifying information." *See Bah*, 2021 WL 4272829, at *3. | referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 830-4, Ex. 2, (Declaration of Matteo Tomasini, Part 2 of 4)** | See above. | See above. | See above. | None |
| Defendants | **ECF 830-5, Ex. 2, (Declaration of Matteo Tomasini, Part 3 of 4)** | See above. | See above. | See above. | None |
| Defendants | **ECF 830-6, Ex. 2, (Declaration of Matteo Tomasini, Part 4 of 4)** | See above. | See above. | See above. | None |
| Defendants | **ECF 830-7, Ex. 3 (Declaration of Jeffrey Miller)** | Miller's Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc*., 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices | positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

|  |  | and confidential business relationships.<br><br>Additionally, Defendants timely designated Miller's declaration as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. |  |  |  |
|---|---|---|---|---|---|
| Plaintiffs | **ECF830-8, Ex. 4 (SONIC_Anderson_Gwen dolyn_00001-04)** | This document contains personal information of Plaintiff, including home address, which is sensitive and to which disclosure is unnecessary. | Disclosure of Plaintiff's personal information implicates Plaintiffs' and putative class members' interest in privacy, and there is no public interest in the disclosure of this type of information. | Plaintiffs maintain that redaction of Plaintiff's personal information is the least restrictive alternative. | None |
| Plaintiffs | **ECF 830-9, Ex. 5 (SONIC_Tate_Tonda_000 32)** | This document contains personal information of Plaintiff, including home address, which is sensitive and to which disclosure is unnecessary. | Disclosure of Plaintiff's personal information implicates Plaintiffs' and putative class members' interest in privacy, and there is no public interest in the disclosure of this type of information. | Plaintiffs maintain that redaction of Plaintiff's personal information is the least restrictive alternative. | None |
| Plaintiffs | **ECF 830-10, Ex. 6 (Transcript of Deposition of Tonda Tate)** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Tate's | None |

Case 2:19-md-02904-JKS-MAH     Document 847-7     Filed 01/20/26     Page 120 of 127
PageID: 39974
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | transcript discusses highly sensitive, personal, and confidential information throughout. | |
|---|---|---|---|---|---|
| Plaintiffs | **ECF 830-11, Ex. 7 (Transcript of Deposition of Gwendolyn Anderson)_** | Discloses confidential and highly sensitive personal information that is not available to the public. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Anderson's transcript discusses highly sensitive, personal, and confidential information throughout. | None |
| Defendants | **ECF 830-12, Ex. 8 (Transcript of Deposition of Mary T. Frantz)** | Frantz's deposition transcript has been designated as "Confidential" and discusses at length numerous documents that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order in this case. *See* ECF 98. | Frantz's deposition is designated "Confidential" and include extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | Frantz's deposition is designated "Confidential" and include extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight and data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight and data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

|  |  | strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. |  |  |  |
|---|---|---|---|---|---|
| Plaintiffs | **ECF 830-13, Ex. 9 (Petition for Bankruptcy of Gwendolyn Anderson)** | This document contains personal information of Plaintiff, including home address and financial information, which is highly sensitive and to which disclosure is unnecessary in this litigation. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Anderson's bankruptcy petition discusses highly sensitive, personal, and confidential information throughout. | None |
| Defendants | **ECF 830-14, Ex. 10 (Transcript of Deposition of Charles River Associates)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order | None |

122

Case 2:19-md-02904-JKS-MAH    Document 847-7    Filed 01/20/26    Page 123 of 127
PageID: 39977
**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | in this case. *See* ECF 98. | |
| Defendants | **ECF 830-15, Ex. 11 (SONIC PROD.0009059, 0009071)** | The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this | Defendants maintain that publicly disclosing the nature and contents of vendor oversight and the content of collection files sent to third-parties and/or reflecting the decision making as to | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding vendor oversight and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant | what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.<br><br>Further, this document includes certain information that Plaintiffs contend is private and sensitive. As this court has explained, the public has "no interest in personally identifying information." *See Bah*, 2021 WL 4272829, at *3. | | | |
|---|---|---|---|---|---|
| Plaintiffs | **ECF 830-16, Ex. 12 (SONIC_Tate_Tonda00043)** | This document contains personal information of Plaintiff, including home address, which is sensitive and to which disclosure is unnecessary. | Disclosure of Plaintiff's personal information implicates Plaintiffs' and putative class members' interest in privacy, and there is no public interest in the disclosure of this type of information. | Plaintiffs maintain that redaction of Plaintiff's personal information is the least restrictive alternative. | None |
| Plaintiffs | **ECF 830-17, Ex. 13 (SONIC_Tate_Tonda00037-39)** | This document contains personal information of Plaintiff, including home address and financial information, which is highly | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not | Plaintiffs maintain that no less restrictive alternative to the relief sought is available because Tate's | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | sensitive and to which disclosure is unnecessary in this litigation. | limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | financial record discusses highly sensitive, personal, and confidential information throughout. | |
|---|---|---|---|---|---|
| Plaintiffs | **ECF 830-18, Ex. 14 (Affidavit of Identity Theft for Tonda Tate)** | This document contains highly sensitive personally identifiable information to which disclosure is unnecessary in this litigation. | If filed on the public docket, Plaintiff would suffer a clearly defined, substantial and specific harm, including but not limited to, embarrassment, loss of privacy interest, and/or other irreparable harm should any of the confidential sensitive personal information be publicly disclosed. | Plaintiffs maintain that no less restrictive alternative to the relief sought is available given the highly sensitive information contained therein. | None |
| Defendants | **ECF 830-19, Ex. 15 (Transcript of Deposition of Jonathan F. Lee)** | This transcript has been designated as "Confidential" and discusses at length numerous documents that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order in this case. *See* ECF 98. | This transcript is designated "Confidential" and include extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case | None |

| | | | | |
|---|---|---|---|---|
| | | | Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | throughout. *See* ECF 98. | |