**Index Pursuant to L. Civ. R. 5.3(c)(3)**
**Index C – Plaintiffs' Omnibus Reply in Support of Class Certification (ECF 832)**

| Designating Party | Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| ECF 832 – Plaintiffs' Omnibus Reply in Support of Class Certification | | | | | |
| Plaintiffs & Defendants | **ECF 832 – Plaintiffs' Omnibus Reply in Support of Class Certification**<br><br>Specified Redactions to Pages i, 2, 11-23, 36-55, and 63 and to Footnotes 2, 8-12, and 31.<br><br>The specific proposed redactions to this document are reflected in the highlighted copy of the sealed document submitted to the Court concurrently with this filing. | Certain portions of this brief should be sealed consistent with the reasons supporting the sealing of the underlying materials articulated in this index. | Defendants maintain that they would suffer irreparable harm if the information discussed below was disclosed.<br><br>Additionally, the brief discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further | The Parties agree that filing a redacted version of this brief is the least restrictive means available.<br><br>Additionally, the brief discusses information designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 832-2 – Exhibit 62 – Tomasini Dep. Tr. Excerpts** | Tomasini's deposition transcript discusses sensitive, proprietary, and confidential information related to Matteo Tomasini's prior practice at non-party Prescient and current practice at non-party District 4 Labs LLC. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for | Defendants maintain that publicly disclosing the nature and contents of Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' legitimate proprietary interests and competitive positions. Tomasini, Prescient and District 4 Labs would suffer irreparable harm if | Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District 4 Labs' confidential commercial information, along with Plaintiffs' personal identifying information and personal health information.<br><br>The document discusses information or documents that have timely been designated by third-parties as "Confidential" or | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. Prescient's and District 4 Labs' ability to operate covertly on the dark web and effectively conduct dark web investigations using their proprietary methods is highly relevant to their current business practices.<br><br>Additionally, the deposition transcript relies upon, quotes, and/or describes materials that have been produced by third parties and have been designated by third parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Further, Tomasini's deposition transcript includes certain discussions of the information that Plaintiffs contend is private and sensitive. As this court has explained, the public has "no interest in personally identifying information." *See Bah*, 2021 WL 4272829, at *3. | third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market.<br><br>The document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential | "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. |

3

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 832-3 – Exhibit 63 – Declaration of Matthew Strebe** | Strebe discusses the declaration and testimony of Matteo Tomasini, a non-party, whose declaration has been designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. Throughout his declaration, Strebe also discusses numerous other documents and materials that have been designated as "Highly Confidential-Attorneys' Eyes Only" or "Confidential" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order.<br><br>Additionally, Strebe's declaration extensively | Defendants maintain that publicly disclosing the nature and contents of Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' legitimate proprietary interests and competitive positions. Tomasini, Prescient and District 4 Labs would suffer irreparable harm if third parties, including | Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District 4 Labs' confidential commercial information.<br><br>Strebe's declaration includes extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | discusses sensitive, proprietary, and confidential information from Tomasini's declaration. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. Prescient's and District 4 Labs' ability to operate covertly on the dark web and effectively conduct dark web investigations using their proprietary methods is highly relevant to their current business practices. | competitors or criminal actors, obtained access to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market.<br><br>Strebe's declaration includes extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | | |
| Defendants | **ECF 832-4 – Exhibit 64 – Frantz Reply Report** | In her reply, Frantz discusses the declaration and testimony of Matteo Tomasini, a non-party, whose declaration has been designated as "Highly Confidential – Attorneys' Eyes | Defendants maintain that publicly disclosing the nature and contents of Prescient's and District 4 Labs' confidential and | Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. Throughout her reply declaration, Frantz also discusses numerous other documents and materials that have been designated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order.<br><br>Additionally, Frantz's reply declaration discusses sensitive, proprietary, and confidential information from Tomasini's declaration. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL | proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' legitimate proprietary interests and competitive positions. Prescient and District 4 Labs would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market.<br><br>Frantz's reply includes extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order | Prescient's, and District 4 Labs' confidential commercial information.<br><br>Fratnz's reply includes extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. | in this case. *See* ECF 98. | | |
| Defendants | **ECF 832-5 – Exhibit 65 – Z. Raxter Dep. Tr. Excerpts** | It is our good-faith belief that Mr. Raxter's deposition is intended by AMCA, a third party, to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes' Only" pursuant to the Confidentiality Order in this case because his deposition discussed documents so designated. *See* ECF 98. | It is our good-faith belief that Mr. Raxter's deposition is intended by AMCA, a third party, to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes' Only" pursuant to the Confidentiality Order in this case because his deposition discussed documents so designated. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, | It is our good-faith belief that Mr. Raxter's deposition is intended by AMCA, a third party, to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes' Only" pursuant to the Confidentiality Order in this case because his deposition discussed documents so designated. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | | referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 832-6 – Exhibit 66 – CRA Dep. Tr. (Bill Hardin) Excerpts** | It is our good-faith belief that Mr. Hardin's deposition is intended by CRA, a third party, to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes' Only" pursuant to the Confidentiality Order in this case because his deposition discussed documents so designated. *See* ECF 98. | It is our good-faith belief that Mr. Raxter's deposition is intended by AMCA, a third party, to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes' Only" pursuant to the Confidentiality Order in this case because his deposition discussed documents so designated. *See* ECF 98.  The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing | It is our good-faith belief that Mr. Raxter's deposition is intended by AMCA, a third party, to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes' Only" pursuant to the Confidentiality Order in this case because his deposition discussed documents so designated. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

|  |  |  | substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." |  |  |
|---|---|---|---|---|---|
| Defendants | **ECF 832-7 – Exhibit 67 – CRA Dep. Ex. 13 (CRA7067)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 832-8 – Exhibit 68 – EP_009055** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by EndPoint, a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by EndPoint, a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly | The document has been timely designated by EndPoint, a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

|  |  |  | sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." |  |  |
|---|---|---|---|---|---|
| Defendants | **ECF 832-9 – Exhibit 69 – RMCB-AG-00001526** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by EndPoint, a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by EndPoint, a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include | The document has been timely designated by EndPoint, a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 832-10 – Exhibit 70 – Tomasini Dep. Ex. 12 (RMCB-AG-0000085)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Conformance, a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Conformance, a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly | The document has been timely designated by Conformance, a third party, as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 832-11 – Exhibit 71 – Gemini Dep. Tr. (Barysevich) Excerpts** | Gemini Advisory, a non-party, has timely designated the transcript of its 30(b)(6) deposition as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | Gemini Advisory, a non-party, has timely designated this excerpt of its 30(b)(6) deposition as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the | Gemini Advisory, a non-party, has timely designated this excerpt of its 30(b)(6) deposition as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | |
|---|---|---|---|---|---|
| Defendants | **ECF 832-12 – Exhibit 72 – Gemini Dep. Exhibit 6 (GEMINI013)** | Gemini Advisory, a non-party, has timely designated this document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. Although Defendants take no position on whether this material should be sealed, in consideration of Gemini Advisory's interests, Defendants move to seal this exhibit. | Gemini Advisory, a non-party, has timely designated this document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing | Gemini Advisory, a non-party, has timely designated this document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing | None |

14

Case 2:19-md-02904-JKS-MAH    Document 847-8    Filed 01/20/26    Page 15 of 33
PageID: 39996
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | substantial commercial or competitive harm." Although Defendants take no position on whether this material should be sealed, in consideration of Gemini Advisory's interests, Defendants move to seal this exhibit. | substantial commercial or competitive harm." Although Defendants take no position on whether this material should be sealed, in consideration of Gemini Advisory's interests, Defendants move to seal this exhibit. | |
| Defendants | **ECF 832-13 – Exhibit 73 – Gemini Dep. Exhibit 8 (GEMINI004)** | Gemini Advisory, a non-party, has timely designated this document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. Although Defendants take no position on whether this material should be sealed, in consideration of Gemini Advisory's interests, Defendants move to seal this exhibit. | Gemini Advisory, a non-party, has timely designated this document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | Gemini Advisory, a non-party, has timely designated this document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| Defendants | ECF 832-14 – Exhibit 74 – Mahon Dep. Ex. 4 (LC0158530) | The document discusses Defendant Labcorp's sensitive, proprietary, and/or confidential information. Defendant's interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendant's business if publicly disclosed because it relates to Defendant's confidential and proprietary business decisions regarding risk assessments or vendor oversight, data security, policies practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL | Defendant Labcorp maintains that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, policies practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendant's legitimate proprietary interests and competitive positions. Defendant would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendant relies on this information to gain a competitive advantage in the market and secure confidential | Defendant maintains that no less restrictive alternative to the relief sought is available because the document discusses Defendant's sensitive, proprietary, and confidential information throughout.

Additionally, this document has been designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | None |
|---|---|---|---|---|---|

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendant should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendant]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendant's current business practices and confidential business relationships. | information including patient data.<br><br>This document has been designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | | |
| Defendants | **ECF 832-15 – Exhibit 75 – Mahon Dep. Ex. 5 (LC0158535)** | The document discusses Defendant Labcorp's sensitive, proprietary, and/or confidential information. Defendant's interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business | Defendant Labcorp maintains that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, policies practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision | Defendant maintains that no less restrictive alternative to the relief sought is available because the document discusses Defendant's sensitive, proprietary, and confidential information throughout.<br><br>Additionally, this document has been designated "Highly | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | strategy that could harm Defendant's business if publicly disclosed because it relates to Defendant's confidential and proprietary business decisions regarding risk assessments or vendor oversight, data security, policies practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendant should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendant]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to | making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendant's legitimate proprietary interests and competitive positions. Defendant would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendant relies on this information to gain a competitive advantage in the market and secure confidential information including patient data.<br><br>This document has been designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – | Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | |
|---|---|---|---|---|

18

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | Defendant's current business practices and confidential business relationships. | Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 832-16 – Exhibit 76 – Mahon Dep. Ex. 9 (LC0158580)** | The document discusses Defendant Labcorp's sensitive, proprietary, and/or confidential information. Defendant's interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendant's business if publicly disclosed because it relates to Defendant's confidential and proprietary business decisions regarding risk assessments or vendor oversight, data security, policies practices, and procedures relating to data security, and the content of collection files sent to third- | Defendant Labcorp maintains that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, policies practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendant's legitimate proprietary interests and competitive positions. Defendant would suffer irreparable harm if | Defendant maintains that no less restrictive alternative to the relief sought is available because the document discusses Defendant's sensitive, proprietary, and confidential information throughout.

Additionally, this document has been designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly | None |

Case 2:19-md-02904-JKS-MAH    Document 847-8    Filed 01/20/26    Page 20 of 33
PageID: 40001
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendant should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendant]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendant's current business practices and confidential business relationships. | third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendant relies on this information to gain a competitive advantage in the market and secure confidential information including patient data.<br><br>This document has been designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| Defendants | ECF 832-17 – Exhibit 77 – CRA Dep. Ex. 19 (CRA007334) | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Charles River Associates, a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Charles River Associates, a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business | The document has been timely designated by Charles River Associates, a third party, as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | | advantage if publicly disclosed." | | |
| Defendants | **ECF 832-18 – Exhibit 78 – Tomasini Dep. Ex. 7** | This exhibit is part of Tomasini's declaration and accompanying exhibits, as well as referred to in his deposition which has been designated Confidential.  The document also discusses sensitive, proprietary, and confidential information related to his prior practice at non-party Prescient and current practice at non-party District 4 Labs LLC. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. Prescient's and District 4 Labs' ability to operate covertly on | Defendants maintain that publicly disclosing the nature and contents of Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' legitimate proprietary interests and competitive positions. Tomasini, Prescient and District 4 Labs would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market. | Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District 4 Labs' confidential commercial information, along with Plaintiffs' personal identifying information and personal health information. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | the dark web and effectively conduct dark web investigations using their proprietary methods is highly relevant to their current business practices.<br><br>Further, the document includes certain discussions of the information that Plaintiffs contend is private and sensitive. As this court has explained, the public has "no interest in personally identifying information." *See Bah*, 2021 WL 4272829, at *3. | | | |
| Defendants | **ECF 832-19 – Exhibit 79 – Tomasini Dep. Ex. 22** | This exhibit is part of Tomasini's declaration and accompanying exhibits, as well as referred to in his deposition which has been designated Confidential. The document also discusses sensitive, proprietary, and confidential information related to his prior practice at non-party Prescient and current practice at non-party District 4 Labs LLC. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and | Defendants maintain that publicly disclosing the nature and contents of Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' legitimate proprietary interests and competitive positions. Tomasini, Prescient and District 4 Labs would suffer | Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District 4 Labs' confidential commercial information, along with Plaintiffs' personal identifying information and personal health information. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. Prescient's and District 4 Labs' ability to operate covertly on the dark web and effectively conduct dark web investigations using their proprietary methods is highly relevant to their current business practices.

Further, the document includes certain discussions of the information that Plaintiffs contend is private and sensitive. As this court has explained, the public has "no interest in personally identifying information." *See Bah*, 2021 WL 4272829, at *3. | irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market. | | |
|---|---|---|---|---|
| Defendants | **ECF 832-20 – Exhibit 80 – Tomasini Dep. Tr. Excerpts** | Tomasini's deposition discusses sensitive, proprietary, and confidential information related to his prior practice at non-party Prescient and current practice at non-party District 4 Labs LLC. | Defendants maintain that publicly disclosing the nature and contents of Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary | Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. Prescient's and District 4 Labs' ability to operate covertly on the dark web and effectively conduct dark web investigations using their proprietary methods is highly relevant to their current business practices.<br><br>Additionally, Defendants timely designated Tomasini's declaration as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. Tomasini's declaration also discusses at | methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' legitimate proprietary interests and competitive positions. Tomasini, Prescient and District 4 Labs would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market.<br><br>Tomasini's deposition has been designated "Highly Confidential – Attorneys' Eyes Only" and includes extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the | 4 Labs' confidential commercial information, along with Plaintiffs' personal identifying information and personal health information.<br><br>Tomasini's deposition has been designated "Highly Confidential-Attorneys' Eyes Only" and includes extensive discussions of information designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

|  |  | length numerous documents that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Further, Tomasini's declaration includes certain discussions of the information that Plaintiffs contend is private and sensitive. As this court has explained, the public has "no interest in personally identifying information." *See Bah*, 2021 WL 4272829, at *3. | Confidentiality Order in this case. *See* ECF 98. |  |  |
|  |  |  |  |  |  |
| Defendants | **ECF 832-21 – Exhibit 81 – Worley Reply Report** | The Worley Reply Report discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it | Defendants maintain that publicly disclosing the nature and contents of the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" Bah v. Apple Inc., 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." Royal Mile Co. v. UPMC, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 832-22 – Exhibit 82 – Anolik Reply Report** | Anolik's Reply Report discusses Defendants' sensitive, proprietary, and/or | Defendants maintain that publicly disclosing the nature and contents | Defendants maintain that no less restrictive alternative to the relief | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor security, data security, and the policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" Bah v. Apple Inc., 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." Royal | of risk assessments or vendor security, data security, and the policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | Mile Co. v. UPMC, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 832-23 – Exhibit 83 – Lee Reply Report** | Lee's reply report has been designated as "Confidential" by Plaintiffs and discusses at length numerous documents that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties. *See* ECF No. 98. The Confidentiality Order defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed. | Disclosure of Lee's reply report implicates Plaintiffs' and putative class members' interest in privacy, and there is no public interest in the disclosure of this type of information.\n\nLee's reply report has been designated "Confidential" and includes extensive discussions of information designated as "Confidential" pursuant to the Confidentiality Order in this case. *See* ECF 98." | Defendants maintain that no less restrictive alternative to the relief sought is available because Lee's reply report implicates Plaintiffs' and putative class members' interest in privacy, and there is no public interest in the disclosure of this type of information. | None |
| Defendants | **ECF 832-24 – Exhibit 84 – Hitt Declaration with Appendices** | The Hitt Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public | Defendants maintain that publicly disclosing the nature and contents of the content of collection collect files sent to third-parties and/or reflecting the decision making as to | Defendants maintain that no less restrictive alternative to the relief sought is available because the Hitt Declaration discusses Defendants' sensitive, proprietary, and | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | material discussed in the Hitt Declaration discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information | what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data.

Defendants maintain that publicly disclosing the nature and contents of Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark | confidential information throughout.

Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District 4 Labs' confidential commercial information, along with Plaintiffs' personal identifying information and personal health information. | |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | remains highly relevant to Defendants' current business practices and confidential business relationships. The Hitt Declaration discusses sensitive, proprietary, and confidential information related to Matteo Tomasini's prior practice at non-party Prescient and current practice at non-party District 4 Labs LLC. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. Prescient's and District 4 Labs' ability to operate covertly on the dark web and effectively conduct dark web investigations using their proprietary methods is highly | web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' legitimate proprietary interests and competitive positions. Tomasini, Prescient and District 4 Labs would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | relevant to their current business practices.

Additionally, Defendants timely designated Hitt's declaration as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | | | |
|---|---|---|---|---|---|
| Defendants | **ECF 832-25 – Exhibit 85 – Miller Declaration** | Miller's Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security. "[I]t is well established that the | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" Bah v. Apple Inc., 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." Royal Mile Co. v. UPMC, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.<br><br>Additionally, Defendants timely designated Miller's declaration as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. _See_ ECF 98. | competitive advantage in the market and secure confidential information including patient data. | | |