Index Pursuant to L. Civ. R. 5.3(c)(3)
Index D – Motion to Exclude Miller (ECF 834, 840, 843)

| Designating Party | Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
|  | ECF 834 – Memorandum in Support of Plaintiffs' Motion to Strike Jeff Miller | | | | |
| Defendants | **ECF 834 – Memorandum in Support of Motion to Strike Jeff Miller** <br><br> Specified Redactions to Pages 1–10. <br><br> The specific proposed redactions to this document are reflected in the highlighted copy of the sealed document submitted to the Court concurrently with this filing. | Certain portions of this brief should be sealed consistent with the reasons supporting the sealing of the underlying materials articulated in this index. | Defendants maintain that they would suffer irreparable harm if the information discussed above was disclosed. <br><br> Additionally, the Memorandum discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing | Defendants maintain that no less restrictive alternative to the relief sought is available. <br><br> Additionally, the Memorandum discusses information designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further | None |

1

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | substantial commercial or competitive harm." | defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | |
|---|---|---|---|---|---|
| Defendants | **ECF 834-2 – Exhibit 1 – Anolik Declaration** | Anolik's Declaration relies upon, quotes, and/or discusses at length materials that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Additionally, Anolik's Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public | Anolik's Declaration discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial | The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and | or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed."

Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the | | |

3

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 834-3 – Exhibit 2 – Miller Declaration** | Miller's Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

4

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | confidential and proprietary business decisions regarding risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" Bah v. Apple Inc., 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." Royal Mile Co. v. UPMC, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.<br><br>Additionally, Defendants timely designated Miller's | criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

5

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | declaration as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | | | |
| Defendants | ECF 834-4 – Exhibit 3 – Anolik Reply Report | Anolik's Reply Report discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor security, data security, and the policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor security, data security, and the policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

6

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | interest.'" Bah v. Apple Inc., 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." Royal Mile Co. v. UPMC, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 834-5 – Exhibit 4 – Miller Deposition Transcript** | Miller's Deposition discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

7

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. | suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| | ECF 840 – Defendants' Opposition to Motion to Strike Miller | | | | |
| Defendants | **ECF 840 – Defendants' Opposition to Motion to Strike Miller**<br><br>Specified Redactions to Pages 1–14 and to Footnote 1.<br><br>The specific proposed redactions to this document are reflected in the highlighted copy of the sealed document submitted to the Court concurrently with this filing. | Certain portions of this brief should be sealed consistent with the reasons supporting the sealing of the underlying materials articulated in this index. | Defendants maintain that they would suffer irreparable harm if the information discussed above was disclosed.<br><br>Additionally, the brief discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing | Defendants maintain that no less restrictive alternative to the relief sought is available.<br><br>Additionally, the opposition discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. | None |

9

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | | substantial commercial or competitive harm." | | |
| Defendants | ECF 840-2 – Exhibit 1 – Anolik Declaration | Anolik's Declaration relies upon, quotes, and/or discusses at length materials that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Additionally, Anolik's Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding | Anolik's Declaration discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information | The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

10

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | |
|---|---|---|---|
| risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" Bah v. Apple Inc., 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." Royal Mile Co. v. UPMC, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices | that could do harm to a party's or non-party's business advantage if publicly disclosed."

Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as | | |

11

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | and confidential business relationships. | Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 840-3 – Exhibit 2 – Anolik Deposition Transcript** | Anolik's Deposition discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" Bah v. Apple Inc., 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." Royal Mile Co. v. UPMC, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 840-4 – Exhibit 3 – Miller Declaration** | Miller's Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, | None |

13

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" Bah v. Apple Inc., 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." Royal Mile Co. v. UPMC, 2014 | data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data | and confidential information throughout. | |

14

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. Additionally, Defendants timely designated Miller's declaration as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | | | |
| Defendants | **ECF 840-5 – Exhibit 4 – Miller Deposition Transcript** | Miller's Deposition discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

15

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices | confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

16

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | and confidential business relationships. | | | |
| ECF 843 – Plaintiffs' Reply in Support of Motion to Strike Miller | | | | | |
| Defendants | **ECF 843 – Plaintiffs' Reply in Support of Motion to Strike Miller**<br><br>Specified Redactions to Pages 1–11 and to Footnotes 2 and 5.<br><br>The specific proposed redactions to this document are reflected in the highlighted copy of the sealed document submitted to the Court concurrently with this filing. | Certain portions of this brief should be sealed consistent with the reasons supporting the sealing of the underlying materials articulated in this index. | Defendants maintain that they would suffer irreparable harm if the information discussed above was disclosed.<br><br>Additionally, the Memorandum discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | Defendants maintain that no less restrictive alternative to the relief sought is available.<br><br>Additionally, the Memorandum discusses information designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses | None |

17

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | | | information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | |

18