**Index Pursuant to L. Civ. R. 5.3(c)(3)**
**Index F – Motion to Exclude Plaintiffs' Experts (ECF 838, 841, 842)**

| Designating Party | Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | ECF 838 – Memorandum in Support of Motion to Strike Plaintiffs' Experts | | | |
| Defendants | **ECF 838 – Memorandum in Support of Motion to Strike Plaintiffs' Experts**<br><br>Specified Redactions to Pages i–ii, 2–4, 7–42, and 44–58 and to Footnotes 3–7, 9–21, 23, 25, and 27–28.<br><br>The specific proposed redactions to this document are reflected in the highlighted copy of the sealed document submitted to the Court concurrently with this filing. | Certain portions of this brief should be sealed consistent with the reasons supporting the sealing of the underlying materials articulated in this index. | Defendants maintain that they would suffer irreparable harm if the information discussed below was disclosed. Similarly, Defendants maintain that Tomasini, Prescient and District 4 Labs would suffer irreparable harm if the information discussed below was disclosed.<br><br>Additionally, the brief discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential | Defendants maintain that no less restrictive alternative to the relief sought is available.<br><br>Additionally, the brief discusses information designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  | Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." |  |  |
| Defendants | **ECF 838-2 – Exhibit 1 – Declaration of Mary T. Frantz** | Throughout the declaration, Frantz discusses Defendants' sensitive, proprietary, and confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the declaration discloses information pertaining to commercially sensitive information and business | Defendants maintain that publicly disclosing the nature and contents of their commercial dealings with third-party vendors poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, | Defendants maintain that no less restrictive alternative to the relief sought is available because Frantz's declaration discusses Defendants' highly sensitive, proprietary, and confidential information throughout.

Additionally, Frantz discusses information designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessment or vendor oversight, as well as the content of collection files sent to third-party vendors, and reflects decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly | including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data.

Frantz discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential | Eyes Only" pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

|  |  | relevant to Defendants' current business practices and confidential business relationships.<br><br>Additionally, Frantz's declaration relies upon, quotes, and describes at length materials that have been produced by third parties, that have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.  In addition, Frantz's declaration likewise relies upon, quotes, and describes materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by the Parties. | Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." |  |  |
| Defendants | **ECF 838-3 – Exhibit 2 – Frantz Reply Report** | In her reply, Frantz discusses the declaration and testimony of Matteo Tomasini, a non-party, whose declaration has been designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. Throughout her reply declaration, Frantz also | Defendants maintain that publicly disclosing the nature and contents of Prescient's and District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, | Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District 4 Labs' confidential commercial information.<br><br>Fratnz's reply includes extensive discussions of information designated as | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | discusses numerous other documents and materials that have been designated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order.<br><br>Additionally, Frantz's reply declaration discusses sensitive, proprietary, and confidential information from Tomasini's declaration. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. | and District 4 Labs' legitimate proprietary interests and competitive positions. Prescient and District 4 Labs would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market.<br><br>Frantz's reply includes extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| Defendants | ECF 838-4 – Exhibit 3 – Frantz Deposition Transcript | Frantz's deposition transcript has been designated as "Confidential" and discusses at length numerous documents that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight and data security. | Frantz's deposition is designated "Confidential" and includes extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight and data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure | Frantz's deposition is designated "Confidential" and includes extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

6

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | confidential information including patient data. | | |
| Defendants | **ECF 838-5 – Exhibit 4 – Worley Declaration** | Worley's declaration relies upon, quotes, and or discusses at length numerous documents that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the | The document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order | The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | Confidentiality Order in this case. *See* ECF 98.<br><br>The Worley Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, | defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed."<br><br>Defendants maintain that publicly disclosing the nature and contents of the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 838-6 – Exhibit 5 – Worley Supplemental Report** | The Worley Supplemental Report discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to | Defendants maintain that publicly disclosing the nature and contents of the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly | to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

|  |  | relevant to Defendants' current business practices and confidential business relationships. |  |  |  |
|---|---|---|---|---|---|
| Defendants | **ECF 838-7 – Exhibit 6 – Worley Reply Report** | The Worley Reply Report discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private | Defendants maintain that publicly disclosing the nature and contents of the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | | |
| Defendants | **ECF 838-8 – Exhibit 7 – Worley Deposition Transcript** | The Worley deposition relies upon, quotes, and/or describes materials that have been produced by third parties and have been designated by third parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>The Worley deposition discusses Defendants' sensitive, proprietary, and/or confidential information. | The Worley deposition discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential | The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and | Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed."<br><br>Defendants maintain that publicly disclosing the nature and contents of the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' | confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 838-9 – Exhibit 8 – Witt Amended Report**<br><br>Page 4<br>• From after "Tranche 1 includes" through "2025"<br>• From after "Tranche 2 includes" through "routing)." | Portions of Witt's Amended Report rely upon, quote, and or describe the underlying substance of Worley's Declaration, Worley's Supplemental Report, and Lee's Report, which Defendants are moving to seal in full. Therefore, certain portions of Witt's Amended Report should be sealed consistent with the reasons supporting the sealing of the Worley Declaration, Worley Supplemental Report, and Lee Report articulated in this index. | Defendants maintain that publicly disclosing the nature and contents of Worley's Declaration, Worley's Supplemental Report, and Lee's Report poses a substantial risk of irreparable harm to the Defendants for the reasons articulated in this index. | Defendants maintain that no less restrictive alternative to the relief sought is available. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| Defendants | ECF 838-10 – Exhibit 9 – Witt Deposition Transcript<br><br>86:25–87:7; 96:13–17; 107:7–9; 109:17–19; 110:20–23; 111:9–11; 119:6–8; 128:8–9,18–20; 128:24–129:2; 129:4–5; 129:14–15, 22–23; 132:9–14, 18–19; 132:24–133:6; 133:15–16; 135:4; 136:8–12; 136:15–20; 137:9–12,19–21, 24; 138:5–6, 8–9, 14–19; 139:11–17, 20–22; 140:2–9; 144:2–10; 146:4–7, 9–10, 16–19; 148:2–8, 18–24; 149:8–9, 11–15; 214:17; 226:3–4, 10–11, 17; 227:3–23, 228:3–4, 10–14, 19–23; 229:2–4, 6; 230:3, 9, 16–17; 232:5–7, 11–12, 21, 24; 233:2–5, 10–13, 235:8–9, 11–15; 235:23–236:2; 236:4–7, 14–15, 23–25; 237:7–10; 238:14 | Portions of Witt's Deposition Transcript rely upon, quote, and or describe the underlying substance of Worley's Declaration, Worley's Supplemental Report, and Lee's Report, which Defendants are moving to seal in full. Therefore, certain portions of Witt's Deposition Transcript should be sealed consistent with the reasons supporting the sealing of the Worley Declaration, Worley Supplemental Report, and Lee Report articulated in this index. | Defendants maintain that publicly disclosing the nature and contents of Worley's Declaration, Worley's Supplemental Report, and Lee's Report poses a substantial risk of irreparable harm to the Defendants for the reasons articulated in this index. | Defendants maintain that no less restrictive alternative to the relief sought is available. | None |
| Defendants | ECF 838-11 – Exhibit 10 – Anolik Declaration | Anolik's Declaration relies upon, quotes, and/or discusses at length materials that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Additionally, Anolik's Declaration discusses | Anolik's Declaration discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" | The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Defendants maintain that no less restrictive alternative to the relief sought is available because the document | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, | information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed."<br><br>Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or | discusses Defendants' sensitive, proprietary, and confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 838-12 – Exhibit 11 – Anolik Reply Report** | Anolik's Reply Report discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor security, data security, and the policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Case 2:19-md-02904-JKS-MAH    Document 847-11    Filed 01/20/26    Page 18 of 64
PageID: 40090
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor security, data security, and the policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices | interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | and confidential business relationships. | | | |
|---|---|---|---|---|---|
| Defendants | **ECF 838-13 – Exhibit 12 – Anolik Deposition Transcript** | Anolik's Deposition discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | confidential information including patient data. | | |
| Defendants | **ECF 838-14 – Exhibit 13 – Tomasini Declaration** | Tomasini's Declaration discusses sensitive, proprietary, and confidential information related to Matteo Tomasini's prior practice at non-party Prescient and current practice at non-party District 4 Labs LLC. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This | Defendants maintain that publicly disclosing the nature and contents of Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' | Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District 4 Labs' confidential commercial information, along with Plaintiffs' personal identifying information and personal health information. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. Prescient's and District 4 Labs' ability to operate covertly on the dark web and effectively conduct dark web investigations using their proprietary methods is highly relevant to their current business practices.

Additionally, Defendants timely designated Tomasini's declaration as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The document also relies upon, quotes, and/or describes materials that have been | legitimate proprietary interests and competitive positions. Tomasini, Prescient and District 4 Labs would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market.

The document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing | The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | |

21

Index Pursuant to L. Civ. R. 5.3(c)(3)

|  |  | produced by third parties and have been designated by third parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Further, Tomasini's declaration includes certain discussions of the information that Plaintiffs contend is private and sensitive. As this court has explained, the public has "no interest in personally identifying information." *See Bah*, 2021 WL 4272829, at *3. | substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." |  |  |
| Defendants | **ECF 838-15 – Exhibit 14 – Tomasini Declaration Appx. 3** | Defendants timely designated Tomasini's declaration, including its appendices, as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. Appendix 3 also relies upon, quotes, and/or describes materials that have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the | The document discusses information or documents that have timely been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | Further, Appendix 3 includes certain discussions of the information that Plaintiffs contend is private and sensitive. As this court has explained, the public has "no interest in personally identifying information." *See Bah*, 2021 WL 4272829, at *3. | disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | |
| Defendants | **ECF 838-16 – Exhibit 15 – Tomasini Declaration Appx. 4** | Defendants timely designated Tomasini's declaration, including its appendices, as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. Appendix 3 also relies upon, quotes, and/or describes materials that have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which | The document discusses information or documents that have timely been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District 4 Labs' confidential commercial | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | The document discusses sensitive, proprietary, and confidential information related to Matteo Tomasini's prior practice at non-party Prescient and current practice at non-party District 4 Labs LLC. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. Prescient's and District 4 Labs' ability to operate covertly on the dark web and effectively conduct dark web investigations using their proprietary methods is highly relevant to their current business practices. | could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed."

Defendants maintain that publicly disclosing the nature and contents of Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' legitimate proprietary interests and competitive positions. Tomasini, Prescient and | information, along with Plaintiffs' personal identifying information and personal health information. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | District 4 Labs would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market. | | |
| Defendants | **ECF 838-17 – Exhibit 16 – Hitt Declaration with Appendices** | The Hitt Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the Hitt Declaration discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to | Defendants maintain that publicly disclosing the nature and contents of the content of collection collect files sent to third-parties and/or reflecting the decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as | Defendants maintain that no less restrictive alternative to the relief sought is available because the Hitt Declaration discusses Defendants' sensitive, proprietary, and confidential information throughout.

Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District 4 Labs' confidential commercial information, along with Plaintiffs' personal identifying information and personal health information. | None |

Case 2:19-md-02904-JKS-MAH     Document 847-11     Filed 01/20/26     Page 26 of 64
PageID: 40098
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.

The Hitt Declaration discusses sensitive, proprietary, and confidential information related to Matteo Tomasini's prior practice at non-party Prescient and current practice at non-party District | Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data.

Defendants maintain that publicly disclosing the nature and contents of Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' legitimate proprietary interests and competitive positions. Tomasini, Prescient and District 4 Labs would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | 4 Labs LLC. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. Prescient's and District 4 Labs' ability to operate covertly on the dark web and effectively conduct dark web investigations using their proprietary methods is highly relevant to their current business practices.<br><br>Additionally, Defendants timely designated Hitt's declaration as "Highly Confidential – Attorneys' Eyes Only" pursuant to the | | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | Confidentiality Order in this case. *See* ECF 98. | | | |
| Defendants | **ECF 838-18 – Exhibit 17 – Miller Declaration** | Miller's Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, and policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  | (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.<br><br>Additionally, Defendants timely designated Miller's declaration as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. |  |  |  |
| Defendants | **ECF 838-19 – Exhibit 18 – Gemini Dep. Tr. (Barysevich)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | | defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 838-20 – Exhibit 19 – CRA Dep. Tr. (Bill Hardin)** | It is our good-faith belief that Mr. Hardin's deposition is intended by CRA, a third party, to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes' Only" pursuant to the Confidentiality Order in this case because his deposition | It is our good-faith belief that the document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* | It is our good-faith belief that the document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | discussed documents so designated. *See* ECF 98. | ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 838-21 – Exhibit 20 – David Myers 30(b)(1) Dep. Tr.** | The document discusses Defendant Labcorp's sensitive, proprietary, and/or confidential information. Defendant's interest in protecting this information far outweighs any public interest in access to this | Defendant Labcorp maintains that publicly disclosing the nature and contents of risk assessments or vendor oversight, data security, policies practices, and procedures relating to | Defendant maintains that no less restrictive alternative to the relief sought is available because the document discusses Defendant's sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendant's business if publicly disclosed because it relates to Defendant's confidential and proprietary business decisions regarding risk assessments or vendor oversight, data security, policies practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendant should be "permitted to seal material that concerns business[] strategies and | data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendant's legitimate proprietary interests and competitive positions. Defendant would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendant relies on this information to gain a competitive advantage in the market and secure confidential information including patient data.<br><br>This transcript has been designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | Additionally, this transcript has been designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | competitive tactics if those strategies remain relevant today and their release might injure [Defendant]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendant's current business practices and confidential business relationships. | The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | | |
| --- | --- | --- | --- | --- | --- |
| Defendants | **ECF 838-22 – Exhibit 21 – RMCB-AG-00000002** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

|  |  |  | The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." |  |  |
|---|---|---|---|---|---|
| Defendants | **ECF 838-23 – Exhibit 22 – RMCB-AG-00000085** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 838-24 – Exhibit 23 – Conformance000024** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 838-25 – Exhibit 24 – RMCB-AG-00000195** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| **ECF 841 – Plaintiffs' Opposition to Defendants' Motion to Strike** | | | | | |
| Defendants | **ECF 841 – Plaintiffs' Opposition to Defendants' Motion to Strike**<br><br>Specified Redactions to Pages i, iii, 1–27, 29–37, 39, 45–51, 53–54, 56, and 58 and to Footnotes 3–7, 10, 13, 16, 18–19, 23, and 26.<br><br>The specific proposed redactions to this document are reflected in the highlighted copy of the sealed document submitted to the Court concurrently with this filing. | Certain portions of this brief should be sealed consistent with the reasons supporting the sealing of the underlying materials articulated in this index. | Defendants maintain that they would suffer irreparable harm if the information discussed below was disclosed. Similarly, Defendants maintain that Tomasini, Prescient and District 4 Labs would suffer irreparable harm if the information discussed below was disclosed.<br><br>Additionally, the brief discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the | Defendants maintain that no less restrictive alternative to the relief sought is available.<br><br>Additionally, the brief discusses information designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 841-2 – Exhibit 1 – Frantz Declaration** | Throughout the declaration, Frantz discusses Defendants' sensitive, proprietary, and confidential information. Defendants' interest in protecting this information | Defendants maintain that publicly disclosing the nature and contents of their commercial dealings with third-party vendors poses a | Defendants maintain that no less restrictive alternative to the relief sought is available because Frantz's declaration discusses Defendants' highly sensitive, proprietary, and | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | far outweighs any public interest in access to this information. The non-public material discussed in the declaration discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessment or vendor oversight, as well as the content of collection files sent to third-party vendors, and reflects decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and | substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data.<br><br>Frantz discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly | confidential information throughout.<br><br>Additionally, Frantz discusses information designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.<br><br>Additionally, Frantz's declaration relies upon, quotes, and describes at length materials that have been produced by third parties, that have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. In addition, Frantz's declaration likewise relies upon, quotes, and describes materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by the Parties. | sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 841-3 – Exhibit 2 – Frantz Reply Report** | In her reply, Frantz discusses the declaration and testimony of Matteo Tomasini, a non-party, | Defendants maintain that publicly disclosing the nature and contents of Prescient's and | Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | whose declaration has been designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. Throughout her reply declaration, Frantz also discusses numerous other documents and materials that have been designated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order.<br><br>Additionally, Frantz's reply declaration discusses sensitive, proprietary, and confidential information from Tomasini's declaration. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates | District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' legitimate proprietary interests and competitive positions. Prescient and District 4 Labs would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market.<br><br>Frantz's reply includes extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | of Tomasini's, Prescient's, and District 4 Labs' confidential commercial information.<br><br>Fratnz's reply includes extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. | | |
| Defendants | **ECF 841-4 – Exhibit 3 – Tomasini Deposition Transcript** | Tomasini's deposition transcript discusses sensitive, proprietary, and confidential information related to Matteo Tomasini's prior practice at non-party Prescient and current practice at non-party District 4 Labs LLC. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, | Defendants maintain that publicly disclosing the nature and contents of Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' legitimate proprietary interests and competitive positions. Tomasini, Prescient and District 4 Labs would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market. | Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District 4 Labs' confidential commercial information, along with Plaintiffs' personal identifying information and personal health information.<br><br>The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | at *4. Prescient's and District 4 Labs' ability to operate covertly on the dark web and effectively conduct dark web investigations using their proprietary methods is highly relevant to their current business practices.<br><br>Additionally, the deposition transcript relies upon, quotes, and/or describes materials that have been produced by third parties and have been designated by third parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Further, Tomasini's deposition transcript includes certain discussions of the information that Plaintiffs contend is private and sensitive. As this court has explained, the public has "no interest in personally identifying information." *See Bah*, 2021 WL 4272829, at *3. | The document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 841-5 – Exhibit 4 – Frantz Deposition Transcript** | Frantz's deposition transcript has been designated as "Confidential" and discusses at length numerous documents that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>The document discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding | Frantz's deposition is designated "Confidential" and includes extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor oversight and data security poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a | Frantz's deposition is designated "Confidential" and includes extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

44

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | risk assessments or vendor oversight and data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 841-6 – Exhibit 5 – Tomasini Declaration** | Tomasini's Declaration discusses sensitive, proprietary, and confidential information related to Matteo Tomasini's prior practice at non-party Prescient and current practice at non-party District | Defendants maintain that publicly disclosing the nature and contents of Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary methods and tools for investigating | Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District 4 Labs' confidential commercial information, along with | None |

Case 2:19-md-02904-JKS-MAH    Document 847-11    Filed 01/20/26    Page 46 of 64
PageID: 40118
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | 4 Labs LLC. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. Prescient's and District 4 Labs' ability to operate covertly on the dark web and effectively conduct dark web investigations using their proprietary methods is highly relevant to their current business practices.

Additionally, Defendants timely designated Tomasini's declaration as "Highly Confidential – Attorneys' Eyes Only" pursuant to the | and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' legitimate proprietary interests and competitive positions. Tomasini, Prescient and District 4 Labs would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market.

The document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential | Plaintiffs' personal identifying information and personal health information.

The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | |
|---|---|---|---|---|---|

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | Confidentiality Order in this case. *See* ECF 98. The document also relies upon, quotes, and/or describes materials that have been produced by third parties and have been designated by third parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Further, Tomasini's declaration includes certain discussions of the information that Plaintiffs contend is private and sensitive. As this court has explained, the public has "no interest in personally identifying information." *See Bah*, 2021 WL 4272829, at *3. | Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 841-7 – Exhibit 6 – Worley Declaration** | Worley's declaration relies upon, quotes, and/or discusses at length numerous documents that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the | The document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly | The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | Confidentiality Order in this case. *See* ECF 98.<br><br>The Worley Declaration discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, | Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed."<br><br>Defendants maintain that publicly disclosing the nature and contents of the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | |

48

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| Defendants | **ECF 841-8 – Exhibit 7 – Worley Reply Report** | The Worley Reply Report discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business | Defendants maintain that publicly disclosing the nature and contents of the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices | legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | and confidential business relationships. | | | |
| Defendants | **ECF 841-9 – Exhibit 8 – Worley Deposition Transcript** | The Worley deposition relies upon, quotes, and/or describes materials that have been produced by third parties and have been designated by third parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>The Worley deposition discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors | The Worley deposition discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a | The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | party's or non-party's business advantage if publicly disclosed."<br><br>Defendants maintain that publicly disclosing the nature and contents of the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| Defendants | **ECF 841-10 – Exhibit 9 – Worley Supplemental Report** | The Worley Supplemental Report discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) | Defendants maintain that publicly disclosing the nature and contents of the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | | |
| Defendants | **ECF 841-11 – Exhibit 10 – Witt Declaration**<br><br>Page 4<br>• From after "Tranche 1 includes" through "2025"<br>From after "Tranche 2 includes" through "routing)." | Portions of Witt's Declaration rely upon, quote, and or describe the underlying substance of Worley's Declaration, Worley's Supplemental Report, and Lee's Report, which Defendants are moving to seal in full. Therefore, certain portions of Witt's Declaration should be sealed consistent with the reasons supporting the sealing of the Worley Declaration, Worley Supplemental Report, and Lee Report articulated in this index. | Defendants maintain that publicly disclosing the nature and contents of Worley's Declaration, Worley's Supplemental Report, and Lee's Report poses a substantial risk of irreparable harm to the Defendants for the reasons articulated in this index. | Defendants maintain that no less restrictive alternative to the relief sought is available. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| Defendants | ECF 841-12 – Exhibit 11 – Witt Deposition Transcript<br><br>86:25–87:7; 96:13–17; 107:7–9; 109:17–19; 110:20–23; 111:9–11; 119:6–8; 128:8–9,18–20; 128:24–129:2; 129:4–5; 129:14–15, 22–23; 132:9–14, 18–19; 132:24–133:6; 133:15–16; 135:4; 136:8–12; 136:15–20; 137:9–12,19–21, 24; 138:5–6, 8–9, 14–19; 139:11–17, 20–22; 140:2–9; 144:2–10; 146:4–7, 9–10, 16–19; 148:2–8, 18–24; 149:8–9, 11–15; 214:17; 226:3–4, 10–11, 17; 227:3–23, 228:3–4, 10–14, 19–23; 229:2–4, 6; 230:3, 9, 16–17; 232:5–7, 11–12, 21, 24; 233:2–5, 10–13, 235:8–9, 11–15; 235:23–236:2; 236:4–7, 14–15, 23–25; 237:7–10; 238:14 | Portions of Witt's Deposition Transcript rely upon, quote, and or describe the underlying substance of Worley's Declaration, Worley's Supplemental Report or Lee's Report, which Defendants are moving to seal in full. Therefore, certain portions of Witt's Deposition transcript should be sealed consistent with the reasons supporting the sealing of the Worley Declaration, Worley Supplemental Report, and Lee Report articulated in this index. | Defendants maintain that publicly disclosing the nature and contents of Worley's Declaration, Worley's Supplemental Report, and Lee's Report poses a substantial risk of irreparable harm to the Defendants for the reasons articulated in this index. | Defendants maintain that no less restrictive alternative to the relief sought is available. | None |
| Defendants | ECF 841-13 – Exhibit 12 – Anolik Declaration | Anolik's Declaration relies upon, quotes, and/or discusses at length materials that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Additionally, Anolik's Declaration discusses | Anolik's Declaration discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" | The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.<br><br>Defendants maintain that no less restrictive alternative to the relief sought is available because the document | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, | information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed."<br><br>Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or | discusses Defendants' sensitive, proprietary, and confidential information throughout. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |
| --- | --- | --- | --- | --- | --- |
| Defendants | **ECF 841-14 – Exhibit 13 – Anolik Reply Report** | Anolik's Reply Report discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor security, data security, and the policies, practices, and procedures relating to data security poses a substantial risk of harm to the Defendants' legitimate proprietary | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor security, data security, and the policies, practices, and procedures relating to data security. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices | interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure confidential information including patient data. | | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | and confidential business relationships. | | | |
|---|---|---|---|---|---|
| Defendants | **ECF 841-15 – Exhibit 14 – Anolik Deposition Transcript** | Anolik's Deposition discusses Defendants' sensitive, proprietary, and/or confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the document discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and proprietary business decisions regarding risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or | Defendants maintain that publicly disclosing the nature and contents of risk assessments or vendor security, data security, policies, practices, and procedures relating to data security, and the content of collection files sent to third-party vendors and/or reflecting decision making as to what data was potentially necessary to effectuate efficient debt collection poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this information to gain a competitive advantage in the market and secure | Defendants maintain that no less restrictive alternative to the relief sought is available because the document discusses Defendants' sensitive, proprietary, and confidential information throughout. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships. | confidential information including patient data. | | |
|  | **ECF 842 – Defendants' Reply in Support of Motion to Exclude the Testimony of Plaintiffs' Experts Mary Frantz, Amy Worley, Scott Witt, and Sharon Anolik** |
| Defendants | **ECF 842 – Defendants' Reply in Support of Motion to Exclude the Testimony of Plaintiffs' Experts Mary Frantz, Amy Worley, Scott Witt, and Sharon Anolik**<br><br>Specified Redaction to Pages i-ii, 1-36, 38, 41-44, 46-50 and to Footnotes 1-2, 4-6. 11, 13-14. | Certain portions of this brief should be sealed consistent with the reasons supporting the sealing of the underlying materials articulated in this index. | Defendants maintain that they would suffer irreparable harm if the information discussed below was disclosed.<br><br>Additionally, the brief discusses information designated as "Confidential" or "Highly Confidential – | Defendants maintain that no less restrictive alternative to the relief sought is available.<br><br>Additionally, the brief discusses information designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" pursuant to the | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

|  | | | | |
|---|---|---|---|---|
| | The specific proposed redactions to this document are reflected in the highlighted copy of the sealed document submitted to the Court concurrently with this filing. | | Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | Confidentiality Order in this case. *See* ECF 98. | |
| Defendants | **ECF 842-2, Ex. 26 (Excerpts of Deposition of James Nelms)** | The transcript has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by | Defendant Labcorp maintains that it would suffer irreparable harm if the information | Defendant Labcorp maintains that no less restrictive alternative to the relief sought is available | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | Defendants pursuant to the Confidentiality Order in this case. *See* ECF 98. | contained in this transcript was disclosed. | because this transcript contains Defendant Labcorp's highly sensitive, proprietary, and confidential information throughout. | |
|---|---|---|---|---|---|
| | | | This transcript has been designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | Additionally, this transcript has been designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | |
| Defendants | **ECF 842-3, Ex. 27 (RMCB-AG_0000087 – March 20, 2019 Email Chain re Conformance Common Point of Purchase Notification)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
|---|---|---|---|---|---|
| Defendants | **ECF 842-4, Ex. 28 (LC0158580 – Handwritten Notes of Matthew Mahon)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Defendants pursuant to the Confidentiality Order in this case. *See* ECF 98. | Defendant Labcorp maintains that it would suffer irreparable harm if the information contained in this document was disclosed.<br><br>This document has been designated "Highly Confidential – Attorneys' Eyes Only" | Defendant Labcorp maintains that no less restrictive alternative to the relief sought is available because this document discusses Defendant Labcorp's highly sensitive, proprietary, and confidential information throughout.<br><br>Additionally, this document has been designated "Highly | None |

Case 2:19-md-02904-JKS-MAH    Document 847-11    Filed 01/20/26    Page 64 of 64
PageID: 40136
Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | |