**Index Pursuant to L. Civ. R. 5.3(c)(3)**
**Index G – Letter Motion to Strike Strebe (ECF 806, 809, 812)**

| Designating Party | Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | ECF 806 – Defendants' Letter Motion to Strike Plaintiffs' Newly Disclosed Expert Matthew Strebe | | | |
| Defendants | **ECF 806 – Defendants' Letter Motion**<br><br>Specified Redactions to Pages 2–10 and to Footnotes 2–4.<br><br>The specific proposed redactions to this document are reflected in the highlighted copy of the sealed document submitted to the Court concurrently with this filing. | Defendants request that certain portions of their letter motion be sealed consistent with the reasons supporting the sealing of the underlying materials articulated below. | Defendants maintain that they would suffer irreparable harm if the information discussed below was disclosed. Similarly, Defendants maintain that Tomasini, Prescient and District 4 Labs would suffer irreparable harm if the information discussed below was disclosed.<br><br>Additionally, the letter motion discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could | Defendants maintain that no less restrictive alternative to the relief sought is available.<br><br>Additionally, the letter motion discusses information designated as "Confidential" or "Highly Confidential- Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | | create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | |
| Defendants | **ECF 806-2, Ex. A (Declaration of Mary T. Frantz)** | Throughout the declaration, Frantz discusses Defendants' sensitive, proprietary, and confidential information. Defendants' interest in protecting this information far outweighs any public interest in access to this information. The non-public material discussed in the declaration discloses information pertaining to commercially sensitive information and business strategy that could harm Defendants' business if publicly disclosed because it relates to Defendants' confidential and | Defendants maintain that publicly disclosing the nature and contents of their commercial dealings with third-party vendors poses a substantial risk of harm to the Defendants' legitimate proprietary interests and competitive positions. Defendants would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as Defendants rely on this | Defendants maintain that no less restrictive alternative to the relief sought is available because Frantz's declaration discusses Defendants' highly sensitive, proprietary, and confidential information throughout.<br><br>Additionally, Frantz discusses information designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | proprietary business decisions regarding risk assessment or vendor oversight, as well as the content of collection files sent to third-party vendors, and reflects decision making as to what data was potentially necessary to effectuate efficient debt collection. "[I]t is well established that the 'confidentiality of business agreements, trade secrets, or commercial information are a legitimate private interest.'" *Bah v. Apple Inc.*, 2021 WL 4272829, at *2 (D.N.J. Sept. 9, 2021) (Hammer, M.J.) (citation omitted). Defendants should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [Defendants]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). This information remains highly relevant to Defendants' current business practices and confidential business relationships.<br><br>The declaration has been designated as "Confidential" by Plaintiffs. | information to gain a competitive advantage in the market and secure confidential information including patient data.<br><br>Frantz discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do | pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | | |
|---|---|---|---|---|---|
| | | Additionally, Frantz's declaration relies upon, quotes, and describes at length materials that have been produced by third parties, that have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98.  In addition, Frantz's declaration likewise relies upon, quotes, and describes materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by the Parties. | harm to a party's or non-party's business advantage if publicly disclosed." | | |
| Defendants | **ECF 806-3, Ex. B (Excerpts of Deposition of Mary T. Frantz)** | Frantz's deposition transcript has been designated as "Confidential" and discusses at length numerous documents that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order in this case. *See* ECF 98. | The excerpts of Frantz's deposition are designated "Confidential" and include extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | The excerpts of Frantz's deposition are designated "Confidential" and include extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |
| Defendants | **ECF 805-4, Ex. C (Expert Report of Jonathan F. Lee)** | Lee's declaration has been designated as "Confidential" by Plaintiffs and discusses at length numerous documents that have been timely designated as "Confidential" or "Highly Confidential – | Disclosure of Lee's declaration implicates Plaintiffs' and putative class members' interest in privacy, and there is no public interest in the | Defendants maintain that no less restrictive alternative to the relief sought is available because implicates Plaintiffs' and putative class members' interest in | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties. *See* ECF No. 98. The Confidentiality Order defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed. | disclosure of this type of information.<br><br>Lee's declaration has been designated "Confidential" and includes extensive discussions of information designated as "Confidential" pursuant to the Confidentiality Order in this case. *See* ECF 98." | privacy, and there is no public interest in the disclosure of this type of information. | |
| Defendants | **ECF 806-5, Ex. D (Strebe Letter)** | The Strebe letter to Lee discusses information and materials that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order in this case. *See* ECF 98. | The Strebe letter to Lee includes discussions of information designated as "Confidential" or "Highly Confidential- Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | The Strebe letter to Lee includes discussions of information designated as "Confidential" or "Highly Confidential- Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |
| Defendants | **ECF 806-6, Ex. E (Declaration of Matteo Tomasini)** | Tomasini's declaration discusses sensitive, proprietary, and confidential information related to his prior practice at non-party Prescient and current practice at non-party District 4 Labs LLC. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information | Defendants maintain that publicly disclosing the nature and contents of Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 | Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District 4 Labs' confidential commercial information, along with Plaintiffs' personal identifying | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | | |
|---|---|---|---|---|
| | | pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. Prescient's and District 4 Labs' ability to operate covertly on the dark web and effectively conduct dark web investigations using their proprietary methods is highly relevant to their current business practices.

Additionally, Defendants timely designated Tomasini's declaration as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. Tomasini's declaration also discusses at length numerous documents that have been timely designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs, Defendants, and/or third parties pursuant to the | Labs' legitimate proprietary interests and competitive positions. Tomasini, Prescient and District 4 Labs would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market.

The document discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The | information and personal health information.

The document discusses information or documents that have timely been designated by third-parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | Confidentiality Order in this case. *See* ECF 98.<br><br>Further, Tomasini's declaration includes certain discussions of the information that Plaintiffs contend is private and sensitive. As this court has explained, the public has "no interest in personally identifying information." *See Bah*, 2021 WL 4272829, at *3. | Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | |
| Defendants | **ECF 806-7, Ex. F (Declaration of Matthew Strebe)** | Strebe discusses the declaration and testimony of Matteo Tomasini, a non-party, whose declaration has been designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. Throughout his declaration, Strebe also discusses numerous other documents and materials that have been designated as "Highly Confidential-Attorneys' Eyes Only" or "Confidential" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order.<br><br>Additionally, Strebe's declaration extensively discusses sensitive, proprietary, and confidential information | Defendants maintain that publicly disclosing the nature and contents of Tomasini's, Prescient's, and District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 Labs' legitimate proprietary interests and competitive positions. Tomasini, Prescient and District 4 Labs would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, | Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District 4 Labs' confidential commercial information.<br><br>Strebe's declaration includes extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | from Tomasini's declaration. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. Prescient's and District 4 Labs' ability to operate covertly on the dark web and effectively conduct dark web investigations using their proprietary methods is highly relevant to their current business practices. | as they rely on this information to gain a competitive advantage in the market.

Strebe's declaration includes extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | | |
| Defendants | **ECF 806-8, Ex. G (Transcript of 30(b)(6) Deposition of Andrei Barysevich for Gemini Advisory)** | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. | The document has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a third party pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order | The document has been timely designated by a third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | | defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | | |
| --- | --- | --- | --- | --- | --- |
| Defendants | **ECF 806-9, Ex. H (Reply Report of Mary T. Frantz)** | In her reply, Frantz discusses the declaration and testimony of Matteo Tomasini, a non-party, whose declaration has been designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. Throughout her reply declaration, Frantz also discusses numerous other | Defendants maintain that publicly disclosing the nature and contents of Prescient's and District 4 Labs' confidential and proprietary methods and tools for investigating and surveilling the dark web poses a substantial risk of harm to Tomasini's, Prescient's, and District 4 | Defendants maintain that no less restrictive alternative to the relief sought is available because the material consists of Tomasini's, Prescient's, and District 4 Labs' confidential commercial information. | None |

Index Pursuant to L. Civ. R. 5.3(c)(3)

| | | documents and materials that have been designated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential" by Plaintiffs, Defendants, and/or third parties pursuant to the Confidentiality Order.

Additionally, Frantz's reply declaration discusses sensitive, proprietary, and confidential information from Tomasini's declaration. Tomasini's interest in protecting this information far outweighs any public interest in access to this information. This non-public material discloses information pertaining to commercially sensitive information and business strategy that could harm Tomasini, Prescient, and/or District 4 Labs if publicly disclosed because it relates to their proprietary and confidential techniques for assessing whether particular information is available on the dark web. *See Bah*, 2021 WL 4272829, at *2; *Royal Mile Co.*, 2014 WL 47775, at *4. | Labs' legitimate proprietary interests and competitive positions. Prescient and District 4 Labs would suffer irreparable harm if third parties, including competitors or criminal actors, obtained access to this confidential commercial information, as they rely on this information to gain a competitive advantage in the market.

Frantz's reply includes extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | Frantz's reply includes extensive discussions of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. | |
|---|---|---|---|---|---|
| | ECF 809 – Plaintiffs' Opposition to Defendants' Letter Motion to Strike Plaintiffs' Rebuttal Expert Matthew Strebe | | | | |
| Defendants | **ECF 809 – Plaintiffs' Opposition** | Defendants request that certain portions of Plaintiffs' opposition letter be sealed | Defendants maintain that they would suffer irreparable harm if the | Defendants maintain that no less restrictive | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | Specified Redactions to Pages 1– 3, 5–8, and 10–11.<br><br>The specific proposed redactions to this document are reflected in the highlighted copy of the sealed document submitted to the Court concurrently with this filing. | consistent with the reasons supporting the sealing of the underlying materials articulated above. | information discussed above was disclosed. Similarly, Defendants maintain that Tomasini, Prescient and District 4 Labs would suffer irreparable harm if the information discussed above was disclosed.<br><br>Additionally, the opposition discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. | alternative to the relief sought is available.<br><br>Additionally, the opposition discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. | |
|  | **ECF 812 – Reply in Support of Defendants' Letter Motion to Strike Plaintiffs' Newly Disclosed Expert Matthew Strebe** | | | |
| Defendants | **ECF 812 – Defendants' Reply Letter**<br><br>Specified Redactions to Pages 1–9, 11–13 and to Footnotes 4 and 7.<br><br>The specific proposed redactions to this document are reflected in the highlighted copy of the sealed document submitted to the Court concurrently with this filing. | Defendants request that certain portions of Defendants' reply letter be sealed consistent with the reasons supporting the sealing of the underlying materials articulated above. | Defendants maintain that they would suffer irreparable harm if the information discussed above was disclosed. Similarly, Defendants maintain that Tomasini, Prescient and District 4 Labs would suffer irreparable harm if the information discussed above was disclosed.<br><br>Additionally, the reply discusses information | Defendants maintain that no less restrictive alternative to the relief sought is available.<br><br>Additionally, the reply discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. | None |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | | designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case throughout the declaration. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." | | |