

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, ILLLINOIS  60603
+1 312 853-7000

+1 312 853-2174
DAVID.HOFFMAN@SIDLEY.COM

January 20, 2026

The Honorable Michael A. Hammer
United States Magistrate Judge
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ  07102

  Re: *In re American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*, Civil Action No. 19-md-2904 (JKS/MAH)

Dear Judge Hammer:

  I write on behalf of Defendants Quest Diagnostics Incorporated ("Quest") and Optum360, LLC ("Optum360") in response to Plaintiffs' letter dated January 13, 2026 (the "Letter"), which purportedly concerns the Request for Production (the "Request") they served on Quest and Optum360 on December 9, 2025. Defendants timely responded to the Request on January 8, 2026. Since then, Plaintiffs have not requested a meet-and-confer or had any communications with Defendants—instead, three business days later, they wrote directly to the Court.

  Plaintiffs' Request comes three years after the Court-imposed deadline for written discovery and is therefore obviously untimely. Plaintiffs' Letter jumps into a whole set of other issues, complaining that the *Bratten* case was tagged as related to this MDL, that there should not be further delay in deciding their meritless motion to remand, and that it should be granted. Letter at 1-2. The bottom line is that none of those complaints establishes that Defendants' responses to the Request were in any way inappropriate.

  As an initial matter, Defendants note that Plaintiffs have, once again, violated the Local Rules by prematurely running to this Court to request a conference on the basis of a flimsy pretext, without first contacting Defendants and attempting to address the issue through a meet-and-confer. *See* Local Rule 37.1 ("Counsel shall confer to resolve any discovery dispute."). Had Plaintiffs fulfilled their obligation to meet and confer, Defendants could have explained the multiple reasons that the Request was improper and untimely.

  First, Plaintiffs' claim that the Request relates to the *Bratten* case is incorrect. To the contrary, the Request was designated as relating to the Quest/Optum360 track applicable to *the MDL generally*. *See* Ex. 1, Request. The Request bears the same caption as the Quest/Optum360 master complaint, to which Plaintiff Bratten is not a party. The Request also did not reference either the *Bratten* case name or number in the caption or anywhere else in the document, as Bratten's counsel has done in previous *Bratten*-related filings. *See Bratten* Dkt. 47; *Bratten* Dkt. 60. In addition, the Request indicated that it was made on behalf of MDL "Lead Counsel for

# SIDLEY

The Honorable Michael A. Hammer
January 20, 2026
Page 2

Plaintiffs" and "Quest/Optum360 Track Co-Lead Counsel." In contrast, when counsel has served or filed a document relating to the Bratten case, it has indicated that the document was being filed or served on behalf of counsel for Bratten, which was not done here. *See Bratten* Dkt. 47 (signed as "Attorneys for Plaintiff Gregory Bratten"). In other words, nothing about the Request indicated that it sought discovery for the *Bratten* case. Defendants responded accordingly: as Defendants made clear in their responses, the Request is untimely because it was served more than *three years* after this Court's deadline for service of written discovery and, with the exception of a few pending motions, all party discovery is complete. *See* Dkt. 430 (setting deadline for service of written discovery on December 6, 2022).

Second, even had the Request been designated as relating to the *Bratten* case, Bratten is not entitled to serve discovery in a case over which he argues the Court lacks jurisdiction. In Bratten's motion to remand, his position was crystal clear: he argued that his case does not belong in federal court. *Bratten* Dkt. 35-1. Yet, he now seeks to avail himself of the jurisdiction of this Court—the very court he claims should not exercise jurisdiction over his case—to serve discovery and "advance" his case in federal court. Letter at 2. Plaintiffs have not provided any reason that document discovery has suddenly become necessary in the *Bratten* case, and the demand for the expansive set of documents reflected in the Request is all the more inappropriate because Plaintiffs' counsel previously represented that discovery as to Bratten's claim "is largely completed." Dkt. 490 at 1-2. No discovery should proceed while the remand motion remains pending and the Court's jurisdiction remains in dispute. *See, e.g.*, *Devaul v. TK Construction US, LLC*, 2013 WL 6499251, at *1 (D. Colo. Dec. 11, 2023) ("Courts have routinely recognized that discovery may be inappropriate where the court's jurisdiction is at issue.").

Finally, assuming that the Court denies the pending remand motion in *Bratten* and retains jurisdiction over the case (as it should), discovery should be held pending resolution of Defendants' previously-filed Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (the "Motion"). Defendants request that this Court restore the Motion to its active docket in light of the Letter's tacit position that this Court has jurisdiction to proceed with the case. *See Bratten* Dkt. 49 (administratively terminating the motion without prejudice). That Motion, which Defendants filed on July 11, 2024 while the remand motion was pending, demonstrates that Bratten's claim should be dismissed on the pleadings because (i) the CMIA authorizes disclosure of medical information to debt collectors, (ii) Bratten failed to allege injury or that his medical information was viewed by an unauthorized person, as required under the CMIA, and (iii) the CMIA claim is time-barred. *See Bratten* Dkt. 41. In the alternative, the Motion shows that, on the basis of discovery already completed in the MDL, summary judgment should be granted because Bratten would be unable to prove his claim on the same three grounds. *Id.* The Court administratively terminated the Motion "without prejudice to Defendants' right to refile the motion upon resolution of Plaintiff's motion to remand." *Bratten* Dkt. 49. Defendants intend to promptly refile their Motion as soon as permitted, since it is clear that Bratten's claims fail as a matter of

# SIDLEY

The Honorable Michael A. Hammer
January 20, 2026
Page 3

law on the existing record and without any need for further costly and burdensome discovery.[1] To prevent the waste of judicial and party resources on an untenable claim, the Court should resolve Defendants' Motion before any additional discovery proceeds.

      For these reasons, Defendants do not believe a conference is necessary to discuss the *Bratten* case. However, if the Court would like to hear from the parties regarding the *Bratten* case or any other issues in the MDL, we are happy to appear for a conference at the Court's convenience. Please do not hesitate to contact me if Your Honor has any questions or concerns about this matter.

      Sincerely,

      */s/ David H. Hoffman*

      David H. Hoffman
      **SIDLEY AUSTIN LLP**
      *Counsel for Defendant Quest Diagnostics Incorporated*

      */s/ Kristine M. Brown*
      Kristine M. Brown
      **ALSTON & BIRD LLP**
      *Counsel for Defendant Optum360, LLC*

cc: All Counsel of Record

---

[1] Once Defendants' Motion is restored to the docket (the first appropriate step in the case after denying remand), the proper procedural vehicle through which Plaintiff would be required to seek discovery would be Federal Rule of Civil Procedure 56(d), which requires an affidavit from Plaintiff explaining why more discovery is necessary.