# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To: Quest/Optum360 Track | Civil Action No. 19-md-2904 (JKS)(MAH) (MDL 2904) |

**PLAINTIFFS' REQUEST FOR PRODUCTION
TO DEFENDANTS OPTUM360, LLC, QUEST DIAGNOSTICS, INCORPORATED,
AND QUEST DIAGNOSTICS CLINICAL LABORATORIES**

To:    Reade W. Seligmann      Kristine M. Brown
ALSTON & BIRD LLP      Donald M. Houser
90 Park Avenue, 12th Floor      ALSTON & BIRD LLP
New York, NY 10016      1201 West Peachtree Street
reade.seligmann@alston.com      Atlanta, GA 30309
    kristy.brown@alston.com
Thomas P. Scrivo      donald.houser@alston.com
Young Yu
Michael A. Botti
O'TOOLE SCRIVO, LLC
14 Village Park Road
Cedar Grove, NJ 07009
tscrivo@oslaw.com
yyu@oslaw.com
mbotti@oslaw.com

*Attorneys for Defendant Optum360, LLC*

To:    David H. Hoffman      Eamon P. Joyce
Heather Benzmiller Sultanian      SIDLEY AUSTIN LLP
SIDLEY AUSTIN LLP      787 Seventh Avenue
One South Dearborn      New York, NY 10019
Chicago, IL 60603      ejoyce@sidley.com
david.hoffman@sidley.com
hsultanian@sidley.com

Genna A. Conti      Rebecca Lewis Tierney
Ricardo Solano, Jr.      SIDLEY AUSTIN LLP
GIBBONS P.C.      One South Dearborn
One Gateway Center      Chicago, IL 60603
Newark, New Jersey 07102-5310      rebecca.lewistierney@sidley.com

gconti@gibbonslaw.com
rsolano@gibbonslaw.com

*Attorneys for Defendants Quest Diagnostics, Incorporated and Quest Diagnostics Clinical Laboratories*

COUNSEL:

      PLEASE TAKE NOTICE THAT pursuant to Fed. R. Civ. P. 34, Plaintiffs hereby request that Defendant Optum360, LLC ("Optum360") and Defendants Quest Diagnostics, Incorporated and Quest Diagnostics Clinical Laboratories ("Quest") (collectively, "Defendants") produce for inspection and copying the documents designated in this Request for Production of Documents ("Requests" and each "Request") to MDL Lead Counsel and Quest/Optum360 Track Co-Lead Counsel within 30 days from the date of service hereof.

DATED: December 9, 2025

CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.
James E. Cecchi

By:   *James E. Cecchi*
      JAMES E. CECCHI

5 Becker Farm Road
Roseland, NJ 07068
973/994-1700

*Lead Counsel for Plaintiffs*

Jason L. Lichtman
Sean A. Petterson
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413

Norman E. Siegel
J. Austin Moore
Kasey A. Youngentob
STUEVE SIEGEL HANSON LLP
460 Nicols Road, Suite 200
Kansas City, MO 64112

2

Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660

*Quest/Optum360 Track Co-Lead Counsel*

# DEFINITIONS

1. "AMCA" refers to Retrieval-Masters Creditors Bureau, Inc., d/b/a American Medical Collection Agency.

2. "CMIA" means the Confidentiality of Medical Information Act, California Civil Code § 56, *et seq*.

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and, with respect to oral communications, includes any document evidencing such oral communications. It includes the transmittal of information by any means, including email, SMS, MMS, or other "text" messages on "social networking" sites (including but not limited to Facebook, Google, X), shared applications from cell phones such as WhatsApp, or by any other means. "Communication" shall also include, without limitation, all originals and copies that are provided by you or to you by others.

4. "CPT Codes" means Current Procedural Terminology Code, which are a standardized set of five-digit codes created and maintained by the American Medical Association, and used by physicians, allied health professionals, nonphysician practitioners, hospitals, outpatient facilities and laboratories to represent the medical procedures and services they perform. No provider of outpatient services gets paid without reporting the proper CPT Codes. These codes are essential for medical billing, insurance claims and ensuring accurate reimbursement, as they provide common language for describing what medical services were performed, including tests, surgeries, evaluations, and any other medical procedure performed by a healthcare provider on a patient. CPT Codes define the exact service performed by Quest on behalf of the patient. *See, e.g.*, Centers for Medicare & Medicaid Services, List of CPT/HCPCS Codes, available at https://www.cms.gov/medicare/regulations-guidance/physician-self-referral/list-cpt-hcpcs-codes. *See also* https://www.aapc.com/codes/cpt-codes-range/.

5. "Document" includes any ESI and is otherwise synonymous with the term "Document" in Federal Rule of Civil Procedure 34. A draft or non-identical copy is a separate

Document within the meaning of this term.

6. "ESI" means "electronically stored information," as that term is used in Fed. R. Civ. P. 34.

7. "HCFA" means the Health Insurance Claim Form issued by the Health Care Finance Administration, available at https://www.cms.gov/Medicare/CMS-Forms/CMS-Forms/Downloads/CMS1500.pdf.

8. "ICD Codes" means International Classification of Diseases Diagnoses and Procedure Code and is a standardized system used to code and classify medical diagnoses, diseases and medical conditions (morbidity) data. Healthcare providers use ICD Codes when diagnosing patients. ICD Codes are defined by the Centers for Disease Control and Prevention as part of "the official system of assigning codes to diagnoses and procedures associated with hospital utilization in the United States." *See* Centers for Disease Control and Prevention, *International Classification of Diseases*, Tenth Revision, Clinical Modification (ICD-10-CM) available at https://www.cdc.gov/nchs/icd/icd-10-cm/index.html and related pages linked thereto.

9. "Related to," "relating to" or "concerning" any given subject means documents discussing, describing, referring to, forecasting, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, or pertaining to, in whole or in part.

10. "Things" means any tangible object encompassed within the most inclusive definition of this term in any decision from a court in this or any other controlling jurisdiction.

11. "You," "your," or "yourself" means Defendants Quest Diagnostics Incorporated or Optum360 LLC, and all of their present or former officers, directors, representatives, partners, agents, advisors, principals, employees or attorneys and all other individuals acting or purporting to act on behalf of Quest or Optum360, as well as their subsidiaries, divisions, subdivisions, practice groups, departments, affiliates, predecessors, successors or joint ventures.

**INSTRUCTIONS**

1. If you object to any particular request, state the grounds for objection with specificity so that Plaintiff can understand how the objection relates to the request.

2. If you object to any particular request, state whether any responsive materials are being withheld on the basis of the objection. In particular, please state for each request what categories of documents are being produced, and what categories (if any) are not being produced. This will allow Plaintiffs to understand your responses and streamline the meet and confer process.

3. You shall produce all responsive Documents and Things (including those stored electronically) which are in your possession, custody, or control. Plaintiffs will work cooperatively with you to define a universe of custodians and search terms that will presumptively comply with this obligation.

4. Documents and Things should be produced with sufficient information to identify the files or repositories in which such responsive Documents and Things are maintained in the normal course of business including, for example, an index, key, code or other means of ascertaining the source of the produced Documents and Things.

5. Whenever you are asked to produce a document that is deemed by you to be properly withheld from production for any reason, you shall provide a listing thereof by title or subject heading, date, author, person who signed the document, addressee and all recipients, and a statement of the ground(s) asserted for withholding the document, including attorney-client privilege or work product privilege.

6. If you maintain that any Document or Thing requested has been destroyed, set forth the contents of the Document or Thing, the date of its destruction, and the name of the person who authorized its destruction.

7. Where an objection is made to a request, state all grounds upon which your objection is based.

8. These requests are continuing in nature. You are under a duty to supplement and/or correct your responses.

9. The documents produced pursuant to these requests are to be segregated and identified by the number of the request below to which they are responsive, or are to be produced in the order that they are maintained in the ordinary course of business.

10. Undefined words have the same meaning as they have in Merriam-Webster's free online dictionary, available at https://www.merriam-webster.com.

11. If your lawyers find any of these requests to be vague, confusing, difficult to understand, or if they would like to discuss issues relating to these requests, please call James Cecchi to resolve this issue. Please do not wait and object instead of attempting to resolve the issue with a phone call.

## RULES OF CONSTRUCTION

1. Wherever appropriate in this request, the singular form of the word shall be interpreted as plural and vice versa, and the masculine form of a work shall be interpretated as feminine and vice versa.

2. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

3. The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

## RELEVANT TIME PERIOD

Unless otherwise stated, each of the following Requests covers the period from April 2, 2015 to the present.

## DOCUMENT REQUESTS

1. Documents sufficient to show the number and identity of all Defendants' patients and customers that resided in the State of California and who any Defendant sent their account for collection to AMCA or any other collection agency or third-party debt collection company, including the last known names, mailing addresses, email addresses, phone numbers, and all other

identifying and contact information that could assist in identifying those patients and customers.

2. Documents sufficient to show all collection agencies or third-party debt collection companies that any Defendant hired, engaged, contracted with, or otherwise used to collect on any debt owed by any of Defendants' patients and customers residing in the State of California.

3. Contracts, amendments to contracts, correspondence related to contracts, and statements of work to be performed, between Defendants and any collection agency or third-party debt collection company, including, but not limited to, AMCA, which contracts were in effect between April 1, 2015 and the present.

4. For those patients and customers identified in Request No. 1, all documents reflecting Defendants' transmission of any part of their medical history, mental or physical condition, or treatment to AMCA or any other collection agency or third-party debt collection company, including, but not limited to, diagnostic records, medical records, test names, HCFA forms, CPT Codes, ICD Codes, or descriptions of medical procedures and services performed.

5. For those patients and customers identified in Request No. 1, documents sufficient to show the number of instances in which Defendants sent AMCA or any other collection agency or third-party debt collection company any part of their medical history, mental or physical condition, or treatment to AMCA or any other collection agency or third-party debt collection company, including, but not limited to, diagnostic records, medical records, test names, HCFA forms, CPT Codes, ICD Codes, or descriptions of medical procedures and services performed.

6. All documents related to any written authorizations required by the CMIA that were received from the patients and customers identified in Request No. 1 granting permission for Defendants to transmit or disclose their medical history, mental or physical condition, or treatment to AMCA or any other collection agency or third-party debt collection company.