

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 212 839 8555
EJOYCE@SIDLEY.COM

February 19, 2026

**VIA ECF**

Honorable Michael A. Hammer
United States District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

> Re: Joint Status Report for (1) *In re American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*, No. 19-md-2904 and (2) *Bratten v. Quest Diagnostics Inc.*, No. 24-cv-569

Dear Judge Hammer:

Plaintiffs and Defendants Quest Diagnostics Incorporated and Optum360, LLC (together, "Defendants") jointly submit this status report in connection with the conference set for March 5, 2026.

## I.    LabCorp and Sonic Defendants Settlements

As previously stated to the Court, Plaintiffs in the LabCorp Track and in the Sonic Track have agreed to settlements in principle with LabCorp and the Sonic Defendants respectively. ECF Nos. 808, 853. Plaintiffs in each Track are working diligently towards the filing of their respective motions for preliminary approval.

## II.    Mediation with Quest and Optum360

Per the Court's order directing all parties to engage in mediation, ECF No. 768, Plaintiffs and Defendants Quest and Optum360 mediated in person before the Hon. Judge Diane M. Welsh on December 2, 2025, but did not reach a resolution.

## III.    Class Certification and *Daubert* Motions

All briefing regarding Plaintiffs' Motion for Class Certification as to Quest and Optum360, as well as the parties' respective *Daubert* motions, was completed on December 30, 2025. *See* ECF Nos. 824, 827, 828, 832 (class certification briefing); ECF Nos. 834, 836, 838, 839, 840, 841, 842, 843, 844 (*Daubert* briefing).



February 19, 2026
Page 2

### IV.    Defendants' Motion to Strike Plaintiffs' Newly Disclosed Expert Matthew Strebe

All briefing on Defendants' Motion to Strike Plaintiffs' Newly Disclosed Expert Matthew Strebe was completed on December 9, 2025, and is available at ECF Nos. 806, 809, and 812.

*Defendants' Position*

In Defendants' view, the Motion for Class Certification should be denied; if the Court denies that Motion, no further proceedings are necessary.

As Defendants previously noted (*see* ECF No. 800), it would be most efficient if the case proceeds as follows *before* the Court takes up the pending Motion for Class Certification and related motions to exclude class certification experts:

1. First, the Court resolves Defendants' Motion to Strike Strebe (ECF No. 806).

2. Second, if the Court denies the Motion to Strike, Defendants (a) depose Strebe, (b) serve a sur-rebuttal report from their own expert responding to the late-disclosed Strebe report, and (c) if appropriate, move to exclude the opinions offered in the Strebe report pursuant to Federal Rule of Evidence 702. (If the Court grants the Motion to Strike, this further discovery and motion practice as to Strebe would be unnecessary, and the case could proceed immediately to the third step.)

3. Third, Defendants file a sur-reply that addresses Plaintiffs' new class certification definitions, new arguments based on Strebe's opinions (if not stricken), and any other new issues or arguments raised in the class certification reply brief.

This orderly process would streamline further proceedings by allowing Defendants to file a single sur-reply that addresses all remaining issues, rather than address newly-raised issues piecemeal – as would be necessary if the Motion to Strike has not yet been resolved. For that reason, Defendants intend to wait to file a single motion for leave to file a sur-reply, with the sur-reply attached that covers all necessary issues, until after the Court resolves the Motion to Strike. However, we welcome your guidance if the Court prefers for Defendants to file a partial sur-reply now on all issues aside from those raised by the new Strebe evidence, with a supplemental sur-reply to follow if the Court does not grant the Motion to Strike.

# SIDLEY

February 19, 2026
Page 3

*Plaintiffs' Position*

In Plaintiffs' view, their pending Motion for Class Certification should be granted. In the event that the Court denies that Motion, Plaintiffs still intend to pursue individual claims on behalf of Plaintiffs.

With respect to Defendants' Motion to Strike Plaintiffs' Newly Disclosed Expert Matthew Strebe, Plaintiffs agree that if the Court denies Defendants' motion that Defendants should be entitled to (a) depose Mr. Strebe and (b) if appropriate, move to exclude his opinions pursuant to Federal Rule of Evidence 702.

Plaintiffs do not agree with Defendants' request to file a sur-rebuttal report, particularly if the Court denies their motion (and thus holds that Mr. Strebe is a proper rebuttal expert). The agreed-upon schedule did not provide for any sur-rebuttal report and courts regularly reject such requests because they create endless loops of expert testimony. *See* ECF No. 809 (Plaintiffs' Opp.) at 12.

Plaintiffs, likewise, do not agree to Defendants' request to file a sur-reply regardless of the outcome of Defendants' Motion to Strike. Plaintiffs do not believe that there are any "new issues or arguments" that satisfy Defendants' burden under Local Rule 7.1(d), including with respect to Defendants' characterization of Plaintiffs' class certification decisions as "new." Moreover, Plaintiffs are eager to reach the summary judgment stage of this long-running MDL and do not believe as a general matter that Defendants' multi-step approach is warranted.

## V.    Omnibus Motion to Seal (ECF No. 847)

On January 20, 2026, the parties filed an omnibus motion to seal the confidential materials in the briefing described above. ECF No. 847. The motion was set for February 17, 2026. The parties are available to answer any questions the Court has regarding that omnibus motion.

## VI.    *Bratten* Case, No. 24-cv-569-JKS-MAH

In the *Bratten* case, the Court recently ordered a stay of all discovery until resolution of Plaintiffs' Motion to Remand (the "Remand Motion"). *See Bratten* ECF Nos. 35, 38, and 39.

*Plaintiffs' Position*

Plaintiffs respectfully request that the Court resolve their pending motion to remand which was filed on February 21, 2024. *Bratten*, ECF No. 38. Mr. Bratten originally filed his state court complaint in California in October 2023 after



February 19, 2026
Page 4

Defendants told this Court, in opposing Plaintiffs' motion for leave to amend their First Amended Complaint, that the Court lacked subject-matter jurisdiction. MDL Dkt. 500. When faced with a state court suit, Defendants took the opposite position in removing Mr. Bratten's case to federal court despite it lacking subject-matter jurisdiction. Defendants' procedural gamesmanship has delayed resolution of Mr. Bratten's claims—which no one disputes California state courts have jurisdiction over—for nearly 2.5 years.

If the Court denies Plaintiffs' motion to remand, Plaintiffs request that discovery be opened while the Court resolves the MTD/MSJ Motion that Defendants previously filed. *Bratten*, ECF No. 41. A stay is not warranted, particularly here, where Mr. Bratten has suffered and will suffer further prejudice due to the delay inherent in staying discovery.

*Defendants' Position*

For the reasons stated in their opposition to the Remand Motion (*see* ECF No. 38), this Court should retain jurisdiction over the *Bratten* case. If the Court denies the Remand Motion, Defendants' view is that the Court should reinstate their previously-filed Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (*Bratten* ECF No. 41, the "MTD/MSJ Motion") and discovery should remain stayed pending resolution of that motion.

Defendants filed the MTD/MSJ Motion on July 11, 2024, while the Remand Motion was pending, because the *Bratten* case can be readily resolved by dismissal on the pleadings, and, even if not, summary judgment should be granted in Defendants' favor. The Court administratively terminated Defendant's MTD/MSJ Motion, but "without prejudice to Defendants' right to refile the motion upon resolution of Plaintiff's motion to remand." *Bratten* ECF No. 49. If not reinstated by the Court, Defendants intend to promptly refile their MTD/MSJ Motion as soon as the Remand Motion is resolved since it is clear that Bratten's claims fail as a matter of law on the existing record, without any need for additional costly and burdensome discovery. Therefore, if the Court denies the Remand Motion, the next step should be consideration of Defendants' refiled MTD/MSJ Motion, and discovery in the *Bratten* case should remain stayed until that motion is resolved.

# SIDLEY

February 19, 2026
Page 5

Respectfully submitted,

SIDLEY AUSTIN LLP
*Attorneys for Defendant Quest*
*Diagnostics Incorporated*

By: /s/ Eamon P. Joyce
    EAMON P. JOYCE

ALSTON & BIRD LLP
*Attorneys for Defendant Optum360,*
*LLC*

By: /s/ Donald Houser (by permission)
    DONALD HOUSER

CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.
*Attorneys for Plaintiffs and the Class*

By: /s/ James E. Cecchi (by permission)
    JAMES E. CECCHI