UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | ) ) ) ) | No. 19-md-2904 (JKS) (MAH)

MDL 2904 |
| This Document Relates To:

Labcorp Track | ) ) ) ) | [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

WHEREAS, this matter having come before the Court by way of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Preliminary Certification of the Settlement Class (as defined below) ("Motion");

WHEREAS, on March 2, 2026, Plaintiffs, individually and on behalf of the putative Settlement Class, and Laboratory Corporation of America Holdings ("Labcorp" or "Defendant") entered into a Class Action Settlement Agreement and Release ("Settlement Agreement"), which, if finally approved by the Court, will result in the settlement of all claims asserted against the Defendant in the above-captioned action ("Action");

WHEREAS, in full and final settlement of the claims asserted against Defendant, and in exchange for the release of all Released Claims defined in the Settlement Agreement, Defendant agrees to collectively fund or cause to be funded $35,000,000 for a non-reversionary common fund to resolve all claims arising from the cybersecurity incident reported by AMCA as affecting its computer systems between approximately August 1, 2018 and March 30, 2019 (the "Security Incident");

WHEREAS, Plaintiffs have moved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the Settlement with Defendant;

1

WHEREAS, Plaintiffs have further moved for this Court's: (a) certification of the Settlement Class for settlement purposes only pursuant to Paragraph 6.1 of the Settlement Agreement; (b) preliminary approval of the Settlement Agreement, including the Releases as set forth herein; (c) appointment of Plaintiffs' Counsel as counsel for the Settlement Class; (d) appointment of Plaintiffs as Settlement Class Representatives; (e) approval of the Short Form Notice to be emailed, or mailed where no email address is available, to Settlement Class Members in a form substantially similar to the one attached as Exhibit B to the Settlement Agreement; (f) approval of the Long Form Notice to be posted on the Settlement Website in a form substantially similar to the one attached as Exhibit C to the Settlement Agreement, which, together with the Short Form Notice, shall include a fair summary of the Parties' respective positions, statements that the Settlement Class Members are entitled to benefits under the Settlement, the general terms of the Settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the Settlement, instructions for making Claims to the extent contemplated herein, and the date, time, and place of the Final Fairness Hearing; (g) approval of the Claim Form to be used by Settlement Class Members to make a Claim in a form substantially similar to the one attached as Exhibit A to the Settlement Agreement; (h) preliminary approval of the notice plan and the Settlement Benefits Plan substantially similar to the one attached as Exhibit D to the Settlement Agreement; (i) appointment of Kroll Settlement Administration LLC ("Kroll") as the Settlement Administrator; and (j) appointment of Citibank as Escrow Agent.

WHEREAS, Plaintiffs and Defendant have agreed to the entry of this Preliminary Approval Order (the "Order");

WHEREAS, all terms with initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein; and

WHEREAS, the Court has considered the Settlement Agreement and the other documents submitted by the Parties in connection with Plaintiffs' Motion, and good cause appearing therefor:

IT IS THIS _____ day of _____, 2026

ORDERED as follows:

## I.    Preliminary Approval of the Settlement

1.    Upon review of the record, the Court finds that the Settlement Agreement resulted from arm's-length negotiations between highly experienced counsel under the auspices of a neutral mediator and that the Court is likely to grant final approval of the Settlement. Therefore, the Settlement Agreement is hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing described below. The Court preliminarily finds that the Settlement set forth in the Settlement Agreement raises no obvious reasons to doubt its fairness and raises a reasonable basis for presuming that it satisfies the requirements under Rule 23 of the Federal Rules of Civil Procedure and due process so that notice of the Settlement should be given as provided in this Order.

2.    At or after the Fairness Hearing, the Court shall determine, among other matters, whether the Settlement warrants final approval.

## II.    Provisional Certification of the Settlement Class for Settlement Purposes Only

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purpose of effectuating the Settlement, this Court provisionally certifies a Settlement Class defined as "all individuals for whom Labcorp transmitted personal information to Retrieval-Masters Creditor's Bureau, Inc. d/b/a American Medical Collection Agency ("AMCA"), and whose information was contained in the computer systems implicated by the cybersecurity incident  at AMCA that occurred between approximately August 2018 and March 2019." The following entities and individuals are excluded from the definition of "Settlement Class Members":

a.  Defendant and its respective officers and directors;

b.  the Judge and/or Magistrate assigned to evaluate the fairness of this settlement;

c.  any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Security Incident or who pleads nolo contender to any such charge; and

d.  All Persons who would otherwise be Settlement Class Members but who timely and validly request exclusion from the Settlement Class.

The provisional certification of the Settlement Class for settlement purposes shall be vacated and have no force or effect if the Settlement is terminated or not approved by the Court.

4.  Solely for purposes of effectuating the proposed Settlement, the Court preliminarily finds that the prerequisites for class action certification under Rule 23 of the Federal Rules of Civil Procedure are satisfied as: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) the interests of all Settlement Class Members are adequately represented by Plaintiffs and Plaintiffs' Counsel; (e) the issues common to Settlement Class Members predominate over any individualized issues; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. These preliminary findings shall be vacated and have no force or effect if the Settlement is terminated or not approved by the Court.

5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purposes of effectuating the Settlement, Plaintiffs Aleksander Nazemnikov, Cameron Spencer, Carol Kaplan, Debra Wrenn, Edith Thrower, George Rothwell, Holly Laufenberg, Justin Nelson-Carter, Khristopher Thomas, Martha Cuvillier, Melanie Vazquez, Rosaria Gadero, Sandra Lassiter, Sheera Harris, Sherrie Palmer, Timothy Judelsohn, Tracy Buhr, Valerie Scott, Tatyana Shulman, David Finch, Gina Allende, and Wendy Wallach are appointed as Settlement Class

4

Representatives for the Settlement Class and Plaintiffs' Counsel are appointed as counsel for the Settlement Class. These designations shall be vacated if the Settlement is terminated or not approved by the Court.

### III.    Notice to the Settlement Class

6.      The Court approves the appointment of Kroll as Settlement Administrator for the Settlement.

7.      The Court finds the proposed form of notice to Settlement Class Members of the proposed Settlement ("Notice"), the proposed summary form of notice ("Short Form Notice"), and the proposed methods of dissemination thereof, as set forth herein, satisfy the requirements under Rule 23 of the Federal Rules of Civil Procedure and due process, and therefore are approved.

8.      Within five (5) days after entry of this Order, the Settlement Administrator will be provided the Settlement Class Data that includes the Settlement Class Members' full names and current or last known mailing addresses, to the extent reasonably available.

9.      The Settlement Administrator shall cause the Short Form Notice, substantially in the form attached as Exhibit B to the Settlement Agreement, to be disseminated no later than forty-five (45) calendar days following the date of the entry of this Order (the "Notice Date") via email, if known, or first class mail, postage prepaid to each potential Settlement Class Member who is readily and reasonably identified.

10.     On or before the Notice Date, the Settlement Administrator shall create a website for the Settlement (the Settlement Website) and establish a settlement-specific toll-free telephone number.

11.     The Settlement Administrator shall cause the Long Form Notice, substantially in the form attached to the Settlement Agreement as Exhibit C, and the Claim Form, substantially in

the form attached to the Settlement Agreement as Exhibit A, to be posted on the Settlement Website as soon as practicable.

12.     On or before the Notice Date, the Settlement Administrator shall establish a post office box where Settlement Class Members can send completed Claim Forms, requests for exclusion, and other correspondence relating to the Settlement.

## IV.     Schedule and Procedure for Requesting Exclusion and Submitting Objections

13.     The deadline for Settlement Class Members to request exclusion from the Settlement Class shall be sixty (60) days after the Notice Date (the Opt-Out Date).

14.     As set forth in the Notice, in order to request exclusion, a Settlement Class Member must mail a written request to the following address:

AMERICAN MEDICAL COLLECTION AGENCY, INC.
CUSTOMER DATA SECURITY BREACH LITIGATION
LABCORP SETTLEMENT
ATTN: Exclusion Request
[ADDRESS]

15.     The written request for exclusion must include the following information: the name of the proceeding ("*In Re: American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*, No. 19-md-2904 (JKS)(MAH) (D.N.J.)"), the individual's full name, current address, telephone number, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement.

16.     The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above or the request for exclusion is otherwise accepted by the Court. Persons or entities that request exclusion from the Settlement Class shall not be entitled to share in the benefits of the Settlement, nor be bound by the Settlement Agreement and Final Approval Order and Judgment entered thereon.

6

17.     No Person shall exercise any exclusion rights of any other person, or (a) Opt-Out individuals as a group, in the aggregate, or as a class involving more than one Person; or (b) to opt-out more than one Person on a single notice, or as an agent or representative. Any such purported Opt-Out requests shall be void, and the Person(s) who is or are the subject of such purported Opt-Out requests shall be treated as a Settlement Class Member(s) and be bound by the Settlement Agreement, including the Releases contained herein, and Judgment entered thereon, unless he or she submits a valid and timely Opt-Out request.

18.     The Settlement Administrator shall keep track of any and all requests for exclusion.

19.     On or before seven (7) days after the Opt-Out Date, the Settlement Administrator shall provide to counsel for the Parties a complete list of all timely and valid Opt-Outs.

20.     Prior to the Fairness Hearing, the Settlement Administrator shall provide a sworn declaration that: (i) attests to implementation of the Notice plan; and (ii) identifies each Person who timely and properly provided written notification of exclusion from the Settlement Class.

21.     Settlement Class Members who wish to object or otherwise be heard with respect to the Settlement, and to appear in person at the Fairness Hearing, must first mail a written objection to the Settlement Administrator at the Post Office box designated in the Long Form Notice no later than sixty (60) days after the Notice Date. The objector or his or her counsel may also file their objection with the Court through the Court's ECF system, with service on Plaintiffs' Counsel and Defendant's Counsel, to be made through the ECF system. For all objections mailed to Settlement Administrator, Plaintiffs' Counsel will file them with the Court as an exhibit to Plaintiffs' motion for final approval.

22.     The objection must include: (i) the objector's full name, address, telephone number, and email address; (ii) the case name and docket number: *In re American Medical Collection*

*Agency, Inc. Customer Data Security Breach Litigation*, No. 19-md-2904 (JKS) (MAH) (D.N.J.); (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iv) a written statement of all grounds for the objection, including whether the objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) the identity of all class action cases in which the objector or his or her counsel has objected; (vii) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (viii) the objector's personal signature.

23.     Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of  Paragraph 5.1 of the Settlement Agreement.

**V.     Schedule and Manner for Submitting Claim Forms**

24.     Settlement Class Members who wish to participate in the Settlement and be eligible to receive benefits from the Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked (if mailed) and received (if submitted online) no later than ninety (90) days after the Notice Date. By submitting a Claim Form, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its claim and the subject matter of the Settlement.

25.    Each Claim Form submitted must contain the information requested on the Claim Form to satisfy the conditions for claiming Out-of-Pocket Losses or an Alternative Cash Payment, and whether the Settlement Class Member wishes to enroll in Monitoring Services. All Claim Forms: (a) must be properly completed, signed and submitted in a timely manner with Reasonable Documentation, as set forth in the Settlement Benefits Plan attached to the Settlement Agreement as Exhibit D; and (b) if the Person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of the Settlement Administrator, subject to input by the Settling Parties; and (c) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

26.    Any eligible Settlement Class Member that does not timely and validly submit a Claim Form or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived their right to share in the Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Settlement Agreement and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the judgment and the releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against Released Parties, as more fully described in the Settlement Agreement and Notice.

## VI.    The Court's Final Approval Schedule and Fairness Hearing Date

27.    As set forth in the timeline below, all briefs and materials in support of final approval of the Settlement, Plaintiffs' Counsel's fee and expense application, and any application for Service Awards to Plaintiffs, shall be filed with the Court no later than fifteen (15) days before

the Objection and Opt-Out Date and no later than thirty-five (35) days before the Fairness Hearing. The applications described in this paragraph shall promptly be posted on the Settlement Website, and shall be considered as separate and apart from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

28.    All reply submissions, including any responses to any objections by Settlement Class Members, shall be filed with the Court no later than seven (7) calendar days prior to the date of the Fairness Hearing.  The timeline is as follows:

| Event | Date |
|---|---|
| Settlement Class Data shall be provided to the Settlement Administrator. | _____ [5 days after issuance of Preliminary Approval Order] |
| Notice shall be mailed in accordance with the Notice Plan and this Order. | _____ [45 days after issuance of Preliminary Approval Order] |
| Settlement Class Counsel's Application for Attorneys' Fees and Expenses and request for Service Awards for the Plaintiffs-Settlement Class Representatives. | _____ [75 days after issuance of Preliminary Approval Order (__ days before the Objection and Opt-Out Dates) |
| Deadline for Objections to the Settlement, Class Counsel's Application for Attorneys' Fees and Expenses, and/or the request for Settlement Class Representative Service Awards. | _____ [95 days after issuance of Preliminary Order (__ days after the Notice Date)] |
| Deadline for Requests for Exclusion from the Settlement. | _____ [95 days after issuance of Preliminary Order (__ days after the Notice Date)] |
| Plaintiffs to file Motion for Final Approval of the Settlement. | _____ [100 days after issuance of Preliminary Approval Order (__ days after the Notice Date)] |
| Claim Administrator shall submit a declaration to the Court (i) reporting the names of all persons and entities that submitted timely and proper Requests for Exclusion; and (ii) attesting that Notice was disseminated in accordance with the Settlement Agreement and this Preliminary Approval Order. | _____ [100 days after issuance of Preliminary Approval Order (__ days after the Notice Date)] |
| Responses of Any Party to any Objections and/or Requests for Exclusion. | _____ [110 days after issuance of Preliminary Approval Order (__ days after the Notice Date)] |

| Event | Date |
|---|---|
| Any submissions by Defendant concerning Final Approval of Settlement. | _____ [110 days after issuance of Preliminary Approval Order (__days after the Notice Date)] |
| Final Fairness Hearing will be held at Martin Luther King Building & U.S. Courthouse, 50 Walnut St., Newark, NJ 07102 or by video conference as determined by the Court. | _____ [120 days after issuance of Preliminary Approval Order] |

29.    A hearing on final approval of the Settlement ("Fairness Hearing") shall be held before this Court on _____, 2026 at _____ in the Courtroom PO3 before the Honorable Jamel K. Semper, U.S.D.J., at the United States District Court for the District of New Jersey, Frank R Lautenberg U.S. Post Office & Courthouse, 2 Federal Square, Newark, NJ 07102. At the Fairness Hearing, the Court will, among other things, consider:

    a.    final certification of the Settlement Class solely for purposes of effectuating the Settlement;

    b.    the fairness, reasonableness, and adequacy of the Settlement and whether the Settlement Agreement should be finally approved and consummated according to its terms;

    c.    whether the Court should approve the proposed Settlement Benefits Plan for distribution of the Net Settlement Fund (*i.e.*, net of Notice and Settlement Administration Costs, Attorneys' Fees and Expenses, Service Awards, Taxes, Tax Expenses, and Tax-Related Expenses, and costs for procurement of Medical Shield Pro.) to eligible Settlement Class Members;

11

d.      whether notice of the Settlement constitutes due, adequate, and sufficient notice of the Settlement meeting the requirements of due process and the Federal Rules of Civil Procedure;

e.      whether the Action shall be dismissed with prejudice as to Defendant;

f.      whether the release of any and all Released Claims with respect to the Released Parties shall be deemed effective as of Final Judgment;

g.      whether Persons are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against Released Parties;

h.      whether the Court retains continuing and exclusive jurisdiction over the Settlement for all purposes, including its administration and execution and disputes that may arise; and

i.      whether, under Federal Rule 54(b), there is any just reason for delay and whether an order of dismissal and Judgment shall be final and appealable and entered forthwith.

30.     The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Plaintiffs' Counsel shall be responsible for communicating any such notice promptly to the Settlement Class by posting conspicuous notice on the Settlement Website.

31.     In the event that the Settlement does not become final, then, subject to approval of the Court, litigation of the Action against Defendant will resume in a reasonable manner to be approved by the Court upon joint application by the Parties.

12

32.     If the settlement set forth in the Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of the Settlement Agreement or otherwise, the Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue.

33.     Neither this Order nor the Settlement Agreement, nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Parties may file the Settlement Agreement and the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

34.     All proceedings in the Action as they relate to the Labcorp track, other than those related to approval of the Settlement Agreement, are hereby stayed.  For the avoidance of doubt, the Action related to claims brought against Defendants Quest and Optum are not stayed by this Order. Any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending final approval of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: _____                    _____
                                                              HON. JAMEL K. SEMPER, U.S.D.J.