

**CARELLA BYRNE
CECCHI BRODY
AGNELLO, P.C.**

| | | | |
|---|---|---|---|
| JAN ALAN BRODY | DONALD F. MICELI | OF COUNSEL | RAYMOND J. LILLIE |
| JOHN M. AGNELLO | MELISSA E. FLAX | PETER G. STEWART | GREGORY G. MAROTTA |
| CHARLES M. CARELLA | DAVID G. GILFILLAN | CARL R. WOODWARD, III | MARYSSA P. GEIST |
| JAMES E. CECCHI | G. GLENNON TROUBLEFIELD | FRANCIS C. HAND | JORDAN M. STEELE |
| | BRIAN H. FENLON | JAMES A. O'BRIEN, III | BRITTNEY M. MASTRANGELO |
| | CAROLINE F. BARTLETT | JOHN G. ESMERADO | GRANT Y. LEE*** |
| CHARLES C. CARELLA | ZACHARY S. BOWER+ | STEVEN G. TYSON | MAYBOL HALL |
| 11/21/33 – 11/4/23 | DONALD A. ECKLUND | MATTHEW J. CERES | WILLIAM J. MANORY |
| | CHRISTOPHER H. WESTRICK* | ZACHARY A. JACOBS*** | NESLIHAN Z. TALU |
| | STEPHEN R. DANEK | JASON H. ALPERSTEIN | |
| | MICHAEL A. INNES | | *CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY |
| | MEGAN A. NATALE | | ***MEMBER IL BAR ONLY |
| | KEVIN G. COOPER | | +MEMBER FL BAR ONLY |

November 25, 2025

**<u>VIA ECF</u>**

Honorable Jamel K. Semper, U.S.D.J.
Honorable Michael A. Hammer, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

> RE:   *In re American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*, No. 19-md-2904—Quest and Other Labs Tracks[1]
>
> Plaintiffs' Opposition to Defendants' Letter Motion to Strike Plaintiffs' Rebuttal Expert Matthew Strebe (ECF No. 806)

Your Honors:

Plaintiffs respectfully ask the Court to deny Defendants' motion to strike Mr. Matthew B. Strebe's rebuttal report and their alternative request for a sur-reply expert report.

Mr. Strebe's rebuttal report was timely and proper. Start with timing. Defendants concede Plaintiffs could submit rebuttal expert reports with their reply in support of class certification. Mot. at 2 (quoting ECF No. 776). Plaintiffs did just that, serving Mr. Strebe's report with their class certification reply. There is nothing unusual about the fact this report came from a new expert. Courts permit this all the time.

Next to substance. Rebuttal reports must address the same subject matter and contradict the opposing expert's opinions. Mr. Strebe does both, challenging Mr. Matteo Tomasini's methodology and rebutting his conclusion that ███████████████████████████████████████████████████████████████████████. Nothing more is required.

---

[1] The motion was filed in All Tracks, but LabCorp settled shortly thereafter. *See* ECF No. 808.

November 25, 2025
Page 2

Defendants' attempts to impose more restrictions is precluded by this Circuit's approach to rebuttal reports. They contend Mr. Strebe cannot use new methodologies. Mot. at 5. But rebuttal experts can employ different methods to expose flaws. They argue he cannot cite new evidence. *Id.* at 6. Courts allow new evidence, however, when it contradicts opposing expert's conclusions. And they claim he cannot provide background material explaining why Mr. Tomasini's approach fails. *Id.* Yet such explanatory context is proper rebuttal, not improper bolstering.

Even if Defendants were right, exclusion would be wrong. This Circuit reserves that draconian sanction for extreme cases like violating court orders, hiding evidence for years, ambushing opponents at trial. None of that happened here.

Defendants' fallback position that they may respond to Mr. Strebe with their own expert fails too. Courts do not permit endless rounds of rebuttal and sur-rebuttal. Plaintiffs, who bear the burden on class certification, are permitted to the final word, as the Scheduling Order always contemplated.

I.      **Procedural Background**

On November 1, 2024, Plaintiffs moved for class certification, supported by five experts. One was Mary Frantz, who addressed four issues: ███████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████████████████████████████[2]

On November 25, 2024, the Court entered a Scheduling Order under which Defendants would oppose class certification on February 20, 2025, Plaintiffs would serve reply briefs in support of class certification "and any rebuttal expert reports in support of class certification" seven weeks later, on April 11, 2025. ECF No. 746; *see also* ECF No. 776 (same sequencing and language in amended scheduling order).

On September 2, 2025, Defendants opposed class certification and disclosed three experts, including Matteo Tomasini. Mr. Tomasini opined that: ████████████████████████ ████████████████████████████████████████████████████████ █████████████████████████████████████████ *See* Fanning Decl. Ex. E.

On October 22, 2025, Plaintiffs filed an omnibus reply brief in support of class certification and disclosed Mr. Strebe as a rebuttal expert to respond to Mr. Tomasini. Fanning Decl. Ex. F ("Strebe Rebuttal Rep."), ¶ 37. Mr. Strebe explained: ███████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

---

[2] Much of Defendants' motion is a duplicative recitation of imagined problems with Ms. Frantz's expert report and testimony. None has merit as fully explained in Plaintiffs' opposition to Defendants' motion to exclude.

November 25, 2025
Page 3

████████████████████████████
████████. *See id.*

On October 20, 2025, Defendants served Plaintiffs' affirmative experts with subpoenas, to which each responded on November 3, 2025. At no point before moving to strike his report did Defendants seek to obtain any discovery from Mr. Strebe (via subpoena or deposition), despite Plaintiffs ensuring that Mr. Strebe would be available for deposition before the November 10, 2025 *Daubert* motion deadline.

## II.    ARGUMENT

### A.    Plaintiffs timely served the Strebe Rebuttal Report.

Plaintiffs timely served Mr. Strebe's rebuttal report. Defendants concede that Plaintiffs could serve "any *rebuttal* expert reports in support of class certification" with their reply. Mot. at 2 (quoting Amended Scheduling Order, ECF No. 776). That is what happened here.

Defendants contend, however, Mr. Strebe's report is improper because he is a new expert. Mot. at 5. But there is "no support" in case law or evidence rules for the proposition that "new expert testimony is *per se* inappropriate rebuttal evidence." *United States v. Gatling*, 96 F.3d 1511, 1523 (D.C. Cir. 1996). To the contrary, courts routinely permit new experts to offer rebuttal testimony. *See, e.g.*, *Sagacity, Inc. on Behalf of v. Magnum Hunter Prod., Inc.*, 2023 WL 7388897, at *5 (E.D. Okla. Nov. 8, 2023) (permitting two new rebuttal experts for class certification); *Wyeth Holdings Corp. v. Sandoz, Inc.*, 2012 WL 13341004, at *4 (D. Del. Mar. 14, 2012) (permitting new expert's first report at reply stage absent scheduling order prohibiting it).[3] And Defendants' argument that the Amended Scheduling Order, *sub silentio*, forbid new experts is illogical, particularly given that Defendants had time to, but did not, depose Mr. Strebe before the November 10, 2025 deadline to file *Daubert* motions. *See Shupe v. Rocket Companies, Inc.*, 752 F. Supp. 3d 689, 732-34 (E.D. Mich. 2024) ("Even if this Court's Scheduling Order was ambiguous or silent, [expert's] rebuttal report would still be authorized under the Federal Rules of Civil Procedure."); *See Dzielak v. Whirlpool Corp.*, 2017 WL 1034197, at *31 (D.N.J. Mar. 17, 2017) (similar).

Defendants therefore rely on a case striking a new rebuttal expert under unique circumstances. In *Oracle America, Inc. v. Google Inc.*, the scheduling order "emphasized the limited nature of reply reports," requiring them to be "very brief." 2011 WL 5572835 (N.D. Cal. Nov. 15, 2011). And although the plaintiff in that matter had identified the disputed expert

---

[3] *See also, e.g.*, *In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prods. Liab. Litig.*, 2021 WL 1405185, at *5 (S.D.N.Y. Apr. 14, 2021); *Browne v. P.A.M. Transp., Inc.*, 2019 WL 6871241, at *5 (W.D. Ark. Dec. 16, 2019); *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33 (S.D.N.Y. 2016); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2015 WL 4451579, at *5 (N.D. Cal. July 20, 2015); *South Carolina v. United States*, 2012 WL 11922224, at *2 (D.D.C. Aug. 15, 2012); *Laflamme v. Safeway, Inc.*, 2010 WL 3522378, at *3 (D. Nev. Sept. 2, 2010).

November 25, 2025
Page 4

testimony before opening reports, it only disclosed the report after the *Daubert* deadline. A tactic the court described as "sandbagg[ing]." *Id.*

This case is different. Mr. Strebe's rebuttal report "was served prior to the expiration of the *Daubert* motion deadline, and in sufficient time for [Mr. Strebe] to have been deposed prior to the close of expert discovery." *Wyeth*, 2012 WL 13341004, at *4. No scheduling order limits reply reports. And the rebuttal report is not unfair simply because Defendants lack an opportunity to respond. *Perez v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 8601203, at *7-8 (N.D. Cal. Dec. 7, 2011). Despite Defendants' complaints about Plaintiffs retaining Mr. Strebe in 2022, Plaintiffs had never "contemplate[d] asking Mr. Strebe to draft a rebuttal report until after Mr. Tomasini submitted his report." *See* Lichtman Decl. ¶ 2.

Besides, accusations of sandbagging make no sense here. If the Court precludes Mr. Tomasini from testifying, Mr. Strebe will not testify either. And Plaintiffs' motion to exclude Mr. Tomasini is strong: why would Plaintiffs hold their best points for an expert who will not be able to testify if the Court grants that motion?

Defendants' other case mainly addresses a different question. Can a *supplemental* report under Rule 26(a)(2)(E) can come from a different expert than originally disclosed? *Gilbane Bldg. Co. v. Downers Grove Cmty. High Sch. Dist. No. 99*, 2005 WL 838679, at *9 (N.D. Ill. Apr. 5, 2005). The court said no, finding the movant "cite[d] no case in which the supplemental report was submitted by any witness other than the originally disclosed expert." *Id.* But that was about supplementation, not rebuttal. Rebuttal reports often come from new experts. *See Gatling*, 96 F.3d at 1523.

### B.    The Strebe Rebuttal Report is proper rebuttal testimony.

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) permits expert rebuttal testimony "intended solely to contradict or rebut evidence on the same subject matter identified by another party." This standard has two requirements: the rebuttal must (1) address the same subject matter as the opposing expert's report and (2) "explain, repel, counteract or disprove the evidence of the adverse party." *Crowley v. Chait*, 322 F. Supp. 2d 530, 551 (D.N.J. 2004). The Third Circuit construes "same subject matter" broadly. *Id.*; *see also Fed. Trade Comm'n v. Innovative Designs, Inc.*, 2018 WL 3611510, at *2 (W.D. Pa. July 27, 2018) (collecting cases and stating that "district courts [are] reluctant to narrowly construe the phrase 'same subject matter' beyond its plain language"). It also does not strike reports that contain "an elaboration of and [are] consistent with an opinion/issue previously addressed" in the initial report. *Pritchard v. Dow Agro Scis.*, 263 F.R.D. 277, 284-85 (D.N.J. 2009) (quotations and citations omitted). The focus is whether the rebuttal responds to the opposing expert's critiques.

The Strebe Rebuttal Report is framed, organized, and executed as a direct rebuttal to Mr. Tomasini's report. Mr. Strebe's assignment and the rebuttal report's structure—as demonstrated by the contents and heading of each substantive section—show it addresses only Mr. Tomasini's topics, *see* Strebe Rebuttal Rep. *See Haskins v. First Am. Title Ins. Co.*, 2013 WL 5410531, at *4 (D.N.J. Sept. 26, 2013) ("At the outset of his [rebuttal] report [the expert] plainly indicates that he

CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C. \ ATTORNEYS AT LAW

November 25, 2025
Page 5

intended to address and rebut [opposing expert's] opinions."); *Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Tr. v. State St. Bank & Tr. Co.*, 290 F.R.D. 11, 17 (D. Mass. 2013) (finding proper rebuttal where stated intention is to respond to opposing expert followed by point-by-point rebuttal).

Defendants argue "nothing in the Strebe Report is proper rebuttal" because "Tomasini never offered opinions about ██████████████████████████████████ ████████████████████████████████████████████████████████████" Mot. at 7. This mischaracterizes both reports. As Defendants admit earlier, Mr. Tomasini says that he concluded that ██████████████████████████████████████████████████. *Id.* at 3. Mr. Strebe contradicts both conclusions, demonstrating they hinge on three fundamental errors: ████████████████████████████████████████████████████████████████████ ███████████████████████████████████. Specifically:

██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████

Mot. at 3; Fanning Decl. Ex. E ("Tomasini Rep."), ¶¶ 24-65, 209-10. ███████████████ ██████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████. *See* Strebe Rebuttal Rep. ¶¶ 103-62; *see Avco Corp. v. Turn & Bank Holdings, Inc.*, 2017 WL 2224915, at *20 (M.D. Pa. May 22, 2017) (rebuttal proper where expert responds to claim of insufficient evidence); *Haskins*, 2013 WL 5410531, at *3 (proper rebuttal where expert defends sources for conclusion relevant to class certification).

██████████████████████████████████████████████████████████████████████ ████████████████████████████████████ Tomasini Rep. Section VI; Mot. at 3. ██████████ ██████████████████████████████████████████████████████████████████████ █████████████████████████████████ Strebe Rebuttal Rep. ¶¶ 164-86. █████████ ██████████████████████ *Id.* at ¶¶ 174-76, 187-200; *see Avco*, 2017 WL 2224915, at *20.

██████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ Tomasini Rep. ¶¶ 157-207. Mr. Strebe exposes the flaw in this analysis. *See In re EpiPen (Epinephrine Injection, USP) Mkt'g, Sale Pracs. and Antitrust Litig.*, 2021 WL 2577490, at *6-7, *12 (D. Kan. June 23, 2021) ("He has drawn from that experience to render his opinions that rebut" opposing expert's analysis) (collecting cases)). █████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████

Strebe Rebuttal Rep. ¶¶ 191-226.

November 25, 2025
Page 6

This direct rebuttal is precisely what Rule 26 contemplates. *See Sagacity*, 2023 WL 7388897, at *4-5 (rejecting argument that new expert opined on non-rebuttal topics).

Defendants' three out-of-circuit cases each involve experts who abandoned their rebuttal assignment. First, in *In re Sandridge Energy, Inc. Securities Litigation*, the court struck portions introducing new damages calculations for an August 2011 stock drop; an event the opposing expert never analyzed. 2019 WL 2476742, at *1 (W.D. Okla. June 13, 2019). Put simply, the expert improperly addressed matters the opponent had not.

*Gilbane* presents a different problem. There, the plaintiff attempted, in the alternative, to recharacterize a supplemental report as rebuttal after its initial argument failed. 2005 WL 838679, at *11. The court recognized the inherent contradiction: a report cannot simultaneously supplement one's case-in-chief and rebut opposing opinions. While proper rebuttal would have shown that a scheduling analysis was feasible despite the opposing expert's view, the report instead performed the complete analysis and calculated damages. In other words, the report masqueraded as rebuttal but was case-in-chief evidence. *Id.*

*Madison Capital* represents the most extreme departure. *Madison Cap. Co., LLC v. S & S Salvage, LLC*, 2011 WL 195639, at *3 (W.D. Ky. Jan. 19, 2011). The rebuttal experts there failed even to acknowledge the matters raised by the opposing expert.

None of these problems exist here. Defendants therefore invent three reasons to strike Mr. Strebe's rebuttal report: (1) it uses new methodologies and evidence; (2) its background section improperly bolsters Ms. Frantz's opinions; and (3) it covers the same ground as Ms. Frantz's original opinions. Each lacks merit, ***particularly because Mr. Strebe will never testify unless Mr. Tomasini is permitted to do so***.

### 1.    Mr. Strebe can use new methodologies and cite new evidence to contradict opposing opinions in his rebuttal report.

Defendants argue Mr. Strebe's report improperly adds new methodology and evidence. Mot. at 6. But "nothing about Rule 26 or the nature of rebuttal prohibits offering independent opinions or utilizing other methodologies. In fact, offering a different, purportedly better methodology is a proper way to rebut the methodology of someone else." *TCL Commc'ns Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*, 2016 WL 7042085, at *4 (C.D. Cal. Aug. 17, 2016); *see also Innovative Designs, Inc.*, 2018 WL 3611510, at *3 (using "new calculations or methods" is proper rebuttal).

Here, Mr. Strebe corrects Mr. Tomasini's flawed approach. He explains why . Strebe Rebuttal Rep. ¶¶ 44-47, 103-04. He then applies this methodology to the same evidence Mr. Tomasini examined. *Id.* at ¶¶ 105-62. The difference is revealing.

This is how new methodologies on rebuttal should work. *See Hercules Tire & Rubber Co., Inc. v. Robison Tire Co.*, 2019 WL 12059352, at *3 (S.D. Miss. June 10, 2019) (proper rebuttal

November 25, 2025
Page 7

testimony where expert corrects opposing expert's approach); *Scott*, 315 F.R.D. at 44 ("A rebuttal expert is permitted to use new methodologies 'for the purpose of rebutting or critiquing the opinions of [the opposing party's] expert witness.'" (quoting *Park W. Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 326 (S.D.N.Y. 2009))); *In re Genetically Modified Rice Litig.*, 2010 WL 4483993, at *3 (E.D. Mo. Nov. 1, 2010) (permitting different methodology in rebuttal); *EpiPen*, 2021 WL 2577490, at *22.

Nor does Mr. Strebe supplant Ms. Frantz's testimony. He complements it. Ms. Frantz concluded ███████████████████████████████. Mr. Strebe confirms that conclusion while exposing why Mr. Tomasini's contrary analysis fails. ████████████████████████ ████████████████████████████████████████████.

Defendants also contend rebuttal reports cannot cite new materials. Their own authority contradicts this position: rebuttal reports "may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert." *Byrd v. Aaron's, Inc.*, 2017 WL 1093286, at *4 (W.D. Pa. Mar. 22, 2017) (citations and quotations omitted); *Crowley*, 322 F. Supp. 2d at 551-52 (allowing rebuttal expert to include new transcript that was previously available and a new chart). Mr. Strebe does precisely that. ████████████ ████████████████████████████████████████████████████████ ████████████████ Strebe Rebuttal Rep. ¶¶ 163-86; *see Avco*, 2017 WL 2224915, at *20 (proper rebuttal where defense expert found "no evidence" and rebuttal offered contrary evidence). Whether Ms. Frantz had access to this evidence is irrelevant. *Panasonic Commc'ns Corp. of Am. v. United States*, 108 Fed. Cl. 412, 415 (Fed. Cl. 2013) ("The truest test for the admission of evidence in an expert rebuttal report is whether the evidence is specifically offered to rebut a conclusion, opinion, or datum put forth by the other side's expert.").

Indeed, Plaintiffs follow the winnowing process that Defendants' own case law endorses. *See O'Connor v. Ford Motor Co.*, 2025 WL 790240, at *15 (N.D. Ill. Mar. 12, 2025). After Defendants' expert added new opinions rebutting Plaintiffs' initial report, Plaintiffs properly submitted Mr. Strebe's rebuttal to contradict only those newly added defense opinions, without expanding into unrelated topics. By contrast, *O'Connor* struck a rebuttal report that "solely" bolstered the proponent's opening expert by recycling identical inspections to re-urge the same opinions. *Id.* at *15; *see also Wise v. C.R. Bard*, 2015 WL 461484, at *3 (S.D. W. Va. Feb. 3, 2015) (excluding defendant's rebuttal report that "merely restate[d] his already disclosed general opinions").

Defendants' other cases are equally distinguishable. *Bowman v. International Business Machine Corp.* excluded a rebuttal introducing a completely new damages formula with a complex computer program as its "central feature" and previously undisclosed variables—a wholesale revision belonging in the initial report. 2013 WL 1857192, at *8 (S.D. Ind. May 2, 2013). And *Byrd* rejected plaintiffs' attempt to file a second rebuttal report three years after seeing defendants' unchanged expert report. The court found "no reason why Plaintiffs should be given three years to file a second rebuttal report" when defendants had "maintained substantially similar arguments throughout that time." 2017 WL 1093286, at *6.

November 25, 2025
Page 8

### 2. The Strebe Rebuttal Report background section properly provides context for why Mr. Tomasini's methods fail.

Defendants complain that Mr. Strebe's background section "bolsters" Ms. Frantz's opinions. Mot. at 6. These background paragraphs, however, are tied to critiquing Mr. Tomasini's methods.  Strebe Rebuttal Rep. ¶¶ 48-81. Likewise, Mr. Strebe's background on *Id.* at ¶¶ 82-102.

Rebuttal may include explanatory materials that help the Court evaluate why the opposing expert's method fails. For example, in *Piercy*, the court permitted rebuttal experts to describe medical evidence in detail—which they had not done in initial reports—because this description was "aimed directly at [the opposing expert's] report" to show why his conclusion was methodologically flawed. *Piercy v. Warkins*, 2017 WL 1477959, at *10 (N.D. Ill. Apr. 25, 2017); *see also Pritchard*, 263 F.R.D. at 285-87 (allowing further elaboration on opinions expressed in initial report). The court rejected the defendant's argument that this constituted improper bolstering. Marshaling evidence to demonstrate that the opposing expert cannot reach his stated conclusion with reasonable certainty is proper rebuttal. *Id.*

So too here. Defendants acknowledge Mr. Tomasini opined on  Just as the *Piercy* experts properly marshaled evidence to show the defense expert could not identify a cause with reasonable certainty, Mr. Strebe's background on how *See Sagacity*, 2023 WL 7388897, at *4 (rejecting argument that rebuttal expert improperly bolstered initial expert despite defendants' claims that the opinions "bolster[ed] and strengthen[ed]" prior testimony).

### 3. The Strebe Rebuttal Report's overlap with initial expert topics strengthens, not undermines, proper rebuttal.

Defendants contend that "the bulk of the Strebe Report covers the same ground as Frantz's original opinions" and is therefore "simply a 'do-over.'" Mot. at 5. But "the mere fact that [experts] opine on the same topic . . . does not bar [the rebuttal expert's] opinions," but rather "strengthens [the] argument that the disclosures are proper rebuttal" because "rebuttal disclosures are designed to rebut, they naturally, and necessarily, cover topics already discussed in previous disclosures." *Cage v. City of Chicago*, 2012 WL 5557410, at *7 (N.D. Ill. Nov. 14, 2012) (citations and quotations omitted).

November 25, 2025
Page 9

And expanding on those overlapping topics is appropriate when the expansion is consistent with the original opinion. Courts "have held that expert rebuttal reports should not be stricken if they contain 'an elaboration of' the initial report, and when the rebuttal is 'consistent with an opinion/issue previously addressed' in the initial report." *Vrakas v. United States Steel Corp.*, 2019 WL 7372041, at *12 (W.D. Pa. Dec. 31, 2019) (quotations and citations omitted). Defendants admit that is exactly the case here. Mot. at 5.

*Marine Travelift* is illustrative. When the opposing party criticized an expert's opinions as wrong or speculative, the court permitted the expert to provide more support, examples, and fuller explanations to defend his original conclusions, finding the opposing party "opened the door for [the expert] to explain his own opinion more fully." *Marine Travelift, Inc. v. ASCOM Spa*, 2015 WL 9008254, at *2 (E.D. Wis. Dec. 15, 2015). This is not improper bolstering. It is instead permissible elaboration in direct response to opposing expert criticism.[4]

***

The Court should avoid premature rulings on rebuttal testimony. Even when portions of a rebuttal report may exceed proper scope, "the appropriate course is to limit the proposed rebuttal expert's testimony rather than striking it altogether." *Bowman*, 2013 WL 1857192, at *8 (S.D. Ind. May 2, 2013) (finding it "clearly erroneous and contrary to law to strike the remainder of [the expert's] reply report even though it did not constitute improper rebuttal"). But "distinguishing between what is new and what is rebuttal is a task best left to trial in the full context of the evidence." *CRT*, 2015 WL 4451579, at *4.

## C.    Defendants have not shown the Court should exercise the draconian measure of striking the Strebe Rebuttal Report.

The Strebe Report was timely and contains only proper rebuttal evidence under Federal Rule of Civil Procedure 26(a)(2)(D)(ii). Defendants' request to strike under Rule 37(c)(1) therefore fails. But even if the Court finds any deficiency, the report should not be excluded because any "failure [to disclose] was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Brown v. Robert Packer Hosp.*, 341 F.R.D. 570, 571 (M.D. Pa. 2022) (denying motion to strike expert report where "the supposed deadline did not exist, and, even if it did, [plaintiff] has not been prejudiced in any meaningful way.").

Courts assess motions to strike under Rule 37(c)(1) using the *Pennypack* factors: "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified or the excluded evidence would have been offered; (2) the ability of that party to cure the prejudice; (3) the extent to which allowing such witnesses or evidence would disrupt the orderly and efficient trial of the case or of other cases in the court; (4) any bad faith or willfulness in failing to comply

---

[4] To the extent there is any overlap or repetition between Mr. Strebe's and Ms. Frantz's reports, this raises a potential issue at trial under Rule 403. It has nothing to do with discovery motions practice. *Innovative Designs*, 2018 WL 3611510, at *3.

November 25, 2025
Page 10

with the court's order; and (5) the importance of the excluded evidence." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012).

The Third Circuit has "manifested a distinct aversion to the exclusion of important testimony absent evidence of extreme neglect or bad faith." *Taylor v. Amcor Flexibles Inc.*, 2011 WL 2607152, at *3 (D.N.J. June 29, 2011) (citations and quotations omitted). District courts in this Circuit therefore rarely impose the draconian measure of striking expert reports. *See Martin v. Buono*, 2021 WL 1424711, at *8 (E.D. Pa. Apr. 15, 2021) (collecting cases; noting pattern of denying motions to strike where prejudice can be cured, no bad faith exists, and trial is not imminent). Every *Pennypack* factor favors admitting the Strebe Rebuttal Report.

### 1.    Defendants will not suffer any prejudice absent exclusion.

Defendants claim ambush. Mot. at 8. But Plaintiffs moved for class certification arguing access and exfiltration gave rise to standing for all Class members. Defendants opposed, relying on Mr. Tomasini to attack Ms. Frantz's ███████████. They cannot feign surprise when Plaintiffs submit rebuttal addressing those attacks, exactly as the Amended Scheduling Order contemplated. See *Haskins*, 2013 WL 5410531, at *4 (rejecting surprise argument where plaintiff responded to an argument made by expert in opposition to class certification).

Defendants' cases, by contrast, involve parties circumventing their own chosen schedule by introducing a new expert after the close of all discovery. *See In re Johnson & Johnson Talcum Power Prods. Mkt'g, Sales Pracs., and Prods Liab. Litig.*, 2025 WL 1385222, at *3, *5 (D.N.J. May 13, 2025); *E.M. Sergeant Pulp & Chem. Co., Inc. v. Travelers Indem. Co. Inc.*, 2015 WL 9413094, at *3-6 (D.N.J. Dec. 22, 2015); *see also Forrestal Guarani S.A. v. Daros Int'l, Inc.*, 2012 WL 13187472, at *6-8 (D.N.J. Apr. 2, 2012) (striking expert first disclosed in summary judgment opposition after party ignored orders from seven judges across two discovery periods spanning a decade, had been sanctioned, and made "no effort" to show justification). For example, in *E.M. Sergeant*, despite counsel's affirmative representation not to call experts and a court order deeming expert rights waived, the party first disclosed expert testimony via summary judgment opposition. 2015 WL 9413094, at *3-6. And although the court found a willful and bad faith violation, it selected a remedy short of striking because prejudice could be cured. *Id.*

Defendants also lack prejudice because they had an opportunity to, but did not, depose Mr. Strebe about his rebuttal report. *Sikkelee v. Precision Airmotive Corp.*, 2021 WL 392101, at *9 (M.D. Pa. Feb. 4, 2021). In fact, Plaintiffs specifically offered an alternative schedule to Defendants that would provide them with a fifteen-day extension of the deadline to file *Daubert* motions, to allow them time to depose Mr. Strebe, which Defendants rejected. ECF No. 802, at 7.

### 2.    There is no risk of disrupting the trial.

Defendants cannot argue the Strebe Rebuttal Report affects trial. "In cases where the court excludes expert testimony on grounds of untimeliness, it is almost always in the face of a fast approaching trial date." *Ciocca v. BJ's Wholesale Club, Inc.*, 2011 WL 3563560, at *5 (E.D. Pa. Aug. 12, 2011). Here, there is currently no trial date.

November 25, 2025
Page 11

Defendants instead claim disruption to class certification proceedings. Mot. at 9. They cite no authority, however, equating delayed class certification with imminent trial disruption. Courts in this Circuit only find disruption when trial scheduling is threatened. *See Dzielak*, 2017 WL 1034197, at *34 (at pre-class-certification stage, "consideration of [expert's] additional reports d[id] not threaten to disrupt the orderly and efficient trial"). At any rate, Defendants' own motion to strike already interrupted class certification proceedings. *See Sikkelee*, 2021 WL 392101, at *9.

*Crown Bay Marina* underscores Defendants' overreach. There, the court struck an expert disclosed "on the very date that *Daubert* motions were due" with trial 45 days away. *Crown Bay Marina L.P. v. Reef Transp., LLC*, 2020 WL 5166031, at *4 (D.V.I. Aug. 31, 2020). This case has no such urgency.

### 3. Plaintiffs have not acted willfully or in bad faith.

Defendants do not dispute Plaintiffs' right to file rebuttal reports. *See Dzielak*, 2017 WL 1034197, at *34 (no bad faith where party "submitted [expert's] additional reports under color of Rule 26(a)(2)(D)" and "at worst were reasonably mistaken in their interpretation of the Rule"). They argue instead that using a new methodology constitutes willfulness. Mot. at 9. The new methodology only became necessary, however, when ███████████████████████████ ███████████████████████████████████████████████ ████████████████████

Defendants conflate disagreement with bad faith. Willfulness requires violating "a scheduling order willfully" or engaging in "a line of violations." *Withrow v. Spears*, 967 F. Supp. 2d 982, 1006 (D. Del. 2013). Courts "reserve such a finding for only extreme circumstances." *Id.*; *see also TQ Delta, LLC v. 2Wire, Inc.*, 2019 WL 1529952, at *2 (D. Del. Apr. 9, 2019) (no bad faith absent "willful deception").

Defendants' authority confirms the high bar. *In Everest National Insurance Co. v. American Claims Management*, the party knew for "almost two years" it would rely on documents, and failed to produce them despite court order, offered only "incorrect belief" as excuse. 2025 WL 2300758, at *5 (D.N.J. Aug. 8, 2025). Nothing approaching that conduct occurred here. *See, e.g.*, Lichtman Decl. ¶ 2 ("I am the co-lead counsel responsible for the decision to ask Mr. Strebe to submit a rebuttal report. I did not contemplate asking Mr. Strebe to draft a rebuttal report until after Mr. Tomasini submitted his report.")

### 4. The Strebe Rebuttal Report is important if Mr. Tomasini's testimony is not excluded (but Mr. Strebe will never testify if Mr. Tomasini does not).

Mr. Strebe's Report directly addresses flaws in Mr. Tomasini's analysis—the very analysis Defendants rely on to oppose class certification. Courts "favor the resolution of disputes on their merits." *Withrow*, 967 F. Supp. 2d at 1007 (quotation and citations omitted). As much as the Court considers Defendants' exfiltration arguments, Mr. Strebe's effective rebuttal is important.

November 25, 2025
Page 12

**D.     Defendants' alternative request to serve a sur-rebuttal report lacks merit.**

Defendants seek more time, in the alternative, to respond to the Strebe Rebuttal Report. Mot. at 10. While Plaintiffs do not object to Defendants deposing Mr. Strebe or seeking to exclude his testimony, there is no basis for Defendants to file a sur-rebuttal expert report. Courts reject such requests because they create endless loops of expert testimony: "if this court were to grant Defendant the opportunity to rebut its opponent's rebuttal, it would be similarly obliged were Plaintiff in turn to seek to rebut Defendant's sur-rebuttal, and so on and so on." *Panasonic*, 108 Fed. Cl. at 415; *see also Hercules Tire*, 2019 WL 12059352, at *3 (denying request for a surrebuttal). "[T]here must be a practical end to expert discovery." *Id.* at 415-16. This time has come. *Haskins*, 2013 WL 5410531, at *6.

Defendants' cases do not help them. Both involved reports that should have been submitted as affirmative testimony that courts nonetheless admitted. In *Lavell v. Camden County College*, the rebuttal "largely ignore[d] the criticisms presented in Defendant's expert report," failed to "directly address any of these major criticisms," and "present[ed] new data, methodology, and conclusions that contradict[ed] Plaintiff's initial report." 2023 WL 4074077, at *4-5 (D.N.J. June 20, 2023). Likewise, in *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*, the expert belatedly disclosed a new infringement theory in a "Supplemental Report" that belonged in the opening report. 763 F. Supp. 2d at 691-92 (D. Del. 2010).

## Conclusion

For these reasons, Plaintiffs respectfully ask the Court to deny Defendants' motion to strike Mr. Strebe's rebuttal report and their alternative request to file a sur-rebuttal expert report.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.

/s/ James E. Cecchi
JAMES E. CECCHI