**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | No. 2:19-md-2904<br><br>**JAMEL K. SEMPER, USDJ**<br>**MICHAEL A. HAMMER, USMJ** |
| This Document Relates To: All Cases | |

**PLAINTIFFS' MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF JEFFREY B. MILLER, J.D.**

James E. Cecchi
Caroline Fabend Bartlett
**CARELLA BYRNE CECCHI**
**BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700

*Interim Lead Counsel for Plaintiffs*

*(Additional co-lead counsel listed on signature page)*

**TABLE OF CONTENTS**

Page

INTRODUCTION .................................................................................................. 1

BACKGROUND .................................................................................................. 2

I.      Ms. Sharon Anolik's Opening Report ............................................... 2

II.     Mr. Miller's Report ............................................................................ 3

III.    Ms. Anolik's Rebuttal Report ........................................................... 5

LEGAL STANDARD ............................................................................................ 5

ARGUMENT ........................................................................................................ 6

I.      Mr. Miller's opinions are entirely his incorrect view of "what the law requires" and thus must be excluded for invading the Court's province. ................. 6

II.     Mr. Miller's legal opinions should be excluded because he uses an unreliable methodology. ................................................................ 9

III.    Mr. Miller's legal opinions would not assist the trier of fact. ........... 9

IV.   Permitting Mr. Miller's to give his legal opinions would be unduly prejudicial under Rule 403. .......................................................... 10

CONCLUSION ................................................................................................... 11

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Adalman v. Baker, Watts & Co.*,
807 F.2d 359 (4th Cir. 1986) ...............................................................................8, 10

*Bammerlin v. Navistar Int'l Transp. Corp.*,
30 F.3d 898 (7th Cir. 1994) ........................................................................................8

*Berckeley Inv. Group, Ltd. v. Colkitt*,
455 F.3d 195 (3d Cir. 2006)........................................................................................7

*Casper v. SMG*,
389 F. Supp. 2d 618 (D.N.J. 2005) .............................................................................6

*Cooley v. United States*,
501 F.2d 1249 (9th Cir. 1974) ....................................................................................8

*Daubert v. Merrell Dow Pharms.*,
509 U.S. 579 (1993).....................................................................................................5

*Farmland Indus. v. Frazier-Parrott Commodities, Inc.*,
871 F.2d 1402 (8th Cir. 1989) ..................................................................................10

*FedEx Ground Package Sys., Inc. v. Applications Int'l Corp.*,
695 F. Supp. 2d 216 (W.D. Pa. 2010)........................................................................8

*First National State Bank v. Reliance Elec. Co.*,
668 F.2d 725 (3d Cir. 1981)....................................................................................7, 8

*Ford v. Panasonic Corp. of N. Am.*,
284 F. App'x 901 (3d Cir. 2008) ................................................................................9

*In re Genetically Modified Rice Litig.*,
666 F. Supp. 2d 1004 (E.D. Mo. 2009).......................................................................8

*Gen. Elec. Co. v. Joinder*,
522 U.S. 136 (1997).....................................................................................................9

*Gonzalez-Lopez v. Perfect Trading, Inc.*,
2024 WL 1406563 (D.N.J. Apr. 2, 2024) ...................................................................5

*Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Plan and Trust Agreement*,
812 F. Supp. 1376 (E.D. Pa. 1992) ........................................................................9, 10

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC*,
2012 WL 3047308 (W.D. Mo. July 25, 2012)...........................................................................9

*In re Initial Pub. Offering Sec. Litig.*,
174 F. Supp. 2d 61 (S.D.N.Y. 2001).................................................................................6, 10

*Lynch v. J.P. Stevens & Co., Inc.*,
758 F. Supp. 976 (D.N.J. 1991) .............................................................................................9

*Magistrini v. One Hour Martinizing Dry Cleaning*,
180 F. Supp. 2d 584 (D.N.J. 2002) ........................................................................................9

*Marx & Co. v. Diners' Club, Inc.*,
550 F.2d 505 (2d Cir. 1977).................................................................................................8

*Nieves Villanueva v. Soto Rivera*,
133 F.3d 92 (1st Cir. 1997)..................................................................................................8

*Owen v. Kerr-McGee Corp.*,
698 F.2d 236 (5th Cir. 1983) ...............................................................................................8

*Specht v. Jenson*,
853 F.2d 805 (10th Cir. 1988) .............................................................................................8

*TC Sys. Inc. v. Town of Colonie*,
213 F. Supp. 2d 171 (N.D.N.Y. 2002)..................................................................................8

*United States ex rel. Bahnsen v. Boston Scientific Neuromodulation Corp.*,
2017 WL 6402633 (D.N.J. Dec. 15, 2017)...........................................................................8

*United States v. Fallon*,
61 F.4th 95 (3d Cir. 2023) .................................................................................................11

*United States v. Leo*,
941 F.2d 181 (3d Cir. 1991).........................................................................................6, 7, 8

*United States v. Mazumder*,
800 F. App'x 392 (6th Cir. 2020) ......................................................................................11

*United States v. Zipkin*,
729 F.2d 384 (6th Cir. 1984) ...............................................................................................8

*In re Valsartan, Losartan, and Irbesertan Prods. Liab. Litig.*,
2025 WL 1024048 (D.N.J. Apr. 7, 2025)..............................................................................5

## TABLE OF AUTHORITIES
### (continued)

**Page**

**Statutes**

Health Insurance Portability and Accountability Act ("HIPAA").......................................... *passim*

**Rules**

Federal Rule of Civil Procedure 702 .................................................................................1, 3, 8

**Oher Authorities**

4 Weinstein's *Federal Evidence* § 702.03 (2020) .........................................................................10

## INTRODUCTION

Plaintiffs respectfully request that the Court exclude the report and testimony of Jeffrey B. Miller, J.D. In purporting to respond to Plaintiffs' expert, Sharon A. Anolik, Mr. Miller ███

███████████████████████████████████████████████████

███████████████████████████████████. ***It is the Court, not Mr. Miller***

***who is the expert on the law***. ███████████████████████████

███████████████████ would be unfairly prejudicial to Plaintiffs' case.

███████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███ Thus, not only does Mr. Miller's proposed testimony intrude on the province of the Court, but it is not the "product of reliable principles and methods . . . [that] the expert has reliably applied . . . to the facts of this case," as required by Federal Rule of Civil Procedure 702, and would be completely unhelpful to the resolution of the class certification issues before the Court. Accordingly, Mr. Miller should be excluded under Rule 702 and *Daubert*.

## BACKGROUND

**I.      Ms. Sharon Anolik's Opening Report**

In support of their motion for class certification, Plaintiffs disclosed Ms. Sharon Anolik as an expert. Ms. Anolik has extensive experience in advising Covered Entities, like Defendants, on how to oversee their Business Associates in compliance with HIPAA. She advises numerous major U.S. companies on their privacy practices in her role as the Founder and President of Privacy Panacea. *See* Ex. 1 (Anolik Rep.) ¶¶ 1-7. Previously, she was the Vice President & Global Privacy Risk and Strategy Leader at McKesson Corporation from 2011-2013 and the Director of Corporate Compliance & Ethics and Chief Privacy Officer for Blue Shield of California from 2006-2011. *Id.* She has given a significant number of presentations and speeches on privacy over the last 24 years, including at many major healthcare compliance conferences and events. *Id.*

In her opening report, Ms. Anolik opined on: (a) ███████████████████

████████████████████████████████████████████

███████████  and (b) ███████████████████████

███████████ . *Id.* ¶ 11.

Ms. Anolik's report lays out ███████████████████████

████████████████████████████████████████████ .

*Id.* ¶ 16; *see also* ¶¶ 12-41. Drawing on her industry experience, Ms. Anolik ████████

████████████████████████████████████████████

████████████████████████████████████████████

████████  *Id.* ¶¶ 24-31. In support, Ms. Anolik ████████████

████████████████████████████████████████████

████████████████████████████████████████████



████████████████████████████████████████████████████████████

████████████████████████████████████████████ *Id.* ¶¶ 16-68 & nn. 24-26 (collecting sources).

Having established the appropriate framework, Ms. Anolik opines that ██████████

████████████████████████████████████████████████████████████

████████████████████████████████. *Id.* ¶¶ 52-250. Specifically, she analyzes

████████████████████████████████████████████████████████████

██████████████ *Id.* ¶¶ 52-148. Likewise, she explains that ███████████████

████████████████████████████████████████████████████████████

██████████████████████████████ *Id.* ¶ 158; *see generally* ¶¶ 149-204. Finally,

Ms. Anolik opines that the she █████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████ *Id.* ¶ 206;

*see generally* ¶¶ 205-50.

## II.    Mr. Miller's Report

On September 2, 2025, in support of their opposition to class certification, Defendants disclosed Jeffrey B. Miller to critique Ms. Anolik's opinions. Mr. Miller, who signed his report as a "J.D.," "currently serve[s] as Senior Counsel at Saxton Stump, LLC, a regional law firm based out of Pennsylvania[.]" Ex. 2 (Miller Rep.), ¶ 3.[1] Mr. Miller also works as the Director-in-Charge of Granite Governance Risk and Compliance, LLC. *Id.*

In his report, Mr. Miller opines that: (A) "Ms. Anolik ██████████████████

████████████████████████████████████████████████████████████

---

[1] While Ms. Anolik also obtained a law degree, she has not worked as an attorney since 2004.

██████████████████████; (B) "Ms. Anolik's ████████████████████

████████████████████████████████████████████████████████████" (C)

"Ms. Anolik's analysis ████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████"; and (D) Ms. Anolik's ██████████████████████████████

██████████████████████████████████" *Id.* ¶¶ 2(A)-(D).

Mr. Miller's opinions ██████████████████████████████████████

██████████████████████████████████████████████████. He merely

██████████████████████████, *id.* ¶¶ 29-30, ████████████████████████, *id.* ¶¶

31-34, ████████████████████████████████████████, *id.* ¶¶ 35- 37, and ██████████

██████████████ *id.* ¶¶ 38-39, to conclude that in general, ████████████████████

████████████████████████████████. Mr. Miller does not ████████████████████████,

nor does he ████████████████████████████. He does not ██████████████████████

████████████████████████████████████████. In his

deposition, he admitted to ████████████████████████████████████████

████. Ex. 4 (Miller Dep.) at 163:24-164:7 ████████████████████████

██████████).

Further, Mr. Miller analyzes ████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████. *Id.* ¶¶ 42-44 (████████████

██████████; ¶¶ 45-46 (████████████████████████); ¶ 47 (████████████); ¶¶ 48-54 (████████

██████). Relatedly, he concludes that ████████████████████████████████████

-4-

██████████████████████████ *Id.* ¶ 63. He does not explain ██████████████

████████████████████████████████████████████████████████████████████ .

### III.   Ms. Anolik's Rebuttal Report

On October 22, 2025, in support of Plaintiffs' class certification reply, Ms. Anolik explained that Mr. Miller's rebuttal does not change her original opinions. In particular, she concludes that Mr. Miller's opinion that █████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████████ . . ." Ex. 3 (Anolik Rebuttal Rep.) ¶ 3. Moreover, in lieu of engaging with any of the evidence Ms. Anolik relies on, Mr. Miller instead ████████

███████████████████████████████████ , and accordingly fundamentally

████████████████████████████████████████████████████████████████████

██████████████████ . *Id.* ¶ 4.

### LEGAL STANDARD

Under *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993), "[t]he Court must act as a 'gatekeeper' to prevent expert testimony running afoul of Rule 702 from ever reaching the jury." *In re Valsartan, Losartan, and Irbesartan Prods. Liab. Litig.*, 2025 WL 1024048, at *9 (D.N.J. Apr. 7, 2025) (citing *Daubert*, 509 U.S. at 596-97). As such, "expert testimony will be admissible only if it is both relevant and reliable." *Gonzalez-Lopez v. Perfect Trading, Inc.*, 2024 WL 1406563, at *2 (D.N.J. Apr. 2, 2024). "To satisfy these elements," "Rule 702 requires that: (1) the expert must be qualified to render his or her opinion; (2) the scientific process or methodology employed by the expert . . . must be reliable; and (3) the expert's testimony must assist the trier of fact." *Id.* The proponent of expert evidence bears the burden of establishing its admissibility. *Id.*

The "district court must limit expert testimony so as not to allow experts to opine on 'what the law required' or 'testify as to the governing law.'" *Casper v. SMG*, 389 F. Supp. 2d 618, 621 (D.N.J. 2005) (quoting *United States v. Leo*, 941 F.2d 181, 196-97 (3d Cir. 1991)). "The rule prohibiting experts from providing their legal opinions or conclusions is so well established that it is often deemed a basic premise or assumption of evidence law-a kind of axiomatic principle." *Id.* (quotation omitted).

**ARGUMENT**

**I.      Mr. Miller's opinions are entirely his incorrect view of "what the law requires" and thus must be excluded for invading the Court's province.**

Mr. Miller bases his report ███████████████████████████████████████████████████ ████████████████████████████████████████████████. Ex. 2 (Miller Rep.) ¶¶ 14-40. He does not ████████████████████; rather, Defendants ████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████ The Court should not accept Defendants' attempt to sneak in legal arguments through the guise of an expert. It is well-settled that an expert may not offer his opinion as to the interpretation of a statute or regulation, since that is exclusively the province of the Court. *See, e.g.*, *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 69 (S.D.N.Y. 2001) ("[Whenever courts have explicitly addressed the admissibility of expert legal opinion, they have found such opinions inadmissible . . . In our adversarial system, lawyers make arguments, judges write legal opinions - and there is no such thing as an expert opinion when it comes to interpreting a statute unless that opinion belongs to a court.").

The Third Circuit acknowledges that there is a "blurred" line "between admissible and inadmissible expert testimony as to the customs and practices of a particular industry . . . when the testimony concerns a party's compliance with customs and practices that implicate legal duties."

*Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 218 (3d Cir. 2006). In *Berckeley*, the Third Circuit pointed to two cases where experts were permitted to testify to: (1) "the established custom in the banking industry and to provide background information to help the jury determine whether the bank's conduct warranted status akin to a holder in due course, *id.* (citing *First Nat'l State Bank v. Reliance Elec. Co.*, 668 F.2d 725, 731 (3d Cir. 1981)) and (2) "an explanation of business custom, i.e., that defense contractors generally provided updated cost and pricing data to the government during contract negotiations," *id.* (citing *Leo*, 941 F.2d at 196-97). The court then permitted an expert to testify to "the customs and business practices in the securities industry at the time the parties entered into the Agreement." *Id.* However, the Third Circuit forbid the same expert from testifying as to whether a party "complied with legal duties that arose under the federal securities laws" as that "would usurp the District Court's pivotal role in explaining the law to the jury." *Id.*

Here, Mr. Miller's Report, unlike Ms. Anolik's Report, ███████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████.

Rather, he repeatedly ████████████████████████████████████████████████. He

████████████████████████████████████████████, Ex. 2 (Miller Rep.) ¶¶ 14-25, and

███████████████████████████████████████████

████████████████████████ Mr. Miller's Report does not ███████████████████████

██████████████████████████. *Id.*

It is axiomatic that the court, not an expert, is the one who explains what regulations mean and courts frequently exclude testimony from experts attempting to usurp its role.[2] For example, in *United States ex rel. Bahnsen v. Boston Scientific Neuromodulation Corp.*, the district court refused to permit plaintiffs and defendant's experts from testifying about "Medicare guidance and regulations." 2017 WL 6402633, at *3 (D.N.J. Dec. 15, 2017) ("to the extent that [any expert] will seek to testify about the governing law and regulations, the Court will not allow them to do so. Interpreting the law (and instructing the jury accordingly) is solely within the province of the Court."). Likewise, in *TC Sys. Inc. v. Town of Colonie*, 213 F. Supp. 2d 171, 182 (N.D.N.Y. 2002), the court excluded expert testimony explaining federal regulations, holding that a review of federal regulations "impermissibly usurps the role of the trial judge in determining the relevant law."[3] The court noted that the "Regulatory Framework" portion of the expert's "report read[] more like a legal brief than an expert opinion." *Id*. Put another way, "[t]he evil to be avoided is having the expert offer legal conclusions on issues that will be the subject of the Court's instructions to the

---

[2] *See, e.g.*, *Leo*, 941 F.2d 181, 195-96 (3d Cir. 1991); *First Nat'l State Bank*, 668 F.2d at 731; *United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984) ("Expert testimony on the law is excluded because the trial judge does not need the judgment of witnesses. The judge (or the jury as instructed by the judge) can determine equally well the law. The special knowledge of the judge makes the witness's testimony superfluous. It is the function of the trial judge to determine the law of the case. It is impermissible to delegate that function to a jury through the submission of testimony on controlling legal principles."); *Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir. 1988); *Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 366, 368 (4th Cir. 1986); *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977); *Cooley v. United States*, 501 F.2d 1249, 1253-54 (9th Cir. 1974); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *Nieves Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997).

[3] *See also FedEx Ground Package Sys., Inc. v. Applications Int'l Corp.*, 695 F. Supp. 2d 216, 222 (W.D. Pa. 2010) (excluding expert who "repeatedly opines as to what is 'required under the law' and whether the parties 'complied with the Act' or other statutory requirements"); *Bammerlin v. Navistar Int'l Transp. Corp.*, 30 F.3d 898, 900 (7th Cir. 1994) ("The meaning of federal regulations is not a question of fact, to be resolved by the jury after a battle of experts. It is a question of law, to be resolved by the court); *In re Genetically Modified Rice Litig.*, 666 F. Supp. 2d 1004, 1021 (E.D. Mo. 2009) ("The meaning of the regulation is a matter of law for the court to decide; expert testimony is neither helpful nor proper.").

jury." *Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC*, 2012 WL 3047308, at *4 (W.D. Mo. July 25, 2012). That "evil" is exactly Defendants' objective here and the Court should thus exclude Mr. Miller's testimony.

## II.    Mr. Miller's legal opinions should be excluded because he uses an unreliable methodology.



Mr. Miller demonstrates that his methodology is unreliable. Ex. 2 (Miller Rep.) ¶ 63. As Ms. Anolik's reports cogently explain, ███████████████████████████ ███████████████████ *See generally* Exs. 1 & 3. Mr. Miller's ███████████████ ███████████████████████████ provides another basis for excluding his opinions. *See Magistrini v. One Hour Martinizing Dry Cleaning*, 180 F. Supp. 2d 584, 608 (D.N.J. 2002) (excluding expert because "without a reliable method, result-oriented 'judgment' cannot be distinguished from scientifically or methodologically-based judgment"); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

## III.    Mr. Miller's legal opinions would not assist the trier of fact.

Mr. Miller's legal opinions will not "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702; *see e.g.*, *Ford v. Panasonic Corp. of N. Am.*, 284 F. App'x 901, 904 (3d Cir. 2008) ("Here, the experts' dispute was irrelevant, as the District Court noted, because the experts were offering their interpretations about what the guidelines meant, which interpretation a court may just as easily undertake to carry out without the assistance of expert testimony."); *Haberern*, 812 F. Supp. at 1378-79; *Lynch v. J.P. Stevens & Co., Inc.*, 758 F. Supp. 976, 1014 (D.N.J. 1991). This is yet another basis for excluding his opinions.

**IV.    Permitting Mr. Miller's to give his legal opinions would be unduly prejudicial under Rule 403.**

Under Rule 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Permitting Mr. Miller's testimony ████████████████ ████████████████████████████████████████████████ ████████████████████████ and risk misleading the jury. *See, e.g.*, *Farmland Indus. v. Frazier-Parrott Commodities, Inc.*, 871 F.2d 1402, 1409 (8th Cir. 1989) (expert testimony about the requirements of the law "would give the appearance that the court was shifting to witnesses the responsibility to decide the case"); 4 Weinstein's *Federal Evidence* § 702.03 (2020) ("Expert testimony is not admissible to inform the trier of fact as to the law that it will be instructed to apply to the facts in deciding the case. That is a matter reserved exclusively for the trial judge.").

Here, "[f]rom beginning to end, it is obvious that [Defendants] proffered [Mr. Miller] as an expert witness to testify in substantial part to the meaning . . . of the [████████] laws to the transactions here, giving his expert opinion on the governing law." *Adalman*, 807 F.2d at 368; *see also Candelaria*, 218 F. Supp. 2d at 87 (noting that "any fact testimony that he may give would also be inextricably conjoined to expert testimony on the law"). Indeed, Mr. Miller's Report is ████████████████████████████████████████████████ ██████████████████████████████. As such, his arguments are properly made to the Court in a legal brief, and Defendants' counsel are fully capable of doing so. *See, e.g.*, *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d at 69 (attorney experts "are free to consult with the moving defendants, sign their brief, or both. . . . They could have submitted an amicus brief arguing how the law should be interpreted, although the time for such a submission has passed. But it

-10-

remains this Court's exclusive duty and province to say what the law is.") (internal quotations and citation omitted).

This is particularly true because Mr. Miller is an attorney, which runs a particular risk of misleading and confusing the jury and prejudicing Plaintiffs. *See, e.g.*, *United States v. Fallon*, 61 F.4th 95, 109-10 (3d Cir. 2023) (affirming exclusion of "well-credential law professor" under Rule 403 where "confusion could extent to the relevant source of law, substituting the expert's testimony for the District Court's instructions"); *United States v. Mazumder*, 800 F. App'x 392, 397 (6th Cir. 2020) (holding that Rule 403 was a proper basis on its own for excluding relevant testimony of a law professor on the materiality standard because it risked confusing the jury).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to grant their motion to exclude the report and testimony of Jeffrey B. Miller, J.D.

DATED: November 11, 2025

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**

By: */s/ James E. Cecchi*

James E. Cecchi
5 Becker Farm Road
Roseland, NJ 07068
(973) 994.1700
jcecchi@carellabyrne.com

*Interim Lead Counsel for Plaintiffs*

Jason L. Lichtman
Sean A. Petterson
Sarah D. Zandi
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson St., 8th Floor
New York, NY 11013
(212) 355-9500

-11-

Norman E. Siegel
J. Austin Moore
**STUEVE SIEGEL HANSON LLP**
460 Nichols Rd., Ste. 200
Kansas City, MO 64112
(816) 714-7100

Christopher A. Seeger
Christopher Ayers
**SEEGER WEISS, LLP**
55 Challenger Rd., 6th Floor
Ridgefield Park, NJ 07660
(973) 639-9100

*Quest Track Co-Lead Counsel*

Stuart A. Davidson
**ROBBINS GELLER RUDMAN
& DOWD LLP**
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
(561) 750-300

Linda P. Nussbaum
**NUSSBAUM LAW GROUP, P.C.**
1133 Avenue of the Americas
31st Floor
New York, NY 10036
(917) 438-9189

*LabCorp Track Co-Lead Counsel*

Joseph J. DePalma
Catherine B. Derenze
**LITE DEPALMA GREENBERG &
AFANADOR, LLC**
570 Broad Street, Suite 1201
Newark, New Jersey 07102
(973) 623-3000

Justin J. Hawal
Amy E. Keller
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900

*Other Labs Track Co-Lead Counsel*

-12-