**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | No. 2:19-md-2904 |
| | **JAMEL K. SEMPER, USDJ** |
| | **MICHAEL A. HAMMER, USMJ** |
| This Document Relates To: All Cases | |

---

**PLAINTIFFS' REPLY MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF JEFFREY B. MILLER, J.D.**

---

James E. Cecchi
**CARELLA BYRNE CECCHI**
**BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700

*Interim Lead Counsel for Plaintiffs*

*(Additional co-lead counsel listed on signature page)*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................... 1

I. MILLER'S TESTIMONY IS INADMISSIBLE LEGAL ARGUMENT. ........................ 2

    A. Anolik applies the facts to industry standards; Miller offers legal argument. ............................................................................................... 2

        1. Each expert had different tasks, and Miller's task was not appropriate for an expert witness. ................................................. 3

        2. Unlike the Anolik Report, the Miller Report is pure legal analysis. .......... 4

    B. Miller's credentials cannot cure his defective testimony. ...................................... 7

II. INAPPOSITE ARGUMENTS ABOUT "FAIRNESS" DO NOT TRANSFORM MILLER'S LEGAL ARGUMENT INTO EXPERT TESTIMONY. ............................... 9

III. DEFENDANTS' ARGUMENTS ABOUT ANOLIK DO NOT JUSTIFY ADMITTING MILLER. ............................................................................... 10

CONCLUSION ...................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Casper v. SMG,*
389 F. Supp. 2d 618 (D.N.J. 2005) ..............................................................................10

*Christoforetti v. Bally's Park Place,*
2021 WL  3879074 (D.N.J. Aug. 31, 2021) ...................................................................8

*Clark v. Edison,*
881 F. Supp. 2d 192 (D. Mass. 2012) ............................................................................9

*Dalgic v. Misericordia Univ.,*
2019 WL 2867236 (M.D. Pa. July 3, 2019)...................................................................7

*Faulkner v. Arista Records LLC,*
46 F. Supp. 3d 365 (S.D.N.Y. 2014)..............................................................................9

*Freedom Mortg. Corp. v. LoanCare, LLC,*
2023 WL 2570201 (D.N.J. Mar. 20, 2023).....................................................................5

*Jordan v. Temple Health Sys., Inc.,*
2018 WL 3649019 (E.D. Pa. Aug. 1, 2018) ................................................................3, 6

*K.G. v. Owl City,*
2023 WL 3735891 (D.N.J. May 31, 2023), *aff'd*, 2025 WL 1577565 (3d Cir.
June 4, 2025)................................................................................................................5, 7

*Krys v. Aaron,*
112 F. Supp. 3d 181 (D.N.J. 2015) ................................................................................4

*Maude v. City of Philadelphia,*
507 F. Supp. 3d 593 (E.D. Pa. 2020) ............................................................................2

*Morrison v. Olson,*
487 U.S. 654 (1988).......................................................................................................7

*United States ex rel. Penelow v. Janssen Prods., LP,*
2022 WL 94535 (D.N.J. Jan. 10, 2022).................................................................2, 4, 5

*Sherwin-Williams Co. v. PPG Indus., Inc.,*
2020 WL 8249014 (W.D. Pa. Nov. 3, 2020) ..............................................................9, 10

*Smith v. State Farm,*
2023 WL 3561406 (D.N.J. May 19, 2023) ....................................................................8

**TABLE OF AUTHORITIES**
(continued)

**Page**

*United States v. Gaskell,*
   985 F.2d 1056 (11th Cir. 1993) ...............................................................................9

*United States v. Mitchell,*
   365 F.3d 215 (3d Cir. 2004)....................................................................................9

**Statutes**

HIPAA ............................................................................................................... *passim*

**Federal Rules**

Fed. R. Evid. 702 ..........................................................................................................9

**Federal Regulations**

45 C.F.R. § 164.502(e).................................................................................................6

**INTRODUCTION**

Defendants' opposition confirms why Jeffrey B. Miller should be excluded: he is a practicing attorney who Defendants retained to deliver their preferred legal conclusions to the jury under the guise of "expert testimony." He is not a HIPAA industry standards expert. And Defendants do not really present his testimony as assisting the trier of fact; they instead use it in an attempt to blur the line between admissible and inadmissible expert testimony, arguing repeatedly that if Miller's legal testimony is inadmissible, Plaintiffs' expert Sharon A. Anolik's industry practice testimony must be too.

But these experts are not the same. Anolik spent two decades in the healthcare privacy industry. She reviewed extensive case-specific discovery. She then applied her industry experience to these facts and rendered Defendant-by-Defendant opinions about whether their practices met industry expectations.

Miller did none of this. He is Senior Counsel at Saxton & Stump, and while he says in his expert report (and Saxton & Stump biography) that he is an adjunct law professor at Villanova, the law school apparently does not see it the same way as he is nowhere to be found on their website.[1] His "expert" assignment was to determine whether Anolik is correct about what HIPAA requires *as a matter of law*. And his report reads like a legal treatise. He did not ███████████ ██████████████████

Miller is, in other words, a mouthpiece for Defendants' legal position, ██████████ ████████████████ rather than offering the kind of experience-based, case-specific analysis that distinguishes expert testimony from legal argument. Defendants offer him not

---

[1]    *See*    https://www1.villanova.edu/university/law/faculty-scholarship/faculty-directory.html. Miller also refers to himself as "faculty" because he assists the Pennsylvania Bar Institute with continuing legal education.

because his testimony will help the jury, but because his presence allows them to argue that Anolik's testimony is "just like" his and should meet the same fate. But Miller's testimony is categorically different from Anolik's, and it is inadmissible.

## I.    MILLER'S TESTIMONY IS INADMISSIBLE LEGAL ARGUMENT.

### A.    Anolik applies the facts to industry standards; Miller offers legal argument.

The parties agree on the standard for regulatory experts. "Although experts can testify about business customs and background information that they have developed through their personal experience and expertise, they cannot give opinions as to what was required under the law, or whether the defendant complied with the [law]." *United States ex rel. Penelow v. Janssen Prods., LP*, 2022 WL 94535, at *5 (D.N.J. Jan. 10, 2022) (quotation omitted); *see also* Mot. 6-8 (collecting cases). The only question is which side of that line each expert falls on.

Defendants say both experts belong on the same side. Opp. 5. They are wrong. Anolik ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮: exactly what she does professionally as a consultant to organizations seeking to comply with HIPAA. This is proper expert testimony and exactly why "it is not uncommon for courts to allow expert testimony on" whether particular conduct was consistent with HIPAA. *Maude v. City of Philadelphia*, 507 F. Supp. 3d 593, 602-03 (E.D. Pa. 2020).

Miller ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the same thing *he* does professionally as a practicing attorney (although given that he ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). The difference is demonstrated at every level of their expert reports including the assignment, the structure, and the substance.

2

1.    **Each expert had different tasks, and Miller's task was not appropriate for an expert witness.**

Plaintiffs retained Anolik to answer two case specific questions: ██████████

████████████████████████████████████████████

██████████████████████████████ Mot. 2. Her assignment required ██████

████████████████████████████████████████████

████████████████████████████████████ ; i.e., like the

analyses she routinely conducts for her clients outside of litigation. She ██████████

██████████████████████████ Quest and Optum360 (¶¶ 55-

148), LabCorp (¶¶ 149-204), and Sonic (¶¶ 205-50). ██████████████

████████████████████████████████████████████

████████ .

Defendants retained Miller for a different task altogether. His job was to ██████

██████████████████████ Mot. 3-4.[2] That is pure legal statutory

and regulatory interpretation. And unsurprisingly, Miller's report reads like a legal memorandum.

It opens with ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████ His table of contents

belongs in a brief, not an expert report. *See Jordan v. Temple Health Sys., Inc.*, 2018 WL 3649019,

at *3 (E.D. Pa. Aug. 1, 2018) (excluding report that consisted of recitations of case law and federal

regulations).

---

[2] Ostensibly to determine whether Anolik was correct about the law, but Anolik is talking about

████████████████████████

3

At bottom, while Anolik analyzed ███████████████████████, Miller claims to have

███████████████████████████████████. Only one of these assignments

could yield proper expert testimony:



| Anolik | Miller |
|---|---|
| ████████████████ | ████████████████ |
| ████████████████ | ████████████████ |
| ████████████████ | ████████████████ |



### 2.    Unlike the Anolik Report, the Miller Report is pure legal analysis.

Anolik's analysis mirrors testimony Defendants' own authorities deem admissible. In

*Penelow*, for example, the court admitted a healthcare compliance expert's testimony about

"industry compliance standards" and whether the defendant had "an effective compliance

program." 2022 WL 94535, at *13-14. The expert "used specialized knowledge as a health care

compliance expert" and "reviewed numerous documents before reaching her conclusions,"

including compliance policies, internal communications, deposition transcripts, and discovery

responses. *Id.* at *14. Her testimony would "help the jury determine whether [defendant's]

'conduct or actions meet the underlying bases for an ultimate issue.'" *Id.* at *14 (quoting *Krys v.*

*Aaron*, 112 F. Supp. 3d 181, 193 (D.N.J. 2015)).

So too here. Anolik used ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████



. *See generally*, Anolik Decl.

Mot. 2.

*Id.*

Like *Penelow*, her testimony will help the jury determine

*See also K.G. v. Owl City*, 2023 WL 3735891, at *2, *6 (D.N.J. May 31, 2023), *aff'd*, 2025 WL 1577565 (3d Cir. June 4, 2025) (admitting expert's "testimony with regards to the standard practices of the touring industry"); *Freedom Mortg. Corp. v. LoanCare, LLC*, 2023 WL 2570201, at *13 (D.N.J. Mar. 20, 2023) (permitting expert to testify that defendant complied with industry standards).

| Element | Anolik | Miller |
|---|---|---|
| Describes how firms operate? | | |
| Explains industry customs? | | |
| Applies customs to this case? | | |
| Offers opinion on legal compliance? | | |
| Would usurp Court's role? | | |



Defendants must therefore mischaracterize Anolik's testimony as

. Opp. 6. But her testimony is about

██████████████████████████████████████████████. It is the starting point, not the ending point. Miller's begins and ends with ██████████████████.

His own report concedes the point. ████████████████████████ ████████████████████ Miller Decl. ¶ 62. An expert offering industry-practice testimony would assess Defendants' conduct against those factors. *See Jordan*, 2018 WL 3649019, at *3 (excluding expert who provided "no actual opinion regarding the industry standards" and provided "no context for the guidelines or reference to their relationship to industry standards"). Miller did not. He argued ██████████████████. That is statutory interpretation, not expert rebuttal.

| Opinion | What Miller Says | Why Impermissible |
|---|---|---|
| Opinion 1 | ████████████████ | ██████████████ |
| Opinion 2 | ████████████████ | ██████████████ |
| Opinion 3 | ████████████████ | ██████████████ |
| Opinion 4 | ████████████████ | ██████████████ |

It is no surprise that Miller's report echoes the types of reports courts routinely exclude. In *Casper v. SMG*, the court excluded a labor law professor's testimony because he relied on case law and statutes, applying them to the documentary record and oral testimony in the case, to answer legal questions. 389 F. Supp. 2d 618, 621-22 (D.N.J. 2005). The court held that "expert testimony" must be limited "so as to not allow experts to opine on 'what the law required' or 'testify as to the

governing law.'" *Id.* at 621 (citation omitted). The testimony, however, was "clearly a conclusion of law necessarily resulting from legal analysis." *Id.* at 622; *see also Dalgic v. Misericordia Univ.*, 2019 WL 2867236, at *12 (M.D. Pa. July 3, 2019) (expert's testimony "concerning his understanding of the applicable federal regulations is also not a subject for which expert testimony is proper") (collecting cases); *K.G.*, 2023 WL 3735891, at *6 (excluding portions of industry expert's testimony opining on legal conclusions).

Miller's report suffers from the same fatal defect. He relies



Indeed, Miller's testimony is worse than the labor law professor's. At least that lawyer applied his legal analysis to the case record. Miller did not. He ███████████████ Mot. 4 (quoting Miller Dep. 163:24–164:7). And his report confirms the admission. He does not discuss ███████████████

███████████████ He wrote a legal treatise and called it an expert report.

### B.    Miller's credentials cannot cure his defective testimony.

Defendants invoke Miller's 30 years of experience. Opp. 4, 7-8, 10-11. "But this wolf comes as a wolf." *Morrison v. Olson*, 487 U.S. 654, 699 (1988) (Scalia, J., dissenting). Miller's

---

[3] Defendants argue that "OCR does not consider its guidance outdated." Opp. 6. That proves Plaintiffs' point. Anolik is not testifying about what OCR thinks. She is testifying about what the industry does, and the industry has moved beyond a 22-year-old FAQ. *See* Anolik Decl. ¶ 160.

testimony is, on its face, a recitation of legal advice:

Miller Decl. ¶ 54. That is a lawyer recounting his legal counsel.[4] It is not an expert opining on ▇▇▇▇▇▇▇. Courts routinely exclude such testimony from law professors. Mot. 11 (collecting cases). A legal conclusion repeated for 30 years is still a legal conclusion.

Defendants claim Miller ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇ Opp. 12. ▇▇▇▇▇▇▇▇▇▇▇▇

Nor does Miller's claimed industry experience satisfy Defendants' own authorities. Each requires the expert to examine the evidence at issue. In *Smith v. State Farm*, this Court admitted an expert because he "personally observed the cabinetry, subfloor, and tiles that he opines about, the condition of which is the factual inquiry at the heart of this case." 2023 WL 3561406, at *5 (D.N.J. May 19, 2023). In *Christoforetti v. Bally's Park Place*, the Court admitted an expert because "he bases his opinion upon careful review of the evidence and his understanding of the hotel and lodging industry." 2021 WL 3879074, at *6 (D.N.J. Aug. 31, 2021).

Miller did neither. ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇ His report represents

---

[4] Defendants note that Anolik also has a law degree. But the comparison ends there. Miller is Senior Counsel at Saxton & Stump, LLC, where he chairs the firm's Information Privacy and Security group. He signed his report "Jeffrey B. Miller, J.D." He is an actively practicing lawyer offering legal opinions. Anolik has not worked as an attorney since 2004. She testifies from two decades of consulting experience, not from her distant legal practice.

precisely the "analytical gap" *Smith* warns against. For example, a medical expert who opined on a patient's cause of death "without the expert examining the patient's body." 2023 WL 3561406, at *5. Miller offers conclusions about ███████████████████████████████ ██████████████████████████████ So while Defendants are right that experience-based testimony is often admissible, cases (including *Smith* and *Christoforetti*) require ████████ ██████████████████████████████.

## II.    INAPPOSITE ARGUMENTS ABOUT "FAIRNESS" DO NOT TRANSFORM MILLER'S LEGAL ARGUMENT INTO EXPERT TESTIMONY.

Defendants argue it would be "unfairly prejudicial" to exclude Miller if Anolik is admitted. Opp. 13-14. The argument fails for three reasons.

*First*, admissibility turns on what each expert offers. Rebuttal status is not a free pass. Defendants' own authorities recognize that rebuttal testimony must meet the usual Rule 702 requirements. *See Faulkner v. Arista Records LLC*, 46 F. Supp. 3d 365, 386 (S.D.N.Y. 2014) ("the standard for a rebuttal expert witness is the same as for any expert witness"); *United States v. Mitchell*, 365 F.3d 215, 247 (3d Cir. 2004) (opposing expert remains "subject, as always, to offering a qualified expert with good grounds to support his criticism"); *United States v. Gaskell*, 985 F.2d 1056, 1063 (11th Cir. 1993) (parity principle applies only to "otherwise admissible" expert testimony (citations and quotations omitted)); *see also Clark v. Edison*, 881 F. Supp. 2d 192, 210-12 (D. Mass. 2012) (admitting both experts only because each independently offered "scientifically supported" views on a "highly controversial" scientific topic where "reasonable experts appear to disagree"). Miller's ████████████ are not otherwise admissible. Defendants' "all-or-nothing" framing cannot change that.[5]

---

[5] To be clear: the experts do *not* opine on the same subject matter. *See* Opp. 13 (quoting *Sherwin-Williams Co. v. PPG Indus., Inc.*, 2020 WL 8249014, at *3 (W.D. Pa. Nov. 3, 2020)). Anolik opines on ████████████████████████████████████████████████████

*Second*, Defendants have ample tools to dispute Plaintiffs' theories without Miller. They can make legal arguments in briefing. *See Casper*, 389 F. Supp. 2d at 622 ("While Plaintiff is free when the time comes to make such arguments and offer such conclusions in legal memoranda, he may not do so through the expert testimony of a law professor."). They can also cross-examine Anolik, present fact witnesses, or request jury instructions. What they cannot do is put a lawyer on the stand to tell the jury what the law means.

*Third*, admitting Miller would cause the very prejudice Defendants claim to fear. It would give Defendants' legal arguments the cover of "expert opinion," ████████████████ ██████████████████████████ In doing so, it would blur the line between the Court's role, outside counsel's role, and an expert witness's role. The prejudice from admission far exceeds any prejudice from exclusion.

## III.   DEFENDANTS' ARGUMENTS ABOUT ANOLIK DO NOT JUSTIFY ADMITTING MILLER.

Defendants devote considerable space to arguing that Anolik also offers ██████████. Opp. 5-9. Even if true, that would not save Miller. The remedy for any minor overreach on Anolik's part is not major overreach from Miller: if there are concerns about specific phrases in Anolik's report, the appropriate remedy is targeted limitation. Not allowing a lawyer to deliver an extended legal treatise under the guise of expert testimony.

The substance of each report is worlds apart. Anolik ████████████████████ ████████████████████████████████████ ████████████████████████████████████

---



████████████   Miller opines on ████████████████

████████   *Sherwin-Williams* does not apply.

███████████████████████████████████████████████████

██████████████████████████████████████████ Defendants'

attempt to lash the two reports together should not obscure that basic fact.

## CONCLUSION

For the above reasons, Plaintiffs respectfully request that the Court grant their Motion to

Exclude the Expert Report and Testimony of Jeffrey B. Miller.

DATED: December 17, 2025

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**

By: */s/ James E. Cecchi*

James E. Cecchi
5 Becker Farm Road
Roseland, NJ 07068
(973) 994.1700
jcecchi@carellabyrne.com

*Interim Lead Counsel for Plaintiffs*

Jason L. Lichtman
Sean A. Petterson
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson St., 8th Floor
New York, NY 11013
(212) 355-9500

Norman E. Siegel
J. Austin Moore
Kasey Youngentob
**STUEVE SIEGEL HANSON LLP**
460 Nichols Rd., Ste. 200
Kansas City, MO 64112
(816) 714-7100

Christopher A. Seeger
**SEEGER WEISS, LLP**
55 Challenger Rd., 6th Floor
Ridgefield Park, NJ 07660
(973) 639-9100

11

*Quest Track Co-Lead Counsel*

Joseph J. DePalma
Catherine B. Derenze
**LITE DEPALMA GREENBERG &
AFANADOR, LLC**
570 Broad Street, Suite 1201
Newark, New Jersey 07102
(973) 623-3000

Justin J. Hawal
Amy E. Keller
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900

*Other Labs Track Co-Lead Counsel*

12