**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(Newark Vicinage)**

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br>All Tracks | Civil No. 2:19-md-02904-JKS-MAH<br><br>Judge Jamel K. Semper |

## <u>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF JEFFREY B. MILLER</u>

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

I.     ANOLIK OFFERED LEGAL OPINIONS. ..................................................... 2

II.    DEFENDANTS RETAINED MILLER TO REBUT ANOLIK'S OPINIONS. ..................................................................................................... 4

ARGUMENT ...................................................................................................................... 5

I.     IF ANOLIK IS EXCLUDED, AS SHE SHOULD BE, THIS MOTION WILL BE MOOTED. ....................................................................... 5

II.    MILLER'S OPINIONS ARE PROPER REBUTTAL TO ANOLIK'S OPINIONS ABOUT HIPAA REQUIREMENTS. ........................................... 6

III.   MILLER'S OPINIONS ARE RELIABLE. ...................................................... 11

IV.   MILLER'S OPINIONS WILL ASSIST THE TRIER OF FACT. ................... 12

V.    PERMITTING ANOLIK'S OPINIONS WITHOUT MILLER'S OPINIONS WOULD BE UNFAIRLY PREJUDICIAL. ........................................ 13

CONCLUSION .................................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Am. Nat. Prop. & Cas. Co. v. Stutte,*
2015 WL 1641955 (E.D. Tenn. Apr. 13, 2015) ............................................................. 14

*Berckeley Inv. Grp., Ltd. v. Colkitt,*
455 F.3d 195 (3d Cir. 2006) ......................................................................................... 10

*Care One Mgmt., LLC v. United Healthcare Workers E., SEIU 1199,*
2025 WL 1341436 (D.N.J. May 2, 2025) ................................................................ 10, 11

*Christoforetti v. Bally's Park Place, Inc.,*
2021 WL 3879074 (D.N.J. Aug. 31, 2021) ................................................................... 11

*Clark v. Edison,*
881 F. Supp. 2d 192 (D. Mass. 2012) .......................................................................... 14

*Faulkner v. Arista Recs. LLC,*
46 F. Supp. 3d 365 (S.D.N.Y. 2014) .............................................................................. 7

*K.G. v. Owl City,*
2023 WL 3735891 (D.N.J. May 31, 2023) ................................................................... 13

*Sherwin-Williams Co. v. PPG Indus., Inc.,*
2020 WL 8249014 (W.D. Pa. Nov. 3, 2020) ................................................................ 13

*Smith v. State Farm Fire & Cas. Co.,*
2023 WL 3561406 (D.N.J. May 19, 2023) .............................................................. 11, 12

*United States ex rel. Penelow v. Janssen Prods., LP,*
2022 WL 94535 (D.N.J. Jan. 10, 2022) ........................................................................ 11

*United States v. Ford,*
481 F.3d 215 (3d Cir. 2007) ......................................................................................... 11

*United States v. Gaskell,*
985 F.2d 1056 (11th Cir. 1993) .................................................................................... 14

*United States v. Mitchell,*
365 F.3d 215 (3d Cir. 2004) .................................................................................... 12, 14

*United States v. Velasquez,*
    64 F.3d 844 (3d Cir. 1995) .......................................................................................... 13

**RULES**

Fed. R. Evid. 403 ........................................................................................................ 13, 14

Fed. R. Evid. 702 .......................................................................................................... 2, 6

## INTRODUCTION

Plaintiffs chose to put up an expert—Sharon Anolik—to improperly opine on ███████████████████████████████, invading the province of this Court. Worse, Anolik's ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

Defendants moved to exclude her opinion on these grounds, among others. *See* Mem. ISO Defs.' Mot. to Exclude the Test. of Pls.' Experts ("Defendants' Motion to Exclude" or "Defs.' MTE") 46-59.

Plaintiffs now seek to lock in their expert's improper and erroneous legal conclusions by moving to exclude the rebuttal opinions of Defendants' expert Jeffrey Miller, which are far more reliable and show why Anolik's opinions are incorrect. To support their attempt to offer a legal opinion through an expert while barring Defendants from responding through an opposing expert, Plaintiffs offer tissue-thin distinctions, including that Miller ███████████████ that Miller does not ████

████████████████████████████████████████████████

███████████████████████████████████ and that he ████

████████████████████████████████████████████████

███████████████

The Court should grant Defendants' Motion to Exclude Anolik; should it do so, Defendants will withdraw Miller, who was retained solely to rebut Anolik, mooting

1

Plaintiffs' Motion to Exclude Miller. If the Court denies Defendants' Motion to Exclude Anolik, then it should also deny Plaintiffs' Motion because Miller's opinions—

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████. Miller's opinions are thus admissible under Federal Rule of Evidence 702.

**BACKGROUND**

I.    **ANOLIK OFFERED LEGAL OPINIONS.**

Sharon Anolik is ██████████████████████████████. Ex. 1, Anolik Decl. ¶ 1-7. She offers two core opinions. First, she opines that to ███████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████ *Id.* ¶¶ 52-53.[1] Anolik opines that

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████



[1] ███████████████████████████████████████████████

██████████████████ Ex. 1, Anolik Decl. ¶ 12. ██████████████

███████████████████████████████████████ *Id.* ¶ 13.

2

████████████████████████████████████████████████████████████

████████████████████████████████  *Id.* ¶ 17. Although Anolik ███████████

███████████████████████████████, she confirmed at her deposition that the

opinions she offers ███████████████████████████████████████████

████████████  Ex. 2, Anolik Dep. 24:25-25:7 ("Q: ██████████████████

███████████████████████████████████████  ... A: ███████████

████████████████████████████████████████████████████████████

████████████████████████████████."). Lest there be any doubt that

this opinion is entirely a legal conclusion Plaintiffs *admit* in their Motion that it simply

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

Pls.' Mem. of Authorities ISO Mot. to Exclude the Rep. & Test. of Jeffrey B. Miller

("Motion" or Mot.") 2.

Second, Anolik opines that Defendants ███████████████████████████

██████████████████████  Ex. 1, Anolik Decl. ¶¶ 55-148 (Quest and Optum360), 205-

50 (Sonic). As Plaintiffs put it, "[h]aving established the appropriate framework"—*i.e.*,

████████████████████████████████████████████████—Anolik "opines

that ███████████████████████████████████████████████████████

████████████████.  Mot. 3. Further, she opines that Defendants' ██████████

███████████████████████████████.  Ex. 1, Anolik Decl. ¶¶ 92-101

(Quest and Optum360), 217-36 (Sonic).

3

## II.    DEFENDANTS RETAINED MILLER TO REBUT ANOLIK'S OPINIONS.

Defendants retained Jeffrey Miller exclusively as a rebuttal expert to respond to

Anolik's opinions. Miller is ███████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████. Ex.

3, Miller Decl. ¶ 3. Miller has ████████████████████████████████

████████████████████████████████████████████████████

█████████████████. *See id.* ¶¶ 3-5; Ex. 4, Miller Dep. 23:9-14, 55:13-23. ████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████. Ex. 3,

Miller Decl. ¶ 4. Miller has also ███████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████. *Id.* ████████████████████

█████████████████████████████████████████████. *Id.*

Miller also has ████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████. *Id.* ¶ 5.

In his Report, Miller offers four opinions, all of which are in direct rebuttal to

Anolik's opinions:



1. "Ms. Anolik was incorrect when she ▮▮▮▮ *Id.* § V.

2. "Ms. Anolik's criticisms of ▮▮▮▮ Rather, her criticisms are based on ▮▮▮▮ *Id.* § VI.

3. ▮▮▮▮ , and Ms. Anolik's analysis ▮▮▮▮ ." *Id.* § VII.

4. "While Ms. Anolik ▮▮▮▮ *Id.* § VIII.

**ARGUMENT**

**I.    IF ANOLIK IS EXCLUDED, AS SHE SHOULD BE, THIS MOTION WILL BE MOOTED.**

Anolik's opinions on ▮▮▮▮ are impermissible legal conclusions and should be excluded for the reasons set forth in Defendants' Motion to Exclude. *See* Defs.' MTE 46-59. If the Court excludes Anolik's opinions and testimony, as it should, then Defendants will withdraw Miller, who was retained solely to rebut Anolik, and the Court need not resolve this Motion.

5

## II.    MILLER'S OPINIONS ARE PROPER REBUTTAL TO ANOLIK'S OPINIONS ABOUT HIPAA REQUIREMENTS.

If the Court denies Defendants' Motion to Exclude, then it should also deny Plaintiffs' Motion because Miller's opinions ██████████████████████████ ████████████████████████████████, and are admissible under Rule 702.

Miller Opinion 1. Miller's first opinion addresses ██████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████ Ex. 3, Miller Decl. § V. His response ████████████████ *Id.*

Miller rebuts Anolik's opinion by, among other things, ████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████ *See id.* ¶¶ 29-54; Ex. 1, Anolik Decl. ¶¶ 15-17. Miller also addresses numerous additional fundamental flaws in Anolik's opinions. For example, he opines that ████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████. Ex. 3, Miller Decl. ¶¶ 27, 38-39. But ████████ ████████████████████████████████████████████████████████████ ████████████████ He further analyzes Anolik's reliance ████████████████

6

███████████████████████████████████████████████

████ and demonstrates, ███████████████████████████████████

██████ *See id.* ¶¶ 42-47.

Plaintiffs attempt to fault Miller's ███████████████████████, claiming his opinions are ███████████████████████████████████████████ ███████████████████████████████████ Mot. 4. But it should come as no surprise that Miller—as a rebuttal expert—█████████████████████████ ███████████████████████████████████████████████

*See Faulkner v. Arista Recs. LLC*, 46 F. Supp. 3d 365, 386 (S.D.N.Y. 2014) (admitting rebuttal expert opinion as reliable and helpful where the rebuttal expert "review[ed] … each of the categories" of data on which the initial expert relied).

Miller also demonstrates that Anolik improperly ███████████████ ███████████████████████████████████████████████ ███████████████████████ Ex. 3, Miller Decl. ¶ 48. Plaintiffs argue that Miller ███████████████████████████████████████████████. Mot. 4-5. That assertion flatly misrepresents his report and testimony. *See, e.g.*, Ex. 3, Miller Decl. ¶ 27 (opining that ███████████████████████████████████████████████ ███████████████████████); Ex. 4, Miller Dep. 124:9-16 (███████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ██████████.)

Miller's conclusion that ███████████████████████████████████ ████████████████████████████████████████████████████████ When asked at his deposition ███████████████████████████████ Miller explained that ████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████████████ Ex. 4, Miller Dep. 134:20-136:5. Miller also made clear that, ██████████████████████████████████████████ ████████████████████████████████████████████████████████ █████████████████████████████ *Id.* 124:9-16, 128:4-13; *see also id.* 123:13-17 ████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████████████ ). Instead, Miller explained that █████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████ . Ex. 3, Miller Decl. ¶ 27. ████████████████████████ ████████ .

In sum, in Opinion 1, ██████████████████████████████████████ , Miller rebuts Anolik's opinion that ███████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████ . Indeed, Miller states that █████████████████████████

8

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████ *Id.* ¶ 54 (emphasis added).

      <u>Miller's Opinions 2-4</u>. Miller offers three additional opinions, each one in direct rebuttal to Anolik's opinions:

- In Opinion 2, Miller explains that Anolik's ██████████████████

   ████████████████████████████████████████████████

   ████████████████████████████████████████████████

   ███████████████████████████████ *Id.* § VI, ¶¶ 55-57.

- In Opinion 3, Miller explains that Anolik is incorrect that ████████████

   ████████████████████████████████████████████████

   ████████████████████████████████████████████████

   ████████████████████████████████████████████████

   ████████████████████████████████████████████████

   ████████████████████████████████████████. *Id.* ¶¶ 58-60.

- In Opinion 4, Miller opines that Anolik ████████████████████

   ████████████████████████████████████████████████

   ████████████████████████████████████████████████

   ████████████. *Id.* ¶¶ 61-64.

9

None of the cases Plaintiffs cite support excluding Miller's rebuttal report and testimony that responds directly to Anolik's opinions. If anything, they show why

███████████████████████████████████████████████████████████████████████████

█████████████████████ are improper and should be excluded. *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 218 (3d Cir. 2006).

Moreover, Plaintiffs are wrong that Miller ████████████████████

███████████████████. Miller, in rebutting Anolik's opinions about ███████

███████████████████████████████████████████████████████████████████████████

██████████████████. *See, e.g.,* Ex. 3, Miller Decl. ¶¶ 27, 54, 63-64; Ex. 4, Miller Dep. 23:8-14, 54:24-60:12, 68:10-14, 118:1-126:4, 134:5-136:5. Miller explains that,

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

Anolik's opinion is ███████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

████████████████████████████████ Ex. 4, Miller Dep. 134:20-136:5. Indeed, each of Miller's four opinions systematically rebuts Anolik's opinions and explains that, based on his experience, Anolik's opinions are not supported or reliable. *See* Ex. 3, Miller Decl. §§ V-VIII; Ex. 4, Miller Dep. 23:8-14, 54:24-60:12, 68:10-14, 118:1-126:4, 134:5-136:5.; *Care One Mgmt., LLC v. United Healthcare Workers E., SEIU 1199*, 2025 WL 1341436, at *18 (D.N.J. May 2, 2025) ("It is permissible for … a rebuttal expert[] to have reviewed [the opposing party's] experts reports and to have applied his experience and

10

training to opine as to whether those reports are sound."). Because Miller's opinions are a direct rebuttal to Anolik's opinions, they are admissible.

## III.  MILLER'S OPINIONS ARE RELIABLE.

Plaintiffs argue that Miller's methodology is unreliable because he  Mot. 9. They are wrong on the law and on the facts.

The law is clear that experts may rely on their own personal knowledge and experience in establishing a reliable methodology. *United States v. Ford*, 481 F.3d 215, 218 n.5 (3d Cir. 2007) (noting reliability inquiry may turn on "personal knowledge or experience") (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)). Miller  : he explains that, in rebutting Anolik's opinions. Ex. 3, Miller Decl. ¶¶ 27, 31-39, 41-46. Miller's "specialized knowledge and experience in health care compliance is relevant to understanding how []he formed [his] opinions and deciding the issue of reliability." *United States ex rel. Penelow v. Janssen Prods., LP*, 2022 WL 94535, at *13 (D.N.J. Jan. 10, 2022); *see also Christoforetti v. Bally's Park Place, Inc.*, 2021 WL 3879074, at *6-7 (D.N.J. Aug. 31, 2021) (holding expert's "vast" thirty years of experience in the relevant industry and the sources he referenced "support[] the reliability of his opinion"); *Smith v. State Farm Fire & Cas. Co.*, 2023 WL 3561406, at *4 (D.N.J. May 19, 2023) (finding expert's opinions

11

reliable because they were based on "sufficient knowledge and experience" from his decades of experience in the relevant industry).

On the facts, Plaintiffs' assertion that Miller ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Indeed, Miller ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In addition to ▮▮▮▮▮▮▮



▮▮▮ Ex. 3, Miller Decl. ¶¶ 51-52. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮ Miller applies a reliable methodology in forming his opinions, and his opinions should be admitted.

## IV. MILLER'S OPINIONS WILL ASSIST THE TRIER OF FACT.

Plaintiffs also assert that Miller's opinions should be excluded because they will not assist the trier of fact. *See* Mot. 9. But Miller's opinions are highly relevant and would assist the trier of fact in assessing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See United States v. Mitchell*, 365 F.3d 215, 247 (3d Cir. 2004) ("[T]he opposing expert's testimony will ordinarily be helpful to the jury *precisely because it is opposing*—it will help the jury to evaluate the reliability of the opinion offered by the proponent expert.")

(emphasis in original); *K.G. v. Owl City*, 2023 WL 3735891, at *6 (D.N.J. May 31, 2023) (admitting testimony based on decades of industry experience and finding same would assist the trier of fact). In particular, Miller would assist the jury ███████████ ████████████████████████████████████████████████. *See United States v. Velasquez*, 64 F.3d 844, 852 (3d Cir. 1995) (finding abuse of discretion where district court excluded expert who "would have assisted the jury in determining the proper weight to accord" the opposing party's expert's testimony). Miller's opinions will be helpful to the jury and should be admitted.

## V.    PERMITTING ANOLIK'S OPINIONS WITHOUT MILLER'S OPINIONS WOULD BE UNFAIRLY PREJUDICIAL.

Plaintiffs assert that exclusion of Miller's opinions is warranted under Federal Rule of Evidence 403 because Miller's opinion on ████████████████ ███████████████████ would be "misleading and confusing [to] the jury" and would prejudice Plaintiffs. Mot. 10-11. But as discussed in Section II, *supra*, Miller ████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████ "Courts have routinely denied motions to exclude expert testimony when the challenging party's own expert opines on the very same subject matter." *Sherwin-Williams Co. v. PPG Indus., Inc.*, 2020 WL 8249014, at *3 (W.D. Pa. Nov. 3, 2020), *R&R adopted*, 2021 WL 211497 (W.D. Pa. Jan. 21, 2021).

13

The only real risk of unfair prejudice lies in permitting Anolik's opinions while excluding Miller's rebuttal opinions. *See United States v. Gaskell*, 985 F.2d 1056, 1063 (11th Cir. 1993) ("It is an abuse of discretion to exclude the otherwise admissible opinion of a party's expert on a critical issue, while allowing the opinion of his adversary's expert on the same issue.") (citation modified); *Clark v. Edison*, 881 F. Supp. 2d 192, 212 n.26 (D. Mass. 2012) (the admission of one expert's testimony without the other party's expert's testimony "would raise ... concerns under Rule 403 because the probative value of hearing one side" of the issue "might be substantially outweighed by the potential for un-rebutted expert testimony to mislead the jury or confuse the issues"); *Am. Nat. Prop. & Cas. Co. v. Stutte*, 2015 WL 1641955, at *6 (E.D. Tenn. Apr. 13, 2015) (same).

Miller's opinions are ███████████████████████████████████ ███████████████████████████████████████████. Because Plaintiffs ███████████████████████████████ ████████████████████████, Defendants must be permitted to respond; the jury cannot be left with only Plaintiffs' version. *See Mitchell*, 365 F.3d at 247 ("If one side can offer expert testimony, the other side may offer expert testimony on the same subject to undermine it.").

## CONCLUSION

For the reasons set forth above, in the event that the Court does not grant Defendants' Motion to Exclude the opinions of Anolik in its entirety, Defendants

14

respectfully request that the Court deny Plaintiffs' Motion and deem Miller's report and testimony admissible in their entirety.

Dated:  December 3, 2025

Respectfully submitted,

By: */s/ Reade W. Seligmann*

Reade W. Seligmann
ALSTON & BIRD LLP
90 Park Avenue, 12th Floor
New York, NY  10016
Tel.: (212) 210-9453
reade.seligmann@alston.com

Kristine M. Brown
Donald M. Houser
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309
Tel.: (404) 881-7000
kristy.brown@alston.com
donald.houser@alston.com

Thomas P. Scrivo
Young Yu
O'TOOLE SCRIVO, LLC
14 Village Park Road
Cedar Grove, NJ  07009
Tel.: (973) 239-5700
tscrivo@oslaw.com
yyu@oslaw.com

*Attorneys for Defendant Optum360, LLC*

By: */s/ David H. Hoffman*

15

David H. Hoffman
Daniel C. Craig
Heather Benzmiller Sultanian
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Tel.: (312) 853-7000
david.hoffman@sidley.com
dcraig@sidley.com
hsultanian@sidley.com

Eamon P. Joyce
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY  10019
Tel.: (212) 839-8555
ejoyce@sidley.com

Ricardo Solano, Jr.
GIBBONS P.C.
One Gateway Center
Newark, NJ  07102
Tel.: (973) 596-4500
rsolano@gibbonslaw.com

*Attorneys for Defendant Quest Diagnostics Incorporated*

By: */s/ Bradley J. Bartolomeo*

Bradley J. Bartolomeo
Jeffrey Y. Spiegel
Ariadne Panagopoulou
Abaigeal D. Franson
LEWIS BRISBOIS BISGAARD &
SMITH LLP
One Riverfront Plaza, Suite 800
Newark, NJ  07102
Tel.: (973) 577-6260
bradley.bartolomeo@lewisbrisbois.com
jeffrey.spiegel@lewisbrisbois.com

16

ariadne.panagopoulou@lewisbrisbois.com
abaigeal.franson@lewisbrisbois.com

*Attorneys for Defendants Sonic Healthcare USA, Clinical Pathology Laboratories, Inc., Aurora Diagnostics LLC, and Austin Pathology Associates*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2025, I served on Plaintiffs' counsel of record via email the foregoing Opposition to Plaintiffs' Motion to Exclude the Report and Testimony of Jeffrey B. Miller.

*/s/ Reade W. Seligmann*
*Reade W. Seligmann*