**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>*This Document Relates To: All Actions Against Quest Diagnostics, Inc. and Optum360, LLC.* | Civil Action No.2:19-MD-02904 (JKS-MAH)<br><br>(MDL 2904)<br><br>**DECLARATION OF CAROLINE F. BARTLETT IN SUPPORT OF MOTION TO SEAL**<br><br>*Filed Electronically* |

Caroline F. Bartlett, of full age, declares as follows:

1.     I am an attorney-at-law and partner of the law firm Carella Byrne Cecchi Brody & Agnello, P.C., and counsel for Plaintiffs in above-captioned action. I am a member in good standing of the bars of New Jersey, New York and the District of Columbia and admitted to practice in the District of New Jersey.  I am fully familiar with the facts herein and I am submitting this Declaration based upon personal knowledge, information, and belief.

2.     I make this Declaration in support of the Motion to Seal portions of the Court's June 24, 2026 Opinion on Defendants' Letter Motion to Strike Plaintiffs' Newly Disclosed Expert Matthew Strebe (ECF 906).

3.     In support of this Motion to Seal, and in accordance with L. Civ. R. 5.3(c)(3), attached to the Declaration of Donald Houser is an Index setting forth, among other things, the bases for sealing the Confidential Material that the Parties

1

seek to maintain under seal.  The Index explains and describes with particularity: (a) the nature of the materials or proceeding at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.

4.      The Parties' Confidentiality Order defines "Confidential" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed (*e.g.*, marketing documents, customer lists, business relationships with other parties and similar information), personal financial information, personal identifying information of the type described in Fed. R. Civ. P. 5.2, or other personally or competitively sensitive information, information received in confidence from third parties, and any other material that is Confidential pursuant to applicable law, including trade secrets." (ECF No. 98 ¶ 7).

5.      The Confidential Material identified in the Index to the Houser Declaration reflect Confidential Material of non-parties Matthew Strebe ("Strebe"), Mary T. Frantz ("Frantz"), along with Frantz's firm, EKP.

6.      Non-parties Strebe, Frantz, and EKP assert, and upon information and belief, it is my understanding that certain of the Confidential Material set forth in the Index contains their confidential and proprietary business information.  It is my further understanding that if the Confidential Material became available to the public, third parties may potentially use such information to Strebe's, Frantz's, and EKP's detriment.

7.      There are no parties known to be objecting to the Parties' sealing request.

8.      Accordingly, Plaintiffs respectfully request that the Court grant the Motion to Seal Confidential Material.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29, 2026

                                        /s/ Caroline F. Bartlett
                                        Caroline F. Bartlett

3