David H. Hoffman
Daniel C. Craig
Heather Benzmiller Sultanian
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel.: (312) 853-7000
david.hoffman@sidley.com
dcraig@sidley.com
hsultanian@sidley.com

Eamon P. Joyce
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Tel.: (212) 839-8555
ejoyce@sidley.com

*Attorneys for Defendant Quest Diagnostics Incorporated*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>*This Document Relates To: All Tracks* | Civil Action No. 2:19-md-02904 (JKS-MAH) |

**<u>DECLARATION OF DANIEL C. CRAIG
IN SUPPORT OF MOTION TO SEAL CONFIDENTIAL MATERIALS</u>**

I, Daniel C. Craig, do declare and state as follows:

1. I am an attorney admitted to practice in Illinois. I am a partner at Sidley Austin LLP, One South Dearborn, Chicago, IL 60603. Sidley Austin LLP represents Defendant Quest Diagnostics Incorporated ("Quest") in this action.

2. I am submitting this Declaration based upon my personal knowledge, information, and belief.

3. I submit this declaration in support of the Motion to seal portions of the Court's June 24, 2026 Opinion on Defendants' Letter Motion to Strike Plaintiffs' Newly Disclosed Expert Matthew Strebe (ECF 906).

4. The Confidential Materials contain information that has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only by the Parties and non-parties and is subject to the Confidentiality Order entered in this case or is otherwise confidential.

5. In support of this Joint Motion to Seal, the Index required by Local Civil Rule 5.3(c)(3) are attached to the Declaration of Donald Houser, setting forth, among other things, the basis for sealing the Confidential Materials.

6. As set forth in the Index, Quest asserts, and upon information and belief it is my understanding, that certain of the Confidential Materials contain Quest's confidential and proprietary business information.

2

7.    As set forth in the Index, Quest asserts, and upon information and belief it is my understanding, that if the Confidential Materials become available to the public, third parties may potentially use such information to Quest's detriment.

8.    Accordingly, it is respectfully requested that the Court grant the Parties' Joint Motion to Seal the Confidential Materials.

9.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated: July 29, 2026                    /s/ Daniel C. Craig
                                         Daniel C. Craig

3