**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| Designating Party | Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Defendants | **ECF 906 – The Court's June 24, 2026 Opinion on Defendants' Letter Motion to Strike Plaintiffs' Newly Disclosed Expert Matthew Strebe**<br><br>Specified Redactions to Pages 6–20, 22–25 and to Footnotes 4 & 6.<br><br>The specific proposed redactions to this document are reflected in the highlighted copy of the sealed document submitted to the Court concurrently with this filing. | Defendants request that the identified portions of the Court's Opinion be sealed consistent with the reasons supporting the sealing of the underlying materials articulated in ECF 847-12 (Index G – Letter Motion to Strike Strebe (ECF 806, 809, 812)) and adopted by the Court in ECF 860 (Order Granting Motion to Seal Confidential Materials). | Defendants maintain that they would suffer irreparable harm if the information discussed below was disclosed. Similarly, Defendants maintain that Tomasini, Prescient and District 4 Labs would suffer irreparable harm if the information discussed in the Opinion was disclosed.<br><br>Plaintiffs likewise maintain that Frantz, EKP, and Strebe would suffer irreparable harm if the information discussed in the Opinion was disclosed.<br><br>Additionally, the Opinion discusses information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order | Defendants maintain that no less restrictive alternative to the relief sought is available.<br><br>Additionally, the Opinion discusses information designated as "Confidential" or "Highly Confidential- Attorneys' Eyes Only" pursuant to the Confidentiality Order in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which | None |

1

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | |
|---|---|---|---|---|
| | | | in this case. *See* ECF 98. The Confidentiality Order defines "Highly Confidential – Attorneys' Eyes Only" information to include "Confidential Information of a highly sensitive nature … the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm." The Order further defines "Confidential Information" as "non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed." | |