# O'TOOLE SCRIVO

## A LIMITED LIABILITY COMPANY

**THOMAS P. SCRIVO**
tscrivo@oslaw.com

July 29, 2026

**VIA ECF**

The Honorable Jamel K. Semper, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

RE:     *In re American Medical Collection Agency, Inc., Customer Data Security Breach Litigation*, No. 19-md-2904(JKS)(MAH) — Joint Response to July 16, 2026 Order

Dear Judge Semper:

Pursuant to the Court's July 16, 2026 Order (ECF 919), Plaintiffs and Defendants Quest Diagnostics Incorporated and Optum360, LLC (together, "Defendants") jointly submit their proposed schedules regarding class certification and *Daubert* motions.

**Plaintiffs' Position:**

The Parties' proposed schedules differ by about two weeks, and Plaintiffs accept nearly every limitation Defendants ask for. Plaintiffs will move on the same experts and the same operative classes, will serve the previously served expert reports without revision, and will propose no new subclass. One question remains in dispute: whether the operative class definitions appear in Plaintiffs' opening motion, where Defendants can answer them in a full opposition, or for a second time in a reply. The Court's Order directs rebriefing so that Defendants may respond to the class changes that first appeared in Plaintiffs' reply. ECF 919. Plaintiffs' schedule accomplishes that. Defendants' schedule would require those changes to appear in the same reply once again.

| Date | Event |
|---|---|
| August 21, 2026 | Plaintiffs' motion for class certification |
| September 18, 2026 | Defendants' opposition to class certification |
| October 2, 2026 | Plaintiffs' reply in support of class certification |
| October 8, 2026 | *Daubert* motions, including re-filing of the previously served motions and new motions as to Plaintiffs' expert Matthew Strebe and Defendants' sur-rebuttal expert |
| October 29, 2026 | *Daubert* oppositions |
| November 12, 2026 | *Daubert* replies |

The Court asked for a joint proposed scheduling order that "combines the parties' positions in accordance with [the Court's Order]." ECF 919. Plaintiffs' schedule does that. It gives Defendants twenty-eight days to oppose the class definitions before the Court, on a record that includes both Mr. Strebe's report and his deposition, and it adopts the *Daubert* dates Defendants proposed on July 13. Defendants' schedule takes a different course. It would re-docket the terminated motions on two-day turnarounds, permit no changes to either the motion or the opposition, and add a single new brief of their own a month later.

Their schedule would have Plaintiffs move on August 10, Defendants oppose on August 12, Plaintiffs reply on August 14, and Defendants sur-reply on September 17, with "None" entered in the permitted-changes column for both the motion and the opposition. Under that sequence, the only new brief is the sur-reply the Court has twice declined to authorize.

**Procedural Background.** On July 13, the Parties submitted a joint letter. ECF 918. Plaintiffs asked for a renewed class certification motion, an opposition, and a reply; Defendants asked for no new certification briefing, a sur-reply on October 8, and additional *Daubert* briefing. ECF 918, at 1-5. Each side opposed the other's request. *Id.* at 3-5.

The Court resolved both questions. It terminated the pending class certification and *Daubert* motions (ECF 823, 833, 835, and 837) without prejudice and ordered "rebriefing to permit Plaintiffs to excise arguments related to the subsequently mooted settled tracks, provide Defendants an opportunity to respond to the class changes put forth in Plaintiffs' reply, and preserve the ordinary briefing sequence." ECF 919. It also ordered "a new and revised Daubert motions schedule" without fixing dates and asked for a joint proposed scheduling order. *Id.*

**Plaintiffs commit to the scope of the renewed motion.** Defendants tell the Court that Plaintiffs have not agreed to forgo new subclasses or changes to their existing expert reports. That is not correct, and Plaintiffs have told Defendants this: Plaintiffs agree to both of those conditions (although they will make damages arguments that match these classes and reports). Plaintiffs gave Defendants this schedule on July 23 and confirmed then that their class certification briefing would rely on "the same experts and operative classes," as the Court's Order requires. ECF 919. Plaintiffs August 21 motion will:

(a)     seek certification of the two date-based Quest subclasses keyed to the December 1, 2016 assignment and the standalone Optum class under Minnesota law limited by that same date, and no California CMIA subclass, and propose no subclass not already before the Court in Plaintiffs' reply, ECF 832, at 5, 30;

(b)     apply New Jersey law to the claims against Quest and Minnesota law to the claims against Optum360; and

(c)     rely on the same experts, with no new expert reports, as Judge Hammer directed, ECF 906, at 23, serve those reports exactly as previously served and without revision, and omit the LabCorp and Sonic material mooted by settlement.

2

What remains in dispute is essentially only whether the operative class definitions appear in the opening motion, where Defendants can answer them in full, or for a second time in a reply.

**Plaintiffs' schedule preserves the work already done.** Defendants describe the resources they have committed since November 2024: nine expert depositions, three expert reports, a 50-page opposition, and *Daubert* motions directed at six experts. Plaintiffs' schedule keeps all of it, with the same experts, the same reports served without revision, and the previously served *Daubert* motions re-filed as served. The only work not carried forward is briefing about the LabCorp and Sonic tracks that settlements have mooted, and class definitions Plaintiffs have superseded. Under Defendants' schedule the certification record closes September 17 and *Daubert* replies land October 26; under Plaintiffs' schedule the record closes October 2 and *Daubert* replies land November 12. The difference is about two weeks.

The Court terminated ECF Nos. 823, 833, 835, and 837 without prejudice and ordered rebriefing for the three reasons the Order gives. ECF 919. Plaintiffs ask only for a schedule that carries out those reasons.

**Plaintiffs' schedule serves each of the purposes the Court gave for rebriefing**. The Order gave three, ECF 919, Plaintiffs' schedule serves each in turn.

*The settled tracks come out*. Plaintiffs' prior reply was an omnibus brief covering the three tracks, and settlements have mooted two. A motion directed only at Quest and Optum removes that material rather than leaving the Court to subtract it clause by clause.

*Defendants answer the class changes in a full opposition rather than a sur-reply*. The schedule gives Defendants twenty-eight days to oppose the operative classes on a clean record.

*The sequence is the ordinary one*. The proposal runs motion, opposition, reply, with the party bearing the Rule 23 burden filing first and last.

**Plaintiffs will serve Mr. Strebe's report with the opening motion.** Defendants' central objection is that Mr. Strebe's opinions reached them on reply. Serving the report with the August 21 motion removes that objection at its source, and Defendants may address the report in their twenty-eight-day opposition. Plaintiffs' *Daubert* schedule also contemplates a new motion directed at him on October 8. Defendants will have a full opportunity to answer Mr. Strebe.

**Plaintiffs' *Daubert* dates are the dates Defendants proposed**. In the July 13 letter, Defendants asked for *Daubert* motions on October 8, oppositions on October 29, and replies on November 12. ECF 918, at 5. Plaintiffs adopted all three without change. Defendants have since moved those dates to October 1, October 15, and October 26, and have not explained why the dates they proposed two weeks ago no longer work.

**Plaintiffs' schedule works with the expert deadlines the Court has already set**. The Court set August 18 for Mr. Strebe's deposition and September 17 for Defendants' sur-rebuttal report. ECF 914. Defendants depose Mr. Strebe on August 18, receive his report with the August

3

21 motion, and serve their sur-rebuttal report on September 17, one day before their opposition is due, so that the expert record is fixed before Plaintiffs reply to it.

Under Defendants' schedule, the entire certification cycle would close on August 14, before the expert process the Court ordered began. The only certification brief informed by that expert discovery would be Defendants' September 17 sur-reply.

**Defendants' proposed turnarounds prevent Plaintiffs (but not Defendants) from using the Charles River deposition.** This District ordinarily allows fourteen days to oppose a motion and seven to reply. L. Civ. R. 7.1(d)(2)-(3). Defendants propose two days for each, and they have not asked for time to write the briefs because the permitted-changes column reads "None" for the motion and "None" for the opposition.

A column reading "None" bars citation to evidence that did not exist when the original briefs were filed. Charles River Associates' corporate designee was deposed in December 2024, after Plaintiffs' original certification motion, and only after Judge Arleo affirmed Magistrate Judge Hammer's opinion ordering production of the Charles River report and underlying materials. ECF 586, 702, 707. Both sides now have that testimony, and under Defendants' schedule Plaintiffs still cannot cite it in their opening brief, but Defendants can use it in their sur-reply.

**A sur-reply is not part of the ordinary briefing sequence the Court told the parties to preserve. ECF 919**. The ordinary sequence is motion, opposition, reply. A sur-reply is not part of it and requires the Court's permission. L. Civ. R. 7.1(d)(6). An order directing the parties to preserve the ordinary sequence does not grant the one filing that sequence excludes. The Order's terms confirm the point. Rather than leave the existing papers in place and add a single brief from Defendants, which is what Defendants requested, the Court terminated ECF Nos. 823, 833, 835, and 837 and ordered rebriefing. Under Defendants' schedule, the *only* brief is their sur-reply.

**Judge Hammer denied the relief Defendants sought and ordered a discovery remedy in its place.** Defendants first sought a sur-reply in their motion to strike Mr. Strebe. ECF 806, at 9. Judge Hammer denied that motion. In its place he ordered a narrower and symmetrical remedy: Defendants could serve a sur-rebuttal expert report, and Plaintiffs could serve no new expert reports. ECF 906, 907. Defendants describe that report as the remedy for what they characterize as Plaintiffs' improper reply material. Whatever label attaches to it, it is a discovery remedy the court chose in place of striking an expert, and Plaintiffs are complying with it in full by serving no new reports.

Defendants asked for a sur-reply a second time in the July 13 joint letter, ECF 918, at 5-7, and the Court responded by directing the parties to "preserve the ordinary briefing sequence," ECF 919. Defendants did not receive a sur-reply either time. They now ask the Court to convert a discovery remedy into a briefing entitlement the Local Rules foreclose absent the permission the Court has twice withheld. And 28 days to oppose a motion that states the operative classes and the governing law reaches the choice-of-law questions more fully than a sur-reply confined to three enumerated subjects.

4

**The Court's Order notes that the narrowed classes are the operative ones**. The Order directs rebriefing that will "provide Defendants an opportunity to respond to the class changes put forth in Plaintiffs' reply." ECF 919. That clause exists because the *narrowed* Quest and Optum classes appeared in Plaintiffs' reply rather than in the opening motion. ECF 832, at 5. A schedule under which the opening motion pleads superseded definitions cannot be what the clause contemplates, because it would leave the class changes to appear, once again, for the first time in a reply. Defendants nonetheless read the Order to lock Plaintiffs' opening motion to definitions Plaintiffs have already superseded. The Order granted rebriefing "[g]iven Plaintiffs' representation that their renewed class certification motion would 'rely on the same experts and operative classes,'" *id.*, and the sentence that representation came from says what it means: the renewed motion is "the same motion, on the same opening and rebuttal experts and the same operative classes, cleared of settled tracks." ECF 918, at 3-4.

Which classes are operative is settled on the docket. On reply, Plaintiffs narrowed their classes to two date-based Quest subclasses keyed to the December 1, 2016 assignment of the AMCA contract to Optum, added a standalone Optum class under Minnesota law limited by that same date, and withdrew the California CMIA subclass entirely. ECF 832, at 5, 30. Those are the definitions now before the Court. The single nationwide class and California subclass described in the opening brief, ECF 824, at 4, are not. Defendants' schedule would require Plaintiffs to move on classes that no longer control.

**Defendants' reading would require the defect the Court's Order was written to cure**. Even if the Court were to read the Order as Defendants do, their schedule would still reproduce that defect. The August 10 motion would plead the superseded nationwide and California classes, because no changes are permitted, and the August 12 opposition would answer those same definitions, for the same reason. The narrowed classes would surface on August 14, in Plaintiffs' reply, because Defendants would allow revision of the reply only to excise settled-track arguments. Defendants' schedule thus reproduces the problem the Order identified and then offers their September 17 sur-reply as the cure. Plaintiffs' schedule needs no such device, because the operative classes appear in the opening motion and Defendants answer them in a full opposition.

**Defendants' October 1 deadline would leave Plaintiffs two weeks to move against a report they receive on September 17.** Defendants have had Mr. Strebe's report since October 2025 to prepare for his deposition and to develop their sur-rebuttal. Plaintiffs will not receive that sur-rebuttal report until September 17, and Defendants' October 1 date would leave them two weeks from receipt to depose Defendants' expert and move against opinions Defendants have been preparing since last fall. October 8, as noted above, is the date Defendants themselves proposed.

Plaintiffs' October 8 date also re-files the previously briefed motions, so that nothing is lost by the terminations. Defendants' omnibus motion directed at Plaintiffs' non-Strebe experts, and Plaintiffs' motions as to Mr. Miller and Mr. Tomasini, would be re-filed as previously served on October 8, with oppositions on October 29 and replies on November 12. Nothing in Mr. Strebe's deposition or Defendants' sur-rebuttal changes the opinions those motions address. The

5

new challenges, Defendants' as to Mr. Strebe and Plaintiffs' as to Defendants' sur-rebuttal expert, would proceed on the same dates.

**<u>Defendants' Position</u>**

Defendants submit the proposed schedule below, but respectfully request that the Court defer entering any schedule until after the Parties are heard at the August 5, 2026 status conference.

**On this submission, Plaintiffs have ambushed Defendants by not providing their final proposal until approximately 11:30pm tonight—depriving Defendants of the ability to fully review and respond to their proposal.** However, Defendants do NOT agree with Plaintiffs' characterization that there are only limited areas of disagreement. Even on limited review, it is clear Plaintiffs are proposing fundamental changes to the class certification briefing that commenced nearly two years ago, including proposing introducing a new opening expert and reserving their right to assert new or withdrawn theories of injury and damages—which would be entirely unfair because the only reason Defendants find themselves in this posture is the result of Plaintiffs' improper rebuttal expert materials. Plaintiffs' last-minute tactics cement the need for next week's status conference to ensure that Defendants have an opportunity to be heard.

The Court's order (ECF 919) allowed very limited rebriefing of Plaintiffs' class certification motion to accomplish three goals: "to permit Plaintiffs to excise arguments related to the subsequently mooted settled tracks, provide Defendants an opportunity to respond to the class changes put forth in Plaintiffs' reply, and preserve the ordinary briefing sequence." ECF 919. To ensure that the rebriefing achieves these goals without imposing undue delay, prejudice, and excess costs, the Court should require the parties to refile the <u>same</u> briefs and expert reports they previously filed, subject to strict and clear limitations on changes, on the schedule below:

| Date | Brief | Permitted Changes |
|---|---|---|
| August 10, 2026 | Plaintiffs' Motion for Class Certification and Supporting Reports | None |
| August 12, 2026 | Defendants' Opposition to Plaintiffs' Motion for Class Certification and Supporting Reports | None |
| August 14, 2026 | Plaintiffs' Reply in Support of their Motion for Class Certification and Supporting Reports | Plaintiffs may revise their reply brief only to excise arguments related to settled tracks; no changes to expert reports permitted |
| September 17, 2026 | Defendants' Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification and Sur-Rebuttal Report | Defendants may file a sur-reply to address new class definition, choice of law issues, and issues related to Plaintiffs' expert M. Strebe, along with sur-rebuttal expert |

| | | report allowed by M.J. Hammer (ECF 906, 907) |
|---|---|---|
| October 1, 2026 | Daubert motions | Daubert motions as to all experts other than M. Strebe may not be changed |
| October 15, 2026 | Daubert oppositions | Daubert oppositions as to all experts other than M. Strebe may not be changed |
| October 26, 2026 | Daubert replies | Daubert replies as to all experts other than M. Strebe may not be changed |

Allowing the parties to make additional changes to their briefing and expert reports, as Plaintiffs propose, would impose significant delay, prejudice Defendants, and waste judicial resources, including by:

- Giving Plaintiffs another "do-over" to revise their class certification motion and expert reports after having seen Defendants' arguments and strategy in expert discovery, without any showing of good cause;

- Requiring the Court to adjudicate likely disputes over whether a change made to a brief or report is permissible under the Court's order and applicable law; and

- Wasting the massive resources expended by Defendants since November 2024, including the resources needed to take and defend depositions of nine expert witnesses, work with three experts to serve reports, file a 50-page opposition to Plaintiffs' class certification motion, and brief Daubert motions challenging six expert witnesses.

Plaintiffs' proposal is an attempt to gain a tactical advantage that does not comply with the Court's text order, which authorizes only very limited changes to the existing class certification record.  Instead, Plaintiffs propose a moving target. In their submission above, Plaintiffs claim to "remove any question about scope," but their purported limitations give them considerable leeway to seek to expand or revise their class certification motion beyond the limited changes allowed by the Court.  For example, they have **not** agreed that they will not assert entirely new or abandoned theories of alleged classwide injury or damages.

This or any similar changes would deeply prejudice defendants and waste the enormous resources spent on class certification to date.

Plaintiffs' proposed schedule also creates multiple absurdities.

**First**, Plaintiffs propose to use Strebe as an opening expert.  His deposition is set by Court order for August 18, 2026.  This would require Defendants to depose him prior to Plaintiffs even serving their motion for class certification, giving Plaintiffs the irregular and unfair advantage of being able to adjust their opening certification brief with full knowledge of the testimony that would normally not come in until much later in the schedule. Allowing this

would essentially reward Plaintiffs for including improper material in their reply expert reports, as Judge Hammer found that they did.  Using Strebe as an opening expert is also prejudicial, because Judge Hammer permitted Defendants to serve a sur-rebuttal expert report only as to certain portions of Strebe's report.

**Second**, Plaintiffs' schedule would require Defendants to serve the sur-rebuttal expert report allowed by Judge Hammer on September 17, a date again set by Court order, weeks before Plaintiffs even serve their rebuttal reports and reply brief on October 2. Plaintiffs' schedule thus unfairly converts the sur-rebuttal report ordered by Judge Hammer as a remedy for Plaintiffs' inclusion of improper material in their reply reports into an ordinary opposition report.

This case has been pending since June 2019, and the class certification proceedings alone have been proceeding for more than eighteen months, during which Defendants have already acceded to Plaintiffs' first request for a do-over and have expended huge amounts of resources.

Defendants respectfully submit that enough is enough and request that the Court order the schedule set forth above, with the strict and clear limitations on changes that may be made, following the August 5 hearing.


Respectfully submitted,

**O'TOOLE SCRIVO, LLC**
*Attorneys for Defendant Optum360, LLC*

By: */s/ Thomas P. Scrivo (by permission)*
    THOMAS P. SCRIVO

**SIDLEY AUSTIN LLP**
*Attorneys for Defendant Quest*
*Diagnostics Incorporated*

By: */s/ Daniel C. Craig (by permission)*
    DANIEL C. CRAIG

**ALSTON & BIRD LLP**
*Attorneys for Defendant Optum360, LLC*

By: */s/ Kristine M. Brown (by permission)*
    KRISTINE M. BROWN

**FBT GIBBONS LLP**
*Attorneys for Defendant Quest*
*Diagnostics Incorporated*

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
*Attorneys for Plaintiffs and the Class*

By: */s/ James E. Cecchi*
    JAMES E. CECCHI

8

By: */s/ Ricardo Solano, Jr. (by permission)*
    RICARDO SOLANO, JR.