**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE:  AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br><br>This Document Relates To: *Labcorp Track* | Civil Action No. 19-md-2904(JKS)(MAH)<br><br><br>[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT |

THIS MATTER having been presented to the Court by Carella, Byrne, Cecchi, Brody & Agnello, P.C., Robbins Geller Rudman & Dowd LLP, and Nussbaum Law Group, P.C.,  as counsel for Plaintiffs Gina Allende, Tracy Buhr, Martha Cuvillier, David Finch, Rosario Gadero, Sheera Harris, Timothy Judelsohn, Carol Kaplan, Sandra Lassiter, Holly Laufenberg, Aleksandr Nazemnikov, Justin Nelson-Carter, Sherrie Palmer, George Rothwell, Valerie Scott, Tatyana Shulman, Cameron Spencer, Kristopher Thomas, Edith Thrower, Melanie Vazquez, Wendy Wallach, and Debra Wrenn ("Settlement Class Representatives") by way of a Motion for Final Approval of the proposed Settlement Agreement (the "Settlement Agreement" or "Agreement") in the above captioned lawsuit ("the Action") against Defendant Laboratory Corporation of America Holdings ("Labcorp" or "Defendant"). All of the parties identified above are collectively referred to as the "Parties."

WHEREAS, the Court finds that it has jurisdiction over this action, Settlement Class Members, and the Parties under 28 U.S.C. § 1332 and that venue is proper in this district; and

WHEREAS, the Parties have submitted the Settlement Agreement, together with numerous exhibits and proposed orders, to the Court; and

WHEREAS, the Court finds that the Settlement Agreement was entered into at arms' length by experienced counsel and after multiple mediation sessions and extensive negotiations and the Settlement Agreement is not the result of collusion; and

1

WHEREAS, the Court granted Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement on April 21, 2026 and conditionally certified the Settlement Class solely for purposes of settlement; and

WHEREAS, pursuant to the Settlement Agreement and the Court's Preliminary Approval Order, a class list was compiled from Defendant's records. A total of 11,825,034 potential Settlement Class Members were identified. Such potential Settlement Class Members were thereafter provided with notice and an opportunity to object to the Settlement Agreement or opt-out of the Settlement Class; and

WHEREAS, the Court conducted a Final Approval Hearing on August 20, 2026 to determine whether the proposed Settlement Agreement is fair, reasonable, and adequate, and whether the Settlement Agreement should be approved in final by this Court; and

WHEREAS, three objections were filed with respect to the proposed Settlement Agreement; and at the Final Approval Hearing, Settlement Class Counsel appeared for the Settlement Class, Hogan Lovells Cadwalader appeared for Defendant, and [ ] Settlement Class Members appeared to contest the Settlement Agreement; and

WHEREAS, the Court has fully considered the record of these proceedings, the representations, argument, and recommendation of counsel, and the requirements of law; and good cause appearing,

IT IS THIS 20th day of August, 2026, ORDERED, DECREED, and ADJUDGED as follows:

1.      **Definitions.** Unless otherwise provided herein, the Court adopts and incorporates the definitions of all capitalized terms in the Settlement Agreement and those defined terms shall have the same meaning in this Order.

2.      **Approval of the Settlement Class.** This Court finally certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

2

All individuals for whom Labcorp transmitted personal information to Retrieval-Masters Creditor's Bureau, Inc. d/b/a American Medical Collection Agency ("AMCA"), and whose information was contained in the computer systems implicated by the cybersecurity incident at AMCA that occurred between approximately August 2018 and March 2019.

Excluded from the Settlement Class are (i) Labcorp and its officers and directors; (ii) the Judge and/or Magistrate assigned to evaluate the fairness of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Security Incident or who pleads *nolo contendere* to any such charge. Also excluded are all Persons who would otherwise be Settlement Class Members, but who timely and validly requested exclusion from the Settlement Class.

The Court finds that the Settlement Class meets all the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, affirms certification of the Settlement Class, and approves the Settlement Agreement as being fair, just, reasonable, and adequate. Specifically, the Court finds and concludes: (a) pursuant to Fed. R. Civ. P. 23(a)(l), that Settlement Class Members are so numerous as to make joinder of all members impracticable; (b) pursuant to Fed. R. Civ. P. 23(a)(2), there are questions of law or fact common to members of the proposed Settlement Class; (c) pursuant to Fed. R. Civ. P. 23(a)(3), the claims of Plaintiffs are typical of the claims of the Settlement Class Members they seek to represent; (d) pursuant to Fed. R. Civ. P. 23(a)(4), Plaintiffs and Settlement Class Counsel will fairly and adequately protect the interests of all members of the Settlement Class they seek to represent and the interests of Plaintiffs are not antagonistic to those of the Settlement Class; (e) pursuant to Fed. R. Civ. P. 23(b)(3), questions of law or fact common to the proposed Settlement Class Members predominate over any questions affecting only individual members; and (f) pursuant to Fed. R. Civ. P. 23(b)(3), a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.    **Approval of Settlement Class Representatives**. Based upon the Court's familiarity with the claims and parties, the Court finds that Plaintiffs adequately have represented and represent the interests of the Settlement Class, and the Court hereby confirms their appointment as Settlement Class Representatives.

4.    **Approval of Settlement Class Counsel**. The Court finds that Settlement Class Counsel have fairly and adequately represented and represent the interests of Plaintiffs and the Settlement Class and hereby confirms them as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g).

5.    **Approval of Settlement Agreement**. The Court finds, upon review of the Settlement Agreement and consideration of the factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163 (3d Cir. 2013), and *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283 (3d Cir. 1998), that the Settlement Agreement and the proposed benefits to the Settlement Class are fair, reasonable and adequate. Accordingly, the terms of the Settlement Agreement, including all exhibits thereto, are approved in their entirety by the Court and incorporated into this Order as if expressly set forth and shall have the same force and effect of an Order of the Court. The Parties and their counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions. The releases set forth in the Settlement Agreement are incorporated by reference.

6.    **Approval of Settlement Class Benefits**. The direct benefits available to Settlement Class Members, as described in the Settlement Agreement, are approved as fair, reasonable, and adequate to the Settlement Class, and the Settlement Administrator is directed to continue to administer the Settlement Agreement according to the terms of the Settlement Agreement.

7.    **Adequacy of Notices**. The Court finds that due and adequate notice was provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Settlement

Class, notifying the Settlement Class of, *inter alia,* the pendency of this Action and the proposed Settlement Agreement. The notice program set forth in the Settlement Agreement and provided to the Settlement Class was the best notice practicable under the circumstances. The notice program as carried out pursuant to the terms of the Settlement Agreement fully complied in all respects with the requirements of Rule 23 and constitutional requirements of due process.

8. **CAFA Public Official Notification.** Defendant has provided notification to all appropriate federal and state officials regarding the Settlement Agreement as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

9. **Opt-Out Settlement Class Members.** Attached hereto and incorporated herein as Exhibit A is a schedule of all Settlement Class Members who have timely and validly requested to be excluded from the Settlement Class and accordingly are not included in or bound by this Final Approval Order and Judgment. The Settlement Class Members who have filed a Request for Exclusion are not entitled to receive any direct benefits, as described in the Settlement Agreement.

10. **Objections.** The Court finds that the response of Settlement Class Members supports final approval of the Settlement Agreement and that the contentions of the three objectors are without merit and are overruled.

11. **Binding.** The terms of this Final Approval Order and Judgment and the Settlement Agreement are binding on Plaintiffs and all members of the Settlement Class who have not timely and validly opted-out and shall have maximum *res judicata*, collateral estoppel, and all other preclusive effect on any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damage, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on or in any way related to any and all claims for relief, causes of actions, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys'

fees, costs, interests, or expenses which were or could have been asserted in the Action or any other claims under state or federal law, which arise from, are based on, or in any way are related to the subject of this Action.

12.     **Dismissal With Prejudice.** The Action as against Labcorp is dismissed on the merits and with prejudice.

13.     **Release of Dismissed Claims.** The Release set forth in the Settlement Agreement is incorporated by reference. Upon the Effective Date of the Settlement Agreement, Plaintiffs and all members of the Settlement Class who have not timely and validly opted-out shall be deemed to have completely and unconditionally released, acquitted, and forever discharged Defendant and each of the Released Parties from any and all Released Claims, including Unknown Claims, as those terms are defined in the Settlement Agreement. Plaintiffs and the Settlement Class acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true to the subject matter of the Release, but that it is their intention to fully and forever settle and release all Released Claims, including but not limited to any Unknown Claims.

14.     **Settlement Class Counsel's Award.** Upon review of the Settlement Agreement and Settlement Class Counsel's request for an award of Fees and Costs, the Court finds that the fee requested is reasonable and the award of attorneys' fees in this class action settlement is appropriate and Settlement Class Counsel's motion will be granted. Settlement Class Counsel is hereby awarded reasonable fees in the amount of $11,900,000.00 and costs in the amount of $2,813,558.90. These amounts shall be paid and distributed in accordance with the Settlement Agreement.

15.     **Settlement Class Representatives' Service Award.** The Settlement Class Representatives are each hereby awarded a service award in the amount of $5,000.00. This service award shall be paid and distributed in accordance with the Settlement Agreement.

16. **<u>Ongoing Jurisdiction</u>.** Without affecting the finality of this Final Approval Order and Judgment, the Court shall retain continuing exclusive jurisdiction over this Action, the Parties and the Settlement Class, and the administration and enforcement of the Settlement Agreement, the Fee and Cost Award and the Service Awards. Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement Agreement shall be presented by motion to this Court. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

17. In the event the Settlement Agreement does not become effective according to the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be deemed vacated and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgement and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc,* and the Parties shall be restored to their respective positions in the Action, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel.

18. **<u>No Admission</u>.** Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as

or be deemed to be evidence of, or an admission or concession by Defendant as to, the validity of any claim that has been or could have been asserted against it or as to any liability of it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the Settlement Agreement. This Order, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, nor shall they be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Order may be filed in any action by Defendant, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or this Order (including, but not limited to, enforcing the releases contained herein).

19. **There being no just reason for delay, the Clerk of Court is ordered to immediately enter this Final Approval Order and Judgment forthwith.**

Dated:_____        _____
                                     Hon. Michael A. Hammer, U.S.M.J.

8