# EXHIBIT A

**Leroy Ralph Carter**
2935 Meadowbrook Drive
Augusta, Georgia 30906
makemelikethis2023@gmail.com

July 13, 2026

**To the Clerk of the Court:**

Clerk of the Court
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

**Copy to the Settlement Administrator:**

AMCA Data Breach Settlement Administrator
c/o Settlement Administrator
P.O. Box 2006
Chanhassen, MN 55317-2006



---

**RE: OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT**
**Case Name: In Re: American Medical Collection Agency, Inc. Customer Data Security Breach Litigation (Labcorp Track)**
**Civil Action No.: 19-MD-2904 (JKS) (MAH)**
**Class Member ID: 833954674EBAF**

---

To the Honorable Court,

I, Leroy Ralph Carter, residing at 2935 Meadowbrook Drive, Augusta, Georgia, 30906, am a Settlement Class Member in the above-referenced action. I received the court-approved email notice of this settlement under Class Member ID 833954674EBAF. I am writing to formally submit my objection to the proposed $35 million settlement with Laboratory Corporation of America Holdings ("Labcorp"). I object to the fairness, reasonableness, and adequacy of the settlement terms for the following specific reasons:

**1. Inadequacy of the Alternative Cash Payment:** The proposed alternative cash payment, currently estimated at a mere $50, is entirely insufficient to compensate for the severe exposure of my sensitive medical, personal, and potentially financial information. Furthermore, because this amount is subject to a *pro rata* reduction based on the number of claims filed, the actual payout is highly likely to be negligible and fails to act as a meaningful remedy.

**2. Insufficient Credit and Medical Monitoring:** Providing only two (2) years of CyEx Medical Shield Pro monitoring is grossly inadequate. Once medical and personal data is leaked onto the dark web, it remains compromised indefinitely. A two-year window leaves class members entirely

vulnerable to identity theft, medical fraud, and financial exploitation in the long term without any ongoing protection.

**3. Unreasonable Burden of Proof for Out-of-Pocket Losses:** Requiring class members to provide strict, documented proof of out-of-pocket losses up to $5,000 places an unfair evidentiary burden on individuals. Many class members spend significant personal time and unbilled hours self-monitoring and securing their accounts—efforts that are difficult to formally document but represent a real, ongoing loss.

For these reasons, I respectfully request that the Court deny final approval of the proposed settlement and require the parties to negotiate terms that offer long-term protection and fair, guaranteed compensation to the affected class members.

Respectfully submitted,

_Leroy R Carter_  7/14/26

**Leroy Ralph Carter**

Leroy Carter
65 Lee Rd 2103
Salem Al 34874

MONTGOMERY AL 360
16 JUL 2026   PM 3   L

Freedom
259
FOREVER



RECEIVED

JUL 2 0 2026

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

Clerk of court.
U.S. District court for the District of NJ.
Clarkson S. Fisher Federal Building U.S. Court Hus
402 East State street
trenton, NJ. 08608

08608-150705