**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>*This Document Relates To: All Tracks* | Civil Action No. 2:19-md-02904 (JKS-MAH)<br><br>**[redacted] ORDER GRANTING MOTION TO SEAL CONFIDENTIAL MATERIALS** |

**THIS MATTER** having come before the Court by application of Defendants Optum360, LLC ("Optum360") and Quest Diagnostics Incorporated ("Quest") (collectively, "Defendants") in connection with the Motion to Seal, pursuant to Local Civil Rule 5.3(c), the following documents or portions thereof, as indicated in the "material" column in the Index (hereinafter, the "Confidential Materials"):

- The Court's June 24, 2026 Opinion on Defendants' Letter Motion to Strike Plaintiffs' Newly Disclosed Expert Matthew Strebe (ECF 906).[1]

and the Court having considered the Parties' Proposed Order, which incorporates the Parties' Findings of Fact and Conclusions of Law, and all exhibits attached thereto (including the Index);

and the Court having considered and adopted the Parties' Proposed Order incorporating Findings of Fact and Conclusions of Law;

[1] The Parties did not propose any redactions to the Court's June 24, 2026 Order (ECF 907).

and the Court having further found that the requirements of Local Civil Rule 5.3(c) have been met and support the sealing of the Confidential Materials;

and for other and good cause having been shown, the Court hereby finds:

## FINDINGS OF FACT

1. Due to the proprietary and confidential nature of the information subject to discovery in this matter, the parties requested the entry of a Confidentiality Order. The Court found that good cause existed for the entry of a Confidentiality Order and entered it on November 6, 2019 (ECF 98). The Confidentiality Order describes the types of information that qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and permits parties to designate such information to enable such information to be shielded from disclosure. *Id.*

2. Under the Confidentiality Order, "Confidential" Information includes: "all non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed (*e.g.*, marketing documents, customer lists, business relationships with other parties and other similar information), personal financial information, personal identifying information of the type described in Fed. R. Civ. P. 5.2, or other personally or competitively sensitive information, information received in confidence from third parties, and any other material that is Confidential pursuant to applicable law, including trade secrets."

3. Under the Confidentiality Order, "Highly Confidential – Attorneys' Eyes Only" Information includes: "Confidential Information of a highly sensitive nature (*i.e.*, documents or information regarding, discussing, relating to, or reflecting pricing and business strategy documents, financial statements, sales data, profit margin data, cost and expense data, revenue information relating to specific customers or classes of customers or suppliers, non-public scientific research, contracts, and technical information related to a Party's information security and management, or other categories of information which the parties agree in writing should be designated as 'Highly Confidential – Attorneys' Eyes Only'), the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm."

4. The Confidential Materials sought to be sealed contain information that has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only by Plaintiffs, Defendants, and non-parties and is subject to the Confidentiality Order entered in this case (ECF 98) or is otherwise confidential.

5. The Confidential Materials contain Defendants' respective business information that is highly sensitive, confidential, and proprietary, and that is not presently available to the public.

6. In particular, with respect to Optum360, the Confidential Materials contain sensitive, non-public, and proprietary business information concerning Optum360's ongoing confidential decision-making processes regarding Optum360's

cyber incident investigation processes and methods and processes for assessing risks related to debt collection vendors.

7. In particular, with respect to Quest, the Confidential Materials contain sensitive, non-public, and proprietary business information concerning Quest's ongoing confidential business strategy and decision-making processes regarding internal security practices and business relationships with third-party vendors.

8. Additionally, the Confidential Materials contain business information for non-parties Matteo Tomasini, Prescient, District 4 Labs LLC, Matthew Strebe, Mary T. Frantz, and EKP that is highly sensitive, confidential, and proprietary, and that is not presently available to the public. This includes proprietary and confidential techniques for ongoing assessments and investigations regarding whether particular information is available on the dark web.

9. Given its reference to, and disclosure of, sensitive, non-public business information that is otherwise unavailable to third parties, the public disclosure of the Confidential Materials identified above poses a substantial risk of harm to Defendants' and the non-parties' legitimate proprietary interests and competitive positions. Accordingly, the only way to protect Defendants' and the non-parties' confidential interests is to seal the Confidential Materials.

10. The Parties' requests are narrowly tailored to the information which Plaintiffs, Defendants, and non-parties deem confidential and proprietary, and the Parties have filed (or will file) redacted versions of the sealed documents. There is no

less restrictive alternative to the sealing of the Confidential Materials.

## CONCLUSIONS OF LAW

11. There exists in civil cases a common law public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

12. This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the protection by courts of materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

13. Courts have recognized that the public right of access to judicial proceedings and records is not absolute. *Id.* (citations omitted).

14. As the presumption of public access is not absolute, it may be rebutted. *Id.* (citing *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."

*Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

15. Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing. *See id.* (citation omitted); *see also Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) ("Courts have recognized that the confidentiality of business agreements, trade secrets or commercial information are a legitimate private interest and the disclosure of this information can be used for the improper purpose of causing harm to the litigant's competitive standing in the marketplace.").

16. Courts in this District have held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id.* (citations omitted).

17. Courts in this Circuit have recognized that a party should be "permitted to seal material that concerns business[] strategies and competitive tactics if those strategies remain relevant today and their release might injure [the party]." *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *4 (W.D. Pa. Jan. 6, 2014). Courts in this Circuit have

therefore sealed information in documents related to "business strategies that were employed during an earlier time" where the moving party offers "credible and convincing evidence that certain similar or identical strategies are still in use today"—even when such documents predate litigation by more than a decade. *Id.*; *see also In re Am. Bus. Fin. Servs., Inc.*, 2008 WL 3906894, at *4 (Bankr. D. Del. Aug. 20, 2008) ("[T]he fact that the information is several years old is not relevant as the documents deal with general business practices of [defendant] that its competitors could still find useful."); *Bradburn Parent/Teacher Store, Inc. v. 3M*, 2004 WL 1146665, at *2 (E.D. Pa. May 19, 2004) (sealing over ten-year-old documents and information that "could in turn be used to anticipate [the party's] responses to competition in today's marketplace" and give "competitors an understanding of [the party's] view of the marketplace"); *Zenith Radio*, 529 F. Supp. at 881 n.22, 891–92 (sealing data where corporate representatives stated that its disclosure would cause harm and "could be used to gain competitive advantage" even if that information was "ten or twelve years old"); *accord Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

18. Courts in this Circuit also protect highly personal, private information when publicly disclosing that information would result in embarrassment, annoyance, stigma, or further vulnerabilities. Fed. R. Civ. P. 26(c)(1); *see also Salcedo v. Milton S. Hershey Med. Ctr.*, No. 1:19-CV-02201, 2024 WL 476888, at *16 (M.D. Pa. Feb. 7, 2024)

(protecting statements about the plaintiff's "personal information" related to his past childhood abuse) (citing *Pahlavan v. Drexel Univ.*, 438 F. Supp. 3d 404, at 407 n.1 (E.D. Pa. 2020)); *Briglia v. Ameritas Life Ins. Corp.*, No. 14-cv-7968, 2015 WL 4314062, at *3 (D.N.J. July 14, 2015) (protecting "the name of [the plaintiff's] medical condition and its prognosis" after the plaintiff claimed that disclosure would subject him to embarrassment); *see also In re: Samsung Customer Data Security Breach Litig.*, MDL 3055, 23-md-3055-CPO-EAP (ECF 176).

19. Moreover, the potential existence of general public knowledge about certain topics does not negate the harm that would result from the disclosure of specific confidential personal and competitively sensitive information. Courts in this Circuit routinely seal specific, detailed, and competitively sensitive information, even when general information on the same or similar topics may have been publicly disclosed. *Overton v. Sanofi-Aventis U.S., LLC*, 2014 WL 1554718, at *3 (D.N.J. Apr. 9, 2014) (rejecting argument against sealing defendant's allegedly "generic and outdated information" that was "discussed in Plaintiffs' Complaint" because "Defendant—rather than Plaintiffs—is in the best position to judge the sensitivity and importance of the at-issue documents"); *Bradburn Parent/Teacher*, 2004 WL 1146665, at *3 (sealing documents and related testimony even though a Third Circuit opinion cited and referred to the documents, because the documents and testimony discussed internal strategic thinking more extensively than the opinion).

20. The district court has discretion to balance the factors for and against

access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994). Protection of a party's interest in confidential commercial information, such as trade secrets or profit margin, is a sufficient threat of irreparable harm, and is clearly defined as a serious injury. *See Publicker*, 733 F.2d at 1071.

21. The sealing of confidential documents and information is an accepted practice in this District. *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d at 653.

**IT IS** on this 26th day of August 2026, **ORDERED** as follows:

1. The Confidential Materials identified in the "material" column in the Index submitted concurrently herewith contain non-public, proprietary information that was designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to the Confidentiality Order entered in this case (ECF 98) or is otherwise confidential;

2. Defendants and certain third parties would suffer a clearly defined, substantial, and specific harm, including, but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information contained in the Confidential Materials be publicly disclosed in contravention of the terms of the Confidentiality Order; that Defendants' and the third parties' privacy interests in ensuring the confidentiality of their proprietary, commercially, and competitively sensitive information outweigh any public interest in access to the information; and that no less restrictive alternative exists because redacted

versions have been, or will be, publicly filed;

3. Therefore, the Motion to Seal the Confidential Materials is hereby **GRANTED**; and it is

**FURTHER ORDERED** that the Parties shall file redacted versions of the documents identified in the Rule 5.3 Index consistent with this Motion to Seal the Confidential Materials; and

**FURTHER ORDERED** that the Clerk of the Court shall permit the Confidential Materials to be permanently sealed and the Clerk shall take such other steps as may be reasonably necessary to maintain the confidentiality of the Confidential Materials.

**SO ORDERED**

***s/Michael A. Hammer***

**Michael A. Hammer, U.S.M.J.**

MICHAEL A. HAMMER, U.S.M.J.

**Date:**