# O'TOOLE SCRIVO

A LIMITED LIABILITY COMPANY

THOMAS P. SCRIVO
tscrivo@oslaw.com

October 21, 2026

**Via ECF**
The Honorable Jamel K. Semper, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

The Honorable Alex D. Silagi, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

**Re: *In re American Medical Collection Agency, Inc., Customer Data Security Breach Litigation*, No. 19-md-2904 (JKS) (ADS); *Bratten v. Quest Diagnostics Inc.*, No. 24-cv-569 (JKS) (ADS)**

Dear Judge Semper and Judge Silagi:

We represent Defendant Optum360, LLC ("Optum360") in the above-captioned proceedings. We write in response to Plaintiffs' October 20, 2026 letter regarding the sequencing of the pending motions in the *Bratten* action. *See Bratten* ECF No. 110 and MDL ECF No. 950. In that letter, Plaintiffs requested that the Court address Plaintiff Gregory Bratten's motion for leave to amend the complaint (the "Motion to Amend"), *Bratten* ECF No. 89, before ruling on Optum360's pending motion to dismiss or, in the alternative, motion for summary judgment (the "Dispositive Motion"), *Bratten* ECF No. 67. Despite asking the Court to adopt that approach, Plaintiffs neither provided Optum360 advance notice of their filing nor made any effort to meet and confer before presenting their proposal to the Court. Accordingly, we write to provide Optum360's view regarding the appropriate sequencing of the pending motions.

Both the Dispositive Motion and the Motion to Amend are fully briefed. In Optum360's view, the Dispositive Motion, which was filed first, should be resolved first. In order to resolve the Motion to Amend, the Court will necessarily need to decide whether Plaintiff's proposed amendment would be futile. Assessing futility requires review of the legal arguments set forth in the Dispositive Motion, including Optum360's arguments that the challenged disclosures were

authorized under California Civil Code § 56.10(c)(3) and that Plaintiff's claim is time-barred. If the Court rules in Optum360's favor on either of those arguments, the Court need not decide the Motion to Amend because Plaintiff's proposed amendment does not resolve either issue. Accordingly, resolving the Dispositive Motion first conserves judicial resources and promotes efficiency.

For these reasons, Optum360 respectfully submits that the Dispositive Motion should be decided before the Motion to Amend.

Respectfully,

*/s/ Thomas P. Scrivo*

Thomas P. Scrivo
**O'TOOLE SCRIVO LLC**
*Counsel for Defendant*
*Optum360, LLC*

*/s/ Kristine M. Brown*

Kristine M. Brown
**ALSTON & BIRD LLP**
*Counsel for Defendant*
*Optum360, LLC*