O'TOOLE SCRIVO

A LIMITED LIABILITY COMPANY

**THOMAS P. SCRIVO**
tscrivo@oslaw.com

November 2, 2026

**Via ECF**
The Honorable Jamel K. Semper, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

**Re:** ***In re American Medical Collection Agency, Inc. Customer Data Security Breach Litigation, Civil Action No. 19-md-2904(JKS)(ADS)***

Dear Judge Semper:

We write on behalf of Defendant Optum360, LLC ("Optum360") in opposition to Plaintiffs' request for an enlargement of the page limits for their forthcoming reply brief in support of their motion for class certification. *See* ECF No. 954. Plaintiffs have not established good cause to justify filing an 18-page reply brief in 12-point font.

Plaintiffs offer three justifications for their request. They first reference Optum360's challenge to the authenticity and admissibility of the CHAMP database. But Plaintiffs bear the burden of establishing that Rule 23's requirements are satisfied with admissible evidence and therefore should have addressed this argument in their opening brief. *See In re Aurora Cannabis, Inc. Securities Litig.*, 2022 WL 4446125, at n.6 (D.N.J. Sept. 23, 2022) ("The Court will not consider new arguments made in the reply that could have been made in the initial brief."). Plaintiffs also do not explain why the existing page limits are insufficient to allow them to respond to it.

Second, Plaintiffs assert that additional space is justified because Optum360's opposition faults them for not conducting a choice-of-law analysis for all of the implicated states' laws. But Plaintiffs should have used their opening brief to satisfy their burden of establishing with admissible evidence that Rule 23's requirements are met. *See id.* This includes conducting an extensive analysis of the potentially applicable state laws.[1] Their failure to do so does not justify additional space to make new arguments in their reply brief. *See Cobra Enters., LLC v. All Phase Servs., Inc.*, 2020 WL 2849892, at *1 (D.N.J. June 1, 2020) ("As a matter of procedure, this Court

[1] This is particularly true because Optum360 made the same choice-of-law argument in the prior round of class certification briefing.

will not accept arguments offered for the first time in the reply brief, as they were not properly asserted in the opening brief. . . ."); *see also Magee v. McDonald's Corp.*, 2019 WL 10447014, at *2 (N.D. Ill. Mar. 28, 2019) ("[A] party cannot make conclusory and underdeveloped arguments in its opening brief and then deign to support and develop those arguments in his or her reply brief." (citation modified)).

Finally, Plaintiffs claim their request should be granted because it is "modest" and because the Court "allowed an expanded reply in the prior round of class certification briefing." ECF No. 954 at 1. But their request is anything but "modest." It would amount to more than a fifty percent increase in the number of pages they would ordinarily be allotted. The length of Plaintiffs' prior reply brief is irrelevant. That brief was an omnibus reply that responded to four separate opposition briefs, some of which also exceeded the page limits set forth in the Local Rules. *See* ECF No. 755. Here, Plaintiffs are responding to a single opposition brief that complies with the page limits in the Local Rules. Moreover, in requesting a renewed round of class certification briefing, Plaintiffs represented to the Court that they would use the new briefs to "remove" material pertaining to tracks of Defendants that settled, ECF No. 918 at 2, and would "only . . . narrow[]" the issues in dispute. *See* Tr. of Aug. 5, 2026 Status Conf., at 11:10-11. Additional pages are not required to do either of those things.

Plaintiffs have now filed three separate motions for class certification. They have had ample opportunities to try to demonstrate Rule 23's requirements are satisfied. They should not be given additional pages to make new arguments that they could—and should—have raised long before this juncture. Optum360 respectfully requests that the Court deny Plaintiffs' request for an enlargement of page limits.

Respectfully,

*/s/ Thomas P. Scrivo*

Thomas P. Scrivo
**O'TOOLE SCRIVO LLC**
*Counsel for Defendant*
*Optum360, LLC*

*/s/ Kristine M. Brown*

Kristine M. Brown
**ALSTON & BIRD LLP**
*Counsel for Defendant*
*Optum360, LLC*