CARELLA BYRNE CECCHI BRODY AGNELLO, P.C.

JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

CHARLES C. CARELLA
11/21/33 – 11/4/23

DONALD F. MICELI
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
CAROLINE F. BARTLETT
ZACHARY S. BOWER+
DONALD A. ECKLUND
CHRISTOPHER H. WESTRICK*
STEPHEN R. DANEK
MICHAEL A. INNES
MEGAN A. NATALE
KEVIN G. COOPER

OF COUNSEL
PETER G. STEWART
CARL R. WOODWARD, III
FRANCIS C. HAND
JAMES A. O'BRIEN, III
JOHN G. ESMERADO
STEVEN G. TYSON
MATTHEW J. CERES
ZACHARY A. JACOBS***
JASON H. ALPERSTEIN

RAYMOND J. LILLIE
GREGORY G. MAROTTA
BRITTNEY M. MASTRANGELO
GRANT Y. LEE***
MAYBOL HALL
WILLIAM J. MANORY
NESLIHAN Z. TALU
PATRICK J. DOHERTY

*CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY
***MEMBER IL BAR ONLY
+MEMBER FL BAR ONLY

November 2, 2026

**VIA ECF**

The Honorable Jamel K. Semper, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**ORDER**

Re: *In re American Medical Collection Agency, Inc., Customer Data Security Breach Litigation*, No. 19-md-2904-JKS-ADS – Request to Enlarge Page Limit for Plaintiffs' Reply in Support of Renewed Motion for Class Certification (ECF 943)

Dear Judge Semper:

Plaintiffs respectfully request leave under Local Civil Rule 7.2(b) to file a reply brief of up to 18 pages in 12-point type (the equivalent of 24 pages in 14-point type) in support of their renewed motion for class certification against Optum360, LLC, which is due Friday, November 13, 2026. Plaintiffs also ask that a one-page appendix, a table that lines up each element of the claim with the parties' evidence and cites only the briefs and record, not count toward that limit. Plaintiffs conferred with Optum360, which opposes the request.

Additional pages are warranted for three reasons. First, Optum360's opposition challenges the authenticity and admissibility of the CHAMP database, AMCA's patient records on which Plaintiffs' class identification and damages model rest. Answering that challenge requires walking the Court through declarations that trace the database's chain of custody from its forensic imaging to Plaintiffs' expert. Second, the opposition presses a fifty-state choice-of-law analysis and an argument that Plaintiffs' damages theory has changed, each of which deserves a complete answer on a motion of this importance. Third, the request is modest. The opposition used the full 40 pages the Local Rules allow, and the requested reply would remain well short of that. The Court also allowed an expanded reply in the prior round of class certification briefing. ECF 790.

The enlargement will not delay the schedule or prejudice Optum360. Plaintiffs will file on November 13, as ordered, and the reply will respond only to arguments the opposition raises.

Thank you for Your Honor's consideration of this request. Should Your Honor have any questions regarding the above, we are available at your convenience.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.

/s/ James E. Cecchi
JAMES E. CECCHI

cc: Hon. Alex D. Silagi, U.S.M.J.

**Plaintiffs' request is granted in part. Plaintiffs may include a one-page table in an appendix that does not count against their reply brief page count, but such page count must abide by the limits set out in L.C.R. 7.2.**

**So Ordered:**

***/s/ Jamel K. Semper***
**Hon. Jamel K. Semper**
**U.S. District Judge**

**Dated: November 3, 2026**