**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| Designating Party | Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| **ECF No. 90 – Plaintiff's Memorandum in Support of Motion for Leave to File First Amended Complaint** | | | | | |
| Quest | **ECF No. 90 at 2**<br><br>Redaction begins after "Defendants' records" and ends at the end of that sentence. | Quest's interest in the confidentiality of internal technical information about its information-security and data-handling practices, and Quest's interest in maintaining its cybersecurity and that of its vendors outweighs any public interest in access to this information.<br><br>The redacted language describes the specific record types Quest's systems generate for transmission to third-party vendors, the information contained in those records, and the type of vendor to which they may be transmitted. *See* Declaration of Theresa Cetera in Support of Quest's Renewed Motion to Seal ("Cetera Decl.") ¶ 5. Quest does not publicly disclose this information in the ordinary course of its business. *Id.*<br><br>The parties' Confidentiality Order recognizes "technical information | Public disclosure would give persons seeking unauthorized access to patient information a more precise understanding of how Quest structures its internal patient files and the files it may transmit to third-party vendors. Threat actors may use that information to identify targets for attack or to structure potential attacks. Cetera Decl. ¶ 5.<br><br>The potential resulting harm from disclosure poses a cybersecurity risk to Quest, its third-party vendors, and the individuals whose data Quest maintains. Quest seeks to prevent the particularized harm of a cyberattack, whether | Quest seeks to seal only a portion of one sentence, not the surrounding passage or memorandum. The redaction is limited to the language naming and describing the transmitted records. Plaintiff's remaining allegations in the passage remain public.<br><br>No less restrictive alternative would protect the information because the risk arises from the disclosure of the information itself. Cetera Decl. ¶ 5. | Plaintiff does not oppose sealing these excerpts. |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | related to a Party's information security and management" of this sort as highly sensitive. ECF No. 98, No. 19-md-2904 (D.N.J.), ¶ 8. | against Quest or a third-party vendor, based on information about Quest's internal data structures disclosed in this filing. | | |
| **ECF Nos. 90-1 and 90-2, Exhibits A and B to Plaintiff's Motion for Leave to File First Amended Complaint** | | | | | |
| Quest | **ECF No. 90-1 – Exhibit A at 7 ¶ 20; ECF No. 90-2 – Exhibit B at 10 ¶ 20.**<br><br>Redaction begins after "confirmed that" and ends at the end of that sentence. | Quest's interest in the confidentiality of its internal information technology systems and user-access decisions, as well as Quest's interest in maintaining its cybersecurity and that of its vendors outweighs any public interest in access to this information.<br><br>The redacted language identifies a specific connection between Quest's internal technology systems and outside systems, and identifies which vendors were provided access to the internal system. Quest maintains as confidential its internal systems, the vendors to which it provides access to those systems, and the data those vendors may access. Cetera Decl. ¶ 6. Quest does not publicly disclose this information | Disclosure presents a concrete information security risk. Disclosing the information contained in the redacted portion of this sentence could provide persons seeking unauthorized access to patient data with information about transmission systems that could then be subject to attack. Cetera Decl. ¶ 6. Malicious actors could craft cyberattacks based on the disclosure of information regarding Quest's internal systems and which external users Quest permits to access those systems. | Quest seeks to seal only a portion of one sentence. The original redaction also covered the preceding testimony about AMCA's role; Quest does not seek to maintain that portion. The remainder of ¶ 20 and the allegations that follow it remain public.<br><br>No less restrictive alternative would protect the information because the risk arises from the disclosure of the information itself. Cetera Decl. ¶ 6. | Plaintiff does not oppose sealing these excerpts. |

**Index Pursuant to L. Civ. R. 5.3(c)(3)**

| | | | | | |
|---|---|---|---|---|---|
| | | in the ordinary course of its business. *Id.*<br><br>The Confidentiality Order protects information of this type under the category of "technical information related to a Party's information security and management." ECF No. 98, No. 19-md-2904 (D.N.J.), ¶ 8.<br><br>This sentence was originally proposed for redaction by Optum360, which has not filed a renewed motion to seal. Quest seeks to maintain redaction over a narrower portion of the same sentence. | The potential resulting harm from disclosure poses a cybersecurity risk to Quest, the external users who access its internal systems, and the data stored within those systems. Quest seeks to prevent the particularized harm of a cyberattack based on such a disclosure. | | |