**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To:<br>Case No. 2:24-cv-00569-JKS-ADS,<br>*Bratten v. Quest Diagnostics et al.* | Civil Action No. 2:19-md-02904 (JKS-ADS)<br><br>**[PROPOSED] ORDER GRANTING RENEWED MOTION TO SEAL CONFIDENTIAL MATERIALS** |

**THIS MATTER** having come before the Court by application of Defendant Quest Diagnostics Incorporated ("Quest") in connection with its Renewed Motion to Seal, pursuant to Local Civil Rule 5.3(c), portions of the following documents, as indicated in the "material" column in the Index (hereinafter, the "Confidential Materials"):

- Plaintiff's Memorandum in Support of Motion for Leave to File First Amended Complaint (ECF 90)
- Exhibit A – First Amended Complaint (ECF 90-1)
- Exhibit B – Redline (ECF 90-2)

and the Court having considered and adopted the Proposed Order, which incorporates Findings of Fact and Conclusions of Law, and all exhibits attached thereto (including the Index);

and the Court having further found that the requirements of Local Civil Rule 5.3(c) have been met and support the sealing of the Confidential Materials;

and for other and good cause having been shown, the Court hereby finds:

## FINDINGS OF FACT

1. The Confidential Materials sought to be sealed are the portions of the identified filings that Quest seeks to redact, as described with particularity in the Index. Although Quest designated this information as Highly Confidential "technical information related to a Party's information security and management" under the Confidentiality Order (MDL ECF 98, ¶ 8), the Court does not rely on that designation as the sole basis for sealing.

2. The Confidential Materials contain highly sensitive, non-public information concerning Quest's internal information technology practices, data transmittal practices, and data structures, that is not presently available to the public. Declaration of Theresa Cetera in Support of Quest Diagnostics Incorporated's Renewed Motion to Seal ("Cetera Decl."), ¶¶ 5-6.

*3.* The public disclosure of the Confidential Materials identified above poses a substantial and ongoing risk of harm to Quest's and its vendors' cybersecurity postures through disclosure of confidential technology systems information. *Id.*

4. Quest's requests are narrowly tailored to the information which it deems confidential and which presents a concrete cybersecurity risk if made public. Quest has filed (or will file) redacted versions of the sealed documents. There is not a less restrictive alternative to the sealing of the Confidential Materials.

## CONCLUSIONS OF LAW

5. There exists in civil cases a common law public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

6. However, courts have recognized that the public right of access to judicial proceedings and records is not absolute. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 891 (E.D. Pa. 1981) (citations omitted).

7. As the presumption of public access is not absolute, it may be rebutted. *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

8. The sealing of confidential documents and information is permitted in this District. *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653 (D.N.J. 2004). Fed. R. Civ. P. 26(c)(1)(G) allows the protection by courts of materials containing "confidential research, development, or commercial information," upon motion by a party, to prevent harm to a litigant's standing in the marketplace.

9. This Court "has the power to seal where sensitive cybersecurity information may be disclosed to the public" in part to "prevent cybersecurity vulnerabilities and to protect a party's computer networks from those seeking unauthorized access to the party's data." *E. Orange Bd. of Educ. v. Great Am. Ins. Co.*, 2023 WL 11868298, at *2 (D.N.J. Nov. 20, 2023).

10. Courts in this District "recognize[] the need to protect information relating to a company's technology systems and cyber security." *HomeSource, Corp. v. Retailer Web Servs.*, LLC, 2024 WL 5245558, at *3 (D.N.J. Oct. 3, 2024) (quoting *Everest Indem. Ins. Co. v. Engle Martin & Assocs., LLC*, 2020 WL 13836735, at *2 (D.N.J. Jan. 29, 2020)). Further, courts "have concluded that concerns about hackers and a cyber-attack justified sealing information about a company's IT systems." *Id.* (citation omitted).

11. Courts may deny access to and seal a document when a party has shown that "disclosure will work a clearly defined and serious injury" on the party seeking closure. *Knox v. MicroBilt Corp.*, 2024 WL 4504165, at *2 (D.N.J. June 11, 2024).

12. Disclosure of a party's confidential technology systems information "makes a party more susceptible to cyber attacks" and constitutes a "clearly defined and serious injury." *See E. Orange Bd. of Educ.*, 2023 WL 11868298, at *3.

13. The Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994). Quest's interest in the cybersecurity of its internal technology systems outweighs a public interest in the same information.

**IT IS** on this _____ day of _______________ 2026, **ORDERED** as follows:

1. The Confidential Materials identified in the "material" column in the Index submitted concurrently herewith contain non-public, proprietary information that was designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Confidentiality Order entered in this case (MDL ECF 98);

2. The Court finds that Quest would suffer a clearly defined, substantial, and specific harm, including, but not limited to, the increased risk of cyberattack and the resultant financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential and sensitive information contained in the Confidential Materials be publicly disclosed.

3. The Court further finds that Quest's interests in ensuring the confidentiality of its technological information outweigh any public interest in access to the information, and that no less restrictive alternative exists because redacted versions have been, or will be, publicly filed;

4. Therefore, the Motion to Seal the Confidential Materials is hereby **GRANTED**; and it is

**FURTHER ORDERED** that redacted versions of the documents identified in the Index shall be filed consistent with this Order; and

**FURTHER ORDERED** that the Clerk of the Court shall permit the Confidential Materials to be sealed and the Clerk shall take such other steps as may be reasonably necessary to maintain the confidentiality of the Confidential Materials.

________________________________________

ALEX D. SILAGI, U.S.M.J.