CARELLA BYRNE
CECCHI BRODY
AGNELLO, P.C.

JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

CHARLES C. CARELLA
11/21/33 – 11/4/23

DONALD F. MICELI
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
CAROLINE F. BARTLETT
ZACHARY S. BOWER+
DONALD A. ECKLUND
CHRISTOPHER H. WESTRICK*
STEPHEN R. DANEK
MICHAEL A. INNES
MEGAN A. NATALE
KEVIN G. COOPER

OF COUNSEL
PETER G. STEWART
CARL R. WOODWARD, III
FRANCIS C. HAND
JAMES A. O'BRIEN, III
JOHN G. ESMERADO
STEVEN G. TYSON
MATTHEW J. CERES
ZACHARY A. JACOBS***
JASON H. ALPERSTEIN

RAYMOND J. LILLIE
GREGORY G. MAROTTA
BRITTNEY M. MASTRANGELO
GRANT Y. LEE***
MAYBOL HALL
WILLIAM J. MANORY
NESLIHAN Z. TALU
PATRICK J. DOHERTY

*CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY
***MEMBER IL BAR ONLY
+MEMBER FL BAR ONLY

November 12, 2026

**VIA ECF**

The Honorable Alex D. Silagi, U.S.M.J.
United States District Court for the District of New Jersey
Frank R. Lautenberg U.S. Post Office and Courthouse
2 Federal Square
Newark, New Jersey 07102

Re: *In re American Medical Collection Agency, Inc., Customer Data Security Breach Litigation*, No. 19-md-2904-JKS-ADS – Request For Extension of Time

Dear Judge Silagi:

I, along with my co-counsel, represent plaintiff Gregory Bratten in the above-referenced matter, which is consolidated into *In re: American Medical Collection Agency, Inc. Customer Data Security Breach Litig.*, No. 19-md-2904. Plaintiff and Defendant Optum360, LLC ("Optum360") write jointly to request a limited, approximately two-month extension of the deadline to complete fact discovery as to Optum360. The extension is solely to permit the parties to complete Plaintiff's Rule 30(b)(6) deposition of Optum360. The parties also jointly request a corresponding approximately two-month extension to the deadline to move for class certification. The current deadlines were set by the Court's May 11, 2026 Scheduling Order. ECF 894. The parties propose the following modifications:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of all fact discovery as to Optum360, with the sole exception of the Rule 30(b)(6) deposition of Optum360 | November 13, 2026 | No Change |
| Deadline to complete Rule 30(b)(6) deposition of Optum360 | November 13, 2026 | January 22, 2027 |
| Deadline to file motion for class certification | December 11, 2026 | February 19, 2027 |

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* L. Civ. R. 16.1(a)(2). Good cause exists where the current deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Song v. Zhang*, 2025 WL 566193, at *3 (D.N.J. Feb. 20, 2025) (quoting *Williams v. Sullivan*, 2011 WL 2119095, at *4 (D.N.J. May 20, 2011)). That standard is met here.

First, this is the first request to modify the schedule, and it is made before any of the deadlines it would extend. Second, and most significantly, Plaintiff and Optum360 are working cooperatively through issues involving Plaintiff's notice of Rule 30(b)(6) deposition of Optum360. Given the extent of discovery already taken in the *AMCA* MDL, the parties have had, and continue to have, productive discussions about the extent of additional Rule 30(b)(6) deposition testimony. That is the type of conferral Rule 30(b)(6) contemplates. *See* Fed. R. Civ. P. 30(b)(6) advisory committee's note to 2020 amendment ("Candid exchanges about the purposes of the deposition and the organization's information structure may clarify and focus the matters for examination . . . ."). It also serves the Rules' directive to avoid discovery that is "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i).

For the avoidance of doubt, the parties agree that the requested extension is limited to the Rule 30(b)(6) deposition of Optum360. All other fact discovery will close as to Optum360 on November 13, 2026. The parties' agreement to this extension is without prejudice to either party's positions as to the deadline to complete any outstanding third-party discovery.

Because the Rule 30(b)(6) testimony may bear directly on the issues class certification will present, a corresponding extension of the class certification deadline is warranted. The Third Circuit has recognized that Rule 23 does not "require or encourage premature certification determinations," *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 318 (3d Cir. 2008) (quoting *Weiss v. Regal Collections*, 385 F.3d 337, 347 (3d Cir. 2004)), and that "[t]ime may be needed to gather information necessary to make the certification decision," *id.* at 317 n.20 (quoting Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment). A modest extension will give the Court a complete record on which to decide certification.

If this modification meets with Your Honor's approval, the parties respectfully request that the Court so order this letter. We thank Your Honor for the Court's continued attention to this matter.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.

/s/ James E. Cecchi
JAMES E. CECCHI

cc: Hon. Jamel K. Semper, U.S.D.J.

SO ORDERED this ____ day of ____________, 2026.

______________________________________
Hon. Alex D. Silagi, U.S.M.J.