James E. Cecchi
CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
*Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To: *Other Labs Track* | Civil Action No. 19-md-2904(JKS)(MAH)<br><br>**DECLARATION OF JAMES E. CECCHI** |

JAMES E. CECCHI, ESQ., of full age, hereby declares under penalty of perjury as follows:

I am a member of the law firm Carella, Byrne, Cecchi, Brody & Agnello, P.C. ("Carella Byrne") and Lead Counsel in this Multi-District Litigation ("MDL"). This declaration is submitted in support of Plaintiffs' fee and expense application in the Other Labs Track for the proposed settlement with Sonic Healthcare U.S.A., Aurora Diagnostics LLC, Clinical Pathology Laboratories, Inc., and Austin Pathology Associates ("Sonic" or "Defendants"). I make this declaration based on my personal knowledge, and if called as a witness, I could and would competently testify to the matters stated herein.

1. At the inception of the case, the Court determined that for the purposes of management and efficiency, this case would be divided into three separate litigation tracks—Labcorp, Quest and Other Labs—arising out of a data breach at a debt collector, American Medical Collection Agency, Inc. ("AMCA"). The Court appointed me Lead Counsel to manage

and oversee all three tracks, and "Co-Lead" Counsel and steering committees for each separate track. ECF No. 99.

2. Because of the nature of the litigation as a whole, there was necessarily significant overlap between the tracks, particularly in terms of analyzing AMCA's data security, and the general legal principles which governed each laboratories' responsibilities under HIPAA and other laws regulating data security. For efficiency-sake, Plaintiffs' counsel chose to use common experts across all three tracks who opined on issues relating to both liability and damages. Lawyers from all three tracks worked with the common experts - Mary Frantz, Sharon Anolik, Jonathan Lee, Amy Worley, Matthew Strebe, and Scott Witt. In addition, overlapping and common costs were incurred hosting documents on a single common document management platform and the payment of common liability and expert depositions. As Lead Counsel, I oversaw all of this work and I have determined that overlapping expert work and other common costs comprised at least 75% of the total outlays from the Litigation Fund. The remaining 25% of our Litigation Fund cost outlay can be allocated to a particular track. In the prior Labcorp-related application, since the number of Labcorp and Quest patients are relatively similar, I allocated 10% of costs to each, with the remaining 5% of costs fairly allocated to Sonic, the remaining Defendant in the Other Labs track.

3. In summary then, this application seeks reimbursement of 5% of the Sonic-specific litigation fund expenditures. What I endeavor to do below is explain the significant investment of time and money that the collective of law firms who prosecuted this case have invested, and how I have allocated an appropriate share of that economic investment to the Sonic settlement. In terms of the time invested (lodestar), I have performed the Third Circuit's "soft" cross check two ways: first, by utilizing 100% of the time invested by Sonic-specific Counsel—the firms of Lite

DePalma Greenberg & Afanador, LLC ("Lite DePalma"), DiCello Levitt LLP ("DiCello") and Hausfeld LLP ("Hausfeld"). Utilizing this approach, our request for 34% of the common fund settlement yields a **negative** multiplier of 3.34.[1]

4. However, this methodology vastly understates the investment necessary to successfully prosecute the MDL as a whole. Indeed, the total amount of unaudited time billed across all three tracks over the course of seven years of litigation is currently $25,634,914.70, after subtracting the recent $11,900,000 in fees awarded by the Court in the Labcorp track. ECF No. 940. When I include even a small percentage of the lodestar invested by the other firms who worked on common issues across tracks - to the benefit of the Sonic Settlement Class - the soft cross check yields an even larger negative multiplier. Put simply, under any scenario, our request for attorneys' fees in the amount of $2,189,116.59 is reasonable.

5. I have utilized the same approach for the reimbursement of soft costs as we utilized for our litigation fund expenses. In total, we seek reimbursement of $144,191.47 which includes a portion, $9,021.11 or 5% of our litigation soft costs remaining as of May 31, 2026. I have explained the calculations underlying our request in detail below.

6. Finally, I note that each of the firms seeking reimbursement of litigation fund payments and soft costs has complied with our local rules governing disclosure of and the use of

[1] The lodestar cross-check is, of course, a separate undertaking from any eventual allocation of fees and the utilization of this time for the purposes of the cross-check is not a commitment in any way that any particular lawyer will receive a particular sum. When fees are eventually allocated, I will utilize a variety of non-exclusive factors including time invested, projects worked on, value added and others. In addition, at that time, I will not only meet with counsel but will prepare a more granular and detailed analysis of all counsel's time to identify duplication and lack of detail. For the cross-check, however, utilization of the identified time should be sufficient. Indeed, even if I were to reduce the time submitted by a factor of 20 or 30%, the lodestar would still support the requested fee.

litigation funders. No firm in this case uses such funders and all of the monies invested in the case have either been borrowed utilizing traditional bank capital or funded from retained capital.

**Lead Counsel's Lodestar**

8. As in all plaintiffs' class actions, Carella Byrne and each of the participating firms have prosecuted this litigation on a fully contingent basis. As such, each firm participating in this MDL has been entirely at risk for seven years that we would not receive any compensation for prosecuting claims against Sonic or any of the other Defendants. The current fee application amply illustrates that risk as the fee requested represents only a small fraction of the time invested by counsel in this matter.

9. As the Court is no doubt aware, prosecuting this case has been no small endeavor. My declaration in support of preliminary approval lays out in detail the efforts that counsel undertook, over many years, in support of this case. Put simply, Sonic, and the other Defendants, mounted vigorous and sustained defenses at every stage of the litigation. That was assuredly their prerogative. Concomitantly, Plaintiffs' counsel had to invest an appropriate amount of human and economic resources to overcome Defendants' efforts, and to protect the putative classes we represent. Our efforts spanned many years and required us to utilize the full panoply of litigation tools at our disposal. The Court is well familiar with these efforts both before the Court and the Special Master.

10. As Lead Counsel, Carella Byrne was responsible for directing and managing all of these efforts in each of the tracks. Our work included, but was not limited to, devising our overall litigation strategy and coordinating litigation between the three tracks, attending and arguing motions, researching facts and drafting the consolidated and amended consolidated class action complaints, drafting the oppositions to the motions to dismiss the various complaints, extensive

fact discovery including reviewing tens of thousands of documents, taking and defending fact and expert depositions, working with experts to prepare reports, working on written discovery, briefing and arguing numerous discovery disputes both before the Court and the Special Master, drafting class certification memoranda and supporting documents and corresponding *Daubert* motions, drafting mediation memoranda and participating in those mediations, and selecting and working with the Claims Administrator to prepare Notice and Claims documents in preparation of the Settlement.

11. The lodestar that I am applying against the request for fees in the amount of $2,189,116.59 does not include any time from my firm or any of the other firms that have invested time over the course of this litigation's seven-year history. Only Lite DePalma, DiCello, and Hausfeld's time is being utilized in this application.

12. I have attached true and correct copies of the declarations of Joseph J. DePalma of Lite DePalma (attached hereto as Exhibit 3), and Justin J. Hawal of DiCello (attached hereto as Exhibit 4) and Steven M. Nathan of Hausfeld (attached hereto as Exhibit 5). These declarations explain their work on behalf of the Sonic settlement class and set forth their respective firms' time and financial commitments to the case as well.

13. Using the foregoing methodology, the total hours are 10,198.90 and the combined lodestar is $7,302,222.80. When compared to the requested fee of $2,189,116.59, this results in a **negative** multiplier of 3.34.

**Litigation Fund Expenses**

14. In a complex case such as this there are generally two types of financial expenditures which we seek compensation for, litigation fund expenses and "held" or "soft costs" not part of the litigation fund which are spent by each individual firm and which are equally

necessary for the prosecution of the action. A litigation fund is typically maintained by Lead Counsel in a separate account. That was done here. In order to fund expert and other costs (which tend to be substantial), Lead Counsel makes "cash calls" upon each participant firm to fund the litigation fund. The monies in the fund are then principally utilized to pay experts, court reporters, mediators, special masters, and other professionals retained to prosecute the case.

15. As of October 1, 2026, the total contributions to the AMCA litigation fund were $3,870,474.88. In or about October 31, 2023, partial reimbursements to the firms contributing to the litigation fund were made from the Carecentrix Settlement totaling $1,307,816.72. In or about October 31, 2026, partial reimbursements to the firms contributing to the litigation fund were made from the Labcorp Settlement totaling $2,298,526.18. A chart summarizing contributions to the AMCA Litigation fund is attached hereto as Exhibit 1. The unreimbursed remaining balance of the litigation fund is $264,131.98 to which the 5% allocated to Sonic is $13,206.60.

16. In addition, in this application, I have also included $121,963.76 to the amount we are seeking in reimbursement for litigation-related expenses. After the Labcorp fee motion, we became aware of an invoice from our document management vendor for $121,963.76. This is for document hosting services that are applicable across all tracks. We are seeking this amount here.

17. Attached as Exhibit 2 is a chart which itemizes debits from the litigation fund for authorized case expenditures. Expenditures from the AMCA litigation fund as of November 16, 2026 total $4,005,712.89.

18. In total from the litigation fund, $2,569,202.82 has been spent on experts; $271,890.99 has been spent on depositions; $768,978.56 has been spent on Document Management; $79,264.38 has been spent on Mediation; $296,252.35 has been spent on Special

Master fees; $5,786.50 on Service of Process, $7,500.00 has been spent on Outreach/Marketing, and $6,837.29 has been spent on miscellaneous expenses.

19. We are seeking reimbursement of litigation fund expenses of $135,170.36 at this time. As already noted, the vast majority of costs incurred to date have been for common expert reports necessary to prosecute class certification motions against all Defendants. The same experts were shared across each track and the general liability and damage portions of those reports were the same for each track. For specific liability, it was necessary to focus the experts on unique track features. But the bulk of the work and reports were common.

**Held or Soft Cost Expenses**

20. As to held or soft costs, after partial reimbursement from the Carecentrix and Labcorp settlements, we are seeking 5% of the remaining soft costs, or $9,021.11, as allocable to the Other Labs track/Sonic settlement.

21. These costs were incurred on behalf of Plaintiffs and the Settlement Class on a contingent basis and have not been reimbursed. The expenses incurred in this action are reflected on the books and records of each firm. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred. They are, of course, available for production to the court if requested.

22. In summary our fee request is $2,189,116.59, or 34% of the $6,438,578.20 common fund. We also seek expenses, including for both litigation fund contributions ($135,170.36) and soft costs ($9,021.11) which, as calculated above, total $2,333,308.06. In addition, we seek service awards for two named Plaintiffs at $5,000 each, which total $10,000.00. As explained herein, the combined, allocated lodestar equals a **negative** 3.34 multiplier. If even a small percentage of the $25,634,914.70 remaining lodestar was included, the fee request results in a greater negative

multiplier. I make this observation only to illustrate that no matter how the soft cross check is performed, Plaintiffs' fee request is reasonable and far less than the time incurred necessary to bring us to this point.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of November, 2026 at Newark, New Jersey.

*/s/ James E. Cecchi*
James E. Cecchi

**EXHIBIT 1**

IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION

Civil Action No. 19-md-2904(JKS)(MAH)

Carella, Byrne, Cecchi, Brody & Agnello, P.C.

LITIGATION FUND CONTRIBUTIONS

| **FIRM** | **Outstanding Unreimbursed Lit Fund Contributions as of 10/1/2026** | **Less Lit Fund Reimbursements From Labcorp Settlement** | **Balance** |
|---|---|---|---|
| AMCA Carecentrix Qualified Settlement Fund | $700,879.89 | ($595,747.91) | $105,131.98 |
| Carella Byrne | $801,778.27 | ($801,778.27) | $0.00 |
| Robbins Geller Rudman & Dowd | $200,000.00 | ($170,000.00) | $30,000.00 |
| DiCello Levitt | $100,000.00 | ($85,000.00) | $15,000.00 |
| Hausfeld | $0.00 | $0.00 | $0.00 |
| Lieff Cabraser Heimann | $200,000.00 | ($170,000.00) | $30,000.00 |
| Lite DePalma Greenberg | $150,000.00 | ($127,500.00) | $22,500.00 |
| Nussbaum Law Group | $200,000.00 | ($170,000.00) | $30,000.00 |
| Seeger Weiss | $160,000.00 | ($136,000.00) | $24,000.00 |
| Stueve Siegel Hanson | $50,000.00 | ($42,500.00) | $7,500.00 |
| **TOTAL** | $2,562,658.16 | ($2,298,526.18) | $264,131.98 |

**EXHIBIT 2**

IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION

Civil Action No. 19-md-2904(JKS)(MAH)

Carella, Byrne, Cecchi, Brody & Agnello, P.C.

LITIGATION FUND ITEMIZED EXPENDITURES

| **CATEGORY** | **TOTAL** |
|---|---|
| Depositions | $271,890.99 |
| Document Management | $768,978.56 |
| Expert Fees | $2,569,202.82 |
| Mediation | $79,264.38 |
| Miscellaneous | $6,837.29 |
| Outreach/Marketing | $7,500.00 |
| Service of Process | $5,786.50 |
| Special Master Fees | $296,252.35 |
| | |
| **TOTAL:** | $4,005,712.89 |

# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION )<br><br>This Document Relates To: *Other Labs Track* | Civil Action No. 19-md-2904(JKS)(MAH)<br><br>**DECLARATION OF JOSEPH J. DEPALMA FILED ON BEHALF OF LITE DEPALMA GREENBERG & AFANDOR, LLC IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES** |

I, Joseph J. DePalma, of full age, hereby declares under penalty of perjury as follows:

1. I am the managing member with the firm Lite DePalma Greenberg & Afanador, LLC ("LDGA" or the "Firm"). I am submitting this declaration in support of the application for an award of attorneys' fees and expenses/charges ("expenses") in connection with services rendered in the above-entitled action.

2. LDGA is Co-Lead Class Counsel for Plaintiffs Gwendolyn Anderson and Tonda Tate ("Sonic Plaintiffs").

3. LDGA has prosecuted this litigation solely on a contingent basis, and has been at risk that it would receive any compensation for prosecuting claims against Defendants Sonic Healthcare U.S.A., Aurora Diagnostics, Clinical Pathology Laboratories, and Austin Pathology Associates (collectively, "Sonic Defendants").

4. During the pendency of the litigation, as Co-Lead Counsel of Sonic Plaintiffs, LDGA has been actively involved in all litigation decision making as well as all aspects of this case, including: researching facts and laws, drafting the consolidated and amended consolidated class action complaints against Sonic Defendants, drafting the oppositions to the motions to dismiss the various complaints, extensive fact discovery, including reviewing and analyzing tens of thousands of documents produced by Sonic Defendants and third parties, assisting in the preparation of numerous 30(b)(6) and 30(b)(1) witness depositions, briefing regarding discovery disputes with Sonic Defendants, drafting class certification motion, drafting a mediation memorandum and participating in mediation, drafting settlement papers, and assisting with the preparation of Notice and Claim Documents.

5. Attached hereto as Exhibit A is a table detailing LDGA's total hours and lodestar, computed at current rates, from inception through October 28, 2026. The total number of hours

spent by LDGA during this period was 4,489.3, with a corresponding lodestar of $3,472,559.00. Following the settlement with Defendant LabCorp, LDGA received $916,266.20 in attorneys' fees. To account for that payment, LDGA has reduced its lodestar of $3,472,559.00 by $916,266.20, resulting in an adjusted lodestar of $2,556,292.80 for purposes of this fee application. This summary was prepared from contemporaneous, daily time records regularly prepared and maintained by LDGA, and reported to Carella, Byrne, Cecchi, Brody & Agnello, P.C. on a regular basis since this multidistrict litigation was initiated. The lodestar amount reflected in Ex. A is for work performed by attorneys and professional staff at LDGA for the benefit of the Settlement Class. I anticipate that the firm will continue to expend time and money in this case going forward in order to ensure the completion of settlement administration and distribution should the Court grant final approval of the Settlement.

6. The current hourly rates for attorneys and professional staff at LDGA included in Ex. A are the usual and customary rates charged by the Firm in similar matters. In addition, the Firm has submitted fee applications in other cases that have reported hourly rates as amounts comparable to those sought herein, and courts have approved those awards.

7. I am the partner who oversaw and/or conducted the day-to-day activities in the litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration. The purpose of this review was to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time and expenses committed to the litigation. Following that review, LDGA excluded time recorded by timekeepers who each worked fewer than 10 hours on the litigation. The hours and lodestar reported above reflect this adjustment. Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is

sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the litigation.

8. My Firm has no remaining non-reimbursed expenses in connection with the prosecution of the litigation.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of November, 2026, at Newark, New Jersey.

*/s/ Joseph J. DePalma*

Joseph J. DePalma, Esq.

**EXHIBIT A**

*IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC.*
*CUSTOMER DATA SECURITY BREACH LITIGATION*
*19-md-2904*
LITE DEPALMA GREENBERG & AFANADOR, LLC
Inception through 10/28/2026

| ***NAME*** | | ***HOURS*** | ***RATE*** | ***LODESTAR*** |
|---|---|---|---|---|
| DePalma, Joseph J. | (P) | 897.0 | $1,150 | $1,031,550.00 |
| Greenberg, Bruce D. | (P) | 59.8 | $1,150 | $68,770.00 |
| Greenfogel, Steven J. | (OC) | 31.5 | $1,000 | $31,500.00 |
| Derenze, Catherine B. | (OC) | 2,580.4 | $750 | $1,935,300.00 |
| Smith, Dana S. | (OC) | 103.8 | $675 | $70,065.00 |
| Nash, Jeremy N. | (A) | 94.7 | $675 | $63,922.50 |
| Schaffhauser, Collin | (A) | 46.5 | $575 | $26,737.50 |
| Kim, Elaine Y. | (A) | 70.2 | $495 | $34,749.00 |
| Flynn, Nicole | (A) | 70.9 | $375 | $26,587.50 |
| Fea, Emily E. | (A) | 113.3 | $375 | $42,487.50 |
| Wright, Connor | (A) | 19.9 | $375 | $7,462.50 |
| Harris, Will | (A) | 182.9 | $350 | $64,015.00 |
| Paralegals | | 197.5 | $325 | $64,187.50 |
| Legal Assistants | | 20.9 | $250 | $5,225.00 |
| | | | | |
| ***TOTAL*** | | ***4,489.3*** | | ***$3,472,559.00*** |

(P) Partner
(A) Associate
(OC) Of Counsel

# EXHIBIT 4

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates To: *Other Labs Track* | Civil Action No. 19-md-2904(JKS)(MAH)<br><br>DECLARATION OF JUSTIN J. HAWAL FILED ON BEHALF OF DICELLO LEVITT LLP IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES |

I, Justin J. Hawal, of full age, hereby declare under penalty of perjury as follows:

1. I am a partner with the firm of DiCello Levitt LLP ("DiCello Levitt" or the "Firm"). I am submitting this declaration in support of the application for an award of attorneys' fees and expenses/charges ("expenses") in connection with services rendered in the above-entitled action.

2. This Firm is Co-Lead Class Counsel for Plaintiffs in the Other Labs Track.

3. The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business. I am the partner who oversaw and/or conducted the day-to-day activities in the litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration. The purpose of this review was to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time and expenses committed to the litigation. As a result of this review, reductions were made to time in the exercise of billing judgment. Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the litigation.

4. After the reductions referred to above, the number of hours spent on the litigation by my Firm as of November 2, 2026 is 2,968.6. A breakdown of the lodestar is provided in Exhibit A. The lodestar amount for attorney/paraprofessional time as of November 2, 2026 based on the Firm's current rates is $3,575,087.50. The hourly rates shown in Exhibit A are consistent with hourly rates submitted by the Firm in other class action litigation. The Firm's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side. For personnel who are no longer employed by the Firm, the "current rate" used

for the lodestar calculation is based upon the rate for that person in his or her final year of employment with the Firm.

5. Following the settlement with Defendant LabCorp, the Firm received $950,000 in attorneys' fees. To account for that payment, the Firm has reduced its lodestar of $3,575,087.50 by $950,000, resulting in an adjusted lodestar of $2,625,087.50 for purposes of this fee application.

6. The Firm has expended a total of $241,876.32 in expenses and charges in connection with the prosecution of the litigation. Those expenses and charges are summarized by category in Exhibit B.

7. The expenses pertaining to this case are reflected in the books and records of the Firm. These books and records are prepared from receipts, expense vouchers, check records, credit card statements, and other documents and are an accurate record of the expenses.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of November, 2026, at Mentor, Ohio.

JUSTIN J. HAWAL

# EXHIBIT A

*IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC.*
*CUSTOMER DATA SECURITY BREACH LITIGATION*
*19-ms-2904*
*DiCello Levitt LLP*
Inception through November 2, 2026

| *NAME* | | *HOURS* | *RATE* | *LODESTAR* |
|---|---|---|---|---|
| Justin J. Hawal | (P) | 1,909.3 | $1,339 | $2,556,552.70 |
| Amy Keller | (P) | 539.8 | $1,426 | $769,754.80 |
| Justin Nematzadeh | (P) | 96.1 | $750 | $72,075.00 |
| Adam J. Levitt | (P) | 26.4 | $1,782 | $47,044.80 |
| Mark Abramowitz | (P) | 15 | $1,339 | $20,085.00 |
| Joseph Frate | (A) | 23.6 | $680 | $16,048.00 |
| Lindani Abraham Simon | (SA) | 122.7 | $375 | $46,012.50 |
| Paralegals | | 235.7 | $250 - $518 | $65,514.70 |
| ***TOTAL*** | | ***2,968.6*** | | ***$3,575,087.50*** |

(P) Partner
(A) Associate
(SA) Staff Attorney

**EXHIBIT B**

*IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC.*
*CUSTOMER DATA SECURITY BREACH LITIGATION*
*19-ms-2904*
Inception through November 2, 2026

| ***CATEGORY*** | ***AMOUNT*** |
|---|---|
| Filing, Witness and Other Fees | $1,965.00 |
| Transportation, Hotels & Meals | $11,315.97 |
| Postage/Shipping | $87.16 |
| Online Legal and Financial Research | $6,283.39 |
| Litigation Fund Contribution | $210,000.00 |
| Miscellaneous | $12,224.80 |
| ***TOTAL*** | **$241,876.32** |

# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC. CUSTOMER DATA SECURITY BREACH LITIGATION ) ) ) | Civil Action No. 19-md-2904(JKS)(MAH) |
| This Document Relates To: *Other Labs Track* | DECLARATION OF STEVEN M. NATHAN FILED ON BEHALF OF HAUSFELD LLP IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES |

I, Steven M. Nathan of full age, hereby declares under penalty of perjury as follows:

1. I am Of Counsel and associated with the firm of Hausfeld LLP ("Hausfeld LLP" or "Hausfeld"). I am submitting this declaration in support of the application for an award of attorneys' fees and expenses/charges ("expenses") in connection with services rendered in the above-entitled action.

2. This Firm is Additional Class Counsel for Plaintiffs.

3. I reviewed the Firm's time and expense records and, as necessary, supporting documentation to assess the accuracy of the entries and the necessity and reasonableness of the work performed and expenses incurred. Based on that review, I believe Exhibits A and B accurately reflect the time devoted to and expenses incurred in this litigation, and that such time and expenses were reasonable and necessary. The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business. I am the attorney who oversaw and/or conducted the day-to-day activities in the litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration. The purpose of this review was to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time and expenses committed to the litigation. Following that review, the Firm excluded time recorded by timekeepers who each worked fewer than 10 hours on the litigation. The hours and lodestar reported reflect this adjustment. Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the litigation.

4. The number of hours spent on the litigation by my Firm is 2,741.00. A breakdown of the lodestar is provided in Exhibit A. The lodestar amount for attorney/paraprofessional time based on the Firm's current rates is $2,470,842.50. Following the settlement with Defendant Labcorp, the Firm received $350,000 in attorneys' fees. To account for that payment, the Firm has reduced its lodestar to $2,120,842.50. The hourly rates shown in Exhibit A are consistent with hourly rates submitted by the Firm in other class action litigation. The Firm's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side. For personnel who are no longer employed by the Firm, the "current rate" used for the lodestar calculation is based upon the rate for that person in his or her final year of employment with the Firm.

5. My Firm seeks an award of $4,254.66 in expenses and charges in connection with the prosecution of the litigation. Those expenses and charges are summarized by category in Exhibit B.

6. The expenses pertaining to this case are reflected in the books and records of this Firm. These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of November, 2026.

Steven M. Nathan

**EXHIBIT A**

*IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC.*
*CUSTOMER DATA SECURITY BREACH LITIGATION*
*19-ms-2904*
HAUSFELD LLP
Inception through November 2, 2026

| ***NAME*** | | ***HOURS*** | ***RATE*** | ***LODESTAR*** |
|---|---|---|---|---|
| Bakshi, Debashish | (A) | 112.60 | $600 | $67,560.00 |
| Brakefield, Marcus | (A) | 27.00 | $625 | $16,875.00 |
| Fetsick, Kimberly | (A) | 19.90 | $560 | $11,144.00 |
| Nathan, Steven | (OC) | 1,265.10 | $1,050 | $1,328,355.00 |
| Beran, Katie | (P) | 290.70 | $1,050 | $305,235.00 |
| Crooks, Ashley | (P) | 328.00 | $875 | $287,000.00 |
| Pizzirusso, Jamie J. | (P) | 178.70 | $1,150 | $205,505.00 |
| Walker, Renner | (P) | 16.70 | $1,050 | $17,535.00 |
| Garber, Laura | (SA) | 61.00 | $465 | $28,365.00 |
| Vazquez, William | (SA) | 210.10 | $460 | $96,646.00 |
| Wasinger, Adam | (SA) | 66.90 | $550 | $36,795.00 |
| Mitchell, James | Paralegal | 164.30 | $425 | $69,827.50 |
| ***TOTAL*** | | ***2,741.00*** | | ***$2,470,842.50*** |

(P) Partner
(A) Associate
(OC) Of Counsel

**EXHIBIT B**

*IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC.*
*CUSTOMER DATA SECURITY BREACH LITIGATION*
*19-ms-2904*
HAUSFELD LLP
Inception through November 2, 2026

| ***CATEGORY*** | ***AMOUNT*** |
|---|---|
| Filing, Witness and Other Fees | $1,018.57 |
| Transportation, Hotels & Meals | $2,631.25 |
| Messenger, Overnight Delivery | $156.73 |
| Photocopies | $6.48 |
| ***TOTAL*** | ***$4,254.66*** |